IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RALPH E. BOSTON, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 01-518C<br>(Judge Charles Lettow) |
| STEPHEN S. ADAMS, et al.<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 90-162C<br>and consolidated cases<br>(Judge Lynn J. Bush) |
| RICHARD L. LYON, et al.,<br>Plaintiffs,<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 03-2836C<br>(Judge Bohdan Futey) |
| JOSEPH A. CURRY, et al.<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 03-2858C<br>(Judge Lynn J. Bush) |

| | |
|---|---|
| HUEL B. BENTON, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 04-233C<br>(Judge Lynn J. Bush) |
| JOHN O. HARAZDA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 04-302C<br>(Judge Lynn J. Bush) |
| RICHARD J. CAMPBELL, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 04-707C<br>(Judge Lynn J. Bush) |
| KEVIN R. BARKER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 04-1189C<br>(Judge Lynn J. Bush) |

| | |
|---|---|
| KENNETH W. GILES, <u>et</u> <u>al</u>.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 04-1283C<br>(Judge Lynn J. Bush) |
| FRED J. BRADFORD, <u>et</u> <u>al</u>.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 04-1393C<br>(Judge Lynn J. Bush) |
| PATRICK J. CAFFERY, <u>et</u> <u>al</u>.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 04-1613C<br>(Judge Lynn J. Bush) |
| MIQUEL L. CARRASQUILLO, <u>et</u> <u>al</u>.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 04-1732C<br>(Judge Lynn J. Bush) |

| | | |
|---|---|---|
| WILLIAM E. ATKINSON, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 05-124C<br>(Judge Lynn J. Bush) |
| PERCY DAVIS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 05-230C<br>(Judge Lynn J. Bush) |

**PARTIAL SETTLEMENT AGREEMENT COVERING PLAINTIFFS WITHIN THE BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT WITHIN THE DEPARTMENT OF HOMELAND SECURITY, AND/OR ITS PREDECESSOR THE UNITED STATES CUSTOMS SERVICE, (COLLECTIVELY, "ICE") AS TECHNICAL ENFORCEMENT OFFICERS AT THE GS-9 THROUGH GS-13 GRADE LEVELS**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), for certain periods while

such plaintiffs were employed by defendant and treated as exempt from the overtime provisions of the FLSA by the Bureau of Immigration and Customs Enforcement within the Department of Homeland Security, and/or its predecessor the United States Customs Service (collectively, "ICE"). while classified and employed in OPM occupational code 1801 non-supervisory Technical Enforcement Officer ("TEO") positions at grades GS-9 through GS-13, and in other prior technical positions at ICE or the United States Customs Service ("USCS") within OPM occupational series that were subsequently reclassified as 1801 TEO positions and whose claims for unpaid overtime pay under the FLSA arising from employment in the foregoing positions have not been the subject of any judgment or settlement in any proceeding, including this case, which covers the same period of time. This Agreement does not cover those plaintiffs occupying positions within the Department of Homeland Security's Customs and Border Protection ("C&BP") or positions with USCS that were subsequently transferred to C&BP.

2. The term "defendant" as used herein refers to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs claim they did not receive in connection with ICE's or USCS's having treated them as employees exempt from the overtime provisions of the FLSA.

4. The parties herewith agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for all pay periods covered hereunder in which they occupied the OPM occupational codes and grades set forth in paragraph 1, with the exception of their claims based upon time spent driving to and from work in a government-owned or leased vehicle, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth below, and these terms have been accepted on behalf of the Attorney General.

A. Except as expressly limited below, each plaintiff who has been employed by ICE and/or USCS in non-supervisory positions within the series and at the grades set forth in paragraph 1 shall receive retroactive back pay as provided in the schedule set forth below. Back pay shall be computed for each pay period during which he or she was employed at the grade and series during the twenty-six (26) month period preceding the date that a complaint was filed on behalf of that plaintiff until such time as (1) that plaintiff ceased employment within the grades or series set forth in paragraph 1 at ICE or USCS; or (2) when ICE reclassifies such plaintiff as FLSA non-exempt, whichever occurs first.

