IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN ADAMS, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 90-162-C and Consolidated Cases (Judge Lynn J. Bush) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of February 1, 2007, the parties wish to advise the Court as follows:

1. The parties have met and continue to meet with regard to various remaining matters in this litigation. In this connection, they conferred on February 21, 2007 to discuss the contents of this joint status report and other matters.

2. The parties are presently litigating with regard to the defendant's motion for partial summary judgment concerning GS-12 and GS-13 criminal investigators at the Department of Health and Human Services. Defendant expects to file a motion for partial summary judgment concerning GS-12 and GS-13 criminal investigators at the Department of Housing and Urban Development shortly.

3. Insofar as other so-called 1811 criminal investigators whose claims have not yet been litigated or settled, the following represents a list of the agencies where settlements have not been achieved with regard to GS-9 through GS-13 criminal investigators:

> Department of the Treasury, Social Security Administration, Small Business Administration, Resolution Trust Corporation, Railroad

Retirement Board, National Aeronautics and Space Administration, General Services Administration, Federal Deposit Insurance Corporation, Department of Transportation, Federal Aviation Administration, Department of the Navy, Department of Labor, Department of Justice, Department of Defense, General Accounting Office, Federal Emergency Management Agency, Equal Employment Opportunity Commission, Department of Education, Naval Criminal Investigative Service, Defense Criminal Investigative Service, Federal Bureau of Investigation, Department of Health and Human Services. With respect to the Department of Housing and Urban Development and the Department of Agriculture, settlement was achieved at the GS-9-11 levels but not at the GS-12-13 levels.

The following represents agencies where settlements have been achieved at the GS-9-12 levels but not at the GS-13 level:

Department of Commerce (including National Oceanic Atmospheric Administration, the Bureau of Export Administration, and the Office of Export Enforcement), Department of the Interior (including the Fish & Wildlife Service), Department of Veterans Affairs, Environmental Protection Agency, Food and Drug Administration, Immigration and Naturalization Service.

4. On February 15, 2007, plaintiffs submitted a proposed settlement agreement to defendant's counsel covering the claims of the diversion investigators at the Drug Enforcement

Administration (DEA). Counsel for the parties are in agreement in principal on the terms of such proposed settlement agreement and counsel for defendant has submitted it to DEA counsel for review.

5. In connection with the driving claims of GS-12s in which this Court's decision of April 27, 2005, was affirmed by the United States Court of Appeals for the Federal Circuit on December 18, 2006, plaintiffs filed a timely petition for panel rehearing and rehearing *en banc* with the United States Court of Appeals for the Federal Circuit. At the request of the Court, defendant filed a response to plaintiffs' petition on February 20, 2007.

6. With regard to the driving claims of the GS-13s who were the subject of the November 22, 2006 settlement, the plaintiffs propose to await the outcome of further proceedings with regard to the GS-12s' driving claims as set forth in paragraph 5 before taking any action with regard to the GS-13s and other plaintiffs on their driving claims. Defendant believes that the Federal Circuit's decision in this case concerning the GS-12s' driving claims is a sufficient basis upon which to dismiss the other driving claims, and defendant reserves the right to file an appropriate motion to dismiss these claims without awaiting further proceedings.

7. Defendant notified plaintiffs that the proposed settlement covering the claims of Marine Enforcement Officers at the United States Customs and Border Protection within the Department of Homeland Security and/or its predecessor the United States Customs Service, and the proposed settlement covering GS-5 and GS-7 criminal investigators at the Naval Criminal Investigative Service, Fish &Wildlife Service, Environmental Protection Agency, and Internal Revenue Service, have been approved by the Attorney General. Subject to defendant's final review of the agreements, they will be executed and the appropriate motions for partial dismissal shall be filed.

8. Other claims and issues that are under discussion between the parties include the following:

a. United States Marshals

b. Non-supervisory investigators for U.S. Attorneys (GS-13s and 14s)

c. Technicians at various agencies, including the Department of Homeland Security

d. United States Customs Service Operational Enforcement Officers

e.GM 12s & 13s

f. Sunday premium

g. Opa Locka claim which was added by way of an amendment as a result of Hurricane Andrew

h. Underpayment of AUO at certain agencies (principally DCIS)

i. Interest due on OASDI refunds paid to BATF plaintiffs

j. USSS1802 (Randy Espinoza and John P. Connelly)

k. Michael Banas - Defense Security Service Background Investigator and Customs Import Specialist

l. Three Customs plaintiffs who contend that they are entitled to back pay under March 16, 1994 settlement agreement:

Teena Fountaine (GS-9) claims entitlement to $974.00

Manuel Rascon (GS-9) claims entitlement to $487.00

Elissa Brown-Warpness (GS-12) claims entitlement to $2,932.00

m. Scott Curtis and Tom Radtke (USSS1802)

n. Attorneys' fees and expenses

9. Insofar as the dismissal of any claims are concerned, because of the continued pendency of plaintiffs' driving claims as well as the fact that there may be plaintiffs whose employment by defendant was with more than one agency, one of which has not yet been settled, plaintiffs believe it not to be practical or appropriate to dismiss any of the pending claims. Defendant believes that it is appropriate to dismiss all plaintiffs who do not possess any identifiable unadjudicated claims pending in this case.

10. The parties propose that they submit a joint status report on or before March 27, 2007, to apprise the Court of the status of the resolution of the above-discussed matters.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/Jeanne E. Davidson**
JEANNE E. DAVIDSON
Acting Director

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Washington, D.C. 20036
Tel: (202) 305-7561
Fax: (202) 305-7643

OF COUNSEL:
Michael J. Dierberg
William Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

Attorneys for Defendant

Dated: February 26, 2007

**s/Jules Bernstein**
JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036

OF COUNSEL:
LINDA LIPSETT
Tel: (202) 296-1798
Fax: (202) 296-7220

**s/Edgar N. James**
EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500
Fax: (202) 496-0555

Attorneys for Plaintiffs

Dated: February 26, 2007

**Filed Electronically**
**with the consent of the Attorneys for Defendant**

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 26th day of February 2007, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Jules Bernstein