No. 90-162C
(Judge Bush)

IN THE UNITED STATES COURT OF THE FEDERAL CLAIMS

STEPHEN S. ADAMS, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

APPENDIX TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT CONCERNING PLAINTIFFS EMPLOYED BY THE OFFICE OF INSPECTOR GENERAL IN THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530
Tele: (202) 305-7561

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

February 26, 2007

Attorneys for Defendant

# INDEX TO APPENDIX


| Documents | Page |
|---|---|
| FPM Letter No. 551-1 (with Attachments 1 and 2) | 1 |
| FPM Letter No. 551-7 (with Attachment) | 17 |
| FPM Letter No. 551-13 (with Attachment) | 41 |
| Declaration of Patrick Neri (with Exhibits A and B) | 46 |
| Declaration of Raymond A. Carolan | 59 |
| Declaration of Ellyn M. Wiles (With Exhibit A) | 64 |
| 1987/88 United States Government Manual - excerpt | 70 |
| 1992/93 United States Government Manual - excerpt | 75 |
| 1994/95 United States Government Manual - excerpt | 80 |
| HUD OIG Semiannual Report to the Congress Apr. 1, 1987-Sept. 30, 1987 - excerpts | 85 |
| HUD OIG Semiannual Report to the Congress Oct. 1, 1987-Mar. 31, 1988 - excerpt | 93 |
| HUD OIG Semiannual Report to the Congress Oct. 1, 1988-Mar. 31, 1989 - excerpt | 95 |
| HUD OIG Semiannual Report to the Congress Apr. 1, 1989-Sept. 30, 1989 - excerpt | 97 |
| HUD OIG Semiannual Report to the Congress Oct. 1, 1989-Mar. 31, 1990 - excerpt | 99 |
| HUD OIG Semiannual Report to the Congress Apr. 1, 1990-Sept. 30, 1990 - excerpt | 101 |
| HUD OIG Semiannual Report to the Congress Oct. 1, 1990-Mar. 31, 1991 - excerpt | 103 |
| HUD OIG Semiannual Report to the Congress Apr. 1, 1991-Sept. 30, 1991 - excerpt | 105 |
| HUD OIG Semiannual Report to the Congress Oct. 1, 1991-Mar. 31, 1992 - excerpt | 107 |
| HUD OIG Semiannual Report to the Congress Apr. 1, 1992-Sept. 30, 1992 - excerpts | 109 |
| HUD OIG Semiannual Report to the Congress Oct. 1, 1992-Mar. 31, 1993 - excerpt | 112 |
| HUD OIG Semiannual Report to the Congress Apr. 1, 1993-Sept. 30, 1993 - excerpts | 114 |

HUD OIG Semiannual Report to the Congress Oct. 1, 1993-Mar. 31, 1994 - excerpts . . . . . . 121

HUD OIG Semiannual Report to the Congress Apr. 1, 1994-Sept. 30, 1994 - excerpt . . . . . . 126

PUBLISHED IN ADVANCE OF INCORPORATION IN FPM CHAPTER 551
RETAIN UNTIL SUPERSEDED.



UNITED STATES CIVIL SERVICE COMMISSION

# FEDERAL PERSONNEL MANUAL SYSTEM

## LETTER

*Washington, D.C. 20415*
May 15, 1974

**FPM LETTER NO.** 551-1

**SUBJECT:** Interim Instructions for Implementing the Fair Labor Standards Act

*Heads of Departments and Independent Establishments:*

These instructions introduce a new chapter which will be incorporated in the FPM.

1. Introduction

a. The Fair Labor Standards Amendments of 1974 were signed into law by the President on April 8, 1974 (Public Law 93-259). These amendments bring Federal employees, as a group, in all three branches of the Government - as well as employees of nonappropriated fund instrumentalities under the jurisdiction of the Armed Forces - within the purview of the Fair Labor Standards Act (FLSA). The Civil Service Commission will administer the FLSA with respect to most Federal employees, as discussed herein.

b. The significant provisions of the FLSA which will now apply to Federal employees include: an increase in the minimum wage rate; compensation for overtime work; and restrictions on the use of child labor. The 1974 Amendments also bring the Federal Government under the Age Discrimination in Employment Act of 1967. These provisions are all effective May 1, 1974.

c. This FPM Letter deals only with the minimum wage and overtime provisions of the FLSA. Instructions on implementation of the Act with respect to child labor, age discrimination, compliance reviews and other provisions of the FLSA, as well as matters indirectly affected by the Act because of other laws, regulations, or policies, will be discussed in separate issuances.

d. It should be recognized that the instructions contained in this FPM Letter do not answer all questions which are being raised about the effect and specific application of FLSA. There has not been sufficient time since enactment to accommodate this need. The Commission is trying to provide as much guidance as possible at this time in order that agencies are made aware of their basic responsibilities under the Act, and so that they can become familiar with its fundamental concepts.

**INQUIRIES:** Pay and Leave Administration Section, Bureau of Policies and Standards, Code 101, Ext. 25604 or 632-5604

**CSC CODE** 551, Pay Administration under the Fair Labor Standards Act

**DISTRIBUTION:** FPM

e. Any agency that has a question regarding coverage under the Act, or is confronted with any other technical problem involving the application of its provisions or these interim instructions should submit such matters to the Commission for resolution. The Commission will try to answer such questions as quickly as possible. Work is underway to develop additional instructions to supplement this issuance. It is anticipated that a series of FPM Letters on this subject will be issued.

2. Impact on Employee Entitlement

The FLSA, as amended by Public Law 93-259, does not repeal, amend, or otherwise modify any existing Federal pay laws. However, it does require a new determination (long required in the private sector) as to which employees are "nonexempt" and which are "exempt" from the minimum pay and overtime provisions of the Act. Attachment 2 covers this subject with as much specificity as is possible at this time.

While the FLSA does not modify any existing pay laws, it does establish a minimum standard to which nonexempt employees are entitled. To the extent that the FLSA would provide a greater pay benefit to a nonexempt employee (e.g., a higher overtime rate) than the benefit payable under other existing pay rules, the employee is entitled to the FLSA benefit. If other existing pay rules provide a greater benefit, of course the employee continues to receive that benefit. Exempt employees continue to be paid for overtime work in exactly the same way as in the past, i.e., by application of Book 550, FPM Supplement 990-2.

3. Impact of FLSA on Management Responsibility

a. The basic responsibility of agency managers and supervisors to effectively manage and control the work of the agency, and to make efficient use of money and manpower resources towards this end, is in no way altered by the advent of FLSA. Managers will continue to ensure that work is performed by employees when they need and want it performed, and equally they must also ensure that work is not performed when it is not needed and when they do not want it performed. FLSA gives special emphasis to this continuing responsibility.

b. Under FLSA, management cannot accept the benefits of a nonexempt employee's work without compensating the employee for that work. It is not sufficient to issue a rule that employees covered by the Act may not perform work outside normal work hours unless ordered to do so, or that they may not perform such overtime work without a clear indication from the responsible manager or supervisor that it will be approved after the fact. Management must assure that supervisors enforce that rule.

c. FLSA introduces a new concept regarding overtime work into the Federal service. Under this concept, a nonexempt employee becomes entitled to overtime compensation (for hours worked in excess of 40 a week) for all work which management "suffers or permits" to be performed. Under this concept, any work performed prior to or after the established shift hours or during the prescribed lunch period by an employee covered by the overtime provision of the Act for the benefit of the agency, whether requested or not, is working time if the manager or supervisor knows of or has reason to believe it is being performed. The Act provides that an employee can seek relief directly from the courts for overtime work performed for which the employee feels he has not been properly compensated.

d. It is important to emphasize that the FLSA does not in any way diminish a supervisor's responsibility for ordering or authorizing overtime work. The FLSA simply adds an additional responsibility to supervisors, i.e., to see to it that overtime work is not, in fact, performed except when payment for such overtime is intended.

e. Supervisors must keep accurate records concerning the hours worked by their "nonexempt" employees.

4. Compliance

The Commission is responsible for the enforcement of the provisions of the Act applicable to the Federal service. A compliance program, including appropriate program standards, an opportunity to seek administrative relief or rulings, and other guidance to assure that "nonexempt" employees are properly paid under the Act, must be established. Work has begun on the development of this program. There will be full consultation with all interested parties during the planning of this program.

5. CSC/Agency Cooperation

The Commission is looking to the agencies for close cooperation in making the transition to the new set of rules and procedures required under FLSA as smoothly as possible.

Bernard Rosen

Bernard Rosen
Executive Director

Attachments

COVERAGE

A. Employees subject to CSC Administration

1. Section 4(f) of the FLSA assigns to the Civil Service Commission the authority to administer the Act with respect to most Federal employees. The list which follows attempts to be as complete as possible. However, it has been impossible in the brief time available since enactment to identify specifically all covered agencies. Any agency which is not certain about its status should refer the matter to the CSC for resolution.

Executive Branch:

- Civilian employees of all executive agencies (as defined in 5 U.S.C. 105), except the Tennessee Valley Authority. This coverage includes agencies whose pay systems are not presently subject to Commission regulations. The United States Postal Service and the Postal Rate Commission are not executive agencies for this purpose, and are not covered by the instructions in this letter.

- Individuals employed in a nonappropriated fund instrumentality under the jurisdiction of the Armed Forces.

Legislative and Judicial Branches:

- Individuals employed in any unit of the legislative or judicial branch which has positions in the competitive service; e.g., the General Accounting Office, the Government Printing Office, and the Administrative Office of the United States Courts.

