IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN ADAMS, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 90-162-C<br>and Consolidated Cases<br>(Judge Lynn J. Bush) |

NOTICE TO TAKE DEPOSITION
UPON ORAL EXAMINATION

TO: Defendant and Its Counsel of Record

Notice is hereby given pursuant to Rule 30(b)(6) of the United States Court of Federal Claims requesting that the defendant produce for deposition such person(s) employed by the Department of Health and Human Services ("HHS") who can testify on defendant's behalf with regard to the following: (a) From 1988 to September 17, 1995, the structure of the Office of the Inspector General of HHS, including the organization, work and staffing of each of its components (e.g., the Office of Investigations, the Office of Audit and the Office of Evaluation and Inspections) ("HHS-OIG") and of the employees assigned to the HHS-OIG ; and (b) The sources upon which deponent bases his or her testimony.

Such depositions will commence at 10:00 a.m. on January 25, 2007, at the law offices of James & Hoffman, P.C., 1101 17th Street, N.W., Suite 510, Washington, D.C. 20036 and will continue day-to-day thereafter until completed.

PLAINTIFF'S EXHIBIT
1 1-25-07
SAVOY SAW

Respectfully submitted,

OF COUNSEL:
Linda Lipsett

Jules Bernstein
Bernstein & Lipsett
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798

Edgar N. James
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
(202) 496-0500

Attorneys for Plaintiffs

Dated: 12/22/00

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 22nd day of December 2006, I caused two copies of plaintiffs' Notice to Take Deposition Upon Oral Examination to be placed in first class, postage prepaid United States mail and transmitted by facsimile and e-mail transmission addressed as follows:

William Rayel, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW, Room 12100
Washington, D.C. 20530
Fax: (202) 307-0972

Edgar N. James

REPORT PERIOD August 30, 1987 th[illegible]gh September 26, 1987

EMPLOYEES ON DUTY BY CATEGORY

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | AIGI | CID | CAD | OI TO | %%%% |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1811s | 19 | 35 | 25 | 42 | 49 | 23 | 32 | 33 | 11 | 1 | 12 | 1 | 283 | 63 |
| Prof | 2 | 6 | 7 | 1 | 4 | 6 | – | 8 | – | – | 6 | 26 | 66 | 14 |
| Support | 3 | 8 | 7 | 9 | 15 | 10 | 10 | 12 | 3 | 1 | 7 | 18 | 103 | 23 |
| TOTAL | 24 | 49 | 39 | 52 | 68 | 39 | 42 | 53 | 14 | 2 | 25 | 45 | 452 | 100% |
| PERCENT | 5 | 11 | 9 | 12 | 14 | 9 | 9 | 12 | 3 | 1 | 5 | 10 | | |

EMPLOYEES ON DUTY BY GRADE

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | AIGI | CID | CAD | OI TO | %%%% |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SES | — | — | — | — | — | — | — | — | — | 1 | 1 | 1 | 3 | 1 |
| CC-6 | — | — | 1 | — | — | — | — | — | — | — | — | — | 1 | .5 |
| GM-15 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | — | 1 | 2 | 12 | 3 |
| 14 | 2 | 4 | 3 | 3 | 4 | 3 | 3 | 5 | 1 | — | 8 | 6 | 42 | 9 |
| GS-13 | 5 | 11 | 6 | 22 | 12 | 7 | 9 | 11 | 4 | — | 4 | 14 | 105 | 24 |
| 12 | 8 | 15 | 13 | 13 | 19 | 12 | 9 | 19 | 4 | — | 4 | 2 | 118 | 27 |
| 11 | 3 | 4 | 4 | 2 | 8 | 4 | 2 | 3 | 1 | — | — | 1 | 32 | 8 |
| 10 | — | — | — | — | — | — | — | — | — | — | — | 1 | 1 | .5 |
| 09 | 1 | 1 | 2 | — | 6 | 2 | 5 | 2 | — | 1 | 1 | 2 | 23 | 5 |
| 08 | — | 1 | — | — | — | — | — | — | — | — | 1 | 1 | 3 | 1 |
| 07 | 1 | 4 | — | 3 | 8 | 2 | 5 | 5 | 1 | — | 1 | 3 | 33 | 4 |
| 06 | 1 | 2 | 1 | 1 | 1 | 2 | — | 2 | 1 | — | 3 | 5 | 19 | 4 |
| 05 | 1 | 4 | 4 | 5 | 7 | 3 | 3 | 3 | 1 | — | — | 2 | 33 | 9 |
| 04 | — | — | 3 | 2 | 2 | 3 | 3 | 1 | — | — | 1 | 2 | 17 | 3 |
| 03 | — | 2 | 1 | — | — | — | 2 | 1 | — | — | — | 2 | 8 | 1 |
| 02 | 1 | — | — | — | — | — | — | — | — | — | — | 1 | .2 | — |
| TOTAL | 24 | 49 | 39 | 52 | 68 | 39 | 42 | 53 | 14 | 2 | 25 | 45 | 452 | 100 % |

EMPLOYEES ON DUTY BY POSITIONS

EEs on LWOP:

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | AIGI | CID | CAD | OI TO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FTP | 24 | 49 | 37 | 51 | 68 | 39 | 4 | 53 | 14 | 2 | 25 | 45 | 448 |
| PTP | | | 2 | | | | | | | — | — | | 2 |
| PTT | — | — | — | — | — | — | 1 | — | — | — | — | — | 1 |
| FTT | — | — | — | 1 | — | — | — | — | — | — | — | — | 1 |
| TOTAL | 24 | 49 | 39 | 52 | 68 | 39 | 42 | 53 | 14 | 2 | 25 | 45 | 452 |

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | AIGI | CID | CAD | OI TO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PEND'G | — | +1 | +4 | +2 | -1 | +1 | -1 | — | -2 | — | — | +1 | 5 |
| TOTAL | 24 | 50 | 43 | 54 | 67 | 41 | 41 | 53 | 12 | 2 | 25 | 46 | 457 |

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | AIGI | CID | CAD | OI TO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OTHER | — | — | — | 1 | 2 | — | — | 2 | — | — | — | 1 | 6 |
| (SIS) | +2 | | | | | +1 | +1 | | | | | +1 | |

SIS-Alloc-11 (on board 6)

PLAINTIFF'S EXHIBIT
2
1-25-07
SAVON SAC

REPORT PERIOD: Augu[illegible] 1988 through September 3, 1988

EMPLOYEES ON DUTY BY CATEGORY

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | AIGI | CID | CFD | HQD | OI TOTAL | %%%% |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1811s | 18 | 26 | 30 | 44 | 48 | 21 | 31 | 25 | 8 | 1 | 7 | -- | 5 | 264 | 63 |
| Prof | 2 | 6 | 7 | -- | 4 | 6 | 1 | 8 | - | 1 | 5 | 12 | 16 | 68 | 16 |
| Support | 2 | 8 | 8 | 9 | 11 | 8 | 7 | 13 | 3 | 1 | 5 | 5 | 9 | 89 | 21 |
| TOTAL | 22 | 40 | 45 | 53 | 63 | 35 | 39 | 46 | 11 | 3 | 17 | 17 | 30 | 421 | 100% |
| PERCENT | 5 | 10 | 11 | 12 | 15 | 8 | 9 | 11 | 3 | 1 | 4 | 4 | 7 | | |
| 88FTEs | 22 | 46 | 41 | 50 | 54 | 35 | 36 | 51 | 13 | 5 | 22 | | | = 428 | |

EMPLOYEES ON DUTY BY GRADE

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | AIGI | CID | CFD | HQD | OI TOTAL | %%%% |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SES | -- | -- | -- | -- | -- | -- | -- | -- | -- | 1 | 1 | 1 | 1 | 4 | 1 |
| CC-6 | -- | -- | 1 | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | 1 | .2 |
| GM-15 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | -- | 2 | 1 | 13 | 3 |
| 14 | 2 | 3 | 3 | 4 | 4 | 3 | 3 | 5 | 1 | -- | 6 | 3 | 4 | 41 | 10 |
| GS-13 | 6 | 8 | 9 | 23 | 14 | 6 | 10 | 12 | 3 | -- | 2 | 6 | 8 | 107 | 25 |
| 12 | 6 | 13 | 14 | 14 | 17 | 13 | 9 | 11 | 3 | -- | 3 | -- | 3 | 106 | 25 |
| 11 | 4 | 1 | 6 | -- | 8 | 3 | 6 | 3 | -- | -- | -- | -- | 1 | 32 | 8 |
| 10 | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | 1 | 1 | 2 | .5 |
| 09 | 1 | 4 | 2 | -- | 8 | -- | 3 | 1 | -- | 1 | 1 | -- | 2 | 23 | 5 |
| 08 | -- | 1 | -- | -- | -- | -- | -- | -- | -- | -- | 1 | 1 | -- | 3 | 1 |
| 07 | 1 | 2 | 1 | 3 | 4 | 3 | 1 | 4 | 1 | -- | -- | 2 | 4 | 26 | 6 |
| 06 | -- | 5 | 2 | 4 | 3 | 3 | 2 | 4 | 1 | -- | 1 | 1 | 2 | 28 | 7 |
| 05 | 1 | 1 | 2 | 3 | 4 | -- | 3 | 1 | 1 | -- | -- | -- | 2 | 18 | 4 |
| 04 | -- | 1 | 4 | 1 | -- | 3 | 1 | 4 | -- | -- | 1 | -- | -- | 15 | 4 |
| 03 | -- | -- | | -- | -- | -- | -- | -- | -- | -- | -- | -- | 1 | 1 | .2 |
| 02 | -- | -- | -- | -- | -- | -- | -- | -- | -- | | 1 | -- | -- | 1 | .2 |
| TOTAL | 22 | 40 | 45 | 53 | 63 | 35 | 39 | 46 | 11 | 3 | 17 | 17 | 30 | 421 | 100.1% |

