# United States Court of Appeals for the Federal Circuit

2006-5040,-5041

STEPHEN S. ADAMS, ET AL.,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

## *Judgment*

ON APPEAL from the UNITED STATES COURT OF FEDERAL CLAIMS

In CASE NO(s): 90-CV-162

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

AFFIRMED.

*ENTERED BY ORDER OF THE COURT*

*DATED* DEC 18 2006

Jan Horbaly /lms

*Jan Horbaly, Clerk*

Issued as Mandate: MAR 21 2007

COSTS:

Printing .................................. $ 383.60

Total.................................. $ 383.60

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

By: Judith Brown Date: 3/21/07

BILL OF COSTS (File original and three copies with the Clerk within 14 days of judgment.)

Docket No(s): 06-5040, 06-5041 Caption: Stephen S. Adams, Et AL, v. United States

The Clerk is requested to tax the following costs against:

FILED
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
JAN 4 2007
JAN HORBALY
CLERK

| ITEM | Number of copies | Number of pages | Actual cost | Allowable cost | Total billed | Total taxed |
|---|---|---|---|---|---|---|
| Docketing Fee (if paid in this court) | xxxxx | xxxxx | | | | |
| Table of Designated Materials (original) | xxxxx | 7 | | 6.00 | 42.00 | 42.00 |
| Table of Compilation of Designated Materials (copying and collating) | 19 | 7 | | 0.08 | 2.08 | 2.08 |
| Brief (original) | xxxxx | 43 | | 6.00 | 258.00 | 258.00 |
| Brief (cover and binding) | 38 | xxxxx | | 2.00 | 76.00 | 76.00 |
| Brief (copying and collating) | 19 | 50 | | 0.08 | 5.52 | 5.52 |
| Appendix (original - table of contents) | xxxxx | | | 6.00 | | |
| Appendix (covers and binding) | | xxxxx | | 2.00 | | |
| Appendix (copying and collating) | | | | 0.08 | | |
| Reply Brief (original) | xxxxx | | | 6.00 | | |
| Reply Brief (covers and binding) | | xxxxx | | 2.00 | | |
| Reply Brief (copying and collating) | | | | 0.08 | | |
| Other (describe): | | | | | | |
| GRAND TOTALS | | | | | 383.60 | 383.60 |

City/County of Washington ) District/State of Columbia ) SS

I, Shalom Brilliant, swear under penalty of perjury that the services for which fees have been charged were necessarily performed. Itemized statements of the costs incurred or invoices are attached. Copies of this bill were served on all parties. The certificate of service is attached.

Signature: Shalom Brilliant / by Kenneth S. Date: 1-3-07 Attorney for: Defendant

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: Judith Brown Date: 3/21/07

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 4th day of January 2007, I caused to be served by United States mail (first class mail, postage prepaid, copies BILL OF COST" addressed as follows:

Jules Bernstein, Esq.
Bernstein & Lipsett
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036

Phyllis R. Becker

# United States Court of Appeals for the Federal Circuit

06-5040, -5041

STEPHEN S. ADAMS, ET AL.,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Jules Bernstein, Bernstein & Lipsett, P.C., of Washington, DC, argued for plaintiffs-appellants. With him on the brief was Linda Lipsett. Of counsel on the brief was Edgar James, James & Hoffman, P.C. of Washington, D.C.

Shalom Brilliant, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General; and David M. Cohen, Director.

Appealed from: United States Court of Federal Claims

Judge Lynn J. Bush

# United States Court of Appeals for the Federal Circuit

2006-5040, -5041

STEPHEN S. ADAMS, ET AL.,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

---

DECIDED: December 18, 2006

---

Before LOURIE, SCHALL, and GAJARSA, Circuit Judges.

GAJARSA, Circuit Judge.

The plaintiffs-appellants ("plaintiffs") in this case are several thousand federal law enforcement officers who seek compensation from the government for the time they spend commuting to and from work in government-owned police vehicles. The United States Court of Federal Claims issued summary judgment in favor of the government, holding that the driving time was not compensable under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as amended by the Portal-to-Portal Act, 29 U.S.C. §§ 251-262. We affirm.

