IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN ADAMS, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 90-162-C and Consolidated Cases (Judge Lynn J. Bush) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of April 3, 2007, the parties respectfully advise the Court as follows:

1. The parties have conferred and continue to confer with regard to various remaining matters in this litigation.

2. Defendant has filed motions for partial summary judgment concerning GS-12 and GS-13 criminal investigators at the Department of Health and Human Services ("HHS") and at the Department of Housing and Urban Development ("HUD"). Plaintiffs' responded to these motions on March 29, 2007. Defendant's reply to plaintiffs' cross-motions for partial summary judgment and opposition to defendant's motions for partial summary judgment concerning GS-12 and GS-13 criminal investigators at the HHS and HUD is due on May 14, 2007, pursuant to an order of the Court entered on April 23, 2007.

3. Insofar as other so-called 1811 criminal investigators whose claims have not yet been litigated or settled, the following represents a list of the agencies where settlements have not been achieved with regard to GS-9 through GS-13 criminal investigators:

Department of the Treasury, Social Security Administration, Small Business Administration, Resolution Trust Corporation, Railroad Retirement Board, National Aeronautics and Space Administration, General Services Administration, Federal Deposit Insurance Corporation, Department of Transportation, Federal Aviation Administration, Department of the Navy, Department of Labor, Department of Justice, Department of Defense, General Accounting Office, Federal Emergency Management Agency, Equal Employment Opportunity Commission, Department of Education, Naval Criminal Investigative Service, Defense Criminal Investigative Service, Federal Bureau of Investigation, Department of Health and Human Services. With respect to the Department of Housing and Urban Development and the Department of Agriculture, settlement was achieved at the GS-9-11 levels but not at the GS-12-13 levels.

The following represents agencies where settlements have been achieved at the GS-9-12 levels but not at the GS-13 level:

Department of Commerce (including National Oceanic Atmospheric Administration, the Bureau of Export Administration, and the Office of Export Enforcement), Department of the Interior (including the Fish & Wildlife Service), Department of Veterans Affairs, Environmental Protection Agency, Food and Drug Administration, Immigration and Naturalization Service.

4. On February 15, 2007, plaintiffs submitted a proposed settlement agreement to defendant's counsel covering the claims of the diversion investigators at the Drug Enforcement Administration ("DEA"). Government counsel submitted the proposed settlement agreement to the authorized representative of the Attorney General, together with the necessary memorandum concerning the proposal, for review and approval.

5. On March 14, 2007, the United States Court of Appeals for the Federal Circuit denied plaintiffs' petition for panel rehearing and rehearing *en banc* with respect to the Federal Circuit's affirmance of this Court's April 27, 2005 disposition of the driving claims of plaintiffs in the grade GS-12 criminal investigator category. Plaintiffs intend to file a petition for writ of *certiorari*, which is currently due on June 19, 2007.

6. With regard to the driving claims of the grade GS-13 plaintiffs who were the subject of the November 22, 2006 settlement, the plaintiffs propose to await the outcome of further proceedings with regard to the GS-12s' driving claims as set forth in paragraph 5 before taking any action with regard to the GS-13s and other plaintiffs on their driving claims. Defendant believes that the Federal Circuit's decision in this case concerning the GS-12s' driving claims is a sufficient basis upon which to dismiss the other driving claims, and defendant reserves the right to file an appropriate motion to dismiss these claims without awaiting further proceedings.

7. The parties entered into a partial settlement agreement covering the claims of Marine Enforcement Officers at the United States Customs and Border Protection within the Department of Homeland Security and/or its predecessor the United States Customs Service, and a stipulation of partial dismissal with regard to these claims was filed with the Court on March 21, 2007. Additionally, plaintiffs' proposed settlement covering GS-5 and GS-7 criminal investigators at the

Naval Criminal Investigative Service, Fish &Wildlife Service, Environmental Protection Agency, and Internal Revenue Service, has been approved by the authorized representative of the Attorney General. Subject to defendant's final review of the agreement, it will be executed and the appropriate motions for partial dismissal shall be filed.

8. Other claims and issues that are under discussion between the parties include the following:

a. United States Marshals

b. Non-supervisory investigators for U.S. Attorneys (GS-13s and 14s)

c. Technicians at various agencies, including the Department of Homeland Security

d. United States Customs Service Operational Enforcement Officers

e. GM 12s & 13s

f. Sunday premium

G. Opa Locka claim which was added by way of an amendment as a result of Hurricane Andrew

h. Underpayment of AUO at certain agencies (principally DCIS)

I. Interest due on OASDI refunds paid to BATF plaintiffs

j. USSS1802 (Randy Espinoza and John P. Connelly)

k. Michael Banas - Defense Security Service Background Investigator and Customs Import Specialist

l. Three Customs plaintiffs who contend that they are entitled to back pay under March 16, 1994 settlement agreement:

Teena Fountaine (GS-9) claims entitlement to $974.00

Manuel Rascon (GS-9) claims entitlement to $487.00

Elissa Brown-Warpness (GS-12) claims entitlement to $2,932.00

m. Scott Curtis and Tom Radtke (USSS1802)

n. Attorneys' fees and expenses.

9. Insofar as the dismissal of any claims are concerned, because of the continued pendency of plaintiffs' driving claims as well as the fact that there may be plaintiffs whose employment by defendant was with more than one agency, one of which has not yet been settled, plaintiffs believe it not to be practical or appropriate to dismiss any of the pending claims. Defendant believes that it is appropriate to dismiss all plaintiffs who do not possess any identifiable unadjudicated claims pending in this case.

10. The parties propose that they submit a joint status report on or before June 8, 2007, to apprise the Court of the status of the resolution of the above-discussed matters.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Washington, D.C. 20036
Tel: (202) 616-8275
Fax: (202) 305-7643

OF COUNSEL:
Michael J. Dierberg
William Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

Attorneys for Defendant

Dated: May 8, 2007

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036

OF COUNSEL:
LINDA LIPSETT
Tel: (202) 296-1798
Fax: (202) 296-7220

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500
Fax: (202) 496-0555

Attorneys for Plaintiffs

Dated: May 8, 2007

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 8th day of May 2007, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Jules Bernstein