IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEPHEN ADAMS, et al., Plaintiffs, | ) | |
| v. | ) | Case No. 90-162-C and Consolidated Cases (Judge Lynn J. Bush) |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**PLAINTIFFS' MOTION TO AMEND ORDER**
**PURSUANT TO RCFC 59(a)(1) AND 60(b)**

Pursuant to RCFC 59(a)(1) and 60(b), plaintiffs hereby move the Court to reconsider and amend its order of September 21, 2007 by withdrawing its instruction to the Clerk to enter judgment pursuant to RCFC 54(b). The basis for plaintiffs' motion is as follows:

On September 21, 2007, the Court issued a ruling in this matter granting in part, and denying in part, Plaintiffs' Cross-Motion for Partial Summary Judgment filed on March 29, 2007. In its ruling, the Court held that certain GS-1811 criminal investigators at the Department of Health and Human Services ("HHS") were not exempt from coverage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; that defendant's FLSA violations were not willful within the meaning of 29 U.S.C. § 255(a); and that plaintiffs were entitled to recover liquidated damages under 29 U.S.C. § 260. Further, the Court found "no just reason for delay [] pursuant to RCFC 54(b)," and directed the Clerk to enter judgment "in accordance with the foregoing determinations." Because those determinations were not final for the purposes of issuing an order under RCFC 54(b), plaintiffs request the Court to amend its order by withdrawing its direction to the Clerk to enter judgment pursuant to RCFC 54(b). Plaintiffs'

counsel have consulted with counsel for defendant who has advised that defendant does not oppose the granting of this motion.

RCFC 54(b) permits the court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties…upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." However, because there has not been a final determination concerning the relief to which plaintiffs' are entitled, specifically the amount of back pay and liquidated damages each is due, the judgment on Plaintiffs' Motion for Partial Summary Judgment cannot be considered "final" for the purposes of RCFC 54(b). Therefore, entry of judgment pursuant to Rule 54(b) would be premature. Liberty Mutual v. Wetzel, 424 U.S. 737, 742-43 (1976); Houston Industries Inc. v. U.S., 78 F. 3d 564 (Fed. Cir. 1996).

In Houston, supra, the Federal Circuit held, quoting Sears Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956), that a judgment is final for Rule 54(b) purposes when it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." In this case, there has not been an ultimate disposition of any individual's claims by virtue of the Court's September 21, 2007 ruling. While the Court ruled on the issues of liability raised in plaintiffs' motion for partial summary judgment, no specific monetary relief was granted to entitled plaintiffs. For the disposition of an FLSA case seeking back wages to be final, the amount of back wages owed must be calculated. Liberty Mutual v. Wetzel, supra. (entry of judgment under Rule 54(b) was improper where district court determined issue of liability on employment discrimination claim but requests for relief, including damages, remained).[1/] Cf.

[1/] 28 U.S.C. § 1291 limits the jurisdiction of the courts of appeals other than the Federal Circuit to final decisions of the district courts. The corresponding provision of 28 U.S.C. § 1295, in pertinent part, limits the jurisdiction of the Federal Circuit to "a final decision of the United States

Bassett, New Mexico LLC v. U.S., 55 Fed.Cl. 63 (2002); Abcon Associates, Inc. v. U.S., 49 Fed.Cl. 678, 690 (2001) ("final judgment is not entered until the issue of damages is resolved").

For the above-stated reason, plaintiffs move the Court to reconsider and amend its September 21, 2007 order by withdrawing its direction to the Clerk to enter judgment pursuant to RCFC 54(b).

Respectfully submitted,

OF COUNSEL:
Linda Lipsett

**s/Jules Bernstein**
Jules Bernstein (Counsel of Record)
Bernstein & Lipsett
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 955-1390
(202) 296-7220 facsimile

**s/Edgar James**
Edgar James
James & Hoffman
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile

Attorneys for Plaintiffs

Dated: October 1, 2007

---

Court of Federal Claims."

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 1st day of October 2007, a copy of the foregoing "MOTION TO AMEND ORDER PURSUANT TO RCFC 59(a)(1) AND 60(b)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Jules Bernstein