IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN ADAMS, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 90-162-C and Consolidated Cases (Judge Lynn J. Bush) |

**JOINT STATUS REPORT**

Pursuant to the orders contained in the two partial summary judgment opinions issued by the court on September 21, 2007, the parties respectfully advise the Court as follows:

1. In the referenced opinions, the Court denied the Government's motions for partial summary judgment concerning plaintiffs employed by the Office of Inspector General ("OIG") in the Departments of Health and Human Services ("HHS") and Housing and Urban Development ("HUD"), granted in part and denied in part plaintiffs' cross-motion for partial summary judgment as to the referenced plaintiffs, and directed the parties to file a joint status report proposing further proceedings regarding damages.

2. The determination of damages turns significantly upon the number of overtime hours worked by each of the plaintiffs. Information and evidence concerning hours that are compensable under the Fair Labor Standards Act ("FLSA"), but not under the Federal Employee Pay Act, lies primarily with the individual plaintiffs, because this information would not appear in the time and attendance records maintained by the Government for employees, such as plaintiffs, who were classified as exempt from the FLSA during these periods. If the parties proceed to either litigate or stipulate to the amount of damages due each plaintiff, the starting

point would be to ascertain the number of overtime hours worked by each plaintiff during each relevant pay period.

3. Alternatively, if the parties were to reach a settlement of the claims in question, damages could be estimated based upon a methodology similar to that utilized in various previous partial settlement agreements settling the claims of other plaintiffs in these consolidated actions. However, if the possibility of settlement is to be pursued, the parties believe that they should explore a broader settlement covering plaintiffs who were employed in the OIG of various agencies in addition to HHS and HUD. This would avoid piecemeal litigation and/or settlement of numerous claims that are generally similar to the claims of the plaintiffs covered by the Court's September 21, 2007 decisions. In addition, it may be possible to negotiate a settlement of various OIG plaintiffs in conjunction with various non-OIG plaintiffs.

5. The parties propose that, in lieu of litigating damages at this time with respect to the plaintiffs covered by the Court's September 21, 2007 decision, the parties be given an opportunity to explore the possibility of a settlement encompassing, but not limited to, those plaintiffs. The parties further propose that they submit a joint status report on or before January 25, 2008, to apprise the Court of the status of this effort.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036

OF COUNSEL:
LINDA LIPSETT
Tel: (202) 296-1798
Fax: (202) 296-7220

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500
Fax: (202) 496-0555

Attorneys for Plaintiffs

Dated: October 26, 2007

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Washington, D.C. 20036
Tel: (202) 616-8275
Fax: (202) 305-7643

OF COUNSEL:
Michael J. Dierberg
William Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

Attorneys for Defendant

Dated: October 26, 2007