IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN ADAMS, et al., Plaintiffs, | |
| v. | Case No. 90-162-C and Consolidated Cases (Judge Lynn J. Bush) |
| UNITED STATES OF AMERICA, Defendant. | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of November 14, 2007, the parties respectfully advise the Court as follows:

1. The parties have conferred and continue to confer with regard to various remaining matters in this litigation.

2. The majority of plaintiffs covered under the November 22, 2006 partial settlement agreement covering plaintiffs at the GS-13 Grade level in Occupational Code 1811 at the Bureau of Alcohol, Tobacco and Firearms ("BATF") , the Internal Revenue Service ("IRS"), the Drug Enforcement Administration ("DEA"), the United States Customs Service ("USCS"), and the United States Secret Service ("USSS") received payment of their claims. However, some plaintiffs have not yet been paid. Specifically, on December 14, 2006, plaintiffs' counsel notified defendant by letter that the employment history of several plaintiffs was missing, making it impossible for defendant to calculate their claims. Further, by letters dated June 14, 2007 and August 10, 2007, plaintiffs' counsel notified defendant that the claims of various plaintiffs were not paid. Since the filing of the last status report, several plaintiffs identified in Exhibit A to the November 7, 2007 status report have been paid. Government counsel has not yet received the missing information

concerning two plaintiffs employed by BATF and anticipates that the documentation necessary to effectuate payment for one additional plaintiff will be transmitted to the Department of the Treasury within one week. Seven plaintiffs employed by DEA listed on the aforementioned Exhibit A were paid. However, the claims of plaintiffs Charles Gardner, Thomas Ward, and Michael Brown have not been. Further, since the last status report, seven plaintiffs employed by USCS were paid, leaving the claims of Thomas Baumgardner and Arthur Reifke as the two employees whose claims have not been paid. Finally, the outstanding claims of plaintiffs employed by the IRS as GS-13s have either been paid, or documentation necessary to effectuate payment will be transmitted to the Department of the Treasury within one week.

3. Concerning criminal investigators whose claims have not yet been litigated or settled, settlement has not been achieved with regard to GS-9 through GS-13 criminal investigators at the following agencies:

> Department of the Treasury, Social Security Administration, Small Business Administration, Resolution Trust Corporation, Railroad Retirement Board, National Aeronautics and Space Administration, General Services Administration, Federal Deposit Insurance Corporation, Department of Transportation, Federal Aviation Administration, Department of the Navy, Department of Labor, Department of Justice, Department of Defense, General Accounting Office, Federal Emergency Management Agency, Equal Employment Opportunity Commission, Department of Education, Naval Criminal Investigative Service, Defense Criminal Investigative Service,

Federal Bureau of Investigation, Department of Health and Human Service, and others.

Settlements have been achieved at the GS-9-12 levels but not at the GS-13 level at the following agencies:

Department of Commerce (including National Oceanic Atmospheric Administration, the Bureau of Export Administration, and the Office of Export Enforcement), Department of the Interior (including the Fish and Wildlife Service), Department of Veterans Affairs, Environmental Protection Agency, Food and Drug Administration, Immigration and Naturalization Service, and others.

4. On December 21, 2007, plaintiffs submitted a settlement proposal to the Government that would resolve the majority of claims of the plaintiffs employed by the agencies above. The Government is evaluating plaintiffs' proposal, and Government counsel anticipates providing plaintiffs' counsel with a preliminary response to the proposal on or before February 22, 2008.

5. On March 14, 2007, the United States Court of Appeals for the Federal Circuit denied plaintiffs’ petition for panel rehearing and rehearing en banc with respect to the Federal Circuit’s affirmance of this Court’s April 27, 2005 disposition of the driving claims of plaintiffs in the grade GS-12 criminal investigator category. Plaintiffs filed a petition for writ of certiorari on July 27, 2007. Plaintiffs’ petition was denied on January 7, 2008 and plaintiffs are presently considering how to proceed with the driving claims of both the GS-12 and the GS-13 plaintiffs. Defendant believes that the Federal Circuit’s decision in this case concerning the GS-12s’ driving claims requires prompt dismissal of the remaining driving claims, and defendant reserves the right to file an appropriate

motion to dismiss these claims without awaiting further proceedings, if plaintiffs do not promptly dismiss them voluntarily.

