IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STEPHEN ADAMS, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 90-162-C
and Consolidated Cases
(Judge Lynn J. Bush)

## JOINT STATUS REPORT

Pursuant to the Court's Order of March 10, 2008, the parties respectfully advise the Court as follows:

1. The parties have conferred and continue to confer with regard to various remaining matters in this litigation.

2. The majority of plaintiffs covered under the November 22, 2006 Partial Settlement Agreement Covering Plaintiffs at the GS-13 Grade level in Occupational Code 1811 at the Bureau of Alcohol, Tobacco and Firearms ("BATF"), the Internal Revenue Service ("IRS"), the Drug Enforcement Administration ("DEA"), the United States Customs Service ("USCS") and the United States Secret Service ("USSS") received payment of their claims. However, some plaintiffs have not yet been paid. Specifically, on December 14, 2006, plaintiffs' counsel notified defendant by letter that the employment history of several plaintiffs was missing, making it impossible for defendant to calculate their claims. Further, by letters dated June 14, 2007 and August 10, 2007, plaintiffs' counsel notified defendant that the claims of various plaintiffs were not paid. With respect to the plaintiffs identified in Exhibit A to the November 7, 2007 status report as not having been paid, the parties stated, in the last status report, that Government counsel had received information

that was previously missing concerning two plaintiffs employed by BATF. Since the filing of the last status report, the documentation necessary to effectuate payment for these two plaintiffs, and for four plaintiffs employed by the IRS who were referenced in the last status report as not having been paid, has been prepared, and counsel anticipate that this documentation will be transmitted to the Department of the Treasury within the next few days. The Government has determined that plaintiffs Thomas Ward, Michael Brown, and Arthur Reifke are not entitled to payment under the settlement in question because they did not occupy positions at the GS-13 grade level during the period covered by the settlement. Plaintiffs' counsel require additional time to determine whether they agree that this determination is accurate. The Government is still attempting to locate the relevant employment records concerning plaintiffs Charles Gardner and Thomas Baumgardner.

3. Concerning criminal investigators whose claims have not yet been litigated or settled, settlement has not been achieved with regard to GS-9 through GS-13 criminal investigators at the following agencies:

> Department of the Treasury, Social Security Administration, Small Business Administration, Resolution Trust Corporation, Railroad Retirement Board, National Aeronautics and Space Administration, General Services Administration, Federal Deposit Insurance Corporation, Department of Transportation, Federal Aviation Administration, Department of the Navy, Department of Labor, Department of Justice, Department of Defense, General Accounting Office, Federal Emergency Management Agency, Equal Employment Opportunity Commission, Department of Education, Naval Criminal

Investigative Service, Defense Criminal Investigative Service, Federal Bureau of Investigation, Department of Health and Human Service, and others.

Settlements have been achieved at the GS-9-12 levels but not at the GS-13 level at the following agencies:

Department of Commerce (including National Oceanic Atmospheric Administration, the Bureau of Export Administration, and the Office of Export Enforcement), Department of the Interior (including the Fish and Wildlife Service), Department of Veterans Affairs, Environmental Protection Agency, Food and Drug Administration, Immigration and Naturalization Service, and others.

4. On December 21, 2007, plaintiffs submitted a settlement proposal to the Government that would resolve the majority of claims of the plaintiffs employed by the agencies above as well as plaintiffs employed by the Office of Inspector General ("OIG") of the Department of Health and Human Services ("HHS") and the OIG of the Department of Housing and Urban Development ("HUD"). The Government has evaluated plaintiffs' proposal, and Government counsel provided plaintiffs' counsel with a response to the proposal on February 22, 2008. Plaintiffs' counsel are presently evaluating the Government's proposal.

5. On March 14, 2007, the United States Court of Appeals for the Federal Circuit denied plaintiffs' petition for panel rehearing and rehearing en banc with respect to the Federal Circuit's affirmance of this Court's April 27, 2005 disposition of the driving claims of plaintiffs in the grade GS-12 criminal investigator category. Plaintiffs filed a petition for writ of certiorari on July 27,

2007. Plaintiffs' petition was denied on January 7, 2008 and plaintiffs are presently considering how to proceed with other driving claims. Defendant believes that the Federal Circuit's decision in this case concerning the GS-12s' driving claims requires dismissal of the remaining driving claims, and defendant intends to file a dispositive motion concerning these claims within the next few weeks.

6. On September 13, 2007, plaintiffs covered under the Partial Settlement Agreement covering the claims of Marine Enforcement Officers at the United States Customs and Border Protection within the Department of Homeland Security and/or its predecessor, the United States Customs Service, received payment. However, between September 4, 2007 and October 9, 2007, plaintiffs' counsel notified defendant that eleven plaintiffs believed to be entitled to back pay under such settlement agreement were not paid. Counsel for the parties have recently determined that two of these plaintiffs – Russell G. Perras and Steven D. Harper – are not eligible for back pay under this settlement. The remainder of these plaintiffs were not paid based upon a determination by the defendant that they were not eligible. Defendant, however, is presently in the process of verifying the accuracy of this determination.

7. On June 1, 2007, a proposed settlement agreement covering the claims of the diversion investigators at the DEA was approved by the authorized representative of the Attorney General. Pursuant to the settlement agreement, on September 26, 2007, plaintiffs provided defendant with their overtime hours worked during the relevant time period. Further, defendant provided plaintiffs with a proposed methodology to calculate such claims. Plaintiffs thereafter notified defendant of their objections to such methodology. Defendant has reviewed these objections, and believes that there are few, if any, genuine disagreements concerning the methodology, but that there are features of the methodology that may be clarified. The parties are

continuing to attempt to resolve their differences concerning the methodology and expect a resolution of such differences in the near future.

8. Other claims and issues that are under discussion between the parties include the following:

a. United States Marshals

b. Non-supervisory investigators for U.S. Attorneys (GS-13s and 14s)

c. Technicians and other plaintiffs in non-1811 positions at various agencies, including the Department of Homeland Security

d. USCS Operational Enforcement Officers

e. GM 12s & 13s

f. Sunday premium

g. Opa Locka claim which was added by way of an amendment as a result of Hurricane Andrew

h. Underpayment of AUO at certain agencies (principally DCIS)

I. Interest due on OASDI refunds paid to BATF plaintiffs

j. USSS1802 (Randy Espinoza and John P. Connelly)

k. Michael Banas - Defense Security Service Background Investigator and Customs Import Specialist

l. Scott Curtis and Tom Radtke (USSS1802)

M. Attorneys' fees and expenses.

9. Insofar as the dismissal of any claims are concerned, because plaintiffs' are considering their options insofar as the driving claims are concerned as well as the fact that there

may be plaintiffs whose employment by defendant was with more than one agency, one of which has not yet been settled, and because plaintiffs' claims for attorneys' fees and expenses have not been resolved, plaintiffs believe it not to be practical or appropriate to dismiss any of the pending claims. Defendant believes that it is appropriate to dismiss all plaintiffs who do not possess any identifiable unadjudicated claims pending in this case.

10. The parties propose that they submit a joint status report on or before June 30, 2008, to apprise the Court of the status of the resolution of the above-discussed matters.

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036

OF COUNSEL:
LINDA LIPSETT
Tel: (202) 296-1798
Fax: (202) 296-7220

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500
Fax: (202) 496-0555

Attorneys for Plaintiffs

Dated: March 31, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Washington, D.C. 20036
Tel: (202) 616-8275
Fax: (202) 305-7643

OF COUNSEL:
Michael J. Dierberg
William Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

Attorneys for Defendant

Dated: March 31, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2008, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**