**Back Pay per Pay Period**

| **Step** | **Grade 9** | **Grade 10** | **Grade 11** | **Grade 12** | **Grade 13** |
|---|---|---|---|---|---|
| 1 | 250.00 | 263.00 | 275.00 | 300.00 | 325.00 |
| 2 | 258.25 | 271.67 | 284.07 | 309.90 | 335.70 |
| 3 | 266.51 | 280.36 | 293.16 | 319.80 | 346.40 |
| 4 | 274.77 | 289.05 | 302.24 | 329.70 | 357.10 |
| 5 | 283.01 | 297.72 | 311.30 | 339.50 | 367.80 |
| 6 | 291.21 | 306.25 | 320.32 | 349.30 | 378.40 |
| 7 | 299.36 | 314.82 | 329.28 | 359.00 | 388.90 |
| 8 | 307.44 | 323.32 | 338.17 | 368.60 | 399.40 |
| 9 | 315.74 | 332.02 | 347.30 | 378.50 | 410.10 |
| 10 | 323.94 | 340.62 | 356.32 | 388.30 | 420.70 |

B. The amount of back pay credited to each plaintiff pursuant to the formula specified above, minus the applicable percentage deducted for Federal income taxes, and minus the

appropriate percentage deducted for social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by check jointly to the order of Bernstein & Lipsett, P.C., (B&L), to be held by them in trust for the plaintiffs. In addition, the defendant shall pay the appropriate employer share, if any, of social security, Medicare and other taxes as may be due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff.

C. For plaintiffs referred to in paragraph 1, payment shall include interest as provided under section 6621(a)(1) of the Internal Revenue Code of 1986, compounded daily. Interest shall begin to accrue from October 15, 2004, or from the date plaintiffs filed their claims, until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel.

D. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank specifying the basis for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or

information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiff's counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

E. Within sixty days after the effective date of this Agreement, the parties will endeavor to agree on the identities of the plaintiffs who are entitled to recover hereunder. The plaintiffs will within thirty days of this agreement provide defendant with a list in hard copy and on computer disk, of such plaintiffs' names, social security numbers and the docket numbers of the cases in which each such plaintiff joined this consolidated action, and the date such case was filed. The defendant shall make its best effort to certify to the FMS or other appropriate agency of defendant, the amounts to be paid for each such plaintiff, and the basis therefore within 90 days after it has the information described above regarding each plaintiff, and will certify to plaintiffs' counsel a list of such plaintiffs and the amount each plaintiff is owed pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.C.

F. Defendant shall issue an IRS Form W-2 Wage and Tax Statement for each plaintiff for the back pay that is paid pursuant to the Agreement, and an IRS Form 1099-INT for each plaintiff for the interest that may be paid pursuant to this Agreement.

G. The United States shall not bear any of the costs of distribution by said attorneys of each plaintiff's respective share of the recovery.

H. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.B, any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation pursuant to paragraph 5.D above shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

I. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A herein.

J. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.D.

K. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including positions and series not specifically covered by this Agreement and their claims for Sunday premium pay and/or interest and any other recovery including attorneys' fees and costs. For the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that such plaintiffs while employed by the agencies at the grades and series covered by this Agreement were legally entitled to be FLSA non-exempt during the period covered by this Agreement.

L. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

M. Upon execution of this Agreement, the parties shall file with the Court stipulations of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraph 5.D of this Agreement as well as plaintiffs' claims for attorneys' fees and costs, if not resolved under paragraph 5.L herein.

N. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding delay and providing plaintiffs relief for the claims specified in paragraphs 5.A, the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

O. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

P. This Agreement shall become effective on the date it has been signed by all counsel for the parties.

**s/Jules Bernstein**
JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1390

OF COUNSEL:

**s/Linda Lipsett**
LINDA LIPSETT
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1395

**s/Edgar N. James**
EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: December 2, 2005

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 305-7563

Attorneys for Defendant

Dated: December 2, 2005