2. The nature of the appointment of any employee described above has no bearing on whether the employee is within the provisions of the minimum wage and overtime provisions of the FLSA. These instructions apply whether the employee is in the competitive or the excepted service, permanent or temporary, full-time, part-time, or intermittent.

B. Geographical Coverage

1. The minimum wage and overtime provisions of the FLSA are applicable in the following areas:

- the 50 states;
- the District of Columbia;
- Puerto Rico;
- the Virgin Islands;
- Outer Continental Shelf Lands defined in the Outer Continental Shelf Lands Act (ch. 345, 67 Stat. 462);

- American Samoa;
- Guam;
- Wake Island;
- Eniwetok Atoll;
- Kwajalein Atoll;
- Johnston Island; and
- the Canal Zone.

2. Minimum wage and overtime provisions do not apply in foreign areas except where specifically stated under other laws, regulations, or policies.

## DETERMINATION OF EXEMPT AND NONEXEMPT CATEGORIES

### A. Federal Employees Exempted from the FLSA

The FLSA exempts certain employees from the minimum wage and overtime provisions of the Act. Such exemptions would include certain employees in executive, administrative, and professional positions and all employees serving in foreign areas. The Commission is presently reviewing the exemptions provided by the Act. For example, the Commission will determine the application of the executive, administrative, and professional exemptions for most classes of the General Schedule and Federal Wage System positions, and will issue criteria for agency determinations on other positions. It is anticipated that most supervisory positions will meet the executive exemption and that professional and comparable administrative positions will be exempted.

We contemplate that the determination of exempt/nonexempt status under the FLSA will be incorporated into the position classification process. The initial instructions will refer to existing standards as well as providing general criteria to be used in grey areas and classification systems other than the General Schedule and Federal Wage System. The general criteria will be similar to the Department of Labor regulations but will be written in terms which are specifically related to Federal occupations and personnel systems.

Although it is the employee who is or is not exempt, the exemptions are based on the nature of the work performed (and for executive, administrative and professional exemptions, the level of responsibility and independence of action). Within the Federal service, the classification system provides a ready means of identifying the jobs that would determine the status of the incumbent. The exemptions portion of the administration of the FLSA will be accomplished by requiring that -

- New or revised classification standards or job grading standards, specifically identify the nature of the work covered as exempt/nonexempt;

- Agencies record exempt/nonexempt nature of the work on all position descriptions; and

- The Civil Service Commission will establish a system whereby the employee will have the right to request a review of exempt and nonexempt determinations. Also, a system will be established whereby agencies can request rulings by the Civil Service Commission.

B. General Exempt and Nonexempt Categories

1. Section 13(a)(1) - The law establishes three general categories of exemptions - they are bona fide executive, administrative and professional positions.

a. These general exemptions are applicable to all Federal employees except that prevailing rate employees in the Canal Zone and all employees of nonappropriated funds instrumentalities under the jurisdiction of the Armed Forces, regardless of the nature or level of the work performed, are nonexempt.

b. The CSC has predetermined that the following categories of employees are nonexempt.

(1) All employees in positions at grade GS-4 and below, and comparable employees not covered by the General Schedule, are nonexempt.

(2) All employees, in WG and WL positions, and comparable employees not covered by the Federal Wage System, are nonexempt.

c. The exemption determination for employees with executive (supervisor), administrative, or professional work as their primary duty is to be made on the basis of the criteria in Sections C., D., and E. below. The "grade controlling" duty concept will be used as a primary criterion for determining that executive, administrative or professional work is the primary duty rather than sole reliance being placed on the percentage of time spent in performing exempt functions.

2. Section 13(b)(20) - This section of the law provides an exemption (until January 1975, at which time a special overtime provision will take effect) from overtime provisions of employees engaged in fire protection activities, law enforcement activities, security personnel in correctional institutions, and employees performing ambulance and rescue functions related to fire protection or law enforcement activities. This exemption will be applied on an occupational basis.

- Employees in the following occupations are deemed to be covered by the exemption:

  - Fire Protection and Prevention, GS-081
  - Forestry Technician (Smokejumper), GS-462
  - U.S. Marshal, GS-082
  - Police, GS-083
  - Guard, GS-085
  - Correctional Officer, GS-007
  - Customs Patrol Officer, GS-1899

3. Other specific exemptions in Section 13(a) and (b). The Act includes a number of exemptions based on the nature and size of the employing establishment or the nature of the work activity of the employees. As we interpret the Act, the U.S. Government is the employing establishment and thus none of the first type of exemptions is applicable. The second type of exemption could be applied, but the CSC does not intend to apply such exemptions at this time except for Section 13(b)(6) that exempts seamen from the overtime provisions of the Act.

4. Section 13(f) - Employees working in foreign areas (i.e., any area other than those listed in paragraph B.1 of attachment 1) are exempt from the minimum wage and overtime provisions of the FLSA while working in foreign areas. However, if any employee performs any work during his administrative workweek in one of the areas listed in paragraph B.1 of attachment 1, the overtime provisions of the Act apply to the entire workweek, including work performed in the foreign areas.

C. Specific Application of the Executive Exemption

1. General Schedule

a. Employees in positions covered by the Supervisory Grade Evaluation Guide, Part I that are evaluated as Level A in Factor II, Kind and Degree of Supervision Execised, are exempt.

b. Employees in positions that are evaluated as Level B in Factor II of Part I are nonexempt.

c. Employees in positions that are evaluated at an intermediate level between Level A and Level B may be exempt if they are more nearly Level A than Level B.

d. Employees in positions covered by Part II of the SGEG that fully meet or exceed Level B of Factor II, Nature and Extent of Supervisory Responsibility, are exempt, unless nonexempt duties are grade controlling. (Note: At these grade levels, nonsupervisory duties may meet the criteria for the administrative or professional exemptions. Any combination of supervisory duties and nonsupervisory duties that are exempt under other criteria serve to exempt the employees.)

540-537 (103) O - 74 - 3

2. Federal Wage System

a. Employees in jobs described in the Job Grading Standard for Supervisors that fully meet or exceed the full range of Foreman responsibility in Factor I, Nature of Responsibility, are exempt.

b. Wage supervisors who have less than the full range of responsibility over work operations and subordinates must be reviewed at the local level to determine if they are exempt. Employees in this category are nonexempt if (1) they spend a substantial amount of the time performing nonsupervisory duties, or (2) if their supervisory responsibilities more nearly resemble those of Leaders than those of Foremen. Only those employees who are substantially full-time supervisors and whose responsibilities closely resemble the full Foreman are exempt.

c. Employees whose duties match those described in the Job Grading Standard for Leaders are nonexempt.

D. Characteristics of Administrative Occupations

Administrative occupations are occupations, other than professional occupations that require the kind of knowledge, evaluation judgment and breadth of outlook expected of competent college graduates. Employees are required to apply this breadth of knowledge and perspective in solving problems for which guides, precedents, and instructions are not fully controlling. Quality of judgment required at the full performance levels depends primarily on reasoning ability and perceptiveness rather than on knowledge, gained through first hand experience or otherwise, of how prior similar cases, problems, etc., have been treated or decided upon. Positions at and above the designated grade levels in the following series typically meet these criteria. Positions below the indicated grade levels generally do not, although there may be individual exceptions based on specific job duties.

| OCC. CODE | TITLES | GRADE LEVEL |
|---|---|---|
| GS-018 | Safety Management | GS-9 |
| GS-023 | Outdoor Recreation Planning | GS-9 |
| GS-025 | Park Management | GS-9 |
| GS-027 | Crop Insurance Administration | All positions |
| GS-030 | Sports Specialist | GS-7 |
| GS-072 | Finger Print Identification | GS-9 |
| GS-080 | Security Administration | GS-9 |
| GS-105 | Social Insurance Administration | GS-9 |
| GS-106 | Unemployment Insurance | GS-9 |
| GS-120 | Food Assistance Program Specialist | GS-9 |
| GS-132 | Intelligence | GS-9 |
| GS-136 | International Cooperation | GS-9 |
| GS-142 | Manpower Development | GS-9 |
| GS-160 | Equal Opportunity | GS-9 |
| GS-188 | Recreation Specialist | GS-7 |
| GS-201 | Personnel Management | GS-9 |
| GS-203 | Military Personnel Management | GS-9 |
| GS-212 | Personnel Staffing | GS-9 |
| GS-221 | Position Classification | GS-9 |
| GS-222 | Occupational Analysis | GS-9 |
| GS-223 | Salary and Wage Administration | GS-9 |
| GS-230 | Labor Management and Employee Relations | GS-9 |
| GS-235 | Employee Development | GS-9 |
| GS-241 | Mediation | All positions |
| GS-243 | Apprenticeship and Training | GS-9 |
| GS-244 | Labor Management Relations Examining | GS-9 |
| GS-246 | Contractor Industrial Relations | GS-9 |
| GS-249 | Wage and Hour Compliance | GS-9 |
| GS-330 | Digital Computer Systems Administration | GS-9 |
| GS-334 | Computer Specialist | GS-9 |
| GS-341 | Administrative Officer | GS-9 |
| GS-343 | Management Analysis | GS-9 |
| GS-345 | Program Analysis | GS-9 |
| GS-346 | Logistics Management | GS-9 |
| GS-362 | EAM Project Planning | GS-7 |
| GS-391 | Communications Management | GS-9 |
| GS-393 | Communications Specialist | GS-9 |
| GS-488 | Fish Hatchery Management | GS-7 |
| GS-504 | Budget and Accounting | GS-9 |
| GS-505 | Financial Management | All positions |
| GS-526 | Tax Technician | GS-9 |
| GS-560 | Budget Administration | GS-9 |
| GS-570 | Financial Institution Examining | GS-9 |