EMPLOYEES ON DUTY BY POSITIONS

EEs on LWOP:

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | AIGI | CID | CFD | HQD | OI TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FTP | 22 | 40 | 43 | 53 | 63 | 34 | 39 | 46 | 11 | 3 | 17 | 17 | 30 | 418 |
| PTP | | | 2 | | | 1 | | | | | | | | 3 |
| PTT | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | --- |
| TOTAL | 22 | 40 | 45 | 53 | 63 | 35 | 39 | 46 | 11 | 3 | 17 | 17 | 30 | 421 |
| PEND'G | -- | +4 | +1 | -1 | -2 | -- | -1 | +2 | +4 | -- | -- | -- | +3 | +10 |
| TOTAL | 22 | 44 | 46 | 52 | 61 | 35 | 38 | 48 | 15 | 3 | 17 | 17 | 33 | 431 |

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | AIGI | CID | CFD | HQD | OI TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OTHER | 2 | 1 | -- | 1 | 2 | -- | 1 | 1 | -- | -- | -- | 2 | -- | 10 |
| (SIS) | 14 Authorized | | | | | | | +1 | | | | +1 | +2 | |

EMPLOYEES ON DUTY BY CATEGORY REPORT 00: SEPTEMBER 1, 1989 THROUGH SEPTEMBER 30, 19

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | AIGI | CID | CFD | HOD | OI TOTAL | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1811s | 18 | 35 | 33 | 46 | 45 | 25 | 31 | 36 | 11 | 1 | 9 | 0 | 9 | 299 | 65% |
| Prof | 2 | 4 | 4 | 0 | 4 | 6 | 1 | 6 | 1 | 0 | 5 | 13 | 13 | 59 | 13% |
| Support | 5 | 9 | 8 | 11 | 10 | 8 | 7 | 13 | 5 | 2 | 5 | 6 | 14 | 103 | 22% |
| TOTAL | 25 | 48 | 45 | 57 | 59 | 39 | 39 | 55 | 17 | 3 | 19 | 19 | 36 | 461 | 100% |
| PERCENT | 5% | 10% | 10% | 12% | 13% | 8% | 8% | 12% | 4% | 1% | 4% | 4% | 8% | | |
| FTEs | 22 | 46 | 41 | 52 | 55 | 38 | 36 | 54 | 15 | 3 | 22 | 19 | 37 | 5 = 445 | |

EMPLOYEES ON DUTY BY GRADE

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | AIGI | CID | CFD | HOD | OI TOTAL | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SES | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 1 | 1 | 1 | 4 | 1% |
| CC-6 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0% |
| GM-15 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 0 | 2 | 2 | 1 | 14 | 3% |
| 14 | 2 | 4 | 3 | 4 | 4 | 3 | 3 | 6 | 1 | 0 | 7 | 3 | 3 | 43 | 9% |
| GS-13 | 6 | 9 | 11 | 22 | 16 | 7 | 7 | 10 | 2 | 0 | 3 | 6 | 10 | 109 | 24% |
| 12 | 9 | 14 | 11 | 11 | 17 | 15 | 13 | 14 | 2 | 0 | 1 | 1 | 3 | 111 | 24% |
| 11 | 2 | 2 | 5 | 4 | 7 | 1 | 4 | 4 | 3 | 0 | 0 | 0 | 2 | 34 | 7% |
| 10 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 1 | 2 | 0% |
| 09 | 0 | 6 | 2 | 3 | 3 | 3 | 1 | 1 | 0 | 1 | 1 | 1 | 2 | 24 | 5% |
| 08 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 3 | 5 | 1% |
| 07 | 1 | 5 | 3 | 2 | 4 | 3 | 3 | 11 | 3 | 0 | 0 | 3 | 4 | 42 | 9% |
| 06 | 0 | 5 | 3 | 6 | 2 | 2 | 1 | 3 | 2 | 1 | 0 | 1 | 2 | 28 | 6% |
| 05 | 2 | 1 | 2 | 4 | 5 | 2 | 4 | 5 | 1 | 0 | 1 | 0 | 3 | 30 | 7% |
| 04 | 2 | 0 | 2 | 0 | 0 | 2 | 1 | 0 | 2 | 0 | 1 | 0 | 1 | 11 | 2% |
| 03 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 2 | 0% |
| 02 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0% |
| TOTAL | 25 | 48 | 45 | 57 | 59 | 39 | 39 | 55 | 17 | 3 | 19 | 19 | 36 | 461 | 100% |

EMPLOYEES ON DUTY BY POSITIONS

LWOP:

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | AIGI | CID | CFD | HOD | OI TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FTP | 25 | 48 | 43 | 57 | 59 | 38 | 39 | 55 | 17 | 3 | 18 | 19 | 36 | 457 |
| PTP | 0 | 0 | 2 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 4 |
| PTT | | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| SUB TOT | 25 | 48 | 45 | 57 | 59 | 39 | 39 | 55 | 17 | 3 | 19 | 19 | 36 | 461 |
| PEND'G | -1 | 2 | -1 | 1 | 2 | -1 | 0 | 2 | 0 | -1 | 2 | 1 | 2 | 8 |
| TOTAL | 24 | 50 | 44 | 58 | 61 | 38 | 39 | 57 | 17 | 2 | 21 | 20 | 38 | 469 |
| SIS | 1 | 0 | 0 | 2 | 2 | 0 | 1 | 2 | 0 | 0 | 1 | 2 | 1 | 12 |
| SIS AUTHORIZED | 22 | | | | | | | | | | | | | |

EMPLOYEES ON DUTY BY CATEGORY REPORT PERIOD: AS OF SEPTEMBER 22, 1990

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1811s | 19 | 36 | 30 | 43 | 44 | 24 | 32 | 36 | 12 | 1 | 9 | 0 | 8 | 294 | 64% |
| Prof | 2 | 4 | 4 | 1 | 4 | 6 | 1 | 6 | 1 | 0 | 11 | 13 | 14 | 67 | 15% |
| Support | 2 | 9 | 7 | 11 | 10 | 7 | 5 | 14 | 5 | 1 | 7 | 7 | 11 | 96 | 21% |
| TOTAL | 23 | 49 | 41 | 55 | 58 | 37 | 38 | 56 | 18 | 2 | 27 | 20 | 33 | 457 | 100% |
| PERCENT | 5% | 11% | 9% | 12% | 13% | 8% | 8% | 12% | 4% | 0% | 6% | 4% | 7% | | |
| FTEs | 26 | 48 | 41 | 53 | 56 | 41 | 40 | 56 | 17 | 3 | 24 | 20 | 35 | = 460 | |

EMPLOYEES ON DUTY BY GRADE

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SES | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 1 | 1 | 1 | 4 | 1% |
| CC-6 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0% |
| GM-15 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 0 | 2 | 1 | 1 | 13 | 3% |
| 14 | 2 | 4 | 3 | 3 | 4 | 3 | 3 | 5 | 1 | 0 | 8 | 3 | 3 | 42 | 9% |
| GS-13 | 6 | 13 | 10 | 21 | 16 | 8 | 8 | 12 | 2 | 0 | 4 | 7 | 11 | 118 | 26% |
| 12 | 10 | 10 | 12 | 15 | 22 | 13 | 14 | 15 | 5 | 0 | 1 | 0 | 3 | 120 | 26% |
| 11 | 1 | 6 | 2 | 2 | 3 | 1 | 3 | 5 | 0 | 0 | 2 | 2 | 0 | 27 | 6% |
| 10 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0% |
| 09 | 0 | 6 | 2 | 2 | 3 | 4 | 3 | 2 | 2 | 1 | 2 | 1 | 3 | 31 | 7% |
| 08 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 1 | 0 | 0 | 1 | 2 | 2 | 7 | 2% |
| 07 | 1 | 3 | 3 | 2 | 3 | 1 | 2 | 8 | 4 | 0 | 0 | 2 | 3 | 32 | 7% |
| 06 | 0 | 5 | 3 | 7 | 2 | 3 | 0 | 4 | 2 | 0 | 2 | 1 | 4 | 33 | 7% |
| 05 | 2 | 1 | 2 | 1 | 3 | 2 | 3 | 2 | 0 | 0 | 1 | 0 | 2 | 19 | 4% |
| 04 | 0 | 0 | 2 | 1 | 0 | 1 | 0 | 1 | 1 | 0 | 3 | 0 | 0 | 9 | 2% |
| 03 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0% |
| 02 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0% |
| TOTAL | 23 | 49 | 41 | 55 | 58 | 37 | 38 | 56 | 18 | 2 | 27 | 20 | 33 | 457 | 100% |

EMPLOYEES ON DUTY BY POSITIONS

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FTP | 23 | 49 | 40 | 55 | 58 | 37 | 38 | 56 | 18 | 2 | 26 | 20 | 33 | 455 |
| PTP | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 2 |
| PTT | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| SUB TOT | 23 | 49 | 41 | 55 | 58 | 37 | 38 | 56 | 18 | 2 | 27 | 20 | 33 | 457 |
| PEND'G | 0 | 0 | 0 | 1 | -1 | 3 | -1 | -2 | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 23 | 49 | 41 | 56 | 57 | 40 | 37 | 54 | 18 | 2 | 27 | 20 | 33 | 457 |
| SIS | 2 | 0 | 0 | 3 | 3 | 1 | 1 | 2 | 0 | 0 | 1 | 3 | 2 | 18 |

EMPLOYEES ON DUTY BY CATEGORY REPORT PERIOD: AS OF Sept 21, 1991 (REVISED 10/25/91)