## I. BACKGROUND

This case is the last piece of a larger employment dispute between the government and law enforcement officers with the United States Secret Service; United

States Customs and Border Protection (formerly United States Customs Service); the Internal Revenue Service; the Bureau of Alcohol, Tobacco, and Firearms; and the Drug Enforcement Agency. We have ruled once before on an unrelated issue in the same case. Adams v. United States, 391 F.3d 1212 (Fed. Cir. 2004). Most of the issues have settled, with the government agreeing to make a cash payment to the plaintiffs and to consider them non-exempt employees under FLSA. However, the settlement agreements left open for litigation the question posed by this appeal: whether the plaintiffs' commutes constitute compensable work under FLSA.

The basic facts are undisputed. The plaintiffs are issued government-owned police vehicles and required as a condition of their employment to commute from home to work in those vehicles. This requirement facilitates their employers' law enforcement missions, since the cars will be available to the officers for rapid response to emergency calls at any time, whether the officers are at home or proceeding on their commutes.[1] The officers' time is not entirely their own during their commutes: they are required to have their weapons and other law enforcement-related equipment and to have on and monitor their vehicles' communication equipment. They are not allowed to run any personal errands in their government vehicles, so their commute must proceed directly from home to work and back again without unauthorized detours or stops.

The plaintiffs' suit alleged, inter alia, that the time they spent commuting was compensable under the Fair Labor Standards Act. The Court of Federal Claims considered cross-motions for partial summary judgment on the issue and granted the

[1] This case does not require us to decide what FLSA mandates in the particular instances when plaintiffs are actually called on to respond to an emergency or otherwise deviate from their normal commutes. We address only plaintiffs' basic argument: that their normal commutes, without more, constitute compensable work.

government's motion, deciding that the plaintiffs' commute time was not compensable. Adams v. United States, 65 Fed. Cl. 217 (2005). Since all other issues in the case had settled, the partial summary judgment disposed of the only remaining issue, and the Court of Federal Claims issued a final judgment. Many of the plaintiffs now appeal to this court. We have jurisdiction to review a final judgment of the Court of Federal Claims under 28 U.S.C. § 1295(a)(3).

## II. DISCUSSION

### A. Jurisdiction

The government argues that we lack jurisdiction due to a defective notice of appeal; specifically, the notice in this case does not enumerate the names of all 6,610 individual appellants.[2] The government correctly notes that in Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988), the Supreme Court held that Federal Rule of Appellate Procedure 3(c) divested federal appeals courts of jurisdiction over appellants not expressly named in the notice of appeal. If Torres were still good law, we would have jurisdiction only over those plaintiffs whose names appear on the notice. However, Rule 3(c) was amended in 1993, after the Court's decision in Torres. It now states:

> The notice of appeal must . . . specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X."

Fed. R. App. P. 3(c)(1). All of the appellants are represented by the same counsel, and the notice of appeal is of the form contemplated by the new Rule 3(c). The Notes of the Advisory Committee on the 1993 amendments state that "[t]he test established by the

---

[2] The case is not structured as a class action.

rule for determining whether such designations are sufficient is whether it is objectively clear that a party intended to appeal." We accept that formulation of the test. Here, all of the appealing plaintiffs are listed in an appendix to their lead counsel's notice of appearance, which was duly served on the government soon after the notice of appeal. It is objectively clear to us and to the government that the plaintiffs listed on that appearance form intended to appeal. Since the present version of Rule 3(c) has been satisfied by appellants, we take jurisdiction over all plaintiffs named in the appearance of counsel. Therefore, each appellant so listed shall be bound by our decision here.[3]

B. Standard of Review

We review a grant of summary judgment by the Court of Federal Claims de novo, drawing justifiable factual inferences in favor of the party opposing the judgment. Winstar Corp. v. United States, 64 F.3d 1531, 1539 (Fed. Cir. 1995) (en banc). The Court of Federal Claims applies the same summary judgment standard as do federal district courts: summary judgment is proper if the evidence demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ct. Cl. R. 56(c); cf. Fed. R. Civ. P. 56(c).

C. The Portal-to-Portal Act

A few years after the enactment of FLSA, the Supreme Court decided Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946). That case involved industrial workers who punched in at a time clock, but were not credited for the time they spent walking from the clock to their posts. Id. at 682-84. The Supreme Court ruled that "the time spent in walking to work on the employer's premises, after the time clocks were

[3] Counsel for appellants agreed at oral argument that everyone listed on his notice of appearance would be so bound.

punched, involved 'physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business.'" Id. at 691-92 (quoting Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 598 (1944)).