6. Between March 29, 2007 and June 15, 2007, the majority of plaintiffs covered under the December 2, 2005 Partial Settlement Agreement Covering Plaintiffs at the Drug Enforcement Administration in Occupational Series 080, 334, 391, 856 and 1802 at the GS-9 through GS-13 Grade Levels received payment of their claims. However, the claims of the Estate of Elton Armstead and the Estate of Gary Green have not yet been paid. Defendant anticipates that documentation necessary to effectuate payment will be transmitted to the Department of the Treasury by February 15, 2008.

7. On September 13, 2007, plaintiffs covered under the Partial Settlement Agreement covering the claims of Marine Enforcement Officers at the United States Customs and Border Protection within the Department of Homeland Security and/or its predecessor, the United States Customs Service, received payment. However, between September 4, 2007 and October 9, 2007, plaintiffs' counsel notified defendant that eleven plaintiffs believed to be entitled to back pay under such settlement agreement were not paid. In the last status report, defendant stated that it was reviewing this matter. At present, none of the individuals have been paid.

8. On June 1, 2007, a proposed settlement agreement covering the claims of the diversion investigators at the DEA was approved by the authorized representative of the Attorney General. Pursuant to the settlement agreement, on September 26, 2007, plaintiffs provided defendant with their overtime hours worked during the relevant time period. Further, defendant provided plaintiffs with a proposed methodology to calculate such claims. Plaintiffs thereafter notified defendant of their objections to such methodology. Defendant has reviewed these

objections, and believes that there are few, if any, genuine disagreements concerning the methodology, but that there are features of the methodology that may be clarified. The parties are continuing to attempt to resolve their differences concerning the methodology and expect a resolution of such differences in the near future.

9. Other claims and issues that are under discussion between the parties include the following:

a. United States Marshals

b. Non-supervisory investigators for U.S. Attorneys (GS-13s and 14s)

c. Technicians and other plaintiffs in non-1811 positions at various agencies, including the Department of Homeland Security

d. USCS Operational Enforcement Officers

e. GM 12s & 13s

f. Sunday premium

g. Opa Locka claim which was added by way of an amendment as a result of Hurricane Andrew

h. Underpayment of AUO at certain agencies (principally DCIS)

I. Interest due on OASDI refunds paid to BATF plaintiffs

j. USSS1802 (Randy Espinoza and John P. Connelly)

k. Michael Banas - Defense Security Service Background Investigator and Customs Import Specialist

l. Three USCS plaintiffs who contend that they are entitled to back pay under a March 16, 1994 settlement agreement:

Teena Fountaine (GS-9) claims entitlement to $974.00

Manuel Rascon (GS-9) claims entitlement to $487.00

Elissa Brown-Warpness (GS-12) claims entitlement to $2,932.00

m. Scott Curtis and Tom Radtke (USSS1802)

n. Attorneys' fees and expenses.

10. Insofar as the dismissal of any claims are concerned, because plaintiffs are considering their options insofar as the driving claims are concerned as well as the fact that there may be plaintiffs whose employment by defendant was with more than one agency, one of which has not yet been settled, plaintiffs believe it not to be practical or appropriate to dismiss any of the pending claims. Defendant believes that it is appropriate to dismiss all plaintiffs who do not possess any identifiable unadjudicated claims pending in this case.

11. The parties propose that they submit a joint status report on or before February 29, 2008, to apprise the Court of the status of the above-discussed matters.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Washington, D.C. 20036
Tel: (202) 616-8275
Fax: (202) 305-7643

OF COUNSEL:
Michael J. Dierberg
William Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

Attorneys for Defendant

Dated: January 18, 2008

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036

OF COUNSEL:
LINDA LIPSETT
Tel: (202) 296-1798
Fax: (202) 296-7220

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500
Fax: (202) 496-0555

Attorneys for Plaintiffs

Dated: January 15, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of January, 2008, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**