Attachment 2 to FPM Ltr. 551-1 (6)

| OCC. CODE | TITLES | GRADE LEVEL |
|---|---|---|
| GS-603 | Physicians Assistant | GS-9 |
| GS-667 | Orthotist and Prosthetist | GS-7 |
| GS-670 | Hospital Administration | GS-9 |
| GS-685 | Public Health Program Specialist | GS-9 |
| GS-688 | Sanitarian | GS-9 |
| GS-828 | Construction Analyst | GS-9 |
| GS-920 | Estate Tax Examining | GS-9 |
| GS-965 | Land Law Examining | GS-9 |
| GS-967 | Passport and Visa Examining | GS-7 |
| GS-986 | Legal Clerical and Administration | GS-9 |
| GS-987 | Tax Law Specialist | GS-9 |
| GS-1010 | Exhibits Specialist | GS-7 |
| GS-1016 | Museum Specialist & Technician | GS-7 |
| GS-1048 | Foreign Language Broadcasting | GS-9 |
| GS-1051 | Music Specialist | GS-7 |
| GS-1054 | Theater Specialist | GS-7 |
| GS-1056 | Art Specialist | GS-7 |
| GS-1071 | Audio-Visual Production | GS-7 |
| GS-1081 | Public Information | GS-9 |
| GS-1082 | Writing and Editing | GS-7 |
| GS-1083 | Technical Writing and Editing | GS-7 |
| GS-1084 | Visual Information | GS-7 |
| GS-1085 | Foreign Information | GS-9 |
| GS-1102 | Contract and Procurement | GS-9 |
| GS-1103 | Industrial Property Management | GS-9 |
| GS-1104 | Property Disposal | GS-9 |
| GS-1130 | Public Utilities Specialist | GS-9 |
| GS-1135 | Transportation Industry Analysis | GS-9 |
| GS-1140 | Trade Specialist | GS-9 |
| GS-1146 | Agricultural Marketing | GS-9 |
| GS-1147 | Agricultural Market Reporting | GS-9 |
| GS-1150 | Industrial Specialist | GS-9 |
| GS-1160 | Financial Analysis | GS-9 |
| GS-1163 | Insurance Examining | GS-7 |
| GS-1165 | Loan Specialist | GS-9 |
| GS-1169 | Internal Revenue Officer | GS-9 |
| GS-1170 | Realty | GS-9 |
| GS-1171 | Appraising and Assessing | GS-9 |
| GS-1173 | Housing Management | GS-9 |
| GS-1176 | Building Management | GS-9 |
| GS-1241 | Trademark Examining | GS-9 |
| GS-1397 | Document Analysis | GS-9 |
| GS-1412 | Technical Information Service | GS-7 |
| GS-1630 | Cemetery Administration | GS-7 |
| GS-1640 | Facility Management | GS-9 |
| GS-1654 | Printing Management | GS-7 |
| GS-1659 | Fishery Methods and Equipment | GS-9 |
| GS-1670 | Equipment Specialist | GS-7 |
| GS-1712 | Training Instruction | GS-7 |
| GS-1715 | Vocational Rehabilitation | GS-9 |

| OCC. CODE | TITLES | GRADE LEVEL |
|---|---|---|
| GS-1810 | General Investigating | GS-9 |
| GS-1811 | Criminal Investigating | GS-9 |
| GS-1815 | Air Safety Investigating | GS-9 |
| GS-1816 | Immigration Inspector | GS-7 |
| GS-1822 | Coal Mine Inspector | All positions |
| GS-1825 | Aviation Safety Officer | GS-9 |
| GS-1850 | Agricultural Commodity Warehouse Examining | GS-7 |
| GS-1854 | Alcohol, Tobacco & Fire Arms Inspection | GS-7 |
| GS-1864 | Public Health Quarantine Inspection | GS-7 |
| GS-1889 | Import Specialist | GS-9 |
| GS-1890 | Customs Inspection | GS-7 |
| GS-1892 | Customs Appraising and Examining | GS-9 |
| GS-1910 | Quality Assurance | GS-9 |
| GS-1980 | Agriculture Commodity Grading | GS-7 |
| GS-2003 | Supply Program Management | All positions |
| GS-2010 | Inventory Management | GS-7 |
| GS-2030 | Distribution Facilities and Storage Mgt. | GS-9 |
| GS-2032 | Packaging | GS-7 |
| GS-2050 | Supply Cataloging | GS-7 |
| GS-2125 | Highway Safety Management | GS-9 |
| GS-2130 | Traffic Management | GS-9 |
| GS-2150 | Transportation Operations | GS-9 |

There will probably be additions to this list in future publications as other occupations are studied and firm determinations are made.

E. Definition of Professional Occupations

Professional occupations or series are those that require knowledge in a field of science or learning customarily and characteristically acquired through education and training that meets the requirements for a bachelor's or higher degree with major study in or pertinent to the specialized field, as distinguished from general education. The work of professional positions is creative, analytical, evaluative, or interpretive; and is characterized by personal responsibility to keep abreast of and exercise judgment and broad perspective in the application of an organized body of knowledge that is constantly studied to make new discoveries and interpretations and to improve the data, materials, and methods. Positions at and above the designated grade levels in the following professional occupations typically meet these criteria. Positions below the indicated grade levels generally do not, although there may be individual exceptions based on specific job duties:

Attachment 2 to FPM Ltr. 551-1 (8)

| OCC. CODE | TITLES | GRADE LEVEL |
|---|---|---|
| GS-020 | Community Planning | GS-9 |
| GS-060 | Chaplain | all positions |
| GS-101 | Social Science | GS-9 |
| GS-110 | Economist | GS-9 |
| GS-130 | Foreign Affairs | GS-9 |
| GS-131 | International Relations | GS-9 |
| GS-135 | Foreign Agricultural Affairs | GS-9 |
| GS-140 | Manpower Research and Analysis | GS-9 |
| GS-150 | Geography | GS-9 |
| GS-170 | History | GS-9 |
| GS-180 | Psychology | GS-9 |
| GS-184 | Sociolcgy | GS-9 |
| GS-185 | Social Work | GS-9 |
| GS-190 | General Anthropology | GS-9 |
| GS-193 | Archeology | GS-9 |
| GS-401 | General Biological Science | GS-9 |
| GS-403 | Microbiology | GS-9 |
| GS-405 | Pharmacology | GS-9 |
| GS-406 | Agriculture Extension | GS-9 |
| GS-410 | Zoology | GS-9 |
| GS-413 | Physiology | GS-9 |
| GS-414 | Entomolcgy | GS-9 |
| GS-430 | Botany | GS-9 |
| GS-434 | Plant Pathology | GS-9 |
| GS-435 | Plant Physiology | GS-9 |
| GS-436 | Plant Quarantine and Pest Control | GS-9 |
| GS-437 | Horticulture | GS-9 |
| GS-440 | Genetics | GS-9 |
| GS-454 | Range Conservation | GS-9 |
| GS-457 | Soil Conservation | GS-9 |
| GS-460 | Forestry | GS-9 |
| GS-470 | Soil Science | GS-9 |
| GS-471 | Agronomy | GS-9 |
| GS-475 | Agricultural Management | GS-7 |
| GS-480 | General Fish and Wildlife Administration | GS-9 |
| GS-482 | Fishery Biology | GS-9 |
| GS-485 | Wildlife Refuge Management | GS-9 |
| GS-486 | Wildlife Biology | GS-9 |
| GS-487 | Husbandry | GS-9 |
| GS-493 | Home Economics | GS-7 |
| GS-510 | Accounting | GS-9 |
| GS-512 | Internal Revenue Agent | GS-9 |
| GS-601 | General Health Science | GS-9 |
| GS-602 | Medical Officer | all positions |

| OCC. CODE | TITLES | GRADE LEVEL |
|---|---|---|
| GS-605 | Nurse Anesthetist | all positions |
| GS-610 | Nurse | GS-7 |
| GS-615 | Public Health Nurse | GS-7 |
| GS-630 | Dietician | GS-7 |
| GS-631 | Occupational Therapist | GS-7 |
| GS-633 | Physical Therapist | GS-7 |
| GS-635 | Corrective Therapist | GS-7 |
| GS-637 | Manual Arts Therapist | GS-7 |
| GS-639 | Educational Therapist | GS-7 |
| GS-644 | Medical Technologist | GS-7 |
| GS-660 | Pharmacist | GS-9 |
| GS-662 | Optometrist | all positions |
| GS-665 | Speech Pathology and Audiology | GS-9 |
| GS-668 | Podiatrist | all positions |
| GS-680 | Dental Officer | all positions |
| GS-690 | Industrial Hygiene | GS-9 |
| GS-696 | Consumer Safety | GS-7 |
| GS-701 | Veterinary Medical Science | all positions |
| GS-801 | General Engineering | GS-9 |
| GS-803 | Safety Engineering | GS-9 |
| GS-804 | Fire Prevention Engineering | GS-9 |
| GS-806 | Materials Engineering | GS-9 |
| GS-807 | Landscape Architecture | GS-9 |
| GS-808 | Architecture | GS-9 |
| GS-810 | Civil Engineering | GS-9 |
| GS-819 | Sanitary Engineering | GS-9 |
| GS-830 | Mechanical Engineering | GS-9 |
| GS-840 | Nuclear Engineering | GS-9 |
| GS-850 | Electrical Engineering | GS-9 |
| GS-855 | Electronics Engineering | GS-9 |
| GS-861 | Aerospace Engineering | GS-9 |
| GS-871 | Naval Architecture | GS-9 |
| GS-880 | Mining Engineering | GS-9 |
| GS-881 | Petroleum Engineering | GS-9 |
| GS-890 | Agricultural Engineering | GS-9 |
| GS-892 | Ceramic Engineering | GS-9 |
| GS-893 | Chemical Engineering | GS-9 |
| GS-894 | Welding Engineering | GS-9 |
| GS-896 | Industrial Engineering | GS-9 |
| GS-905 | Attorney | all positions |
| GS-942 | Deportation & Exclusion Examining | all positions |
| GS-954 | Legal Assistance | GS-9 |
| GS-960 | Adjudicating | GS-7 |