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1811s | 20 | 34 | 27 | 43 | 42 | 25 | 28 | 33 | 12 | 1 | 9 | 0 | 8 | 282 | 66% |
| Prof | 2 | 4 | 4 | 1 | 4 | 5 | 1 | 5 | 1 | 0 | 8 | 14 | 12 | 61 | 14% |
| Support | 4 | 8 | 6 | 10 | 9 | 7 | 4 | 10 | 4 | 1 | 6 | 4 | 12 | 85 | 20% |
| TOTAL | 26 | 46 | 37 | 54 | 55 | 37 | 33 | 48 | 17 | 2 | 23 | 18 | 32 | 428 | 100% |
| PERCENT | 6% | 11% | 9% | 13% | 13% | 9% | 8% | 11% | 4% | 0% | 5% | 4% | 7% | | |
| FTEs | 26 | 48 | 41 | 53 | 56 | 41 | 40 | 56 | 17 | 3 | 24 | 20 | 35 | = 460 | |

EMPLOYEES ON DUTY BY GRADE

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SES | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 1 | 1 | 1 | 4 | 1% |
| CC-6 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0% |
| GM-15 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 0 | 2 | 2 | 1 | 14 | 3% |
| 14 | 2 | 4 | 3 | 4 | 4 | 3 | 3 | 5 | 1 | 0 | 6 | 2 | 2 | 39 | 9% |
| GS-13 | 7 | 15 | 11 | 21 | 18 | 11 | 8 | 12 | 3 | 0 | 6 | 8 | 11 | 131 | 31% |
| 12 | 10 | 11 | 9 | 16 | 20 | 10 | 10 | 16 | 2 | 0 | 2 | 1 | 3 | 110 | 26% |
| 11 | 0 | 5 | 1 | 2 | 3 | 4 | 4 | 2 | 2 | 0 | 1 | 1 | 2 | 27 | 6% |
| 10 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0% |
| 09 | 0 | 3 | 4 | 1 | 1 | 1 | 1 | 3 | 2 | 1 | 0 | 0 | 2 | 19 | 4% |
| 08 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 3 | 0 | 0 | 1 | 2 | 3 | 10 | 2% |
| 07 | 3 | 3 | 4 | 1 | 3 | 3 | 3 | 3 | 2 | 0 | 0 | 1 | 2 | 28 | 7% |
| 06 | 0 | 4 | 1 | 7 | 4 | 1 | 0 | 1 | 2 | 0 | 2 | 0 | 3 | 25 | 6% |
| 05 | 3 | 0 | 2 | 1 | 0 | 2 | 3 | 2 | 2 | 0 | 2 | 0 | 1 | 18 | 4% |
| | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 2 | 0% |
| | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0% |
| 02 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0% |
| TOTAL | 26 | 46 | 37 | 54 | 55 | 37 | 33 | 48 | 17 | 2 | 23 | 18 | 32 | 428 | 100% |

EMPLOYEES ON DUTY BY POSITIONS

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FTP | 26 | 46 | 37 | 54 | 55 | 37 | 33 | 48 | 17 | 2 | 23 | 18 | 32 | 428 |
| PTP | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| PTT | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| SUB TOT | 26 | 46 | 37 | 54 | 55 | 37 | 33 | 48 | 17 | 2 | 23 | 18 | 32 | 428 |
| PEND'G | -1 | 0 | 1 | 0 | 0 | 0 | 2 | -1 | 0 | 0 | 0 | 1 | 1 | 3 |
| TOTAL | 25 | 46 | 38 | 54 | 55 | 37 | 35 | 47 | 17 | 2 | 23 | 19 | 33 | 431 |
| SIS | 1 | 0 | 0 | 1 | 3 | 0 | 1 | 2 | 0 | 0 | 1 | 1 | 1 | 11 |
| SIS AUTHORIZED -22 | | | | | | | | | | | | | | |
| CARD figures revised: | | | | | | | | -1 / 1 | | | -1 / 0 | | -1 / 0 | |

# OI MONTHLY STAFFING REPORT

REPORTING PERIOD: AS OF AUGUST 22, 1992

**EMPLOYEES ON DUTY BY CATEGORY:**

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1811s | 19 | 32 | 27 | 41 | 39 | 24 | 26 | 29 | 10 | 1 | 8 | 0 | 7 | 263 | 65.6 |
| Professional | 2 | 4 | 4 | 1 | 4 | 4 | 1 | 4 | 1 | 0 | 7 | 14 | 11 | 57 | 14.2 |
| Support | 4 | 8 | 5 | 9 | 9 | 6 | 4 | 10 | 4 | 1 | 5 | 4 | 12 | 81 | 20.2 |
| TOTAL | 25 | 44 | 36 | 51 | 52 | 34 | 31 | 43 | 15 | 2 | 20 | 18 | 30 | 401 | 100 |
| PERCENT | 6.2 | 11.0 | 9.0 | 12.7 | 13.0 | 8.5 | 7.7 | 10.7 | 3.7 | 0.5 | 5.0 | 4.5 | 7.5 | | |

**AUTHORIZED FTE LEVELS:**

| 460 | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL | 26 | 48 | 41 | 53 | 56 | 41 | 40 | 56 | 17 | 3 | 24 | 20 | 35 | 460 |
| PERCENT | 5.7 | 10.4 | 8.9 | 11.5 | 12.2 | 8.9 | 8.7 | 12.2 | 3.7 | 0.7 | 5.2 | 4.3 | 7.6 | 100 |
| | −1 | −4 | −5 | −2 | −4 | −7 | −9 | −13 | −2 | −1 | −4 | −2 | −5 | |

| 440 | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL | 25 | 46 | 39 | 51 | 54 | 39 | 39 | 54 | 16 | 2 | 23 | 19 | 33 | 440 |
| PERCENT | 5.7 | 10.5 | 8.9 | 11.6 | 12.3 | 8.9 | 8.9 | 12.3 | 3.6 | 0.5 | 5.2 | 4.3 | 7.5 | 100 |
| | 0 | −2 | −3 | 0 | −2 | −5 | −8 | −11 | −1 | 0 | −3 | −1 | −3 | |

| 400 | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL | 23 | 41 | 35 | 46 | 49 | 35 | 35 | 49 | 15 | 2 | 22 | 18 | 30 | 400 |
| PERCENT | 5.8 | 10.3 | 8.8 | 11.5 | 12.3 | 8.8 | 8.8 | 12.3 | 3.8 | 0.5 | 5.5 | 4.5 | 7.5 | 100 |
| | 2 | 3 | 1 | 5 | 3 | −1 | −4 | −6 | 0 | 0 | −2 | 0 | 0 | |

**EMPLOYEES ON DUTY BY GRADE:**

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SES | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 1 | 1 | 1 | 4 | 1.0 |
| CC−6 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0.2 |
| GM−15 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 0 | 2 | 1 | 2 | 14 | 3.5 |
| 14 | 2 | 3 | 3 | 4 | 3 | 3 | 3 | 4 | 1 | 0 | 6 | 4 | 2 | 38 | 9.5 |
| GS−13 | 7 | 17 | 12 | 23 | 20 | 12 | 7 | 14 | 3 | 0 | 4 | 6 | 10 | 135 | 33.7 |
| 12 | 9 | 11 | 9 | 12 | 18 | 10 | 11 | 12 | 3 | 0 | 2 | 2 | 3 | 102 | 25.4 |
| 11 | 0 | 3 | 0 | 3 | 1 | 2 | 2 | 2 | 2 | 0 | 0 | 0 | 1 | 16 | 4.0 |
| 10 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| 09 | 2 | 3 | 5 | 0 | 2 | 1 | 1 | 1 | 1 | 1 | 0 | 0 | 2 | 19 | 4.7 |
| 08 | 1 | 0 | 0 | 1 | 0 | 0 | 0 | 5 | 0 | 0 | 1 | 2 | 3 | 13 | 3.2 |
| 07 | 1 | 2 | 2 | 3 | 3 | 2 | 3 | 2 | 3 | 0 | 2 | 2 | 1 | 26 | 6.5 |
| 06 | 1 | 4 | 1 | 4 | 4 | 1 | 0 | 0 | 1 | 0 | 2 | 0 | 2 | 20 | 5.0 |
| 05 | 1 | 0 | 2 | 0 | 0 | 2 | 2 | 2 | 0 | 0 | 0 | 0 | 1 | 10 | 2.5 |
| 04 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 1 | 2 | 0.5 |
| 03 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 1 | 0.2 |
| 02 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| TOTAL | 25 | 44 | 36 | 51 | 52 | 34 | 31 | 43 | 15 | 2 | 20 | 18 | 30 | 401 | 100 |

**FTE EMPLOYEES ON DUTY BY POSITIONS:**

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| F.T.P. | 25 | 44 | 36 | 51 | 52 | 34 | 31 | 43 | 15 | 2 | 20 | 18 | 30 | 401 |
| P.T.P. | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| P.T.T. | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| PENDING +\− | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | −1 | 0 | 0 | −1 |
| TOTAL | 25 | 44 | 36 | 51 | 52 | 34 | 31 | 43 | 15 | 2 | 19 | 18 | 30 | 400 |

**FTE EXEMPT EMPLOYEES ON DUTY BY POSITION:**

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S.I.S. \ SUM.INT. | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| AUTHORIZED | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 22 |