Congress reacted to Anderson by enacting the Portal-to-Portal Act of 1947, Pub. L. No. 80-49, 61 Stat. 84 (codified at 29 U.S.C. §§ 251-262). See 29 U.S.C. § 251(a) (Congressional finding that FLSA "has been interpreted judicially in disregard of long-established customs, practices, and contracts between employers and employees," with various negative consequences); IBP, Inc. v. Alvarez, 126 S. Ct. 514, 519 (2005); Unexcelled Chem. Corp. v. United States, 345 U.S. 59, 61 (1953) ("The Portal-to-Portal Act was enacted to remedy what were deemed to be some harsh results of our decision in Anderson . . . ."). The Act pared back the broad definition of compensable work initially promulgated by the Supreme Court in Anderson. "Walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and activities which are preliminary to or postliminary to said principal activity or activities" are excluded from FLSA's protections by the Portal-to-Portal Act; employers need not pay employees overtime or minimum wage for such activity. 29 U.S.C. § 254(a). The question of what sorts of activities are "preliminary or postliminary" was most recently addressed by the Supreme Court in IBP, in which the Court held that the time spent walking from a locker room where employees donned required protective gear to the work site was compensable. 126 S. Ct. at 524.

The Portal-to-Portal Act speaks specifically to vehicular travel:

> For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.

29 U.S.C. § 254(a). Therefore, merely commuting in a government-owned vehicle is insufficient; the plaintiffs must perform additional legally cognizable work while driving to their workplace in order to compel compensation for the time spent driving. The question in this appeal is whether the requirements and restrictions placed on plaintiffs' commutes rise to that level.

D. Burden of Proof

The plaintiffs argue that the burden of proof lies with the government in this case, relying on a statement by the Supreme Court that "the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the government has the burden of proof." Corning Glass Works v. Brennan, 417 U.S. 188, 196-197 (1974). However, the Portal-to-Portal Act does not create an "exemption" in the same sense as the Supreme Court used the term in Corning. The cases the Court cited in support for its statement in Corning all related to the total exclusion of a particular worker or workers from certain FLSA protections. See A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 493 (1945) (issue was whether employees worked in a "retail establishment" and hence were wholly exempt from wage and hour requirements); Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960) (same); Walling v. General Indus. Co., 330 U.S. 545, 547-48 (1947) (whether employee was exempt due to being employed in "executive capacity"); Mitchell v. Ky. Fin. Co., 359 U.S. 290, 295 (1959)

(retail establishment). None of these cases speak to the exclusion of only some activities from FLSA; they all deal with the exempt status of a particular worker or workers. By settlement, the government has agreed that these plaintiffs are not FLSA-exempt. The issue of total FLSA exemption of the sort that the Supreme Court decided in Corning is therefore not before us.

Better guidance is found in Anderson, where the Court said: "An employee who brings suit . . . for unpaid minimum wages or unpaid overtime compensation . . . has the burden of proving that he performed work for which he was not properly compensated." Anderson, 328 U.S. at 686-87.[4] Typically, this question relates to whether the plaintiffs worked a certain amount of hours and whether those hours went uncompensated by the employer. However, there is an additional, earlier premise at issue in this case: namely, whether the alleged acts of the plaintiff constitute compensable "work" at all. The burden to prove that such work was performed necessarily includes the burden to demonstrate that what was performed falls into the category of compensable work. See, e.g., Baker v. Barnard Constr., 146 F.3d 1214, 1216 (10th Cir. 1998) (in Portal-to-Portal Act case, jury instruction "appropriately asks the jury whether Plaintiffs have proved that their return travel is compensable" (emphasis added)). Thus, the plaintiffs in this case had the burden of showing that their drive time was compensable work for FLSA purposes and of showing that it does not fall into the set of activities excluded from the definition of compensable work by the Portal-to-Portal Act as interpreted by our precedent.

---

[4] Although Anderson's definition of compensable work was modified by the Portal-to-Portal Act, Congress did not speak to the issue of the burden of proof. This statement by the Court therefore remains good law.