Attachment 2 of FPM Ltr. 551-1 (10)

| OCC. CODE | TITLES | GRADE LEVEL |
|---|---|---|
| GS-1015 | Museum Curator | GS-9 |
| GS-1210 | Copyright Examining | GS-9 |
| GS-1220 | Patent Administration | GS-9 |
| GS-1221 | Patent Advisor | GS-9 |
| GS-1222 | Patent Attorney | all positions |
| GS-1223 | Patent Classifying | GS-9 |
| GS-1224 | Patent Examining | GS-9 |
| GS-1225 | Patent Interference Examining | GS-9 |
| GS-1226 | Design Patent Examining | GS-9 |
| GS-1301 | General Physical Science | GS-9 |
| GS-1306 | Health Physics | GS-9 |
| GS-1310 | Physics | GS-9 |
| GS-1313 | Geophysics | GS-9 |
| GS-1315 | Hydrology | GS-9 |
| GS-1320 | Chemistry | GS-9 |
| GS-1321 | Metallurgy | GS-9 |
| GS-1330 | Astronomy Space Science | GS-9 |
| GS-1340 | Meteorology | GS-9 |
| GS-1350 | Geology | GS-9 |
| GS-1360 | Oceanography | GS-9 |
| GS-1370 | Cartography | GS-9 |
| GS-1372 | Geodesy | GS-9 |
| GS-1373 | Land Surveying | GS-9 |
| GS-1380 | Forest Products Technology | GS-9 |
| GS-1382 | Food Technology | GS-9 |
| GS-1384 | Textile Technology | GS-9 |
| GS-1386 | Photographic Technology | GS-9 |
| GS-1410 | Librarian | GS-7 |
| GS-1420 | Archivist | GS-9 |
| GS-1510 | Actuary | GS-9 |
| GS-1515 | Operations Research | GS-9 |
| GS-1520 | Mathematics | GS-9 |
| GS-1529 | Mathematical Statistician | GS-9 |
| GS-1530 | Statistician | GS-9 |
| GS-1540 | Cryptography | GS-9 |
| GS-1701 | General Education and Training | GS-9 |

| OCC. CODE | TITLES | GRADE LEVEL |
|---|---|---|
| GS-1710 | Education and Vocational Training | GS-9 |
| GS-1720 | Education Research and Program | GS-9 |
| GS-1725 | Public Health Educator | all positions |

There will probably be additions to this list in future publications as other occupations are studied and firm determinations are made.

PUBLISHED IN ADVANCE OF INCORPORATION
IN FPM Chapter 551
RETAIN UNTIL SUPERSEDED.

FPM LTR. NO. 551-7

UNITED STATES CIVIL SERVICE COMMISSION

# FEDERAL PERSONNEL MANUAL SYSTEM

## LETTER

Washington, D.C. 20415
July 1, 1975

FPM LETTER NO. 551-7

SUBJECT: Instructions for Applying the Exemptions Provisions of the Fair Labor Standards Act (FLSA)

*Heads of Departments and Agencies:*

This letter, which with its attachment cancels and supersedes the interim exemption instructions in attachment 2 to FPM Letter 551-1 dated May 15, 1974, provides revised instructions for applying the exemptions provisions of the Fair Labor Standards Act (FLSA).

1. Exemption of Executive, Administrative, and Professional Employees.

   The attachment to this letter provides detailed guidelines for identifying the executive, administrative and professional employees who are exempt from the minimum wage and overtime provisions of the FLSA. These guidelines have been designed to integrate FLSA exemption determinations with Federal classification systems to the extent possible, while maintaining results consistent with the basic exemption criteria and interpretations established by the Department of Labor.

   The guidelines are presented in three sections as follows:

   A. Definitions of Executive, Administrative, and Professional Employees

   B. General Guidance to Application of Executive, Administrative, and Professional Exemption Definitions, and

   C. Guidance Concerning Application to Specific Categories.

INQUIRIES:
Pay Policy Division, BPS, Code 101 Ex. 25604 or 63-25604 (pay adjustments)
Standards Division, BPS, Code 101 Ex. 25613 or 63-25613 (other inquiries)

CSC CODE 551, Pay Administration under the Fair Labor Standards Act

DISTRIBUTION: FPM

The guidelines herein represent permanent criteria. They cover both general principles for applying exemption criteria, and instructions for specific applications in terms of General Schedule and Federal Wage System occupations and standards. References to specific provisions of classification and job grading standards reflect a determination as to the exempt or nonexempt status of positions whose duties in fact conform to the nature of work and level of responsibility described in the standard. Determinations as to the exempt or nonexempt status of a position ultimately rest on the actual duties of the position.

2. Other FLSA Exemptions

a. The other general exemption, applicable to any employee and any occupation, is that in Section 13 (f) of the FLSA which states: "The provisions of section 6, 7, 11, and 12 shall not apply with respect to any employee whose services during the workweek are performed in a workplace within a foreign country or within territory under the jurisdiction of the United States other than the following: a State of the United States; the District of Columbia; Puerto Rico; the Virgin Islands; Outer Continental Shelf Lands defined in the Outer Continental Shelf Lands Act (ch. 345, 67 Stat. 462); American Samoa; Guam; Wake Island; Eniwetok Atoll; Kwajalein Atoll; Johnston Island; and the Canal Zone."

This exemption is applicable to employees permanently stationed in an area other than those listed. It is also applicable on a workweek basis to employees on temporary duty provided such employees spend the entire workweek in the foreign area.

b. Instructions for applying the special exemption for employees of public agencies who are engaged in fire protection activities and law enforcement activities are provided in FPM Letter 551-5 dated January 15, 1975.

c. There are numerous other special exemptions covering specified kinds of business or work activities. The Commission will examine the applicability of these exemptions to Federal employees and issue additional instructions as appropriate.

3. Effective Dates

a. The exemption criteria in the attachment include a 20% limitation on nonexempt work for employees whose positions are classified below GS-10, or the equivalent, and Foreman level wage supervisors. This is a new requirement which has been established to provide consistency with exemption criteria applied by the Department of Labor to private industry.

Accordingly, if an employee who would otherwise be exempt is determined to be nonexempt solely because of failure to meet the 20% limitation on nonexempt work, the effective date of the determination of the employee's nonexempt status is the beginning of the first pay period commencing on or after July 1, 1975.

b. The other exemption criteria are essentially the same as those reflected in FPM Ltr. 551-1. However, they are presented in substantially greater detail and have been extended to cover problem areas that were not adequately treated in the interim instructions. Exemption determinations resulting from application of the attached instructions, except those discussed in paragraph a. above are effective as of May 1, 1974.

c. Employees previously considered exempt who are determined to be nonexempt under the instructions in the attachment are entitled to retroactive payment for any overtime compensation due under the FLSA in excess of the overtime compensation received under title 5 of the United States Code. In computing such retroactive payments, the effective date is that indicated above unless the employee's job has changed in the interim. In that case, both the current and the previous position must be evaluated to determine whether the retroactivity extends to the effective date indicated above or to the effective date of the employee's reassignment.

d. Some employees previously considered nonexempt may be determined to be exempt under these instructions. The retroactivity of such determinations is the same as that shown above. When such employees have been paid for overtime under the FLSA, the amount which is in excess of the overtime payment due under title 5 of the United States Code constitutes an overpayment. On such overpayments agencies may waive repayment of amounts aggregating not more than $500, as authorized in section 5584 of title 5, United States Code, and on cases in which the overpayments exceed $500, agencies may request a waiver of the overpayment from the Comptroller General in accordance with 4CFR Part 91.