# OI MONTHLY STAFFING REPORT

REPORTING PERIOD: AS OF SEPTEMBER 4, 1993

**EMPLOYEES ON DUTY BY CATEGORY:**

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | LA | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1811s | 17 | 30 / 29 | 25 | 36 | 48 | 23 | 15 | 11 | 26 | 9 | 1 | 7 | 0 | 7 | 255 / 254 | 66.3 |
| Professional | 2 | 3 | 2 | 1 | 4 | 4 | 0 | 0 | 1 | 1 | 0 | 6 | 14 | 11 | 49 | 12.8 |
| Support | 4 | 7 / 8 | 5 | 9 | 9 | 6 | 4 | 4 | 6 | 3 | 1 | 5 | 4 | 12 | 79 / 80 | 20.9 |
| TOTAL | 23 | 40 | 32 | 46 | 61 | 33 | 19 | 15 | 33 | 13 | 2 | 18 | 18 | 30 | 383 | 100 |
| PERCENT | 6.0 | 10.4 | 8.4 | 12.0 | 15.9 | 8.6 | 5.0 | 3.9 | 8.6 | 3.4 | 0.5 | 4.7 | 4.7 | 7.8 | | |

**AUTHORIZED FTE LEVELS:**

| 460 | BOS | NY | PHI | ATL | CHI | DAL | DEN | LA | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL | 26 | 48 | 41 | 53 | 66 | 41 | 30 | 25 | 31 | 17 | 3 | 24 | 20 | 35 | 460 |
| PERCENT | 5.7 | 10.4 | 8.9 | 11.5 | 14.3 | 8.9 | 6.5 | 5.4 | 6.7 | 3.7 | 0.7 | 5.2 | 4.3 | 7.6 | 100 |
| | −3 | −8 | −9 | −7 | −5 | −8 | −11 | −10 | 2 | −4 | −1 | −6 | −2 | −5 | |

| 391 | BOS | NY | PHI | ATL | CHI | DAL | DEN | LA | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL | 23 | 40 | 35 | 46 | 59 | 35 | 19 | 25 | 25 | 15 | 2 | 21 | 17 | 29 | 391 |
| PERCENT | 5.9 | 10.2 | 9.0 | 11.8 | 15.1 | 9.0 | 4.9 | 6.4 | 6.4 | 3.8 | 0.5 | 5.4 | 4.3 | 7.4 | 100 |
| | 0 | 0 | −3 | 0 | 2 | −2 | 0 | −10 | 8 | −2 | 0 | −3 | 1 | 1 | |

**EMPLOYEES ON DUTY BY GRADE:**

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | LA | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SES | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 1 | 1 | 1 | 4 | 1.0 |
| CC−6 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0.3 |
| GM−15 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 0 | 1 | 1 | 0 | 2 | 2 | 2 | 15 | 3.9 |
| 14 | 2 | 4 | 3 | 4 | 5 | 3 | 2 | 1 | 4 | 1 | 0 | 4 | 4 | 3 | 40 | 10.4 |
| 13 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 1 | 0.3 |
| GS−13 | 9 | 13 | 14 | 20 | 23 | 15 | 7 | 3 | 12 | 3 | 0 | 5 | 5 | 7 | 136 | 35.5 |
| 12 | 6 | 13 | 3 | 12 | 21 | 8 | 4 | 3 | 9 | 3 | 0 | 1 | 2 | 4 | 89 | 23.2 |
| 11 | 0 | 1 | 3 | 1 | 1 | 0 | 0 | 1 | 1 | 1 | 0 | 0 | 0 | 1 | 10 | 2.6 |
| 10 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| 09 | 3 | 2 | 3 | 1 | 3 | 1 | 1 | 2 | 1 | 2 | 1 | 0 | 1 | 5 | 26 | 6.8 |
| 08 | 0 | 0 | 0 | 2 | 0 | 2 | 0 | 0 | 4 | 0 | 0 | 2 | 2 | 0 | 12 | 3.1 |
| 07 | 0 | 3 | 3 | 4 | 3 | 1 | 1 | 3 | 0 | 2 | 0 | 1 | 1 | 3 | 25 | 6.5 |
| 06 | 1 | 3 | 0 | 1 | 4 | 1 | 0 | 0 | 0 | 0 | 0 | 2 | 0 | 1 | 13 | 3.4 |
| 05 | 1 | 0 | 1 | 0 | 0 | 1 | 3 | 1 | 1 | 0 | 0 | 0 | 0 | 1 | 9 | 2.3 |
| 04 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0.3 |
| 03 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 1 | 0.3 |
| 02 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| TOTAL | 23 | 40 | 32 | 46 | 61 | 33 | 19 | 15 | 33 | 13 | 2 | 18 | 18 | 30 | 383 | 100 |

**FTE EMPLOYEES ON DUTY BY POSITIONS:**

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | LA | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| F.T.P. | 23 | 40 | 32 | 46 | 61 | 33 | 19 | 15 | 33 | 13 | 2 | 18 | 18 | 30 | 383 |
| P.T.P. | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| P.T.T. | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| PENDING +\− | 0 | 0 | 0 | 0 | 0 | 0 | 0 | −1 | 0 | 0 | 0 | 0 | 0 | 0 | −1 |
| TOTAL | 23 | 40 | 32 | 46 | 61 | 33 | 19 | 14 | 33 | 13 | 2 | 18 | 18 | 30 | 382 |

**FTE EXEMPT EMPLOYEES ON DUTY BY POSITION:**

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | LA | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S.I.S. \ SUM.INT. | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| AUTHORIZED | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 22 |

OI MONTHLY STAFFING REPORT

REPORTING PERIOD: AS OF SEPTEMBER 3, 1994

EMPLOYEES ON DUTY BY CATEGORY:

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | LA | SF | WFO* | DIGI | CID | CARD | IPOD | TOTAL | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1811s | 17 | 29 | 26 | 31 | 47 | 23 | 11 | 21 | 18 | 9 | 1 | 6 | 0 | 6 | 245 | 65.2 |
| Professional | 2 | 3 | 1 | 2 | 4 | 4 | 0 | 1 | 4 | 4 | 0 | 7 | 14 | 9 | 55 | 14.6 |
| Support | 3 | 7 | 5 | 9 | 8 | 6 | 4 | 3 | 5 | 3 | 1 | 5 | 5 | 12 | 76 | 20.2 |
| TOTAL | 22 | 39 | 32 | 42 | 59 | 33 | 15 | 25 | 27 | 16 | 2 | 18 | 19 | 27 | 376 | 100 |
| PERCENT | 5.9 | 10.4 | 8.5 | 11.2 | 15.7 | 8.8 | 4.0 | 6.6 | 7.2 | 4.3 | 0.5 | 4.8 | 5.1 | 7.2 | | |

AUTHORIZED FTE LEVELS:

378

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | LA | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL | 23 | 40 | 35 | 46 | 51 | 35 | 15 | 28 | 28 | 15 | 2 | 20 | 16 | 24 | 378 |
| PERCENT | 6.1 | 10.6 | 9.3 | 12.2 | 13.5 | 9.3 | 4.0 | 7.4 | 7.4 | 4.0 | 0.5 | 5.3 | 4.2 | 6.3 | 100 |
| | −1 | −1 | −3 | −4 | 8 | −2 | 0 | −3 | −1 | 1 | 0 | −2 | 3 | 3 | |

EMPLOYEES ON DUTY BY GRADE:

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | LA | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SES | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 1 | 1 | 3 | 0.8 |
| CC−6 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| GM−15 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 0 | 2 | 2 | 1 | 15 | 4.0 |
| 14 | 1 | 4 | 3 | 3 | 5 | 3 | 1 | 2 | 3 | 1 | 0 | 3 | 4 | 4 | 37 | 9.8 |
| GS−13 | 9 | 13 | 17 | 22 | 26 | 18 | 7 | 9 | 11 | 3 | 0 | 5 | 6 | 7 | 153 | 40.7 |
| 12 | 6 | 12 | 1 | 7 | 18 | 4 | 1 | 6 | 5 | 4 | 0 | 2 | 1 | 2 | 69 | 18.4 |
| 11 | 1 | 1 | 3 | 1 | 2 | 0 | 1 | 0 | 1 | 1 | 0 | 1 | 0 | 1 | 13 | 3.5 |
| 10 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 1 | 0.3 |
| 09 | 3 | 2 | 3 | 1 | 1 | 2 | 1 | 5 | 1 | 3 | 0 | 1 | 1 | 6 | 30 | 8.0 |
| 08 | 0 | 0 | 0 | 4 | 0 | 3 | 0 | 0 | 3 | 0 | 0 | 2 | 2 | 1 | 15 | 4.0 |
| 07 | 0 | 3 | 3 | 2 | 6 | 0 | 0 | 1 | 1 | 2 | 0 | 1 | 1 | 1 | 21 | 5.6 |
| 06 | 1 | 3 | 0 | 1 | 0 | 1 | 0 | 1 | 1 | 0 | 0 | 0 | 0 | 2 | 10 | 2.7 |
| 05 | 0 | 0 | 1 | 0 | 0 | 1 | 3 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 6 | 1.6 |
| 04 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 1 | 2 | 0.5 |
| 03 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 1 | 0.3 |
| 02 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| TOTAL | 30 22 | 34 39 | 32 32 | 38 42 | 53 59 | 29 33 | 13 15 | 26 25 | 23 27 | 14 16 | 1 2 | 13 18 | 19 | 27 | 376 | 100 |

FTE EMPLOYEES ON DUTY BY POSITIONS:

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | LA | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| F.T.P. | 22 | 39 | 32 | 42 | 59 | 33 | 15 | 25 | 27 | 14 | 2 | 18 | 19 | 27 | 374 |
| P.T.P. | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| P.T.T. | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| F.T.T. | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 2 | 0 | 0 | 0 | 0 | 2 |
| PENDING +\− | 0 | 0 | −1 | 0 | −1 | 0 | 0 | 0 | 0 | 2 | 0 | 1 | 0 | 0 | 1 |
| TOTAL | 22 | 39 | 31 | 42 | 58 | 33 | 15 | 25 | 27 | 18 | 2 | 19 | 19 | 27 | 377 |