Since the burden of proof is on the plaintiffs, we reject their argument that summary judgment to the government was improper because the government presented minimal evidence. Since the plaintiffs' evidence does not demonstrate any ground for relief (for reasons discussed below), the government need not present any evidence to rebut the documentary evidence presented by the plaintiffs.

E. Merits

This court decided a similar case in Bobo v. United States, 136 F.3d 1465 (Fed. Cir. 1998). In Bobo, Border Patrol dog handlers raised a basically identical claim under FLSA. The dog handlers were required to commute to and from work in their government cars, monitor their vehicle radios, report mileage, be on the lookout for suspicious activity, and refrain from personal errands or detours. Id. at 1467. They were also required to stop to walk their dogs as needed. Id. The government credited the handlers an extra hour each day for dog care tasks at home but did not consider the driving time to be compensable. The dog handlers sued to obtain compensation for their commuting time.

In deciding Bobo, we noted with approval the Second Circuit's decision in Reich v. N.Y. City Transit Auth., 45 F.3d 646 (2d Cir. 1995), which stated that:

> The more the preliminary (or postliminary) activity is undertaken for the employer's benefit, the more indispensable it is to the primary goal of the employee's work, and the less choice the employee has in the matter, the more likely such work will be found to be compensable. . . . The ability of the employer to maintain records of such time expended is a factor. And, where the compensable preliminary work is truly minimal, it is the policy of the law to disregard it.

Id. at 650, quoted in Bobo, 136 F.3d at 1467. We concluded that though "the restrictions placed upon the INS Agents' commutes are compulsory, for the benefit of the INS, and closely related to the INS Agents' principal work activities . . . the burdens

alleged are insufficient to pass the de minimis threshold." Bobo, 136 F.3d at 1468 (citing Anderson, 328 U.S. at 692 ("When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded.")). Bobo is not identical but very similar to the case before us. The primary difference between the commuting conditions in Bobo and those in this case militates against plaintiffs, who do not make uncompensated dog-walking stops. Under the Portal-to-Portal Act, plaintiffs' driving time is not compensable.

Some of the plaintiffs in this case argue that, unlike in Bobo, there was a "custom or practice" of compensating them for their commuting time. If such a "custom or practice" existed, the Portal-to-Portal Act could be read not to allow the employer to cease compensating for the activity. See 29 U.S.C. § 252(a)(2). Those plaintiffs are correct that under Federal Personnel Manual System Letter No. 551-10, FLSA non-exempt officers were indeed compensated for their commute time. Prior to this litigation, though, the plaintiffs and other officers in the positions and grades at issue were classified as exempt from FLSA and were therefore not paid for their commutes. That exemption status has been changed by the settlement agreement, in which the government stipulated for the purpose of this case that the plaintiffs were non-exempt. Plaintiffs seize on this provision of the settlement to argue that, had the government not wrongly classified them as exempt, it would have applied Letter 551-10 and thus a "custom or practice" of compensation would have existed. However, hypothetical customs or practices do not suffice. In reality, the government did not compensate the plaintiffs for their commuting time; the plaintiffs cannot now rely on the settlement to rewrite history.

The plaintiffs also argue that 31 U.S.C. § 1344 should alter the outcome of this case. That statute is a money allocation provision that prohibits federal funds from being spent on transportation for other than official purposes. It makes clear that "transportation between the residence of an officer or employee and various locations that is . . . essential for the safe and efficient performance of . . . criminal law enforcement duties[] is transportation for an official purpose." Id. § 1344(a)(2). While the statute defines the commutes at issue here to be essential to the agencies for budgetary purposes, it does not follow that those commutes constitute compensable work by the officers. The fact that the commutes are not an illegal expenditure of government resources does not change the result: Bobo still teaches that commuting done for the employer's benefit, under the employer's rules, is noncompensable if the labor beyond the mere act of driving the vehicle is de minimis. That is the case here.

Neither these distinctions nor others advanced by the plaintiffs are persuasive, and so the holding in Bobo controls the legal conclusion in this case.

## III. CONCLUSION

Because Bobo entitles the government to judgment as a matter of law on the facts advanced by the plaintiffs, the Court of Federal Claims correctly granted summary judgment to the government. Its decision is therefore

AFFIRMED.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: [signature] Date: 3/21/07