Bernard Rosen

Bernard Rosen
Executive Director

Attachment

CONTENTS

A. Definitions of Executive, Administrative and Professional Employees

1. Executive Employees

2. Administrative Employees

3. Professional Employees

B. General Guidance to Application of Executive, Administrative and Professional Exemption Definitions

1. Meaning of Terms

a. Primary duty

b. Recognized organizational unit

c. Significant personnel management duties

d. 80% of the employee's worktime in a representative workweek

e. Supervisory and closely related functions

f. Essential part of administrative or professional functions

g. Formulation or execution of management policies or programs

h. General management, business or supporting services

i. Participation in the functions of a management official

j. Work of an intellectual nature

k. Work of a specialized or technical nature

l. Discretion and independent judgment

2. General Considerations in Interpreting and Applying Exemption Criteria

3. Combinations of Exemption Categories

4. Equivalency to General Schedule Grade Levels

C. Guidance Concerning Application to Specific Categories

1. Application of Executive Criteria

2. Application of Administrative Criteria

3. Application of Professional Criteria

A. Definitions of Executive, Administrative, and Professional Employees

The principal exemption from the minimum wage and overtime provision of the FLSA is that provided in section 13(a)(1), applicable to Executive, Administrative and Professional employees.* For purposes of applying the FLSA to the Federal service, these categories of employees are defined as follows:

1. Executive employees: An executive employee is a supervisor, foreman, or manager who supervises at least three subordinate employees and who meets all of the following criteria:

   a. The employee's primary duty consists of management or supervision.

   b. The workers supervised constitute a recognized organizational unit.

   c. The employee regularly exercises discretion and independent judgment, under only general supervision, in planning, directing and controlling the work of the unit supervised.

   d. The employee performs significant personnel management duties.

   e. The employee's position is classified no lower than General Schedule grade 5 (GS-5) or the equivalent level in other white collar pay systems or the employee fully meets or exceeds the "Foreman range of responsibility" defined in the job grading standard for Wage Supervisors if under the Federal Wage System, or equivalent prevailing rate systems.

   f. In addition to the primary duty criterion that applies to all employees, Foreman level supervisors in the Federal Wage System or the equivalent in other wage systems, and employees classified below GS-10 or the equivalent in other white collar pay systems, must spend 80% or more of the worktime in a representative workweek on supervisory and closely related work.

2. Administrative Employees: An administrative employee is an advisor, assistant or representative of management, or a specialist in a management or general business function or supporting service whose position meets the criteria in subsections a. through e., below:

*Section 13(a)(1) also exempts outside salesmen, and establishes a special percentage of time formula for executive or administrative employees of retail or service establishments. If these special provisions are determined to be applicable to U.S. Government employees, their application will be covered in a subsequent instruction.

a. The employee's primary duty consists of work that:

(1) Significantly affects the formulation or execution of management policies or programs; or

(2) Involves general management or business functions or supporting services of substantial importance to the organization serviced; or

(3) Involves substantial participation in the executive or administrative functions of a management official.

b. The employee performs office or other predominantly nonmanual work which is:

(1) Intellectual and varied in nature, or

(2) Of a specialized or technical nature that requires considerable special training, experience and knowledge.

c. The employee must frequently exercise discretion and independent judgment, under only general supervision, in performing the normal day-to-day work.

d. The employee's position is classified no lower than GS-7 or the equivalent level in other white collar pay systems.

e. In addition to the primary duty criterion that applies to all employees, General Schedule employees below GS-10, or the equivalent in other salary systems, must spend 80% or more of the worktime in a representative workweek on administrative functions and work that is an essential part of those functions

3. <u>Professional employees</u>: The professional exemption category includes, but is broader than, the occupations identified as professional series under the General Schedule. A professional employee is one who meets the criteria under a. (1) or (2), <u>and</u> b. through e., below:*

a. (1) The employee is performing work that requires knowledge in a field of science or learning customarily and characteristically acquired through education or training that meets the requirements for a bachelor's or higher degree,

*There is a special exception for teachers who are engaged in the activity of imparting knowledge or in administering academic programs or operations in a school system or educational establishment. These employees are statutorily exempt, and therefore are not required to meet the specified criteria for exemption.

with major study in or pertinent to the specialized field as distinguished from general education; or is performing work comparable to that performed by professional employees on the basis of specialized education or training and experience which has provided both theoretical and practical knowledge of the specialty, including knowledge of related disciplines and of new developments in the field; or

(2) The employee is performing work in a recognized field of artistic endeavor that is original or creative in nature (as distinguished from work which can be produced by a person endowed with general manual or intellectual ability and training) and the result of which depends on the invention, imagination, or talent of the employee.

b. The employee's work is predominantly intellectual and varied in nature, requiring creative, analytical, evaluative, or interpretive thought processes for satisfactory performance.

c. The employee frequently exercises discretion and independent judgment, under only general supervision, in performing the normal day-to-day work.

d. The employee's position is classified no lower than GS-7 or the equivalent level in other white collar pay systems.

e. In addition to the primary duty criterion that applies to all employees, General Schedule employees below GS-10, or the equivalent in other salary systems, must spend 80% or more of the worktime in a representative workweek on professional functions and work that is an essential part of those functions.

B. <u>General Guidance to Application of Executive, Administrative and Professional Exemption Definitions</u>

1. <u>Meaning of terms</u>: Many of the terms used in FLSA exemption criteria have acquired well-established interpretations that sometimes differ from the customary interpretation in the Federal service. In applying the definitions, the following terms shall have the meaning described herein. These meanings <u>do not</u> carry over to other personnel management functions.

a. <u>Primary duty</u>. As a general rule, the primary duty is that which constitutes the major part (over 50%) of the employee's work. However, a duty which constitutes less than 50% of the work can be credited as the primary duty for exemption purposes <u>provided</u> that duty:

580-537 O - 75 - 2 (119)

(1) Represents the most important duty;

(2) Controls the classification of the position (i.e., if that duty were removed, the position would be classified at a lower grade level); and

(3) Is clearly exempt work in terms of the basic nature of the work, the frequency with which the employee must exercise discretion and independent judgment, and the significance of the decisions made.

b. Recognized organizational unit: An established and defined organizational entity with regularly assigned employees. This requirement distinguishes supervisors who are responsible for planning and accomplishing a continuing workload from "leaders" who head temporary groups formed to perform a special assignment of limited duration, or who direct the work of other employees assigned to a project but do not exercise full supervision over such employees. Leaders of this nature do not qualify for exemption as executive employees.

c. Significant personnel management duties: As a minimum, such duties must include all of the following:

(1) Interviewing prospective workers and recommending selections;

(2) Evaluating the performance of the workers supervised;

(3) Recommending the promotions, reassignments, status changes, awards, and the granting or withholding of step increases; and

(4) Dealing with workers and union representatives to resolve complaints or grievances.

It is not necessary that the employee initiate formal requests or recommendations on these personnel actions. Significant personnel management responsibilities can be credited provided that the official who initiates the formal action seeks, and gives serious consideration to, the recommendations of the employee on such actions that affect the workers supervised.

d. 80% of the employee's worktime in a representative workweek:

(1) This requirement is to be applied in terms of the average percentages of time over a period long enough to even out normal fluctuations in workloads and be representative of

the job as a whole. The length of time to be considered will vary, depending on the nature of the work and the work situation, but should not exceed a year.

(2) In the case of executive employees who do not regularly perform any nonsupervisory duties there need be no concern. The 20% tolerance for nonexempt work would cover irregular or incidental tasks.

(3) When an employee spends more than 20% of the time on nonexempt work, evaluate that work under e. or f. below.

e. Supervisory and closely related functions: In applying the 80% criterion, if the nonsupervisory work performed is closely related to the supervisory functions, it can be included in the exempt work. If it is not closely related it must be counted against the 20% tolerance for nonexempt work. The basic test for identifying closely related work is whether or not the work contributes to the effective supervision of subordinate workers, or the smooth functioning of the unit supervised, or both.

Examples of closely related work include:

(1) Maintaining various records pertaining to workload or employee performance;

(2) Performing setup work that:

(a) requires special skills,

(b) typically is not performed by production employees in the occupation, and

(c) does not approach the volume that would justify hiring a specially trained employee to perform.

Setup work is often encountered in production operations, but it is not limited to such operations. For example, a data processing supervisor who personally sets up the more complex or critical portions of a program which uses a number of computer operators is performing setup work that can be included in the exempt supervisory functions.

(3) Performing infrequently recurring or one-time tasks which are impractical to delegate because they would disrupt normal operations or take longer to explain than to perform.

f. Essential part of administrative or professional functions: In applying the 80% criterion to administrative and professional employees there is a more stringent requirement that related work be an essential part of the administrative or professional functions, to be included in the exempt work. Such work is most easily identified by examining the processes involved in performing the exempt function. For example, the processes involved in the evaluation of a body of information include the collection and organization of the information; the analysis, evaluation, and development of conclusions; and frequently, the preparation of a record of findings and conclusions. Often the collection or compilation of the information and the preparation of reports or other records, if divorced from the evaluative function, are nonexempt tasks. When the employee who performs the evaluative functions also performs some or all of these related steps, all such work (e.g., recording test results, tabulating data, typing reports) is included in the employee's exempt duties. However, if an employee performs routine work in collecting, compiling, or presenting data on which some other employee performs the evaluative processes, the time spent on such tasks must be counted against the 20% tolerance.

g. Formulation or execution of management policies or programs: Management policies and programs range from broad national goals that are expressed in statutes or Executive Orders to specific objectives of a small field office. Employees may actually make policy decisions or participate indirectly, through developing proposals that are acted on by others. Employees who significantly affect the execution of management policies or programs typically are those whose work involves obtaining compliance with such policies by other individuals or organizations, within or outside of the Federal Government, or making significant determinations in furtherance of the operation of programs and accomplishment of program objectives.

Administrative employees engaged in formulation or execution of management policies or programs typically perform one or more phases of program management (i.e., planning, developing, promoting, coordinating, controlling, or evaluating operating programs of the employing organization or of other organizations subject to regulation or other controls). Some of these employees are classified in occupations that reflect these functions (e.g., program analyst) but many are classified in subject matter occupations.

h. General management, business, or supporting services: This element brings into the administrative category a wide variety of specialists who provide general management, business, or other supporting services as distinguished from production functions. The administrative employees in this category provide support to line managers by:

(1) Providing expert advice in specialized subject matter fields, such as that provided by management consultants or systems analysts;

(2) Assuming facets of the overall management function, such as safety management, personnel management, or budgeting and financial management;

(3) Representing management in such business functions as negotiating and administering contracts, determining acceptability of goods or services, or authorizing payments; or

(4) Providing supporting services, such as automated data processing, communications, or procurement and distribution of supplies.