FTE EXEMPT EMPLOYEES ON DUTY BY POSITION:

| | BOS | NY | PHI | ATL | CHI | DAL | DEN | LA | SF | WFO | DIGI | CID | CARD | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S.I.S. \ SUM.INT. | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| AUTHORIZED | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 22 |

* WFO INCLUDES 4 EMPLOYEES OF THE SECRETARIAL PROTECTION UNIT REIMBURSABLE TO OI

# OI MONTHLY STAFFING REPORT

REPORTING PERIOD: AS OF SEPTEMBER 30, 1995

**EMPLOYEES ON DUTY BY CATEGORY:**

| | BOS | NY | PHI | ATL | CHI | DAL | LA | SF | WFO * | DIGI | CID | IPOD | TOTAL | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1811s | 9 | 21 | 16 | 28 | 29 | 23 | 17 | 16 | 9 | 1 | 5 | 5 | 179 | 73.7 |
| Professional | 1 | 1 | 1 | 1 | 1 | 2 | 1 | 3 | 4 | 0 | 4 | 5 | 24 | 9.9 |
| Support | 2 | 4 | 4 | 6 | 5 | 4 | 1 | 2 | 2 | 0 | 2 | 8 | 40 | 16.5 |
| TOTAL | 12 | 26 | 21 | 35 | 35 | 29 | 19 | 21 | 15 | 1 | 11 | 18 | 243 | 100 |
| PERCENT | 4.9 | 10.7 | 8.6 | 14.4 | 14.4 | 11.9 | 7.8 | 8.6 | 6.2 | 0.4 | 4.5 | 7.4 | | |

**AUTHORIZED FTE LEVELS:**

378

| | BOS | NY | PHI | ATL | CHI | DAL | LA | SF | WFO | DIGI | CID | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL | 13 | 25 | 27 | 32 | 31 | 32 | 18 | 19 | 15 | 2 | 13 | 15 | 242 |
| PERCENT | 5.4 | 10.3 | 11.2 | 13.2 | 12.8 | 13.2 | 7.4 | 7.9 | 6.2 | 0.8 | 5.4 | 6.2 | 100 |
| | -1 | 1 | -6 | 3 | 4 | -3 | 1 | 2 | 0 | -1 | -2 | 3 | |

**EMPLOYEES ON DUTY BY GRADE:**

| | BOS | NY | PHI | ATL | CHI | DAL | LA | SF | WFO | DIGI | CID | IPOD | TOTAL | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SES | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 1 | 2 | 0.8 |
| CC-6 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| GM-15 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 0 | 1 | 1 | 11 | 4.5 |
| 14 | 1 | 2 | 1 | 2 | 3 | 2 | 1 | 2 | 1 | 0 | 3 | 3 | 21 | 8.6 |
| GS-13 | 5 | 10 | 10 | 12 | 17 | 17 | 9 | 7 | 5 | 0 | 3 | 5 | 100 | 41.2 |
| 12 | 3 | 3 | 1 | 6 | 7 | 1 | 3 | 3 | 4 | 0 | 1 | 1 | 33 | 13.6 |
| 11 | 0 | 1 | 3 | 2 | 1 | 0 | 2 | 1 | 1 | 0 | 1 | 2 | 14 | 5.8 |
| 10 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| 09 | 2 | 1 | 1 | 4 | 0 | 1 | 2 | 5 | 0 | 0 | 1 | 3 | 20 | 8.2 |
| 08 | 0 | 0 | 0 | 3 | 0 | 2 | 0 | 1 | 0 | 0 | 0 | 0 | 6 | 2.5 |
| 07 | 0 | 7 | 3 | 5 | 6 | 3 | 1 | 1 | 2 | 0 | 1 | 1 | 30 | 12.3 |
| 06 | 0 | 1 | 1 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 3 | 1.2 |
| 05 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 1 | 2 | 0.8 |
| 04 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| 03 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0.4 |
| 02 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| TOTAL | 12 | 26 | 21 | 35 | 35 | 29 | 19 | 21 | 15 | 1 | 11 | 18 | 243 | 100 |

**FTE EMPLOYEES ON DUTY BY POSITIONS:**

| | BOS | NY | PHI | ATL | CHI | DAL | LA | SF | WFO | DIGI | CID | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| F.T.P. | 12 | 26 | 21 | 35 | 35 | 29 | 19 | 21 | 15 | 1 | 11 | 18 | 243 |
| P.T.P. | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| P.T.T. | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| F.T.T. | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| PENDING +\- | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 12 | 26 | 21 | 35 | 35 | 29 | 19 | 21 | 15 | 1 | 11 | 18 | 243 |

**FTE EXEMPT EMPLOYEES ON DUTY BY POSITION:**

| | BOS | NY | PHI | ATL | CHI | DAL | LA | SF | WFO | DIGI | CID | IPOD | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S.I.S. \ SUM.INT. | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| AUTHORIZED | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 22 |

*WFO INCLUDES 4 EMPLOYEES OF THE SECRETARIAL PROTECTION UNIT REIMBURSABLE TO OI

RPT95.#6

OFFICE OF EVALUATION AND INSPECTIONS
Staffing Report

| | FTP | PT |
|---|---|---|
| 1. Employees on-board as of: September 30, 1995 | 92 | 1 |

2. New Hires (within current month):

| Name | Region/ HDQ ORG Code | EOD | FTP | PT |
|---|---|---|---|---|

3. Losses:

| Name | Region/ HDQ ORG Code | Date Leaving - Retirement/ Transfer, etc. | FTP | PT |
|---|---|---|---|---|
| | HDQ/PHHSB | 8/17/95 | X | |

4. Commitments for Future Hires (employees with reporting dates after the end of the current month)

| Name | Region HDQ ORG Code | EOD | FTP | PT |
|---|---|---|---|---|

5. Recruit Actions Pending

| Type Position | Region/ HDQ ORG Code | Estimated Date of Hire | FTP | PT |
|---|---|---|---|---|

## FTE Component Allocations

| FISCAL YEAR | OAS | OI | OEI | OEC | OCIG | EM | RESERVE | ACTUAL USAGE | FTE |
|---|---|---|---|---|---|---|---|---|---|
| 1990 | 756 | 459 | 147 | | | 40 | | 1,402 | 1,415 |
| 1991 | 784 | 437 | 147 | | | 43 | | 1,411 | 1,437 |
| 1992 | 782 | 414 | 144 | | | 51 | | 1,391 | 1,400 |
| 1993 | 748 | 389 | 130 | | | 47 | | 1,314 | 1,313 |
| 1994 | 714 | 371 | 123 | | | 45 | | 1,253 | 1,283 |
| 1995[1] | 678 | 350 | 115 | 19 | | 45 | | 1,207 | 1,265 |
| 1995[2] | 610 | 280 | 103 | 18 | | 39 | | 1,050 | 1,006 |
| 1995 | 610 | 280 | 103 | 18 | | 39 | | 1,050 | 927 |
| 1996 | 541 | 234 | 92 | 20 | | 37 | | 924 | 929 |
| 1997[3] | 568 | 258 | 105 | 17 | 32 | 42 | | 1,022 | 1,109 |
| 1998[4] | 585 | 334.5 | 135 | 0 | 53.5 | 55.5 | 2.5 | 1,166 | 1,203 |
| 1999[4] | 632.1 | 373.2 | 151 | 0 | 59.3 | 62.1 | -4.7 | 1,273 | 1,305 |
| 2000 | 688.7 | 400.5 | 150.8 | 0 | 66.8 | 67.2 | 0 | 1,374 | 1,432 |
| 2001 | 693.5 | 447.1 | 158.8 | 0 | 66.6 | 76.8 | 0 | 1,442.8 | 1,510 |
| 2002 | 720 | 519 | 158 | 0 | 68 | 92 | 31 | | 1,588 |

[1]Fundable FTEs.
[2]Actual FTE usage after SSA breakout (1/2 year) and ceiling reflecting SSA breakout for full year.
[3]FY 1997 FTEs represent internal ceilings. Total reported in CJ is 1,014, remaining FTEs to be found within the Department.
[4]Reserve amount adjusts the actual to reflect the Department's FTE tables.

√

**Office of Inspector General**

**Component FTE Allocations**

| Fiscal Year | OAS | OI | OEI | OEC | OCIG | EM | Reserve | Actual Usage | FTE |
|---|---|---|---|---|---|---|---|---|---|
| 1994 | 714 | 371 | 123 | 19 | | 45 | | 1,253 | 1,283 |
| 1995[1] | 678 | 350 | 115 | 18 | | 45 | | 1,207 | 1,265 |
| 1995[2] | 610 | 280 | 103 | 18 | | 39 | | 1,050 | 1,006 |
| 1995 | 610 | 280 | 103 | 20 | | 39 | | 1,050 | 927 |
| 1996 | 541 | 234 | 92 | 17 | | 37 | | 924 | 929 |
| 1997[3] | 568 | 258 | 105 | 0 | 32 | 42 | | 1,022 | 1,109 |
| 1998[4] | 585 | 334 | 135 | 0 | 53.5 | 55.5 | 2.5 | 1,166 | 1,203 |
| 1999[4] | 632 | 373 | 151 | 0 | 59.3 | 62.1 | -4.7 | 1,273 | 1,304 |
| 2000 | 688 | 400 | 150 | 0 | 66.8 | 67.2 | 0 | 1,374 | 1,432 |
| 2001 | 693 | 447 | 158 | 0 | 66.6 | 76.8 | 0 | 1,442.8 | 1,510 |
| 2002 | 717 | 521 | 155 | 0 | 70.4 | 89.9 | 31 | 1,554.8 | 1,558 |
| 2003 | 726.8 | 552 | 138.3 | 0 | 61.6 | 104.4 | 0 | 1,582 | 1,588 |
| 2004[5] | 698 | 524 | 130 | 0 | 62 | 109 | 0 | | 1,523 |

[1] Fundable FTEs.