Neither the organizational location nor the number of employees performing identical or similar work changes general management, business or servicing functions into production functions. However to warrant exemption, each employee's work must involve substantial discretion on matters of enough importance that the employee's actions and decisions have a noticeable impact on the effectiveness of the organization advised, represented, or serviced.

i. Participation in the functions of a management official: This element includes those employees (variously identified as secretaries, administrative or executive assistants, aids, etc.) who participate in portions of the managerial or administrative functions of a supervisor whose scope of responsibility precludes personally attending to all aspects of the work. To support exemption, such assistants must be delegated and exercise substantial authority to act for the supervisor in the absence of specific instructions or procedures.

Typically, these employees do not have technical knowledges of the substantive work under the supervisor's jurisdiction. Their primary knowledges are of administrative procedures, organizational relationships, and, more importantly, the policies, plans, interests and views of the supervisor. They

apply such knowledges with substantial discretion in performing varied duties such as:

- personally attending to or redirecting calls and visitors;
- scheduling or rejecting invitations and requests for appointments;
- representing or arranging for another staff member to represent the supervisor in meetings or conferences;
- locating and assembling information, compiling reports and responding to nontechnical inquiries;
- composing varied correspondence on own initiative and in response to incoming correspondence, or
- similar actions which significantly affect the supervisor's effectiveness.

j. Work of an intellectual nature: Work requiring general intellectual abilities, such as perceptiveness, analytical reasoning, perspective and judgment applied to a variety of subject matter fields, or work involving mental processes which involve substantial judgment based on considering, selecting, adapting, and applying principles to numerous variables. The employee cannot rely on standardized application of established procedures or precedents, but must recognize and evaluate the effect of a continual variety of conditions or requirements in selecting, adapting, or innovating techniques and procedures, interpreting findings, and selecting and recommending the "best" alternative from among a broad range of possible actions.

k. Work of a specialized or technical nature: Work which requires substantial specialized knowledge of a complex subject matter and of the principles, techniques, practices, and procedures associated with that subject matter field. These knowledges characteristically are acquired through considerable on-the-job training and experience in the specialized subject matter field, as distinguished from professional knowledges characteristically acquired through specialized academic education.

l. Discretion and independent judgment: The exercise of discretion and independent judgment involves: (1) comparing and evaluating possible courses of conduct, and (2) interpreting results or implications, and independently taking action or making a decision after considering the various possibilities. However, firm commitments or final decisions are not necessary to support exemption. The "decisions" made as a result of the

exercise of independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decisions are subject to review, and that on occasion the decisions are revised or reversed after review, does not mean that the employee is not exercising discretion and independent judgment of the level required for exemption.

There are three elements involved in the evaluation of this factor:

(1) The work must involve sufficient variables as to regularly require discretion and judgment in determining the approaches and techniques to be used, and in evaluating results.

- This precludes exempting employees who perform work primarily requiring skill and applying standardized techniques or knowledge of established procedures, precedents, or other guidelines which specifically govern the employee's action.

(2) The employee must have authority to make such determinations during the course of assignments.

- This precludes exempting trainees who are in a line of work which requires discretion but who have not been given authority to decide discretionary matters independently.

(3) The decisions made independently must be significant. Although this term is not so restrictive as to include only the kinds of decisions made by employees who formulate policies or exercise broad commitment authority, it does not extend to the kinds of decisions that affect only the procedural details of the employee's own work, or to such matters as deciding whether a situation does or does not conform to clearly applicable criteria.

2. General Considerations in Interpreting and Applying FLSA Exemption Criteria:

A. Numerous judicial precedents have firmly established the principles that:

(1) FLSA exemptions must be narrowly construed and applied only to employees who are clearly within the terms and spirit of the exemptions; and

(2) The burden of proof rests with the employer who asserts the exemption.

Thus, if there is a reasonable doubt as to whether an employee meets the criteria for exemption, the employee should be ruled nonexempt.

b. The need for a legal basis for the pay of each employee creates a contravening requirement. Agencies must comply with the pay provisions of title 5, U.S.C. (or other statutes governing the pay of certain employees) unless additional payment under FLSA provisions is required. Thus, any employee who meets exemption criteria must be exempted, because there is no legal basis for paying any such employee in excess of the pay due under title 5, U.S.C.

c. Although these instructions are applicable to employees in all occupations, there are large groups of employees who will not fit any of the exemption categories. These include:

- nonsupervisory trades and labor employees and working leaders under regular WG and WL wage schedules, and comparable employees under other blue collar systems.

- nonsupervisory employees in clerical, equipment operating (e.g., office equipment, computers, communications equipment), and protective occupations;

- nonsupervisory employees in technician occupations classified below GS-9 or the equivalent and many, but not all, of those classified at GS-9 or above;

- nonsupervisory employees at any grade level in occupations requiring highly specialized technical skills and knowledges that can be acquired only through prolonged job training and experience, such as the Air Traffic Control Series, GS-2152, or the Aircraft Operations Series, GS-2181, unless such employees are performing predominantly administrative functions rather than the technical work of the occupation.

3. Combinations of Exemption Categories

a. Although separate criteria are provided for the exemption of executive, administrative, and professional employees, those categories are not mutually exclusive. All exempt work, regardless of category, must be considered. The only restriction is that, when the requirements of one category are more stringent, the combination of exempt work must meet the higher requirements. For example, if executive and professional work is combined, the employee must meet the higher minimum grade of GS-7 (rather than GS-5 for executive employees).

b. Failure to meet the criteria for exemption under what might appear to be the most appropriate criteria does not preclude exemption under another category. For example, an engineering technician who fails to meet the professional criteria may be performing exempt administrative work, or an administrative officer who fails to meet the administrative criteria may be performing exempt executive work.

c. Although it is normally feasible and more convenient to identify the exemption category, this is not essential. An exemption may be based on a combination of functions, no one of which constitutes the primary duty, or the employee's primary duty may involve two categories which are intermingled and difficult to segregate. This does not preclude exempting the employee, provided the work, as a whole, clearly meets the other exemption criteria.

4. Equivalency to General Schedule Grade Levels

Some of the exemption criteria are stated in terms of General Schedule grades or equivalent levels in other pay systems. For FLSA exemption purposes, equivalency is to be determined as follows:

a. Equivalent levels in State Department or Veterans Administration salary schedules.

| | State Department | | | Veterans Administration | |
|---|---|---|---|---|---|
| | FC | FSS | FSO, FSR, FSIO | Nurse | Physician/Dentist |
| GS-5 | 2 | 9 | 8 | Junior | |
| GS-7 | 4 | 7 | 8 | Associate | |
| GS-10 | 7 | 4 | 6 | Intermediate | Associate |

b. For other white collar systems, grade levels shall be equated to General Schedule grades by comparing the level of difficulty of duties and responsibilities performed with the levels of difficulty described in standards for comparable general schedule occupations.

C. Guidance Concerning Application to Specific Categories

1. Application of Executive Criteria

a. Quick tests

(1) All supervisory employees whose positions are classified below GS-5 or the equivalent are nonexempt, regardless of the duties performed.

(2) Supervisory employees whose positions are classified in grades GS-5 through GS-9 or the equivalent and who perform nonsupervisory work that is not closely related to their supervisory functions for more than 20% of the time are nonexempt.

(3) Wage supervisors who do not fully meet or exceed the foreman range of responsibility, as defined in Factor I of the Job Grading Standard for Supervisors, issued June 1970, are nonexempt. The Foreman range of responsibility meets the executive exemption criteria for discretion and independent judgment and significant personnel management duties. Wage supervisors who meet the Foreman range of responsibility need not be re-evaluated on those two exemption criteria. This portion of the Job Grading Standard for Supervisors may also be used as supplemental guidance in applying those two exemption criteria to employees who are not covered by the standard.

(4) General foremen and higher level wage supervisors are exempt.

b. Application of the Supervisory Grade Evaluation Guide (SGEG), Parts I and II, Issued February 1965

(1) The Level A definitions of Elements 1, 2, and 3 of Factor II of the SGEG, Part I, exceed the exemption criteria for discretion and independent judgment and significant personnel management duties. Supervisory employees who are above the first level of full supervisory responsibility or who fully meet Level A on those elements of the SGEG need not be re-evaluated on those two exemption criteria. Because Level A slightly exceeds the minimum exemption requirements, supervisory employees who approach but do not fully meet Level A may also qualify for exemption, but must be evaluated against the basic exemption criteria in this FPM Letter.

(2) Supervisory employees who exceed (on the basis of managerial duties) or meet Degree A of Factor II of the SGEG, Part II, or who fully meet Degree B and all 8 of the duties listed thereunder meet the exemption criteria for discretion and independent judgment and significant personnel management duties. Employees who meet Degree B but who do not perform all 8 of the duties listed thereunder may also qualify for exemption, but must be evaluated against the basic exemption criteria in this FPM Letter.

(3) The discussion of supervisory functions in Factor II of Part I or Part II of the SGEG, and the specific instructions above, provide supplemental guidance for interpreting the degree of discretion and independent judgment and the

significant personnel management duties required for exemption. As such, those portions of the SGEG may be used in evaluating supervisory employees who are not covered by the SGEG for classification purposes.

c. Assistant Supervisors

An employee who acts as an assistant chief or deputy to the head of a unit qualifies for exemption under the executive criteria provided that the employee:

(1) Is in the direct line of supervision for all or a designated portion (consisting of at least 3) of the employees in the unit;

(2) Regularly exercises the discretion in planning and controlling the work and the personnel management responsibilities described in the executive criteria (performing such functions only in the absence of the head of the unit does not qualify for exemption); and

(3) The supervisory functions constitute the employee's primary duty, and for any employee whose position is classified below GS-10 or the equivalent, require 80% or more of the employee's total work time.