[2] Actual FTE usage after SSA breakout (½ year)and ceiling reflecting SSA breakout for full year.

[3] FY 1997 FTEs repsent internal ceilings. Total reported in CJ is 1,014, remaining FTEs to be found within the Department.

[4] Reserve amount adjusts the actual to reflect the Department's FTE tables.

[5] Internal OIG ceiling.




* Components Headed by Assistant Inspectors General

11/07/89

Prepared by
Office of Management
and Policy

PLAINTIFF'S EXHIBIT 3 1-25-07 SAvoy SAW




* Components headed by Assistant Inspectors General

D-16 A:\vdickson\vd73191B

# Office of Inspector General




P57 OIGDIR01 3/24/95

# Office of Inspector General
## Office of the Secretary



# Office of Inspector General
## Office of the Secretary




* FTE Number Includes the Regions

March 14, 1996
P48 JT316ORG

# DEPARTMENT OF HEALTH AND HUMAN SERVICES OFFICE OF INSPECTOR GENERAL OFFICE OF INVESTIGATIONS

SA FRANK CIOFFI

Now

# DIGEST OF APPLICABLE STATUTES

PLAINTIFF'S EXHIBIT
4 1-25-07
SAVOY SAW

## Table of Contents


| Statute | Description | Page |
|---|---|---|
| 18 U.S.C. § 287 | False Claims | 3 |
| 18 U.S.C. § 371 | Conspiracy to Defraud | 5 |
| 18 U.S.C. § 495 | Counterfeiting and Forgery | 7 |
| 18 U.S.C. § 641 | Theft of Public Money or Property | 9 |
| 18 U.S.C. § 666 | Theft of Federal Funds | 11 |
| 18 U.S.C. § 1001 | False Statements | 14 |
| 18 U.S.C. § 1028 | Fraudulent Identification Documents | 16 |
| 18 U.S.C. § 1341 | Mail Fraud | 21 |
| 18 U.S.C. § 1505 | Obstruction of Agency Proceeding | 23 |
| 18 U.S.C. § 1510 | Obstruction of Criminal Investigation | 26 |
| 18 U.S.C. § 1516 | Obstruction of Federal Audit | 30 |
| 42 U.S.C. § 408 | Social Security Fraud | 33 |
| 42 U.S.C. § 1320a-7a | Civil Monetary Penalties | 41 |
| 42 U.S.C. § 1320a-7b | Medicare /Medicaid Fraud (Including Kickbacks) | 53 |
| 42 U.S.C. § 1383a | SSI Fraud | 62 |
| | Elements of a CMP Case | 66 |

## 18 U.S.C. § 287: FALSE, FICTITIOUS OR FRAUDULENT CLAIMS

*LAW:*

*Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title.*

*EXAMPLES:*

1. B, a chiropractor, having directed his billing clerk/receptionist to prepare fraudulent Medicare billings, knowingly and willfully presents the claims to the Medicare Part B carrier for payment.

   B is in violation of 18 U.S.C. § 287, and 42 U.S.C. § 1320a-7b [Medicare and Medicaid Fraud].

2. S submits claims to Medicare for blood chemistry tests performed on a certain type of equipment when in fact they were performed on different equipment for which lesser reimbursement should have been provided. S's employees report that S knew tests which were performed on his equipment should have been priced at lower levels than tests for which claims were submitted.

   S is guilty of violating 18 U.S.C. § 287, as well as 42 U.S.C. § 1320a-7b [Medicare and Medicaid Fraud].

***CASES:***

*U.S. v. Catena*, 500 F.2d 1319 (3rd Cir. 1974)

Because defendant "caused" carriers to submit his false claims, conviction was affirmed notwithstanding defendant's contention that carriers with reimbursement contracts were not agencies of the U.S.

*U.S. v. Beasley*, 550 F.2d 261 (5th Cir. 1977)

False claims were submitted to state when the defendant/claimant knew that state would rely on these claims for reimbursement from Federal Government pursuant to joint Federal-State program.



## 18 U.S.C. § 371: CONSPIRACY TO COMMIT OFFENSE OR TO DEFRAUD THE UNITED STATES

***LAW:***

*If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.*

*If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.*

***EXAMPLES:***

1. F and G conspire to rob a bank, a felony offense. During their planning of the enterprise, they decide that they will need an automobile in which to make their getaway. F leaves the meeting and steals an automobile to use as the getaway car. F's theft of the car constitutes the overt act required to set the conspiracy in motion.

   F and G are in violation of 18 U.S.C. § 371, whether or not the bank robbery subsequently takes place.

2. B, a chiropractor, conspires with C, his billing clerk/ receptionist, to obtain Medicare payments for chiropractic manipulations which B knows are not covered by Medicare. B instructs C regarding which type chiropractic services are not covered by Medicare and tells her to change the treatment descriptions on Medicare claim forms to show them as subluxation of the spine. In fact, the treatments are other types of chiropractic manipulations. C agrees to do this if B will give her a raise. An agreement is reached and C begins preparing Medicare claim forms for noncovered services by claiming the

patient received subluxation of the spine. C's preparation of the first such fraudulent claim form is an overt act in furtherance of the conspiracy, regardless of whether B actually signed the form or submitted it to the Medicare Part B carrier for payment.

Both B and C are in violation of 18 U.S.C. § 371.

*CASES:*

*U.S. v. Peterson*, 488 F.2d 645 (5th Cir. 1974)

See description at U.S.C. 18 § 1001.

*U.S. v. Gold*, 743 F.2d 800 (11th Cir. 1984)

In order to be guilty of conspiracy, defendant must be aware of essential nature and scope of criminal enterprise.

*U.S. v. Radetsky*, 535 F.2d 556 (10th Cir. 1976)

See description at U.S.C. § 1001.



## 18 U.S.C. § 495: CONTRACTS, DEEDS, AND POWERS OF ATTORNEY [Counterfeiting and Forgery]

*LAW:*

*Whoever falsely makes, alters, forges, or counterfeits any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States or any officers or agents thereof, any sum of money; or*

*Whoever utters or publishes as true any such false, forged, altered, or counterfeited writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited; or*

*Whoever transmits to, or presents at any office or officer of the United States, any such writing in support of, or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false, forged or counterfeited -*

*Shall be fined not more than $1,000 or imprisoned not more than ten years, or both.*

*EXAMPLES:*

1. D, a legal secretary, has an elderly mother who recently suffered a stroke. D's mother, E, was secretive about her financial affairs and would not execute a power of attorney in the event of her injury or illness. D has several brothers and sisters living in the area and D was apprehensive that one of her siblings could be appointed to be E's guardian. D decided to prepare and backdate a fraudulent power of attorney, and to forge E's signature thereto, so as to make it appear that her mother had given her a general power of attorney prior to the stroke. After preparing the power of attorney and forging her mother's signature and with the signatures of two witnesses, D falsely notarized the will. D used the fraudulent power of attorney to

direct the transfer of her mother's Social Security benefits to D's bank. D has violated 18 U.S.C. § 495.

2. R, a hospital discharge planner, is responsible for arranging transportation for Medicare patients who are unable to use public transportation. R's supervisor, Q, is required to sign the Medicare transportation voucher issued to the patient. R devises a scheme whereby she forges Q's name on vouchers and then gives the forged vouchers to D, a taxi driver. D in turn cashes the forged vouchers and shares the proceeds with R.

   R and D have violated 18 U.S.C. § 495. R and D also are in violation of 18 U.S.C. § 371 [Conspiracy] and 42 U.S.C. § 1320a-7b [Medicare and Medicaid Fraud].

***CASES:***

*U.S. v. Lewis*, 592 F.2d 1282 (5th Cir. 1979)

If the defendant had payee's authority to cash the check, she would not be guilty of forgery if she exercised that authority.

*U.S. v. Indelicato*, 611 F.2d 376 (15th Cir. 1979)

The Government need not prove that the defendant intended to defraud the United States, since the defendant is held to be charged with knowledge that the ultimate loss from uttering of a falsely endorsed Treasury check will be suffered by the United States.

*Prussian v. U.S.*, 282 U.S. 675 (1931)

The phrase "other writing" as set forth in 18 U.S.C. § 495 is intended to extend the statute to all writings of every class if forged for the purpose of obtaining money from an officer of the United States.



## 18 U.S.C. § 641: PUBLIC MONEY, PROPERTY, OR RECORDS

***LAW:***

*Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or*

*Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted -*

*Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.*

*The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.*

***EXAMPLES:***

1. B steals $1,500 from the Department of Health and Human Services (DHHS) Imprest Fund, where he is employed as a cashier. Fearing an investigation of the theft will result in a search of his desk, he confides in C and passes the money to C. C takes the money from B and conceals the money in the trunk of his car.

   Both B and C are in violation of the felony provisions of 18 U.S.C. § 641. They also are in violation of 18 U.S.C. § 371 [Conspiracy].

2. R intends to steal an electronic microscope from the National Institutes of Health (NIH), where he is employed. R steals a microscope from the laboratory, but he is observed committing

the theft and the security office is notified. R is stopped when he attempts to leave NIH and the microscope is in plain view on the front seat of his car. R is arrested and the microscope is seized as evidence. Subsequent investigation reveals that the stolen microscope is broken and has a market value of $59.

R is in violation of the misdemeanor portion of 18 U.S.C. § 641. Even though R intended to steal a more expensive microscope, the microscope that he stole had a value of only $59.