2. Application of Administrative Criteria

a. Quick Tests

(1) All employees whose positions are classified below GS-7 or the equivalent are nonexempt.

(2) Nonsupervisory Federal Wage System employees and comparable employees in other wage systems are nonexempt.

b. Exemption of Employees in Two-Grade Interval Administrative Occupations

The two-grade interval occupations (i.e., those in which the normal progression is GS-5, 7, 9, 11) are listed in Appendix A to FPM Chapter 300. That listing includes, in addition to administrative and professional occupations, a small number of highly specialized technical occupations. The instructions in (1) through (3) (below) for employees in two-grade interval administrative occupations do not apply to the following occupations:

Clothing Design, GS-062
Fingerprint Identification, GS-072
U.S. Marshal, GS-082
Orthotist and Prosthetist, GS-667
Navigational Information, GS-1361
Document Analysis, GS-1397
Agricultural Commodity Grading, GS-1980
Packaging, GS-2032
Air Traffic Control, GS-2152
Marine Cargo, GS-2161
Aircraft Operations, GS-2181

Some employees in the above occupations may be performing exempt work, but there must be a determination that it is truly exempt administrative work, requiring discretion and judgment, rather than technical work, primarily requiring application of specialized skills. (See section d. below for additional discussion of this distinction.)

The criteria below <u>do</u> apply to the <u>other</u> nonprofessional two-grade interval occupations.

(1) The GS-7 level typically is a developmental level at which employees perform varied assignments under close supervision, in process as well as on completion of assignments. Although the supervision is reduced as the employee gains competence, most employees at GS-7 would not <u>frequently</u> exercise discretion and independent judgment on <u>significant</u> matters, and thus would not qualify for exemption.

(2) The GS-9 level typically combines continued developmental assignments with independent assignments which, within the administrative field involved, are relatively routine. However, in two-grade interval occupations, even the more routine assignments are inherently varied, involving problems susceptible of differing interpretations, approaches, and solutions. Such work requires substantial discretion and judgment in the development, analysis, and interpretation of facts and inferences, with subsequent phases of the work dependent on conclusions formed at earlier stages. Employees performing work of this nature qualify for exemption, even when completed work must be approved or final decisions are made by others, <u>provided</u> that:

(a) The assignments involve matters that significantly affect management policies or functions or the operations of the organization advised, represented, or serviced;

(b) Final results are largely dependent on the results of the employee's actions and decisions during the course of the assignments;

(c) The employee makes the bulk of the interim conclusions and determinations independently, exercising discretion on which matters should be referred; and

(d) The employee spends substantially full time on assignments of this nature.

(3) Employees who are properly classified at or above GS-11 in a two-grade interval administrative occupation are exempt.

c. Application of the Classification Standard for the Secretary Series, GS-318, Issued May 1974

The administrative exemption category includes employees who serve as personal assistants to management officials. The two elements evaluated under the classification standard for the GS-318 series also provide a valid basis for exemption determinations on such employees. Evaluation under the GS-318 standards is to be applied as follows:

(1) When the scope of the supervisor's administrative responsibilities is at least Level C and the employee's participation in the supervisor's work matches Degree IV the employee qualifies for exemption provided that employees classified below GS-10 spend no more than 20% of their work time on clerical work or other tasks that are not an essential part of the duties characteristic of Degree IV participation.

(2) Normally other combinations of elements 1 and 2 would not support exemption. However, Degree III participation with some Degree IV aspects or Degree IV participation in a Level B situation may support exemption if:

(a) The supervisor's responsibilities involve an unusually high need for coordination with other organizations or extensive public contacts;

(b) The independent actions and decisions of the employee have a very substantial impact on the effectiveness of the supervisor; and

(c) The employee's participation in significant executive or administrative functions of the supervisor requires substantially all of the employee's work time (i.e.,

the employee performs little or no clerical, typing, or general office work that is not an essential part of the performance of significant aspects of the supervisor's functions).

d. Exemption Determinations for Other Administrative Employees

Within the broad administrative category, but not necessarily exempt, are a large number of employees who apply specialized knowledges and skills in such functions as determining the acceptability of goods or services; approving or rejecting applications for various benefits or claims against the government; examining persons, property, or records for compliance with laws or regulations or for assessment of taxes; or similar functions in which employees act as representatives of management, often with substantial commitment authority.

Such work is nonexempt when it is relatively standardized or can be structured so that most employees encounter recurrent kinds of situations that are covered by established guidelines. The work may require knowledge of a very extensive body of regulations, procedures, or precedent decisions applicable to a large number of different situations. However, the existence of established guidelines, if they are specifically applicable to the situation encountered (as distinguished from generalized guidelines that must be interpreted or extended) precludes the discretion and judgment characteristic of exempt work. Similarly, there is no true discretion, as that term is used in the exemption criteria, when the work primarily involves:

(1) Skill in applying established techniques and specific standards (as in most inspection work);

(2) Determining that factual evidence does or does not conform to specified conditions that govern the actions taken (as in routine claims examining or processing of applications); or

(3) Decisions that are a necessary result of a prescribed or directed action (as in preparing computer program instructions when the exact information and the exact form in which it is to be presented are prescribed by others).

Within the General Schedule, such work typically is classified in one-grade interval occupations that cover work which is inherently of a relatively standardized nature or which has

been so structured, by isolating the more standardized work within an administrative or professional field into a technician occupation. The identification of such occupations, however cannot be relied upon as the sole determinant of exemption status. Although most of the employees in such occupations are nonexempt, often employees at the higher grade levels (e.g., GS-9 or GS-11) handle primarily cases for which guidelines are lacking or only generally applicable, or for which factual information is incomplete or contradictory. Such assignments may require the kind of analytical reasoning and interpretation discussed above for two-grade interval occupations. If the work requires substantial discretion and judgment, as distinguished from skill in applying established techniques, standards, and subject matter knowledge on matters that significantly affect the operations of the organization or the execution of management policy, employees performing such work are exempt even though the occupation as a whole is considered nonexempt.

3. <u>Application of Professional Criteria</u>

a. <u>Quick Tests</u>

(1) Teachers engaged in the activity of imparting knowledge or serving as administrators of academic operations or functions in a school system or educational establishment are <u>exempt</u>, without regard to any other criteria.

(2) All other nonsupervisory employees classified in professional occupations <u>below grade GS-7</u>, or the equivalent are <u>nonexempt</u>.

b. <u>Exemption of Employees in Recognized Fields of Artistic Endeavor</u>

Creative artists are exempt under the professional category. Included under this provision are:

(1) Creators of original art, such as composers, painters, or writers who work from only a general subject matter or concept, including exhibit specialists, illustrators, photographers and similar employees to the extent that the paramount requirement is for creative work which portrays abstract concepts or evokes emotions, rather than for skill in accurately portraying objects or in conveying information visually;

(2) Performing artists and directors, choreographers, or conductors who apply special talents and creativity in the interpretation of works created by others; and

(3) Critics or commentators who write or broadcast highly individualized analytical and interpretive views, as distinguished from reporting factual information only.

General Schedule employees in the GS-1000 Information and Arts Group, and possibly a few other occupations such as Clothing Design, GS-062, and comparable employees outside the General Schedule, who create original works of art or who apply interpretive creativity are to be evaluated against the professional exemption criteria in section A. 3. of this instruction. The most significant criterion is that the work be creative and individualized (i.e., with results dependent on the invention, imagination, or talent of the employee, as distinguished from work which can be performed satisfactorily by any employee who has acquired the basic skills of the artistic field involved). The requirement for creativity is not necessarily related to the grade level of the work. Individual employees at any given grade level, GS-7 or above, may or may not qualify for exemption on this basis.

Much of the work in the Information and Arts Group, GS-1000, also involves significant administrative functions. When the emphasis is not so much on creativity as on the ability to produce, or select from the work of others, material that will effectively achieve instructional or promotional program goals, the employee should be evaluated against the criteria for the administrative exemption category in section A. 2. of this instruction.

c. Exemption of Employees in Occupations Identified in the Series Definition as Professional

All such occupations involve professional work which is inherently intellectual and varied in nature. The primary issue is the grade level at which employees in these occupations exercise sufficient independent discretion and judgment to warrant exemption.

(1) The GS-7 level frequently is a developmental level at which employees receive close supervision in process as well as on completion of the work, which precludes exemption. However, some professional disciplines include, as part of the academic training, substantial experience in the practical application of theory and techniques (e.g., nursing or physical therapy) or laboratory courses that closely parallel work situations. Thus, in some professions, employees require relatively brief on-the-job training and are able to apply professional knowledges and independent judgment which qualifies for exemption at the GS-7 grade level.

(2) The GS-9 level includes varying combinations of developmental assignments and independent work that, within the realm of professional work, is relatively routine, but which nevertheless requires professional judgment. Although most employees at this level qualify for exemption it will often be necessary to closely examine the frequency and degree of discretion and independent judgment exercised. (NOTE: The discussion of GS-9 administrative employees in Section C.2.b.(2) above may also be applied to professional employees.)