*CASES:*

*Stevens v. U.S.*, 297 F.2d 664 (10th Cir. 1961)

The value of the stolen Government property is an essential element of 18 U.S.C. § 641 and must be alleged and proven.

*U.S. v. Girard*, 601 F.2d 69 (2nd Cir. 1979)

18 U.S.C. § 641 is not limited in its coverage to tangible property, but also encompasses information.

*But see, U.S. v. Troung Dinh Hung*, 629 F.2d 908 (4th Cir. 1980)

*Hayle v. U.S.*, 815 F.2d 879 (2nd Cir. 1987)

Federal grant money remains "money...of the United States" within the meaning of 18 U.S.C. § 641, even after being deposited in a bank account of grantee, and even if commingled with nonfederal funds, so long as the government exercises supervision and control over the funds and their ultimate use.



**18 U.S.C. § 666: THEFT OR BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS**

*LAW:*

*(a) Whoever, if the circumstance described in subsection (b) of this section exists -*

*(1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof -*

*(A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that*

*(i) is valued at $5,000 or more, and*

*(ii) is owned by, or is under the care, custody, or control of such organization, government, or agency; or*

*(B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; or*

*(2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more;*

*Shall be fined under this title, imprisoned not more than 10 years, or both.*

*(b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.*

*(c) This section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.*

*(d) As used in this section -*

*(1) the term "agent" means a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative;*

*(2) the term "government agency" means a subdivision of the executive, legislative, judicial or other branch of government, including a department, independent establishment, commission, administration, authority, board, and bureau, and a corporation or other legal entity established, and subject to control, by a government or governments for the execution of a governmental or intergovernmental program; and*

*(3) the term "local" means of or pertaining to a political subdivision within a State.*

***EXAMPLES:***

1. R, the president of an organization that receives Federal grant funds, and S, the vice-president for finance of the same corporation, agree to embezzle funds totalling $60,000 from the



grantee organization. The organization has received in excess of $2,500,000 each year for the past five years and has already received in excess of $1,250,000 this year. R and S improperly used the embezzled funds to purchase real property.

Both R and S are in violation of 18 U.S.C. § 666, and 18 U.S.C. § 371 [Conspiracy].

2. X, spokesman for an Indian business council, demands and receives a cash payment from Y, a building contractor, in order to award a $50,000 contract to Y. The Indian business council which X represents has received in excess of $10,000 in Federal Block grants during a one year period.

   X is in violation 18 U.S.C. § 666(a)(1). Y is in violation 18 U.S.C. § 666(a)(2), also a felony. Both X and Y are in violation of 18 U.S.C. § 371.

***CASES:***

*U.S. v. Jackowe*, 651 F. Supp. 1035 (SDNY 1987)

Government is required to prove intent to influence the recipient of the bribe even though Congress did not specify such an element.

## 18 U.S.C. § 1001: STATEMENTS OR ENTRIES GENERALLY

*LAW:*

*Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes or uses any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.*

*EXAMPLES*

1. K, a medical researcher, submits a written report to the Food and Drug Administration (FDA), stating that he had followed the protocol approved by the FDA while testing the efficacy and safety of an experimental drug. K, in fact, had not followed the FDA protocol, nor had he tested the drug on the number or types of subjects called for in the protocol, as represented in his report to the FDA.

   K has violated 18 U.S.C. § 1001.

2. G, an applicant for Supplemental Security Income (SSI) benefits, stated in her application for benefits that she did not have any savings accounts or certificates of deposit in any banks, savings and loans, or credit unions. An Internal Revenue Service computer match of savings account records against the SSI beneficiary rolls subsequently revealed that G had $75,000 in a savings account at the time she filled out her application for SSI benefits.

   G has violated 18 U.S.C. § 1001.

3. L, a physician, submits to the Medicare Part B carrier 10 claims



stating that he had treated 10 Medicare beneficiaries for a variety of illnesses and physical conditions. In fact, he had not performed any of the services claimed.

In addition to being charged with the submission of false claims, a violation of 18 U.S.C. § 287, or 42 U.S.C. § 1320a-7b, L can be charged with 10 counts of violating 18 U.S.C. § 1001, for false statements made in support of those claims.

*CASES:*

*U.S. v. Smith*, 523 F.2d 771 (5th Cir. 1975)

Defendant's knowing inclusion of improper costs in hospitals books, such as home remodeling, as reported to Medicare, was a violation of 18 U.S.C. § 1001.

*U.S. v. Gold*, 743 F.2d 800 (11th Cir. 1984)

Carrier's manual admissible on issue of what type of claims were properly payable by Medicare in prosecution under 18 U.S.C. § 1001.

*U.S. v. Radetsky*, 535 F.2d 556 (10th Cir. 1976)

Materiality of misstatements on Medicare claim form is essential element of offense.

*U.S. v. Peterson*, 488 F.2d 645 (5th Cir. 1974)

False certification on claim forms submitted to Medicare by a physician claiming coverage for services he personally did not render, and the endorsing and cashing of the resulting checks, constitutes the making of a false claim.

## 18 U.S.C. § 1028: FRAUD AND RELATED ACTIVITY IN CONNECTION WITH IDENTIFICATION DOCUMENTS

*LAWS:*

(a) *Whoever, in a circumstance described in subsection (c) of this section -*

(1) *knowingly and without lawful authority produces an identification document or a false identification document;*

(2) *knowingly transfers an identification document or a false identification document knowing that such a document was stolen or produced without lawful authority;*

(3) *knowingly possesses with intent to use unlawfully or transfer unlawfully five or more identification documents (other than those issued lawfully for the use of the possessor) or false identification documents;*

(4) *knowingly possesses an identification document (other than one issued lawfully for the use of the possessor) or a false identification document, with the intent such document be used to defraud the United States; or*

(5) *knowingly produces, transfers, or possesses a document-making implement with the intent such document-making implement will be used in the production of a false identification document or another document-making implement which will be so used;*



(6) *possesses an identification document that is or appears to be an identification document of the United States which is stolen or produced without authority knowing that such document was stolen or produced without authority; or attempts to do so, shall be punished as provided in subsection (b) of this section.*

(b) *The punishment for an offense under subsection (a) of this section is -*

(1) *a fine of not more than $25,000 or imprisonment for not more than five years, or both, if the offense is -*

(A) *the production or transfer of an identification document or false identification document that is or appears to be -*

(i) *an identification document issued by or under the authority of the United States; or*

(ii) *a birth certificate, or driver's license or personal identification card;*

(B) *the production or transfer of more than five identification documents or false identification documents; or*

*(C) an offense under paragraph (5) of such subsection;*

*(2) a fine of not more than $15,000 or imprisonment for not more than three years, or both, if the offense is -*

*(A) any other production or transfer of an identification document or false identification document; or*

*(B) an offense under paragraph (3) of such subsection; and*

*(3) a fine of not more than $5,000 or imprisonment for not more than one year, or both, in any other case.*

*(c) The circumstance referred to in subsection (a) of this section is that -*

*(1) the identification document or false identification document is or appears to be issued by or under the authority of the United States or the document-making implement is designed or suited for making such an identification document or false identification document;*

*(2) the offense is an offense under subsection (a)(4) of this section; or*

*(3) the production, transfer, or possession prohibited by this section is in or affects interstate or foreign commerce, or the identification document, false identification document, or document-making implement is transported in the mail in the course of the production, transfer, or possession prohibited by this section.*



*(d) As used in this section -*

*(1) the term "identification document" means a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a foreign government, political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals;*

*(2) the term "produce" includes alter, authenticate, or assemble;*

*(3) the term "document-making implement" means any implement or impression specially designed or primarily used for making an identification document, a false identification document, or another document-making implement;*

*(4) the term "personal identification card" means an identification document issued by a State or local government solely for the purpose of identification; and*

*(5) the term "State" includes any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any other possession or territory of the United States.*

*(e) This section does not prohibit any lawfully authorized investigative, protective, or intelligence activity of a law enforcement agency of the United States, a State, or a political subdivision of a State, or of an intelligence agency of the United States, or any activity authorized under chapter 224 of this title.*

*EXAMPLES:*

1. A, the owner of a printing shop, has been printing fictitious birth certificates and selling them to illegal aliens to support their allegations that they are U.S. citizens. As the result of an investigation, probable cause is established that A is trafficking in fraudulent identity documents and a search warrant is obtained. The search of A's shop results in the seizure of several hundred fraudulent blank birth certificates.

   A is in violation of 18 U.S.C. § 1028.

2. C counterfeits blank Social Security cards which he sells to illegal aliens to enable them to obtain work. C is subsequently arrested and charged with trafficking in counterfeit Social Security cards, a violation of this section. The defense produces Social Security cards containing a warning that such cards should not be used for identification purposes.

   C is in violation of 18 U.S.C. § 1028.

*CASES:*

*U.S. v. Quinteros*, 769 F.2d 968 (4th Cir. 1985)

Social Security cards are identification documents by virtue of their wide usage and acceptance as such.



## 18 U.S.C. § 1341: FRAUDS AND SWINDLES [Mail Fraud]

*LAW:*

*Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use, any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both.*

*EXAMPLES:*

1. A, the billing clerk/receptionist for physician B, knowing that the Medicare claim forms he prepared for B were false, deposits those claim forms in a United States Postal Service mailbox in order for them to be delivered to the Medicare Part B carrier for processing and payment.

   A is in violation of 18 U.S.C. § 1341. B has violated 18 U.S.C. § 1341, if he knowingly participated in the fraudulent scheme.

2. Assuming the above described scenario, but A hand-carried the false Medicare claim forms to the Medicare Part B carrier. Also assume that the Medicare Part B carrier processed the fraudulent claims, but mailed the payment checks to B's office.