(3) Employees properly classified in professional occupations at GS-11 and above are exempt.

d. Evaluation of Employees in Scientific and Engineering Technician Occupations

Employees in technician occupations who perform quasi-professional work based on a limited knowledge of engineering or scientific theory and extensive technical knowledges gained through practical experience, such as construction, operation or maintenance of equipment, are nonexempt, unless such employees either:

(1) Exercise program responsibilities that qualify for exemption under the administrative criteria (e.g., develop preventive maintenance programs; analyze defect reports to identify cause(s) and determine need for changing design, materials used, storage or maintenance practices, or similar functions requiring decisions or recommendations reflecting evaluations of both administrative and technical considerations); or

(2) Apply (within a narrow field of specialization) advanced knowledges, both theoretical and practical, including knowledge of related disciplines and of new developments, in the independent performance of work that is very similar and comparable in level to that performed by professional employees in the field.

The exemption of technician employees is based on the nature of the work performed rather than the grade level per se. However, it would be unusual for employees classified below GS-9 to qualify for exemption and for employees at grades GS-12 or above not to qualify for exemption.

U. S. GOVERNMENT PRINTING OFFICE : 1975 O - 580-537 (119)

TCC

United States Civil Service Commission

FPM Letter 551-13

# Federal Personnel Manual System

## FPM Letter 551- 13

Published in advance of incorporation in FPM chapter 551

RETAIN UNTIL SUPERSEDED

SUBJECT: Use of Supervisory Classification Standards in Making Executive Exemption Determinations Under the Fair Labor Standards Act (FLSA)

Washington, D. C. 20415
February 21, 1978

Heads of Departments and Independent Establishments:

1. Purpose

This letter with its attachment revises certain portions of the instructions contained in the attachment to FPM Letter 551-7, dated July 1, 1975, pertaining to the exemption of executive employees under the provisions of the Fair Labor Standards Act (FLSA). Specifically, it provides guidance on the application of General Schedule (GS) and Federal Wage System (FWS) supervisory classification standards in applying the executive exemption. The revised Supervisory Grade-Evaluation Guide published in January 1976 (Transmittal Sheet 23, Position-Classification Standards for General Schedule Positions) establishes a minimum core of duties and responsibilities necessary for positions to be designated as "supervisory." This has made it possible to provide a better correlation between the classification of supervisory positions and the FLSA executive exemption. Furthermore, users have identified the need for clarification of certain portions of the executive exemption instructions in FPM Letter 551-7. Experience in applying this exemption to Federal supervisors has demonstrated the need for more practicable guidance which fosters greater consistency between the exemption status of employees and the classification of their positions on the one hand, and between the Federal Government and other sectors of the economy to which the FLSA applies, on the other. This instruction supersedes any conflicting guidance in FPM Letter 551-7.

2. Use of the Supervisory Grade-Evaluation Guide and Job Grading Standard For Supervisors in Making FLSA Executive Exemption Determinations

With the exception of the percentage of time criterion, General Schedule employees occupying positions properly classified as "supervisory" under the revised Supervisory Grade-Evaluation Guide and Federal Wage System supervisors whose positions fully meet or exceed the "Foreman range of responsibility" defined in the Job Grading Standard for Supervisors meet the executive exemption requirements of the FLSA. (NOTE: Because some occupational standards have yet to be brought into conformance with current supervisory classification standards, the revised Supervisory Grade-Evaluation Guide or the Job Grading Standard for Supervisors must be applied to positions for purposes of executive exemption determination, even though the position is classified by use of an occupational standard which contains supervisory classes. For example, supervisory positions in the Fire Protection and Prevention Series, GS-081, must also meet the minimum requirements of the revised SGEG to be considered for exemption.) General Schedule supervisory employees in positions classified below GS-10 and Foreman level

Inquiries: Pay Policy Division, BPS, 63-25604 (Pay Adjustments)
Washington Operations Division, BPME, 63-24540 (Complaints and Advice)
Standards Division, BPS, 63-26286 (Other Inquiries)

CSC Code: 551, Pay Administration Under the Fair Labor Standards Act

Distribution: FPM

supervisors in the FWS remain nonexempt if they do not spend 80% or more of the work-time in a representative workweek on supervisory and closely related work. The supervisory classification standards may also be used in determining the applicability of the executive exemption to employees in other white and blue collar pay systems not classified under the General Schedule or Federal Wage System.

3. Effective Date

This instruction is to be applied prospectively. Any changes in existing exemption determinations resulting from the application of this instruction will be effective the beginning of the first pay period commencing on or after the date of this letter. Overpayments deriving from the time which may elapse before users can apply this instruction should be rectified in accordance with the guidance in FPM Letter 551-7.

Raymond Jacobson
Executive Director

Attachment

Affected Portions of FPM Letter 551-7

The following portions of the attachment to FPM Letter 551-7 are amended by this instruction:

Page 5 1. Meaning of terms: ADD the following paragraph after "These meanings do not carry over to other personnel functions":

General Schedule (GS) employees whose positions are classified as "Supervisory" by use of the Supervisory Grade-Evaluation Guide, and Federal Wage System employees (FWS) whose positions fully meet or exceed the "Foreman range of responsibility" defined in the Job Grading Standard for Supervisors, meet the definition of the terms "primary duty", "recognized organizational unit", "significant personnel management duties", and "discretion and independent judgment".

Supervisory employees in other pay systems may also be evaluated for exemption determination purposes by the use of these supervisory classification standards.

Page 6. a. Primary duty (continued from page 5)

DELETE: Statements (1), (2) and (3). SUBSTITUTE:

(1) constitutes a substantial, regular part of a position, and

(2) governs the classification and qualification requirements of the position, and

(3) is clearly exempt work in terms of the basic nature of the work, the frequency with which the employee must exercise discretion and independent judgment, and the significance of the decisions made.

For example, employees occupying supervisory positions at GS-10 and above need not spend a majority of their time performing supervisory and closely related duties to be determined exempt. When such positions are classified by use of the Supervisory Grade-Evaluation Guide (e.g., grade and/or title), the employee is exempted by virtue of exempt supervisory duties which control the classification of the position as supervisory. This example is not applicable to employees occupying supervisory positions below GS-10, because the additional percentage of time criterion which must be applied to all employees below GS-10, would not be met.

c. Significant personnel management duties

DELETE: entire explanation. SUBSTITUTE:

This term is explained by guidance in the supervisory classification standards for positions in the General Schedule and Federal Wage System.

page 13 (continuing on pages 14 and 15) 1. Application of the Executive Criteria
DELETE: entire explanation. SUBSTITUTE:

a. Quick tests

(1) General Schedule employees whose positions are classified below GS-5 are nonexempt. (The Supervisory Grade-Evaluation Guide does not provide for the classification of supervisors below GS-5 and the Executive exemption criteria do not permit exemption of employees below GS-5.)

(2) Nonsupervisory wage employees are nonexempt.

(3) General Schedule and Federal Wage System work leaders are nonexempt.

(4) Wage supervisors whose positions do not fully meet or exceed the foreman range of responsibility as defined in Factor 1 of the Job Grading Standard for Supervisors, issued June 1970, are nonexempt.

(5) Supervisory employees whose positions are classified in grades GS-5 through GS-9 or the equivalent and who perform nonsupervisory work that is not closely related to their supervisory functions for more than 20% of the time are nonexempt.

(6) Wage supervisors whose positions fully meet or exceed the foreman range of responsibility as defined in Factor I of the Job Grading Standard for Supervisors, issued in June 1970, and who perform nonsupervisory work that is not closely related to their supervisory functions for more than 20% of the time are nonexempt.

(7) General foremen and higher level wage supervisors are exempt.

(8) An employee who acts as an assistant chief or deputy to the head of a unit qualifies for exemption under the executive criteria (with the exception of the percentage of time criterion, where applicable), provided that the supervisory duties of the employee are of the nature and level that justify classification as a Supervisor under either Parts I or II of the Supervisory Grade-Evaluation Guide (revised January 1976); or fully meet the "Foreman range of responsibility" as defined in the Job Grading Standard for Supervisors, issued in June 1970.

b. Use of the Supervisory Grade-Evaluation Guide and Job Grading Standard for Supervisors

With the exception of the percentage of time criterion, where applicable, the requirements for distinguishing true supervisors from work leaders reflected in these standards parallel the executive exemption criteria. If the supervisory duties are of the nature and level that justify classification as a supervisor under either Parts I or II of the Supervisory Grade-Evaluation Guide (revised January 1976) or fully meet or exceed the "Foreman range of responsibility" as defined in the Job Grading Standard for Supervisors, such duties:

(1) constitute the primary duty for exemption purposes, even if they represent less than the majority of the work;

(2) involve responsibility for planning and accomplishing a continuing workload which meets the intent of the recognized organizational unit requirement;

(3) demonstrate sufficient discretion and independent judgment in planning, directing and controlling the work; and

(4) include significant personnel management duties.

These standards provide the most suitable guidelines for making executive exemption determinations for General Schedule and Federal Wage System supervisors and may also be used in applying the executive exemption to employees in other pay systems.

c. Percentage of Time Criterion

The percentage of time criterion is the essential test for determining the exemption status of General Schedule supervisors occupying positions classified below GS-10 and Federal Wage System supervisors whose positions fully meet or exceed the "Foreman range of responsibility" in the Job Grading Standard for Supervisors. These supervisors are exempt when they spend 80% or more of the worktime in a representative workweek on work that is supervisory and closely related. Supervisors whose positions are classified at GS-10 and above and as General Foremen are exempt.

U. S. GOVERNMENT PRINTING OFFICE : 1978 O - 360-535 (48)