A and B are both in violation of 18 U.S.C. § 1341.

*CASES:*

Bannister v. U.S., 379 F.2d 750 (5th Cir. 1967)

One "causes" mail to be delivered by submitting fraudulent insurance claims to an insurance company with knowledge that the company will forward the claims by mail, in the ordinary course of business, to its home office.

*Pereira v. U.S.*, 347 U.S. 1 (1954)

The elements of the offense of mail fraud are: (1) a scheme to defraud, and (2) a mailing of matter, for the purpose of executing the scheme.

*U.S. v. Schall*, 371 F. Supp. 912 (DCPA 1974)

Each mailing constitutes a separate offense if each is part of a scheme to defraud.

*U.S. v. Wilson*, 506 F.2d 1252 (7th Cir. 1974)

Once an agreement to the scheme has been established, any party to the agreement is responsible for the acts and declarations of another party in furtherance of the common scheme, whether or not he knew of, or agreed to any specific mailing.



## 18 U.S.C. § 1505: OBSTRUCTION OF PROCEEDINGS BEFORE DEPARTMENTS, AGENCIES, AND COMMITTEES

*LAW:*

*Whoever, corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness in any proceeding pending before any department or agency of the United States, or in connection with any inquiry or investigation being had by either House, or any committee of either House, or any joint committee of the Congress; or*

*Whoever injures any party or witness in his person or property on account of his attending or having attended such proceeding, inquiry, or investigation, or on account of his testifying or having testified to any matter pending therein; or*

*Whoever, with intent to avoid, evade, prevent, or obstruct compliance, in whole or in part, with any civil investigative demand duly and properly made under the Antitrust Civil Process Act [15 U.S.C.S. §§ 1311 et seq.], willfully withholds, misrepresents, removes from any place, conceals, covers up, destroys, mutilates, alters, or by other means falsifies any documentary material, answers to written interrogatories, or oral testimony, which is the subject of such demand; or attempts to do so or solicits another to do so; or*

*Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which such proceeding is being had before such department or agency of the United States, or the due and proper exercise of the power of inquiry under which such inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress -Shall be fined not more than $5,000 or imprisoned not more than five years, or both.*

***EXAMPLES:***

1. Dr. X learns that Office of Inspector General investigators are interviewing his patients concerning allegations of false billings to Medicare. He instructs his clerk, C, to insert false entries into medical records. The false entries create the impression that patients have received services which, in fact, were not provided.

   Dr. X has violated 18 U.S.C. § 1505. C has also violated this statute if she knew she was falsifying the documents in order to impede the investigation.



***CASES:***

*U.S. v. Batten*, 226 F. Supp. 492 (D.DC. 1964)

The prohibition against any endeavor to influence, intimidate, or impede any witness is broad enough to cover any activity which would influence or intimidate a witness who might be called to testify, and is not limited to a witness who the defendant knew has been called to testify under oath.

*U.S. v. Vixie*, 532 F.2d 1277 (9th Cir. 1976)

Obstruction does not have to be successful; a violation is established if one endeavors to obstruct any proceeding.

## 18 U.S.C. § 1510: OBSTRUCTION OF CRIMINAL INVESTIGATIONS

*LAW:*

*(a) Whoever willfully endeavors by means of bribery to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator shall be fined not more than $5,000, or imprisoned not more than five years, or both.*

*(b) (1) Whoever, being an officer of a financial institution, with the intent to obstruct a judicial proceeding, directly or indirectly notifies any other person about the existence or contents of a subpoena for records of that financial institution, or information that has been furnished to the grand jury in response to that subpoena, shall be fined under this title or imprisoned not more than 5 years, or both.*

*(2) Whoever, being an officer of a financial institution, directly or indirectly notifies —*

*(A) a customer of that financial institution whose records are sought by a grand jury subpoena; or*



*(B) any other person named in that subpoena; about the existence or contents of that subpoena or information that has been furnished to the grand jury in response to that subpoena, shall be fined under this title or imprisoned not more than one year, or both.*

*(3) As used in this subsection—*

*(A) the term 'an officer of a financial institution' means an officer, director, partner, employee, agent, or attorney of or for a financial institution; and*

*(B) the term 'subpoena for records' means a Federal grand jury subpoena for customer records that has been served relating to a violation of, or a conspiracy to violate—*

*(i) section 215, 656, 657, 1005, 1006, 1007, 1014, or 1344; or*

*(ii) section 1341 or 1343 affecting a financial institution.*

*(c) As used in this section, the term "criminal investigator" means any individual duly authorized by a department, agency, or armed force of the United States to conduct or engage in investigations of or prosecutions for violations of the criminal laws of the United States.*

***EXAMPLES:***

1. A is the owner of a DME company under investigation by the Office of Inspector General (OIG). He separately contacts two former employees and offers them $100 if they refuse to speak to OIG investigators. One employee declines the offer, while the second employee accepts his $100 payment.

   A is guilty of two violations of 18 U.S.C. § 1510.

2. In the above case, the government also suspects that A has destroyed many of the DME company's financial records in order to impede the OIG investigation. In order to confirm these suspicions, the grand jury issues a subpoena for the DME's account information to a local S&L. X is a vice-president of the S&L. Upon learning of the subpoena, he notifies his friend A of the subpoena so that A can better prepare his criminal defense.

   X has violated 18 U.S.C. § 1510. (NOTE: 18 U.S.C. § 1510 protects the secrecy of *Grand Jury* subpoenas. It does not cover *Inspector General* subpoenas.)

***CASES:***

*U.S. v. Siegal*, 717 F.2d 9 (2nd Cir. 1983)

Where no Federal investigation was either being conducted or contemplated, no violation of 18 U.S.C. § 1510 occurred.

*U.S. v. Abrams*, 543 F. Supp. 1184 (S.D.N.Y. 1982)

Employees of SEC constitute Federal criminal investigators because they are empowered to investigate both civil and criminal infractions.



*U.S. v. Daly*, 842 F.2d 1380 (2nd Cir. 1988)

Return to informant by co-conspirators of his own funds - with which he had attempted to bribe defendants - in order to prevent him from "ratting", violated 18 U.S.C. § 1510 since law does not exclude persons who have themselves participated in crimes, and informant had no enforceable rights to funds after bribing defendants with them.

## 18 U.S.C. § 1516 OBSTRUCTION OF FEDERAL AUDIT

*LAW:*

(a) *Whoever, with intent to deceive or defraud the United States, endeavors to influence, obstruct, or impede a Federal auditor in the performance of official duties relating to a person receiving in excess of $100,000, directly or indirectly, from the United States in any one year period under a contract or subcontract, shall be fined under this title, or imprisoned not more than five years, or both.*

(b) *For purposes of this section the term "Federal auditor" means any person employed on a full- or part-time or contractual basis to perform an audit or a quality assurance inspection for or on behalf of the United States.*

*EXAMPLES:*

1. A, owner of Boulder Health Care Review, maintains a $210,000 a year contract with the Federal Government to perform inspections on Medical Laboratories which provide and bill services to Medicare. A suggests to B, an auditor with the Health Care Financing Administration, that he has a beach house which B may use free of charge, during the week of a proposed audit and inspection of A's books and records. A also informs B that the house would be used in lieu of the inspection being performed.

   A is guilty of violating 18 U.S.C. § 1516.



2. A, the director of a Peer Review Organization, alters corporate records so as to apparently double the number of physicians investigated. Two years later, the alteration of the records is discovered by an OIG auditor.

   Under these facts there is no violation of 18 U.S.C. § 1516 since the alteration was not done with intent to influence a Federal auditor.

3. In the above scenario, A learns of an impending audit, and destroys the altered records. When questioned by the auditor about the missing records, A states that they were accidentally thrown out a year ago by a temporary employee.

   Both the destruction of the log books and the false statement to the auditor would be violations of 18 U.S.C. § 1516.

4. The director of a hospital, under contract to the government, submits false cost data to an OIG auditor. The auditor recognizes the data to be false, totally discounts it, and completes the audit without incident.

   The director has violated 18 U.S.C. § 1516. The intentional attempt to deceive the auditor with the false data is a violation, irrespective of whether the auditor was actually fooled.

5. A is the owner of a medical clinic currently being audited by OIG. A instructs his employees that they may not speak to the auditor without the clinic's attorney being present. In addition, A provides no assistance to the auditor in deciphering clinic records, and makes it difficult for the auditor to contact him at a convenient time.

Technically, intentionally throwing procedural roadblocks in the way of an auditor may be a violation of 18 U.S.C. § 1516. However, intent will often be difficult to prove, and the owner will probably be able to cite legitimate business needs as a justification for the procedural difficulties.



## 42 U.S.C. § 408: PENALTIES (AS AMENDED 11/90)

***LAW:***

*(a) (1) Whoever - for the purpose of causing an increase in any payment authorized to be made under this subchapter, or for the purpose of causing any payment to be made where no payment is authorized under this subchapter, shall make or cause to be made any false statement or representation (including any false statement or representation in connection with any matter arising under subchapter E of chapter 1, or subchapters A or E of chapter 9 of the Internal Revenue Code 1939, or chapter 2 or 21 or subtitle F of Title 26 [Internal Revenue Code of 1954] as to -*

*(A) whether wages were paid or received for employment (as said terms are defined in this title and Title 26), or the amount of wages or the period during which paid or the person to whom paid; or*

*(B) whether net earnings from self-employment (as such term is defined in this title and in Title 26) were derived, or as to the amount of such net earnings or the period during which or the person by whom derived; or*

*(C) whether a person entitled to benefits under this subchapter had earnings in or for a particular period (as determined under section 403(f) of this title for purposes of deductions from benefits), or as to the amount thereof; or*