No. 90-162C
and consolidated cases
(Judge Bush)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STEPHEN S. ADAMS, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant,

---

# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REGARDING REMAINING "DRIVING TIME" CLAIMS

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

TODD M. HUGHES
Deputy Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

**Filed electronically**

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

April 11, 2008

TABLE OF CONTENTS

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REGARDING REMAINING "DRIVING TIME" CLAIMS . . . . . 1

DEFENDANT'S BRIEF . . . . . 2

Question Presented . . . . . 2

Statement Of The Case . . . . . 2

STATEMENT OF FACTS . . . . . 4

ARGUMENT . . . . . 8

I. Under Controlling Precedent And The Law Of The Case, Plaintiffs Are Not Entitled To FLSA Compensation For Time Solely Spent Driving A Government Vehicle Between Home And Work . . . . 8

II. There Is No Material Difference Between The Driving Claims Involved Here And Those Previously Decided In This Case . . . . . 10

CONCLUSION . . . . . 13

# TABLE OF AUTHORITIES

## CASES

Adams v. United States,
65 Fed. Cl. 217 (2005), aff'd, 471 F.3d 1321 (2006),
reh'g and reh'g en banc denied, 219 Fed. Appx. 993 (Fed. Cir. 2007),
cert. denied, 128 S.Ct. 866 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 11

Adams v. United States,
471 F.3d 1321 (2006), reh'g and reh'g en banc denied,
219 Fed. Appx. 993 (Fed. Cir. 2007),
cert. denied, 128 S.Ct. 866 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10, 11

Arizona v. California,
460 U.S. 605 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Bell Atlantic Corp. v. Twombly,
127 S.Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Bobo v. United States,
136 F.3d 1465 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

Christianson v. Colt Indus. Operating Corp.,
486 U.S. 800 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Coltec Indus., Inc. v. United States,
454 F.3d 1340 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Crowley v. United States,
398 F.3d 1329 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## STATUTES

Fair Labor Standards Act, 29 U.S.C. § 201 et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## RULES

RCFC 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# INDEX TO THE APPENDIX

Boston v. U.S., No. 01-518, Partial Settlement Agreement Covering Plaintiffs at BATF in Occupational Codes 856 and 1801 and Plaintiffs at USSS in Occupational Codes 072, 080, 391, 1397 and 1802 at the GS-9 through GS-13 Grade Levels, October 15, 2003 . . . . . 1

Adams v. U.S., No. 90-162, Partial Settlement Agreement Covering Plaintiffs at the GS-12 Grade Level in Occupational Codes 1811 and 1812 at Agencies Listed in Exhibit A, September 8, 2004 . . . . . 10

Adams v. U.S., No. 90-162, Partial Settlement Agreement Covering Plaintiffs at the GS-12 Grade Level in Occupational Code 1811 at IRS-ISD, November 1, 2004 . . . . . 21

Boston v. U.S., No. 01-518, Partial Settlement Agreement Covering Plaintiffs at Drug Enforcement Administration in OPM Occupational Series 080, 334, 391, 856, and 1802 Non-Supervisory Positions at the GS-9 through GS-13 Grade Levels, December 2, 2005 . . . . . 31

Boston v. U.S., No. 01-518, Partial Settlement Agreement Covering Plaintiffs within the Bureau of Immigration and Customs Enforcement within the Department of Homeland Security, and/or Its Predecessor the United States Custom Service, (Collectively, "ICE") as Technical Enforcement Officers at the GS-9 through GS-13 Grade Levels, December 2, 2005 . . . . . 45

Adams v. U.S., No. 90-162, Partial Settlement Agreement Covering Plaintiffs at the GS-13 Grade Level in Occupational Code 1811 at BATF, IRS, DEA, USCS and USSS, November 22, 2006 . . . . . 57

Adams v. U.S., No. 90-162, Partial Settlement Agreement Covering Plaintiffs within the United States Customs and Border Protection within the Department of Homeland Security and/or Its Predecessor the United States Customs Service as Marine Enforcement Officers at the GS-9 through GS-12 Grade Levels, March 19, 2007 . . . . . 67

Adams v. U.S., No. 90-162, Partial Settlement Agreement Re FLSA Covering GS-5 and/or GS-7 in Occupational Codes 1811 and 1812 Plaintiffs, May 22, 2007 . . . . . 75

Boston v. U.S., No. 01-518, Partial Settlement Agreement Covering Plaintiffs at Drug Enforcement Administration in OPM Occupational Series 1801 and 1810 Non-Supervisory Positions at the GS-9 through GS-13 Grade Levels, June 29, 2007 . . . . . 86

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEPHEN S. ADAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 90-162C |
| | ) | and consolidated cases |
| THE UNITED STATES, | ) | (Judge Bush) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
REGARDING REMAINING "DRIVING TIME" CLAIMS

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims, defendant respectfully requests the Court to grant summary judgment dismissing the plaintiffs' claims for overtime pay pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., arising from employment as grade GS-13 criminal investigators with the Bureau of Alcohol, Tobacco and Firearms ("BATF"), the Drug Enforcement Administration ("DEA"), the Internal Revenue Service ("IRS"), the Customs Service ("USCS"), and the Secret Service ("USSS"); as grade GS-12 criminal investigators at the Department of Commerce ("DOC"), the Department of the Interior ("DOI"), Department of Veterans Affairs ("VA"), the Environmental Protection Agency ("EPA"), the Food and Drug Administration ("FDA"), and the IRS Internal Security Division ("IRS-ISD"); as grade GS-5 and GS-7 criminal investigators at EPA, IRS, the Fish and Wildlife Service ("F&WS"), and the Naval Criminal Investigative Service ("NCIS"); as grade GS-12 Marine Enforcement Officers ("MEOs"); as USSS employees in occupational series GS-072, 080, 391, 1397, and 1802; as BATF employees in occupational series GS-856 and 1801, as DEA employees in occupational series GS-080, 334, 391, 856, and 1802; as DEA diversion investigators; and as USCS or Immigration and Customs Enforcement ("ICE") Technical Enforcement Officers.

The grounds for this motion are that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. In support of our motion, we rely upon the pleadings, the following brief, the attached appendix, and the separately filed proposed findings of uncontroverted fact.[1]

DEFENDANT'S BRIEF

Question Presented

Whether plaintiffs are entitled to FLSA overtime pay for time solely spent driving between home and work in a Government vehicle.

Statement Of The Case

This case concerns more than 14,000 employees at various Federal agencies who have sued to recover various forms of overtime and premium pay. This motion concerns plaintiffs' claims for FLSA overtime arising from employment in the positions and agencies identified above. The parties have entered into partial settlement agreements that resolved these claims, except in the following respect: These settlements, like certain earlier settlements in this case pertaining to employment in criminal investigator positions and various other positions, do not cover claims based upon time plaintiffs solely spent driving to and from work in a Government vehicle. The parties filed a stipulation of partial dismissal with respect to the claims covered by these settlements.

In August 2002 – after the parties entered into the first two settlement agreements reserving home-to-work driving claims – the Government filed a motion for summary judgment as to these claims. Specifically, we sought dismissal of plaintiffs' claims arising from their

[1] "App. ___" refers to the appendix to this motion.

driving between home and work while they were employed in USCS as MEOs at grades GS-9 or GS-11, or in USSS as series GS-080 physical security specialists or GS-391 telecommunication specialists at grades GS-9 or GS-11, or as series GS-072 fingerprint specialists or GS-1397 document analysts at grade GS-9. In September 2004 – after the parties entered into a settlement containing a similar reservation of driving claims in connection with plaintiffs' employments as grade GS-12 criminal investigators at BATF, DEA, IRS, USCS, and USSS – plaintiffs filed a motion for summary judgment as to these driving time claims, and we filed a cross-motion for summary judgment as to these claims.

This Court granted summary judgment in the Government's favor, holding that the driving in question did not constitute compensable work under the FLSA, and dismissing all of the driving claims addressed by these motions. The United States Court of Appeals for the Federal Circuit unanimously affirmed this decision. Plaintiffs' petition for rehearing en banc was denied. Finally, the Supreme Court denied plaintiffs' petition for a writ of certiorari. See Adams v. United States, 65 Fed. Cl. 217 (2005), aff'd, 471 F.3d 1321 (2006) , reh'g and reh'g en banc denied, 219 Fed. Appx. 993 (Fed. Cir. 2007), cert. denied, 128 S.Ct. 866 (2008).

The above-discussed motions addressed all of the FLSA claims in these consolidated cases that had been settled prior to October 2003 subject to a reservation of the driving time issue for judicial resolution. This motion addresses the FLSA claims in these consolidated cases that were settled subject to the same reservation since that time. The issue presented here and in the previous motions are the same. The activity in question – driving between home and work in a Government vehicle – is the same. The job duties are the same or nearly the same. Indeed, for the most part, this motion concerns the same positions at the same agencies as were involved in

the earlier motions, the difference consisting only in the pay grade involved. This motion also involves the same positions at several agencies that were not involved in the earlier motions, as well as several positions that were not involved in the earlier motions but are similar to those positions in all material respects. With respect to the question whether the driving in question constitutes compensable work under the FLSA, there is no material difference between the driving involved here and in the above-discussed motions. Under controlling precedent and under the law of the case, as established in by the prior rulings of this Court and the Federal Circuit in this case, all of the home-to-work driving claims that have been carved out of settlement agreements and reserved for adjudication in these consolidated cases must be dismissed as a matter of law.

STATEMENT OF FACTS

In October 2003, the parties entered into a partial settlement agreement in this case and another case involving similar claims – Boston v. United States, No. 01-518C (Fed. Cl.) – covering plaintiffs' claims for FLSA overtime arising from employment at BATF and USSS in various technical positions relating to law enforcement (occupational series GS-856 and 1801 at BATF and GS-072, 080, 391, 1397, and 1802 at USSS) in grades GS-9 through GS-13. App. 1-10. The agreement stated:

> The parties herewith agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them . . . with the exception of their claims based upon time solely spent driving to and from work in a government-owned or leased vehicle, which the parties agree shall be the subject of further litigation herein.

App. 2, ¶ 4 (emphasis added). The agreement provided for the release of the Government from the FLSA claims covered by the agreement, App. 6, ¶ 5.I, and stated that "such release will not

affect any right any plaintiff may have to continue to pursue . . . their claims for the time spent driving a government vehicle from home to work and work to home ('driving time') as an FLSA non-exempt employee," App. 7, ¶ 5.K.

In September 2004, the parties entered into a partial settlement agreement covering plaintiffs' claims for FLSA overtime arising from employment as grade GS-12 criminal investigators with DOC, DOI, VA, EPA, and FDA. App. 10-20. The agreement stated:

> The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them . . . with the exception of their claims based upon time <u>solely</u> spent driving to and from work in a government vehicle, which the parties agree shall be the subject of further litigation herein.

App. 11, ¶ 4 (emphasis added). The agreement provided for the release of the Government from the FLSA claims covered by the agreement, App. 16, ¶ 5.K, and stated that "such release will not affect any right any plaintiff may have to continue to pursue . . . their claims for the time <u>solely</u> spent driving a government vehicle from home to work and work to home ('driving time') as an FLSA non-exempt employee," App. 16-17, ¶ 5.M (emphasis added).

In November 2004, the parties entered into a partial settlement agreement covering plaintiffs' claims for FLSA overtime arising from employment as grade GS-12 criminal investigators with IRS-ISD. App. 21-30. The agreement contained the identical terms (quoted above) concerning home-to-work driving time as were contained in the September 2004 settlement agreement. App. 22.

In December 2005, the parties entered into a partial settlement agreement in this case, in <u>Boston</u>, and in nine more recent cases, covering plaintiffs' claims for FLSA overtime arising from employment at DEA in various technical positions relating to law enforcement

(occupational series GS- 080, 334, 391, 856, and 1802), at grades GS-9 through GS-13. App. 31-44. The agreement contained the identical terms (quoted above) concerning home-to-work driving time as were contained in the September 2004 settlement agreement. App. 34.

Also in December 2005, the parties entered into a partial settlement agreement in this case, in Boston, and in 12 more recent cases, covering plaintiffs' claims for FLSA overtime arising from employment at USCS or ICE as Technical Enforcement Officers at grades GS-9 through GS-13. App. 45-56. The agreement contained the identical terms (quoted above) concerning home-to-work driving time as were contained in the October 2003 settlement agreement. App. 49-50.

In November 2006, the parties entered into a partial settlement agreement in this case covering plaintiffs' claims for FLSA overtime arising from employment as grade GS-13 criminal investigators with BATF, DEA, IRS, USCS, and USSS. App. 57-66. The agreement contained the identical terms (quoted above) concerning home-to-work driving time as were contained in the September 2004 settlement agreement. App. 58.

In March 2007, the parties entered into a partial settlement agreement in this case and another case – Boyer v. United States, No. 00-641C (Fed. Cl.) – covering plaintiffs' claims for FLSA overtime arising from employment as MEOs at grade GS-12 in this case and at grades GS-9 and GS-11 in Boyer. App. 67-74.[2] The agreement contained the identical terms (quoted above) concerning home-to-work driving time as were contained in the September 2004 settlement agreement. App. 68.

---

[2] The plaintiffs in Boyer are GS-9 and GS-11 MEOs who filed suit after the GS-9 and GS-11 MEO claims in this case were settled. The MEO claims in this case that were settled in March 2007 are those involving grade GS-12.

In May 2007, the parties entered into a partial settlement agreement covering plaintiffs' claims for FLSA overtime arising from employment as grade GS-5 and GS-7 criminal investigators with EPA, IRS, F&WS, and NCIS. App. 75-85. The agreement contained the identical terms (quoted above) concerning home-to-work driving time as were contained in the September 2004 settlement agreement. App. 76.

In June 2007, the parties entered into a partial settlement agreement in this case, in Boston, and in 13 more recent cases, covering plaintiffs' claims for FLSA overtime arising from employment as DEA diversion investigators at grades GS-9 through GS-13. App. 86-99. The agreement contained the identical terms (quoted above) concerning home-to-work driving time as were contained in the September 2004 settlement agreement. App. 90.

Pursuant to the terms of these partial settlement agreements, the parties filed stipulations of partial dismissal with the Court, dismissing the claims settled by the agreements. Each stipulation described the claims settled, and stated that the agreement did not cover "plaintiffs' FLSA claims for the time solely spent driving a Government vehicle between home and work . . . ." Docket Entries 500, 521, 528, 611, 634, 651, 658 and 682.

## ARGUMENT

I. Under Controlling Precedent And The Law Of The Case, Plaintiffs Are Not Entitled To FLSA Compensation For Time Solely Spent Driving A Government Vehicle Between Home And Work

As the Federal Circuit has observed, "[t]here can be no question that the Court of Federal Claims is required to follow the precedent of the Supreme Court, our court, and our predecessor court, the Court of Claims." Coltec Indus., Inc. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006). This Court "may not deviate from the precedent of the United States Court of Appeals for the Federal Circuit any more than the Federal Circuit can deviate from the precedent of the United States Supreme Court." Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005).

Federal Circuit precedent is all the more controlling where, as here, the precedent is established in a decision affirming this Court's decision in an earlier stage of the same case. In such circumstances, the Federal Circuit's decision, as well as the rulings of this Court that were affirmed, constitute the law of the case, and should be followed in later stages of the same litigation. "As most commonly defined, the doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16(1988) (internal brackets omitted), quoting Arizona v. California, 460 U.S. 605, 618 (1983).

The legal issues governing this motion have been decided in the Government's favor by this Court earlier in this case, and this decision has been affirmed upon appeal. In a thorough and carefully-reasoned opinion, this Court addressed home-to-work driving claims that were identical to those involved in the present motion, involving many of the same plaintiffs and other

plaintiffs in the same agencies and positions but at a different pay grade, as well as other plaintiffs in the same or related positions at other agencies. The Court concluded that the Government was entitled to judgment as a matter of law. Thus, with respect to the Government's August 2002 summary judgment motion concerning plaintiffs' claims arising from their driving between home and work while they were employed in USCS as MEOs at grades GS-9 or GS-11, or in USSS in various technical positions, the Court stated:

> The only type of claim addressed in defendant's 2002 motion is commuting time claims while driving a government vehicle to and from work, as substantiated by the settlement agreements concerning these plaintiffs. . . . Despite plaintiffs' contention that defendant "has submitted no facts, material or otherwise, in support of its motion," Pls.' 2002 Opp. at 2, the court finds that defendant has identified the plaintiffs, claims, and controlling law concerning those claims to a degree sufficient to decide defendant's 2002 motion as a matter of law.

65 Fed. Cl. at 231. Similarly, with respect to the parties' 2004 cross-motions for summary judgment concerning plaintiffs' claims arising from their driving between home and work while they were employed as grade GS-12 criminal investigators at BATF, DEA, IRS, USCS, and USSS, the Court stated:

> The only type of claim addressed in defendant's 2004 motion is commuting time claims for "'time spent solely driving'" a government vehicle to and from work, as substantiated by the 2003 settlement agreement concerning these plaintiffs. . . . Despite plaintiffs' contention that defendant "has submitted no facts in support of its motion," Pls.' 2004 Opp. at 33, the court finds that defendant has identified the plaintiffs, claims, and controlling law concerning those claims to a degree sufficient to decide defendant's 2004 motion as a matter of law.

65 Fed. Cl. at 240. Accordingly, this Court granted the Government's 2002 motion and its 2004 cross-motion for summary judgment.

In so ruling, this Court relied largely upon Bobo v. United States, 136 F.3d 1465 (Fed. Cir. 1998), a case in which the Federal Circuit rejected home-to-work driving claims under the FLSA by Immigration and Naturalization Service ("INS") Border Patrol agent dog handlers, who were required by the INS to have their dogs reside with them, and were provided by the agency with specially equipped vehicles to transport the dogs between their homes and Border Patrol offices or other work locations. In affirming this Court's decision of the 2002 and 2004 motions in this case, the Federal Circuit similarly relied upon its prior decision in Bobo, and held: "Because Bobo entitles the government to judgment as a matter of law on the facts advanced by the plaintiffs, the Court of Federal Claims correctly granted summary judgment to the government." 471 F.3d at 1328.

In sum, according to binding precedent and the law of the case, plaintiffs are not entitled to compensation under the FLSA for time spent solely driving between home and work in a Government vehicle.

## II. There Is No Material Difference Between The Driving Claims Involved Here And Those Previously Decided In This Case

In the earlier decisions in this case concerning home-to-work driving, this Court and the Federal Circuit applied the reasoning in Bobo – a case involving INS dog handlers – to a variety of other positions at other agencies. Although the decisions in this case involved positions that were different from the dog handlers in Bobo and different from each other, neither this Court nor the Federal Circuit found these differences to be material to the issue whether the plaintiffs involved were entitled to FLSA compensation for their home-to-work driving. Indeed, despite these differences, the Federal Circuit expressly found all of these driving claims to be materially

the same, observing that "[i]n Bobo, Border Patrol dog handlers raised a basically identical claim under FLSA." 471 F.3d at 1326 (emphasis added).

Further, the common denominator that this Court found to underlie all of the driving claims it decided in this case was that the nature and scope of these claims were defined by the relevant partial settlement agreements and stipulations of partial dismissal to consist of claims for driving between home and work, not claims for driving in the course of other activities that might constitute compensable work. 65 Fed. Cl. at 231, 240.[3] The same common denominator underlies all of the claims involved in the present motion. All of these claims are claims reserved for adjudication under the terms of partial settlement agreements that otherwise settled the FLSA claims of the plaintiffs arising from employment in the agencies, positions, and grades referenced in these agreements, and each of these agreements states that the parties "agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them . . . with the exception of their claims based upon time solely spent driving to and from work in a government vehicle, " App. 11, 22, 34, 58, 76, 90, (emphasis added), or, in the case of two settlement agreements, "a government-owned or leased vehicle," App. 2, 50, 68.

---

[3] The Court noted that, "[i]n the 1999 and 2000 agreements, these claims are referred to as 'time spent driving a government vehicle from home to work and from work to home,'" whereas "[i]n the 2003 agreement, the preserved driving time claims are described as 'time solely spent driving a government vehicle from home to work and work to home.'" 65 Fed. Cl. at 220. As the Court further noted, however,"Defendant's counsel explained that the addition of the word 'solely' to the 2003 stipulation was simply to clarify the limited nature of plaintiffs' preserved claims, and that the 1999 and 2000 stipulations were similarly limited in nature . . . , [and] [p]laintiffs did not challenge this interpretation of the scope of plaintiffs' driving time claims." Id. at 233 n.9. .

Thus, plaintiffs cannot distinguish their driving claims from those previously adjudicated in this case by pointing to differences between the agencies, positions, and grades involved in the prior adjudication and those involved in this motion, between the nature of the driving done in the course of performing the duties of the previously addressed positions and the positions involved here, or between the time spent by plaintiffs in the former positions and in the latter positions performing activities during their commutes beyond solely driving.[4] No such distinctions are relevant to what is at issue here: time solely spent driving to and from work.

Further, the complaints in these consolidated cases allege no facts concerning plaintiffs' home-to-work driving that can serve as a basis for distinguishing the driving involved here from the driving previously addressed by this Court and by the Federal Circuit in this case and in Bobo. Indeed, the pleadings contain no allegations at all concerning driving. Cf. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)," (citations and footnote omitted)).

Finally, the documents contained in the record that was before this Court when it decided the 2002 and 2004 motions were not unique to the specific positions and grades involved in those motions. Apart from the relevant partial settlement agreements, these documents were offered by plaintiffs in connection with the grade GS-12 criminal investigator positions at BATF,

[4] To the extent that plaintiffs may have performed such activities during the commutes in question, those activities do not require additional back pay for that time, but preclude it, regardless of whether those activities constituted compensable work, because plaintiffs' claims for time spent on such activities are covered by the settlements in question. The only time reserved by the settlement for adjudication is time solely spent driving to and from work. The compensability of time spent by plaintiffs performing other activities is simply not before the Court.

DEA, IRS, USCS, and USSS, but the documents did not pertain to any particular grade. To the extent that these documents had any bearing upon the compensability of home-to-work driving by GS-12 criminal investigators at these agencies, these documents have the same bearing upon the compensability of such driving by GS-13 criminal investigators at these agencies. The same record supports summary judgment for the Government as to the latter just as it did as to the former. And, given the reasoning of this Court and the Federal Circuit in rejecting the driving claims of the GS-12 criminal investigators at these agencies and of USCS MEOs and USSS physical security specialists, telecommunication specialists, fingerprint specialists, and document analysts at various grades, plaintiffs cannot argue that the other home-to-work driving claims at issue in this motion – all of which involve criminal investigator positions at other agencies or related technical positions at the same agencies – are materially different from those previously decided.

CONCLUSION

For the foregoing reasons, the Court should enter summary judgment in the Government's favor, dismissing plaintiffs' remaining claims for overtime pay pursuant to the FLSA arising from employment as grade GS-13 criminal investigators with BATF, DEA, IRS, USCS, and USSS; as grade GS-12 criminal investigators at DOC, DOI, VA, EPA, FDA, AND IRS-ISD; as grade GS-5 and GS-7 criminal investigators at EPA, IRS, F&WS, and NCIS; as grade GS-12 MEOs; as USSS employees in occupational series GS-072, 080, 391, 1397, and 1802; as BATF employees in occupational series GS-856 and 1801; as DEA employees in occupational series GS-080, 334, 391, 856, and 1802; as DEA diversion investigators; and as USCS or ICE Technical Enforcement Officers.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

**s/Todd M. Hughes**
TODD M. HUGHES
Deputy Director

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

**Filed electronically**

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

April 11, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REGARDING REMAINING 'DRIVING TIME' CLAIMS," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**

No. 90-162C
and consolidated cases
(Judge Bush)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STEPHEN S. ADAMS, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

APPENDIX TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
REGARDING REMAINING "DRIVING TIME" CLAIMS

---

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

TODD M. HUGHES
Deputy Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

**Filed electronically**

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

April 11, 2008

# INDEX TO THE APPENDIX

Boston v. U.S., No. 01-518, Partial Settlement Agreement Covering Plaintiffs at BATF in Occupational Codes 856 and 1801 and Plaintiffs at USSS in Occupational Codes 072, 080, 391, 1397 and 1802 at the GS-9 through GS-13 Grade Levels, October 15, 2003 . . . . . . 1

Adams v. U.S., No. 90-162, Partial Settlement Agreement Covering Plaintiffs at the GS-12 Grade Level in Occupational Codes 1811 and 1812 at Agencies Listed in Exhibit A, September 8, 2004 . . . . . . 10

Adams v. U.S., No. 90-162, Partial Settlement Agreement Covering Plaintiffs at the GS-12 Grade Level in Occupational Code 1811 at IRS-ISD, November 1, 2004 . . . . . . 21

Boston v. U.S., No. 01-518, Partial Settlement Agreement Covering Plaintiffs at Drug Enforcement Administration in OPM Occupational Series 080, 334, 391, 856, and 1802 Non-Supervisory Positions at the GS-9 through GS-13 Grade Levels, December 2, 2005 . . . . . . 31

Boston v. U.S., No. 01-518, Partial Settlement Agreement Covering Plaintiffs within the Bureau of Immigration and Customs Enforcement within the Department of Homeland Security, and/or Its Predecessor the United States Custom Service, (Collectively, "ICE") as Technical Enforcement Officers at the GS-9 through GS-13 Grade Levels, December 2, 2005 . . . . . . 45

Adams v. U.S., No. 90-162, Partial Settlement Agreement Covering Plaintiffs at the GS-13 Grade Level in Occupational Code 1811 at BATF, IRS, DEA, USCS and USSS, November 22, 2006 . . . . . . 57

Adams v. U.S., No. 90-162, Partial Settlement Agreement Covering Plaintiffs within the United States Customs and Border Protection within the Department of Homeland Security and/or Its Predecessor the United States Customs Service as Marine Enforcement Officers at the GS-9 through GS-12 Grade Levels, March 19, 2007 . . . . . . 67

Adams v. U.S., No. 90-162, Partial Settlement Agreement Re FLSA Covering GS-5 and/or GS-7 in Occupational Codes 1811 and 1812 Plaintiffs, May 22, 2007 . . . . . . 75

Boston v. U.S., No. 01-518, Partial Settlement Agreement Covering Plaintiffs at Drug Enforcement Administration in OPM Occupational Series 1801 and 1810 Non-Supervisory Positions at the GS-9 through GS-13 Grade Levels, June 29, 2007 . . . . . . 86

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RALPH E. BOSTON, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 01-518C<br>(Judge Charles F. Lettow) |
| STEPHEN S. ADAMS, et al.<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 90-162C<br>and consolidated cases<br>(Judge Lynn J. Bush) |

**PARTIAL SETTLEMENT AGREEMENT COVERING PLAINTIFFS AT BATF IN OCCUPATIONAL CODES 856 AND 1801 AND PLAINTIFFS AT USSS IN OCCUPATIONAL CODES 072, 080, 391, 1397 AND 1802 AT THE GS-9 THROUGH GS-13 GRADE LEVELS**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), for certain periods while

such plaintiffs were employed by defendant and treated as exempt from the overtime provisions of the FLSA by the Bureau of Alcohol, Tobacco and Firearms ("BATF") while employed in OPM occupational series 856 and 1801, and by the United States Secret Service ("USSS") while employed in OPM occupational series 072, 080, 391, 1397, and 1802 at grades GS-9 through GS-13, and whose claims for unpaid overtime pay under the FLSA arising from employment in the foregoing positions have not been the subject of any judgment or settlement in any proceeding, including this case, which covers the same period of time.

2. The term "defendant" as used herein refers to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs claim they did not receive in connection with the Agencies[1] having treated them as employees exempt from the overtime provisions of the FLSA.

4. The parties herewith agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for all pay periods in which they occupied the OPM occupational series and grades set forth in paragraph 1, with the exception of their claims based upon time solely spent driving to and from work in a government-owned or leased vehicle, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth below, and these terms have been accepted on behalf of the Attorney General.

A. Except as expressly limited below, each plaintiff who has been employed by one or both of the Agencies within the series and at the grades set forth in paragraph 1 shall receive retroactive back pay as provided in the schedule set forth below. Back pay shall be computed for

[1] BATF and USSS are referred to herein as "the Agencies."

each pay period during which he or she was employed at the grade and series during the twenty-six month period preceding the date that a complaint was filed on behalf of that plaintiff until such time as (1) that plaintiff ceased or ceases employment within the grades or series set forth in paragraph 1 at the Agencies; or (2) when the Agencies reclassify (or reclassified) or treat (or treated) such plaintiff as FLSA non-exempt, whichever occurs first.

**Back Pay per Pay Period**

| Step | Grade 9 | Grade 10 | Grade 11 | Grade 12 | Grade 13 |
|---|---|---|---|---|---|
| 1 | 250.00 | 263.00 | 275.00 | 300.00 | 325.00 |
| 2 | 258.25 | 271.67 | 284.07 | 309.90 | 335.70 |
| 3 | 266.51 | 280.36 | 293.16 | 319.80 | 346.40 |
| 4 | 274.77 | 289.05 | 302.24 | 329.70 | 357.10 |
| 5 | 283.01 | 297.72 | 311.30 | 339.50 | 367.80 |
| 6 | 291.21 | 306.25 | 320.32 | 349.30 | 378.40 |
| 7 | 299.36 | 314.82 | 329.28 | 359.00 | 388.90 |
| 8 | 307.44 | 323.32 | 338.17 | 368.60 | 399.40 |
| 9 | 315.74 | 332.02 | 347.30 | 378.50 | 410.10 |
| 10 | 323.94 | 340.62 | 356.32 | 388.30 | 420.70 |

B. The amount of back pay credited to each plaintiff pursuant to the formula specified above, minus the applicable percentage deducted for Federal income taxes, and minus the appropriate percentage deducted for social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by check jointly to the order of Jules Bernstein and Linda Lipsett as attorneys-at-law (B&L), to be held by them in trust for the plaintiffs. In addition, the defendant shall

pay the appropriate employer share, if any, of social security, Medicare and other taxes as may be due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff. Said attorneys shall post a fidelity bond covering honesty only equal to the lump sums paid by the defendant which shall cover all monies contained in the trust account.

C. For plaintiffs referred to in paragraph 1, payment shall include interest as provided under section 6621(a)(1) of the Internal Revenue Code of 1986, compounded daily. Interest shall begin to accrue from December 1, 2002, until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel.

D. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank, specifying the basis for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90)

days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiff's counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

E. Within sixty days after the effective date of this Agreement, the parties will endeavor to agree on the identities of the plaintiffs who are entitled to recover hereunder. The plaintiffs will within thirty days of this agreement provide defendant with a list in hard copy and on computer disk, of such plaintiffs' names, social security numbers and the docket numbers of the cases in which each such plaintiff joined this consolidated action, and the date such case was filed. The defendant shall make its best effort to certify to the FMS or other appropriate agency of defendant, the amounts to be paid for each such plaintiff, and the basis therefore within 90 days after it has the information described above regarding each plaintiff, and will certify to plaintiffs' counsel a list of such plaintiffs and the amount each plaintiff is owed pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.C.

F. Defendant shall issue an IRS Form W-2 Wage and Tax Statement for each plaintiff for the back pay that is paid pursuant to the Agreement, and an IRS Form 1099-INT for each plaintiff for the interest that may be paid pursuant to this Agreement.

G. The United States shall not bear any of the costs of distribution by said attorneys of each plaintiff's respective share of the recovery.

H. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.B, any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation affecting the right to receive the distribution shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

I. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A herein.

J. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.D.

K. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including their claims for the time spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee; for FLSA overtime compensation, liquidated damages and/or interest pending before the Comptroller General and/or the Office of Personnel Management, and for damages, compensation and interest sought in Adams v. United States, Case No. 00-447(C), pending in this Court, or on appeal, and/or for Sunday premium pay and/or interest and any other recovery including attorneys' fees and costs. Solely for the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that such plaintiffs while employed by the agencies at the grades and series covered by this Agreement, were FLSA non-exempt.

L. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

M. Upon execution of this Agreement, the parties shall file with the Court a stipulation of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraph 5.D of this Agreement as well as plaintiffs' claims for attorneys' fees and costs, if not resolved under paragraph 5.L herein.

N. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding delay and providing plaintiffs relief for the claims specified in paragraphs 5.A, the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

O. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

P. This Agreement shall become effective on the date it has been signed by all counsel for the parties.

JULES BERNSTEIN
Bernstein & Lipsett
1920 L Street, N.W., Suite 602
Washington, D.C. 20036
Tel: (202) 955-1390

OF COUNSEL:

LINDA LIPSETT
Bernstein & Lipsett
1920 L Street, N.W., Suite 602
Washington, D.C. 20036
Tel: (202) 955-1395

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 10/15/03

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 305-7561

Attorneys for Defendant

Dated: 10/14/03

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN S. ADAMS, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 90-162C and consolidated cases (Judge Lynn J. Bush) |

**PARTIAL SETTLEMENT AGREEMENT COVERING PLAINTIFFS AT THE GS-12 GRADE LEVEL IN OCCUPATIONAL CODES 1811 AND 1812 AT AGENCIES LISTED IN EXHIBIT A**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207, ("FLSA"), for certain periods while such plaintiffs were employed by defendant at grade GS-12 within OPM occupational series 1811 and 1812 ("1811/1812"), and who were treated as exempt from the overtime provisions of the FLSA by the agencies listed in Exhibit A (collectively "the Agencies"), and whose claims for unpaid overtime pay under the FLSA arising from employment in the foregoing positions have not been the subject of any judgment or settlement in any proceeding, other than this case, which covers the same period of time.

2. The term "defendant" as used herein shall refer to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs assert they did not receive in connection with the Agencies having treated them as employees exempt from the overtime provisions of the FLSA.

4. The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for pay periods in which they occupied positions with the Agencies as 1811/1812s at the GS-12 grade level, with the exception of their claims based upon time solely spent driving to and from work in a government vehicle, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth below, and these terms have been accepted on behalf of the Attorney General.

A. Except as expressly limited below, each plaintiff who has been employed by one or more of the Agencies as an 1811/1812 at grade GS-12 shall receive retroactive compensation as provided in the schedule set forth in subsection B below for each pay period during which he or she was so employed during the twenty-six month period preceding the date a complaint was filed herein on his/her behalf until the date that such plaintiff (1) ceased employment as an 1811/1812 at a grade 12 or ceased employment at the agencies covered by this Agreement; (2) or was no longer eligible for FLSA overtime by reason of receiving Law Enforcement Availability Pay pursuant to 5 U.S.C. § 5545a.

B. Such retroactive compensation to which plaintiffs are entitled shall be calculated and be payable to them in accordance with the following schedule for each pay period during which each plaintiff covered herein was employed by one or more of the Agencies as a GS-12 1811/1812 during the periods covered by this Agreement as specified above. Such plaintiffs shall each be entitled to recover hereunder as follows:

| GS-12 RATES | |
|---|---|
| **STEP** | **AMOUNT** |
| 1 | $301.00 |
| 2 | $310.00 |
| 3 | $319.00 |
| 4 | $329.00 |
| 5 | $339.00 |
| 6 | $349.00 |
| 7 | $358.00 |
| 8 | $368.00 |
| 9 | $378.00 |
| 10 | $387.00 |

C. The amount of retroactive compensation credited to each plaintiff pursuant to the formula specified above, minus the applicable percentage deducted for Federal income taxes, and minus the appropriate percentage deducted for social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by check jointly to the order of Jules Bernstein and Linda Lipsett as attorneys-at-law (B&L), to be held by them in trust for the plaintiffs. In addition, the defendant shall

pay the appropriate employer share, if any, of social security and Medicare taxes due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff.

D. Defendant shall make its best efforts to compute the amount of back pay owed each plaintiff for the periods set forth in Section 5.A within 180 days of the receipt from plaintiffs of the information described in Section 5.G.

E. For plaintiffs referred to in paragraph 1, payment shall include interest as provided under section 6621(a)(1) of the Internal Revenue Code of 1986, compounded daily. Interest shall begin to accrue 180 days from the signing of this agreement until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel.

F. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank specifying the basis

for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiffs' counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

G. Within thirty days after the effective date of this Agreement, plaintiffs' attorneys will certify a list of plaintiffs who they believe are entitled to recover hereunder. The list, in hard copy

and on computer disk, shall include each plaintiff's name, social security number and the docket number of the case in which such plaintiff joined this consolidated action, and the date such case was filed. The defendant shall make its best effort to certify to the FMS or other appropriate agency of defendant, the amounts to be paid for each such plaintiff, and the basis therefore within 90 days after it has the information described above regarding each plaintiff, and will certify to plaintiffs' counsel a list of such plaintiffs and the amount each plaintiff is owed pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.C.

H. Defendant shall issue an IRS Form W-2 Wage and Tax Statement for each plaintiff for the back pay that is paid pursuant to the Agreement, and an IRS Form 1099-INT for each plaintiff for the interest that may be paid pursuant to this Agreement.

I. The United States shall not bear any of the cost of distribution by said attorneys of each plaintiff's respective share of the recovery.

J. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.D., any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in

litigation shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

K. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A. herein.

L. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.F.

M. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including their claims for the time solely spent driving a government vehicle from home

to work and work to home ("driving time") as an FLSA non-exempt employee; for FLSA overtime compensation, liquidated damages and/or interest pending before the Comptroller General and/or the Office of Personnel Management, and for damages, compensation and interest sought in Adams v. United States, Case No. 04-5012, pending in the United States Court of Appeals for the Federal Circuit, for Sunday premium pay and/or interest and any other recovery including attorneys fees and costs. Solely for the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that such plaintiffs while employed by the agencies as GS-12 1811s and/or 1812s were FLSA non-exempt.

N. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

O. Upon execution of this Agreement, the parties shall file with the Court a stipulation of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraph 5.F. of this Agreement as well as plaintiffs' claims for attorneys' fees and costs if not resolved under paragraph 5.N herein.

P. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding delay, and of providing plaintiffs relief for the claims specified in paragraphs 5. A and B, the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

Q. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

R. This Agreement shall become effective on the date it has been signed by counsel for the parties and the stipulation of partial dismissal referred to above in Section 5. O has been filed in the United States Court of Federal Claims.

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1390

LINDA LIPSETT
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1395

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 9-2-04

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L. Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 305-7563

Attorneys for Defendant

Dated: 9/8/04

EXHIBIT A

Department of Commerce (including NOAA, the Bureau of Export Administration, and the Office of Export Enforcement)

Department of the Interior (including the Fish & Wildlife Service)

Department of Veterans Affairs ✓

Environmental Protection Agency ✓

Food and Drug Administration ✓

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN S. ADAMS, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 90-162C and consolidated cases (Judge Lynn J. Bush) |

**PARTIAL SETTLEMENT AGREEMENT**
**COVERING PLAINTIFFS AT THE GS-12 GRADE LEVEL**
**IN OCCUPATIONAL CODE 1811 AT IRS-ISD**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207, ("FLSA"), for certain periods while such plaintiffs were employed by defendant at grade GS-12 within OPM occupational series 1811 ("1811"), and who were treated as exempt from the overtime provisions of the FLSA by the Internal Revenue Service, Internal Security Division ("IRS-ISD" or "the agency") by which they were employed, and whose claims for unpaid overtime pay under the FLSA arising from employment in the foregoing positions have not been the subject of any judgment or settlement in any proceeding other than this case, which covers the same period of time.

2. The term "defendant" as used herein shall refer to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs assert they did not receive in connection with the Agency having treated them as employees exempt from the overtime provisions of the FLSA.

4. The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for certain of the pay periods in which they occupied positions with the Agency as 1811s at the GS-12 grade level, with the exception of their claims based upon time solely spent driving to and from work in a government vehicle, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth below, and these terms have been accepted on behalf of the Attorney General.

A. Except as expressly limited below, each plaintiff who has been employed by the Agency as an 1811 at grade GS-12 shall receive retroactive compensation as provided in the schedule set forth in subsection B below for each pay period during which he or she was so employed during the twenty-six month period preceding the date a complaint was filed herein on his/her behalf until the date that such plaintiff (1) ceased employment as an 1811 at grade 12; (2) ceased employment at the Agency; or (3) was no longer eligible for FLSA overtime by reason of receiving Law Enforcement Availability Pay pursuant to 5 U.S.C. § 5545a.

B. Such retroactive compensation to which plaintiffs are entitled shall be calculated and be payable to them in accordance with the following schedule for each pay period during which each plaintiff covered herein was employed by the Agency as a GS-12 1811 during the periods covered by this Agreement as specified above. Such plaintiffs shall each be entitled to recover hereunder as follows:

| GS-12 RATES | |
|---|---|
| **STEP** | **AMOUNT** |
| 1 | $271.00 |
| 2 | $279.00 |
| 3 | $287.00 |
| 4 | $296.00 |
| 5 | $305.00 |
| 6 | $314.00 |
| 7 | $322.00 |
| 8 | $331.00 |
| 9 | $340.00 |
| 10 | $348.00 |

C. The amount of retroactive compensation credited to each plaintiff pursuant to the formula specified above, minus a percentage deducted for Federal income taxes, and minus a percentage deducted for social security taxes and Medicare, if any, has been or will be paid by the defendant in lump sums jointly to the order of Jules Bernstein and Linda Lipsett as attorneys-at-law (B&L), and has been or will be held by them in trust for the plaintiffs. In addition, the defendant shall pay the appropriate employer share, if any, of social security and Medicare taxes due. Defendant will provide to B&L a separate statement setting

forth the bases upon which each plaintiff's recovery was determined. B&L has deposited or will deposit said funds in a trust account for distribution within 45 days of receipt to each plaintiff (or in the case of a deceased plaintiff, to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff.

D. Defendant has made or will make its best efforts to compute the amount of back pay owed each plaintiff for the periods set forth in Section 5.A. within 90 days. For plaintiffs referred to in paragraph 1 who have not yet received payment, payment shall include interest as provided under section 6621(a)(1) of the Internal Revenue code of 1986, compounded daily. Interest shall begin to accrue within ninety days of signing of the agreement until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel.

E. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the date of this agreement, whichever is later, specifying the basis for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or

plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiffs' counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

F. Within thirty days after the effective date of this Agreement, plaintiffs' attorneys will certify a list of plaintiffs who they believe are entitled to recover hereunder. The list, in hard copy and on computer disk, shall include each plaintiff's name, social security number and the docket number of the case in which such plaintiff joined this consolidated action, and the date such case was filed. The

defendant shall make its best effort to certify to the FMS or other appropriate agency of defendant, the amounts to be paid for each such plaintiff if not already paid, and the basis therefore within 90 days after it has the information described above regarding each plaintiff, and will certify to plaintiffs' counsel a list of all plaintiffs covered by this Agreement and the amount each plaintiff is owed pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.C.

G. Defendant shall issue an IRS Form W-2 Wage and Tax Statement for each plaintiff for the back pay that is paid pursuant to the Agreement, and an IRS Form 1099-INT for each plaintiff for the interest that may be paid pursuant to this Agreement.

H. The United States shall not bear any of the cost of distribution by said attorneys of each plaintiff's respective share of the recovery or other disbursements to them.

I. At the expiration of a period of 24 months after the defendant has delivered the aforementioned funds to B&L as specified in paragraph 5.C., any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation affecting the right to receive the distribution shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at

the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

J. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A. herein.

K. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.F.

L. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including their claims for the time solely spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee; for FLSA overtime compensation, liquidated damages and/or interest pending before the Comptroller General and/or the Office of Personnel

Management, and for damages, compensation and interest sought in Adams v. United States, Case No. 04-5012, pending in the United States Court of Appeals for the Federal Circuit, for Sunday premium pay and/or interest and any other recovery including attorneys fees and costs. Solely for the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that such plaintiffs while employed by the IRS-ISD as GS-12 1811s were legally entitled to be classified as FLSA non-exempt.

M. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

N. Upon execution of this Agreement, the parties shall file with the Court a stipulation of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraph 5.E. of this Agreement as well as plaintiffs' claims for attorneys' fees and costs if not resolved under paragraph 5.M herein.

O. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United

States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding delay, and of providing plaintiffs relief for the claims specified in paragraphs 5. A and B, the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

P. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

Q. This Agreement shall become effective on the date it has been signed by counsel for the parties and the stipulation of partial dismissal referred to above in Section 5. N has been filed in the United States Court of Federal Claims.

R. To the extent that any plaintiff has received a recovery hereunder which exceeds the amounts provided for in Section 4(b) above, such amounts, less any excess social security and Medicare tax which has been withheld from such plaintiff by defendant, shall be refunded to defendant by counsel for plaintiffs as soon as possible but not later than June 30, 2005.

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1390

LINDA LIPSETT
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1395

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 11/1/04

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L. Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 305-7563

Attorneys for Defendant

Dated: 11/1/04

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RALPH E. BOSTON, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 01-518C (Judge Charles Lettow) |
| STEPHEN S. ADAMS, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 90-162C and consolidated cases (Judge Lynn J. Bush) |
| RICHARD L. LYON, Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | Case No. 03-2836C (Judge Bohdan Futey) |
| JOSEPH A. DANCA, et al. Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 04-0023C (Judge Lynn J. Bush) |
| MANNIX ACEVEDO, et al. Plaintiffs, v. | Case No. 04-0045C |

| | |
|---|---|
| | (Judge Lynn J. Bush) |
| UNITED STATES OF AMERICA,<br>Defendant. | |
| HUEL B. BENTON, III, et al.<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 04-233C<br>(Judge Lynn J. Bush) |
| JOHN O. HARAZDA, et al.<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 04-302C<br>(Judge Lynn J. Bush) |
| RICHARD J. CAMPBELL, et al.<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 04-707C<br>(Judge Lynn J. Bush) |
| MIQUEL L. CARRASQUILLO, et al.<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 04-1732C<br>(Judge Lynn J. Bush) |
| WILLIAM E. ATKINSON, et al. | |

Plaintiffs, ) Case No. 05-124C (Judge Lynn J. Bush)

v.

UNITED STATES OF AMERICA,

Defendant.

---

PERCY DAVIS, et al.

Plaintiffs, ) Case No. 05-230C (Judge Lynn J. Bush)

v.

UNITED STATES OF AMERICA,

Defendant.

---

**PARTIAL SETTLEMENT AGREEMENT**
**COVERING PLAINTIFFS AT DRUG ENFORCEMENT ADMINISTRATION**
**IN OPM OCCUPATIONAL SERIES 080, 334, 391, 856, AND 1802**
**NON-SUPERVISORY POSITIONS AT THE GS-9 THROUGH GS-13 GRADE LEVELS**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 207, ("FLSA"), for certain periods a) while such plaintiffs were employed by the Drug Enforcement Administration ("DEA") in non-supervisory positions at grades GS-9 through GS-13 within OPM occupational series 391 or in other OPM technical series that were reclassified to occupational series

391, including but not limited to series 080, 334, 856 and 1802 positions, b) who were treated as exempt from the overtime provisions of the FLSA by DEA, or were treated as non-exempt but were not paid in accordance with the FLSA, and c) whose claims for unpaid overtime pay under the FLSA arising from employment by DEA in the foregoing positions have not been the subject of any judgment or settlement in any proceeding, other than these cases, which cover the same period of time.

2. The term "defendant" as used herein shall refer to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs assert they did not receive in connection with the defendant and DEA having paid them improperly.

4. The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for pay periods in which they occupied the OPM occupational series and grades set forth in paragraph 1, with the exception of their claims based upon time solely spent driving to and from work in a government vehicle, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth herein, and these terms have been accepted on behalf of the Attorney General for defendant.

A. Except as expressly limited below, each plaintiff who has been employed by DEA within the OPM occupational series and grades set forth in paragraph 1 shall receive retroactive compensation for pay periods during which he or she was so employed during the twenty-six (26)

month period preceding the date a complaint was filed herein on his/her behalf until the date that such plaintiff (1) ceased employment within the OPM occupational series and grades set forth in paragraph 1; or (2) until the date that plaintiff was treated both as FLSA non-exempt and received Administratively Uncontrollable Overtime pay, whichever is earlier as between subparagraph (1) and subparagraph (2). Such plaintiffs shall receive overtime compensation in accordance with the categories and pay tables set forth in paragraph 5.B.

B. Compensation for the plaintiffs' unpaid overtime shall be paid based on the pay schedules derived from the Rest of U.S. Locality Pay Table (or, in years prior to the introduction of locality pay in January 1, 1994, the General Schedule) using the pay schedule applicable to the particular year in which the FLSA overtime was worked by a plaintiff but not properly paid. For the time period set forth in paragraph 5.A, plaintiffs will compute the number of FLSA overtime hours for time "suffered or permitted" to work before and after their regularly scheduled tours of duty, during meal periods, unrecorded compensatory time, and for hours that correspond to regular working hours when required to travel as a passenger on an overnight assignment away from the official duty station and for all such hours on non-work days if the plaintiff was required to drive a government vehicle on such overnight assignment. The defendant will compute the number of all other FLSA hours and Title 5 overtime hours for which plaintiffs are entitled to receive back pay including, but not limited to, recorded compensatory time taken, recorded compensatory time not taken, AUO, and regularly scheduled overtime. The amounts due pursuant to this paragraph shall be increased

by seventy-five (75) percent as liquidated damages. For the purposes of computing the amounts of back pay due pursuant to this paragraph before the computation of liquidated damages, hours of work that were compensated by compensatory time off shall be treated as having been compensated at the basic hourly rate applicable to the compensatory time off. To the extent that DEA has previously paid back pay to certain plaintiffs for FLSA overtime due and owing, such amount shall be offset against the total amounts due each respective plaintiff pursuant to this partial settlement agreement after the computation of liquidated damages.

C. Plaintiffs shall complete and verify the claim form set forth as Exhibit A within 90 days of the signing of this agreement. With respect to any plaintiffs who are deceased, their calculations will be based upon the average back pay received by the other plaintiffs covered by this agreement in a manner to be resolved by the parties. Upon submission of the claim form, defendant shall calculate the overtime due pursuant to paragraphs 5.A and B.

D. In the event defendant disputes the number of hours claimed by a plaintiff for FLSA overtime hours set forth in paragraph 5.B, the parties agree to utilize the following dispute resolution mechanism as the sole means of resolving the dispute: defendant's counsel shall notify plaintiffs' counsel, in writing, within seventy-five (75) days of the date that the Government receives the plaintiffs' calculations concerning these hours. Defendant's counsel shall specify, in writing, the basis for the dispute, including all available documentation upon which the defendant relies as the basis for the dispute. Upon notification to plaintiffs' counsel that a dispute exists,

the parties shall have ninety (90) days within which to recompute the number of hours claimed on a plaintiff's claim form as set forth in paragraph 5.C. In the event the parties are unable to resolve the dispute to the defendant's satisfaction, the dispute will be held in abeyance until June 30 or December 30, whichever occurs first, at which time all unresolved disputes, at the discretion of plaintiffs' counsel, may be submitted to the Court to be resolved, based solely upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court for additional back pay and/or interest, he/she shall also be entitled to an award of reasonable attorneys' fees and costs.

E. The amount of retroactive compensation credited to each plaintiff pursuant to the formula specified above, minus the applicable percentage deducted for Federal income taxes, and minus the appropriate percentage deducted for social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by check jointly to the order of Jules Bernstein and Linda Lipsett as attorneys-at-law (B&L), to be held by them in trust for the plaintiffs. In addition, the defendant shall pay the appropriate employer share, if any, of social security and Medicare taxes due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery

in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff.

F. Defendant shall make its best efforts to compute the amount of back pay owed each plaintiff for the periods set forth in Section 5.A within ninety (90) days of the receipt from plaintiffs of the information described in paragraph 5.C. and to certify to the FMS or other appropriate agency of defendant, the amounts to be paid for each plaintiff. Immediately upon certification to FMS, defendant shall certify to plaintiffs' counsel a list of plaintiffs and the amount due each plaintiff pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.D.

G. For plaintiffs referred to in paragraph 1, payment shall include interest as provided under section 6621(a)(1) of the Internal Revenue Code of 1986, compounded daily. Interest shall begin to accrue from October 15, 2004, or from the date plaintiffs filed their claims, until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel. If a plaintiff fails to submit a claim form within the time period set forth in paragraph 5.B, interest shall cease accruing from the date the claim form is due until such time that it is submitted to the government. Interest shall begin to accrue again on the date submitted until thirty (30) days before payment by the Financial Management Service ("FMS").

H. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as

the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank, specifying the basis for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiffs' counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff

prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

I. As set forth in paragraph 5.F., plaintiffs' attorneys will certify a list of plaintiffs who they believe are entitled to recover hereunder together with their completed claim forms. The list, in hard copy and on computer disk, shall include each plaintiff's name, social security number and the docket number of the case in which such plaintiff joined this consolidated action, the date such case was filed, and the completed claim form.

J. Defendant shall issue an IRS Form W-2 Wage and Tax statement for each plaintiff for the back pay that is paid pursuant to the Agreement, an IRS Form 1099 for each plaintiff for liquidated damages, and an IRS 1099-INT for each plaintiff for interest that may be paid pursuant to this Agreement.

K. The United States shall not bear any of the cost of distribution by said attorneys of each plaintiff's respective share of the recovery.

L. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.E., any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation shall not revert to the United States at the expiration of the

24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

M. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A. herein.

N. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.D and 5.H.

O. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including their claims for the time solely spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee;

for Sunday premium pay and/or interest and any other recovery including attorneys fees and costs. For the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that the plaintiffs covered by this Agreement were FLSA non-exempt during the relevant time period of such claim.

P. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

Q. Upon execution of this Agreement, the parties shall file with the Court a stipulation of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraphs 5.D. and 5.H. of this Agreement as well as plaintiffs' claims for attorneys' fees and costs if not resolved under paragraph 5.P herein.

R. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved

issues will continue to be litigated between the parties. However, in the interest of avoiding delay, and of providing plaintiffs relief for the claims specified in paragraphs 5.A. and 5.B., the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

S. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

T. This Agreement shall become effective on the date it has been signed by counsel for the parties and the stipulation of partial dismissal referred to above in Section 5.Q. has been filed in the United States Court of Federal Claims.

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1390

LINDA LIPSETT
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1395

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 12-2-05

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L. Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 305-7563

Attorneys for Defendant

Dated: 12/2/05

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RALPH E. BOSTON, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 01-518C<br>(Judge Charles Lettow) |
| STEPHEN S. ADAMS, et al.<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 90-162C<br>and consolidated cases<br>(Judge Lynn J. Bush) |
| RICHARD L. LYON, et al.,<br>Plaintiffs,<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 03-2836C<br>(Judge Bohdan Futey) |
| JOSEPH A. CURRY, et al.<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA, | Case No. 03-2858C<br>(Judge Lynn J. Bush) |

Defendant.

---

HUEL B. BENTON, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 04-233C
(Judge Lynn J. Bush)

---

JOHN O. HARAZDA, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 04-302C
(Judge Lynn J. Bush)

---

RICHARD J. CAMPBELL, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 04-707C
(Judge Lynn J. Bush)

---

KEVIN R. BARKER, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Case No. 04-1189C
(Judge Lynn J. Bush)

Defendant.

---

KENNETH W. GILES, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 04-1283C
(Judge Lynn J. Bush)

---

FRED J. BRADFORD, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 04-1393C
(Judge Lynn J. Bush)

---

PATRICK J. CAFFERY, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 04-1613C
(Judge Lynn J. Bush)

---

MIQUEL L. CARRASQUILLO, et al.

Plaintiffs,

v.

Case No. 04-1732C
(Judge Lynn J. Bush)

UNITED STATES OF AMERICA,

Defendant.

---

WILLIAM E. ATKINSON, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 05-124C
(Judge Lynn J. Bush)

---

PERCY DAVIS, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 05-230C
(Judge Lynn J. Bush)

---

**PARTIAL SETTLEMENT AGREEMENT COVERING PLAINTIFFS WITHIN THE BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT WITHIN THE DEPARTMENT OF HOMELAND SECURITY, AND/OR ITS PREDECESSOR THE UNITED STATES CUSTOMS SERVICE, (COLLECTIVELY, "ICE") AS TECHNICAL ENFORCEMENT OFFICERS AT THE GS-9 THROUGH GS-13 GRADE LEVELS**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), for certain periods while such plaintiffs were employed by defendant and treated as exempt from the overtime provisions of the FLSA by the Bureau of Immigration and Customs Enforcement within the Department of Homeland Security, and/or its predecessor the United States Customs Service (collectively, "ICE"). while classified and employed in OPM occupational code 1801 non-supervisory Technical Enforcement Officer ("TEO") positions at grades GS-9 through GS-13, and in other prior technical positions at ICE or the United States Customs Service ("USCS") within OPM occupational series that were subsequently reclassified as 1801 TEO positions and whose claims for unpaid overtime pay under the FLSA arising from employment in the foregoing positions have not been the subject of any judgment or settlement in any proceeding, including this case, which covers the same period of time. This Agreement does not cover those plaintiffs occupying positions within the Department of Homeland Security's Customs and Border Protection ("C&BP") or positions with USCS that were subsequently transferred to C&BP.

2. The term "defendant" as used herein refers to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs claim they did not receive in connection with ICE's or USCS's having treated them as employees exempt from the overtime provisions of the FLSA.

4. The parties herewith agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for all pay periods covered hereunder in which they occupied the OPM occupational codes and grades set forth in paragraph 1, with the exception of their

claims based upon time spent driving to and from work in a government-owned or leased vehicle, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth below, and these terms have been accepted on behalf of the Attorney General.

A. Except as expressly limited below, each plaintiff who has been employed by ICE and/or USCS in non-supervisory positions within the series and at the grades set forth in paragraph 1 shall receive retroactive back pay as provided in the schedule set forth below. Back pay shall be computed for each pay period during which he or she was employed at the grade and series during the twenty-six (26) month period preceding the date that a complaint was filed on behalf of that plaintiff until such time as (1) that plaintiff ceased employment within the grades or series set forth in paragraph 1 at ICE or USCS; or (2) when ICE reclassifies such plaintiff as FLSA non-exempt, whichever occurs first.

**Back Pay per Pay Period**

| Step | Grade 9 | Grade 10 | Grade 11 | Grade 12 | Grade 13 |
|---|---|---|---|---|---|
| 1 | 250.00 | 263.00 | 275.00 | 300.00 | 325.00 |
| 2 | 258.25 | 271.67 | 284.07 | 309.90 | 335.70 |
| 3 | 266.51 | 280.36 | 293.16 | 319.80 | 346.40 |
| 4 | 274.77 | 289.05 | 302.24 | 329.70 | 357.10 |
| 5 | 283.01 | 297.72 | 311.30 | 339.50 | 367.80 |
| 6 | 291.21 | 306.25 | 320.32 | 349.30 | 378.40 |
| 7 | 299.36 | 314.82 | 329.28 | 359.00 | 388.90 |
| 8 | 307.44 | 323.32 | 338.17 | 368.60 | 399.40 |
| 9 | 315.74 | 332.02 | 347.30 | 378.50 | 410.10 |
| 10 | 323.94 | 340.62 | 356.32 | 388.30 | 420.70 |

B. The amount of back pay credited to each plaintiff pursuant to the formula specified above, minus the applicable percentage deducted for Federal income taxes, and minus the appropriate percentage deducted for social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by check jointly to the order of Bernstein & Lipsett, P.C., (B&L), to be held by them in trust for the plaintiffs. In addition, the defendant shall pay the appropriate employer share, if any, of social security, Medicare and other taxes as may be due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff.

C. For plaintiffs referred to in paragraph 1, payment shall include interest as provided under section 6621(a)(1) of the Internal Revenue Code of 1986, compounded daily. Interest shall begin to accrue from October 15, 2004, or from the date plaintiffs filed their claims, until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel.

D. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank specifying the basis

for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiff's counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiffs counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

E. Within sixty days after the effective date of this Agreement, the parties will endeavor to agree on the identities of the plaintiffs who are entitled to recover hereunder. The plaintiffs will within thirty days of this agreement provide defendant with a list in hard copy and on computer disk, of such plaintiffs' names, social security numbers and the docket numbers of the cases in which each such plaintiff joined this consolidated action, and the date such case was filed. The defendant shall make its best effort to certify to the FMS or other appropriate agency of

defendant, the amounts to be paid for each such plaintiff, and the basis therefore within 90 days after it has the information described above regarding each plaintiff, and will certify to plaintiffs' counsel a list of such plaintiffs and the amount each plaintiff is owed pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.C.

F. Defendant shall issue an IRS Form W-2 Wage and Tax Statement for each plaintiff for the back pay that is paid pursuant to the Agreement, and an IRS Form 1099-INT for each plaintiff for the interest that may be paid pursuant to this Agreement.

G. The United States shall not bear any of the costs of distribution by said attorneys of each plaintiff's respective share of the recovery.

H. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.B, any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation pursuant to paragraph 5.D above shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

I. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who

are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A herein.

J. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.D.

K. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including positions and series not specifically covered by this Agreement and their claims for the time spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee; for FLSA overtime compensation, liquidated damages and/or interest pending before the Comptroller General and/or the Office of Personnel Management; and for damages, and/or for Sunday premium pay and/or interest and any other recovery including attorneys' fees and costs. For the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that such plaintiffs while employed by the agencies at the grades and series covered by this Agreement were legally entitled to be FLSA non-exempt during the period covered by this Agreement.

L. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

M. Upon execution of this Agreement, the parties shall file with the Court stipulations of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraph 5.D of this Agreement as well as plaintiffs' claims for attorneys' fees and costs, if not resolved under paragraph 5.L herein.

N. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding delay and providing plaintiffs relief for the claims specified in paragraphs 5.A, the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

O. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

P. This Agreement shall become effective on the date it has been signed by all counsel for the parties.

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1390

OF COUNSEL:

LINDA LIPSETT
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1395

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 12-2-05

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 305-7563

Attorneys for Defendant

Dated: 12-2-05

7036 Brilliant, S

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RECEIVED

2006 DEC -7 P 1:01

CASE PROCESSING UNIT
CIVIL DIVISION/DOJ

STEPHEN S. ADAMS, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 90-162C
and consolidated cases
(Judge Lynn J. Bush)

**PARTIAL SETTLEMENT AGREEMENT**
**COVERING PLAINTIFFS AT THE GS-13 GRADE LEVEL**
**IN OCCUPATIONAL CODE 1811 AT BATF, IRS, DEA, USCS AND USSS**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 207, ("FLSA"), for certain periods while such plaintiffs were employed by defendant at grade GS-13 within OPM occupational series 1811 ("1811"), and who were treated as exempt from the overtime provisions of the FLSA by the Bureau of Alcohol, Tobacco and Firearms ("BATF"), the Internal Revenue Service ("IRS"), the United States Secret Service ("USSS"), the Drug Enforcement Administration ("DEA") and/or the United States Customs Service ("USCS"), (collectively "the Agencies"), and whose claims for unpaid overtime pay and liquidated damages under the FLSA arising from employment in the foregoing positions have not been the subject of any judgment or

154-96-162



CB

settlement in any proceeding, other than this case, which covers the same period of time.

2. The term "defendant" as used herein shall refer to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay and liquidated damages under FLSA that plaintiffs assert they are entitled to receive in connection with the Agencies having treated them as employees exempt from the overtime provisions of the FLSA.

4. The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for pay periods in which they occupied positions with the Agencies as 1811s at the GS-13 grade level, with the exception of their claims based upon time solely spent driving to and from work in a government vehicle, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth below, and these terms have been accepted on behalf of the Attorney General.

A. Except as expressly limited below, each plaintiff who has been employed by one or more of the Agencies as an 1811 at grade GS-13 shall receive the amounts provided in the schedule set forth in subsection B below for each pay period during which he or she was so employed during the twenty-four month period preceding the date a complaint was filed herein on his/her behalf until the date that such plaintiff (1) ceased employment as an 1811 at a grade 13 or ceased employment at the agencies covered by this Agreement; or (2) was no longer eligible for FLSA overtime by reason of receiving Law Enforcement Availability Pay pursuant to 5 U.S.C. § 5545a.

B. Such retroactive recovery to which plaintiffs are entitled shall be calculated and be payable to them in accordance with the following schedule for each pay period during which each plaintiff covered herein was employed by one or more of the Agencies as a GS-13 1811 during the periods covered by this Agreement as specified above. Such plaintiffs shall each be entitled to recover hereunder as follows:

| GS-13 SETTLEMENT AMOUNTS PER PAY PERIOD | | | |
|---|---|---|---|
| **GS-13** | **Back pay** | **Liquidated Damages** | **Back pay plus Liquidated Damages** |
| Step 1 | $272.00 | $170.00 | $442.00 |
| Step 2 | $280.16 | $175.10 | $455.26 |
| Step 3 | $288.32 | $180.20 | $468.52 |
| Step 4 | $296.48 | $185.30 | $481.78 |
| Step 5 | $304.64 | $190.40 | $495.04 |
| Step 6 | $312.80 | $195.50 | $508.30 |
| Step 7 | $320.96 | $200.60 | $521.56 |
| Step 8 | $329.12 | $205.70 | $534.82 |
| Step 9 | $337.28 | $210.80 | $548.08 |
| Step 10 | $345.44 | $215.90 | $561.34 |

C. The amount of recovery credited to each plaintiff pursuant to the formula specified above, minus the applicable percentage deducted for Federal income taxes, and minus the appropriate percentage deducted for social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by check jointly to the order of Jules Bernstein and Linda Lipsett as attorneys-at-law (B&L), to be held by them in trust for the

plaintiffs. In addition, the defendant shall pay the appropriate employer share, if any, of social security and Medicare taxes due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff. In the event B&L is unable to locate a plaintiff (or in the case of a deceased plaintiff, his/her appropriate successor or representative), defendant shall furnish to B&L such plaintiff's (or successor or representative's)last known address from the records of the Office of Personnel Management or other agency of defendant.

D. Defendant shall make its best efforts to compute the amount of recovery owed each plaintiff for the periods set forth in Section 5.A within 180 days of the receipt from plaintiffs of the information described in Section 5.G.

E. For plaintiffs referred to in paragraph 1, payment shall include interest as provided under section 6621(a)(1) of the Internal Revenue Code of 1986, compounded daily. Interest shall begin to accrue one hundred and eighty (180) days after receipt from plaintiffs of the information described in Section 5.G. or on June 15, 2006, whichever is earlier, and accrue until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel. Interest shall accrue on all erroneously withheld social security taxes.

F. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank specifying the basis for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; <u>provided</u>, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiffs' counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim

submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

G. Within thirty days after the effective date of this Agreement, plaintiffs' attorneys will certify a list of plaintiffs who they believe are entitled to recover hereunder. The list, in hard copy and on computer disk, shall include each plaintiff's name, social security number and the docket number of the case in which such plaintiff joined this consolidated action, and the date such case was filed. The defendant shall make its best effort to certify to the FMS or other appropriate agency of defendant, the amounts to be paid for each such plaintiff, and the basis therefore within 180 days after it has the information described above regarding each plaintiff, and will certify to plaintiffs' counsel a list of such plaintiffs and the amount each plaintiff is owed pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.C.

H. Defendant shall issue (1) an IRS Form W-2 Wage and Tax Statement for each plaintiff for the back pay that is paid pursuant to this Agreement; (2) an IRS Form 1099-MISC for each plaintiff for the liquidated damages that is paid pursuant to this Agreement; and (3) an IRS Form 1099-INT for each plaintiff for the interest that may be paid pursuant to this Agreement.

I. The United States shall not bear any of the cost of distribution by said attorneys of each plaintiff's respective share of the recovery.

J. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.D., any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff,

shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation affecting the right to receive the distribution shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

K. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A. herein.

L. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.F.

M. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including their

claims for the time solely spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee; for Sunday premium pay and interest thereon, and/or attorneys fees and costs. Solely for the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that such plaintiffs while employed by the agencies as GS-13 1811s were FLSA non-exempt.

N. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

O. Upon execution of this Agreement, the parties shall file with the Court a stipulation of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraph 5.F. of this Agreement as well as plaintiffs' claims for attorneys' fees and costs if not resolved under paragraph 5.N herein.

P. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding

delay, and of providing plaintiffs relief for the claims specified in paragraphs 5. A and B, the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

Q. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

R. This Agreement shall become effective on the date it has been signed by counsel for the parties and the stipulation of partial dismissal referred to above in Section 5. O has been filed in the United States Court of Federal Claims.

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 296-1798

LINDA LIPSETT
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 296-1798

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 11/22/06

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 305-7563

Attorneys for Defendant

Dated: 11/22/06

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN S. ADAMS, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 90-162C<br>and consolidated cases<br>(Judge Lynn J. Bush) |
| STEPHEN BOYER, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 00-641C<br>(Judge Lynn J. Bush) |

**PARTIAL SETTLEMENT AGREEMENT COVERING PLAINTIFFS WITHIN THE UNITED STATES CUSTOMS AND BORDER PROTECTION WITHIN THE DEPARTMENT OF HOMELAND SECURITY AND/OR ITS PREDECESSOR THE UNITED STATES CUSTOMS SERVICE AS MARINE ENFORCEMENT OFFICERS AT THE GS-9 THROUGH GS-12 GRADE LEVELS**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime

pay under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), for certain periods while such plaintiffs were employed by defendant at grades GS-9 through GS-12 within OPM occupational series 1801 as Marine Enforcement Officers ("MEO"), and who were treated as exempt from the overtime provisions of the FLSA by the United States Customs and Border Protection ("CBP") within the Department of Homeland Security, and/or its predecessor the United States Customs Service, ("USCS") and whose claims for unpaid overtime pay under the FLSA in the foregoing position have not been the subject of any judgment or settlement in any proceeding, other than these cases, which cover the same period of time.

2. The term "defendant" as used herein shall refer to the United States of America.

3. Plaintiffs filed these actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs claim they did not receive in connection with CBP's or USCS's having treated them as employees exempt from the overtime provisions of the FLSA.

4. The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for all pay periods in which they occupied the OPM occupational series and grades set forth in paragraph 1 at CBP and/or USCS, with the exception of their claims based upon time solely spent driving to and from work in a government-owned or leased vehicle, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth below, and these terms have been accepted on behalf of the Attorney General.

A. Except as expressly limited below, each plaintiff who has been employed by CBP and/or USCS within the occupational series and grades set forth in paragraph 1 shall receive retroactive back pay for pay periods during which he or she was so employed during the twenty-four

(24) month period preceding the date a complaint was filed herein on his/her behalf until the date that such plaintiff (1) ceased or ceases employment within the OPM occupational series and grades set forth in paragraph 1; or (2) when those agencies reclassify (or reclassified) and treat (or treated) such plaintiff as FLSA non-exempt, whichever occurs first.

B. For each pay period as to which a plaintiff is entitled to retroactive pay pursuant to paragraph 5.A, defendant shall pay that plaintiff the amounts set forth in Exhibit A, attached to this Agreement.

C. The amount of back pay and liquidated damages credited to each plaintiff pursuant to paragraphs 5.A and 5.B, minus the applicable percentage deducted for Federal income taxes, and minus the appropriate percentage deducted for social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by electronic transfer or by check jointly to the order of Bernstein & Lipsett, P.C. ("B&L"), to be held by them in trust for the plaintiffs. In addition, the defendant shall pay the appropriate employer share, if any, of social security and Medicare taxes due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff.

D. For plaintiffs referred to in paragraph 1, payment shall include interest, as provided under section 6621(a)(1) of the Internal Revenue Code of 1986, compounded daily, from

May 15, 2006, until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel.

E. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank specifying the basis for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiff's counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution

procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

F. The plaintiffs will within thirty (30) days of this Agreement provide defendant with a list in hard copy and on computer disk, of such plaintiffs' names, social security numbers and the docket numbers of the cases in which each such plaintiff joined this consolidated action, and the date such case was filed. The defendant shall make its best effort to certify to the FMS or other appropriate agency of defendant, the amounts to be paid for each such plaintiff, and the basis therefore within ninety (90) days after it has the information described above regarding each plaintiff, and will certify to plaintiffs' counsel a list of such plaintiffs and the amount each plaintiff is owed pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.C.

G. Defendant shall issue an IRS Form W-2 Wage and Tax statement for each plaintiff for the back pay that is paid pursuant to the Agreement, an IRS Form 1099 for each plaintiff for liquidated damages, and an IRS 1099-INT for each plaintiff for interest that may be paid pursuant to this Agreement. The amounts of back pay and liquidated damages shall be calculated according to the charts attached as Exhibit A.

H. The United States shall not bear any of the cost of distribution by said attorneys of each plaintiff's respective share of the recovery.

I. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.C, any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United

States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation pursuant to paragraph 5.E above shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

J. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein.

K. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.E.

L. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including their claims for the time solely spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee; and/or attorneys fees and costs. Solely for the

purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that such plaintiffs while employed at the grades and series covered by this Agreement were FLSA non-exempt.

M. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant case. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

N. Upon execution of this Agreement, the parties shall file with the Court stipulations of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraph 5.E of this Agreement as well as plaintiffs' claims for attorneys' fees and costs, if not resolved under paragraph 5.M herein.

O. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding delay, and of providing plaintiffs relief for the claims specified in paragraph 5.A, the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

P. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

Q. This Agreement shall become effective on the date it has been signed by all counsel for the parties.

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1390

OF COUNSEL:

LINDA LIPSETT
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1395

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 3/8/07

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 616-8275

Attorneys for Defendant

Dated: 3/19/07

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN S. ADAMS, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 90-162C and consolidated cases (Judge Lynn J. Bush) |

PARTIAL SETTLEMENT AGREEMENT RE FLSA
COVERING GS-5 AND/OR GS-7
OCCUPATIONAL CODES 1811 AND 1812 PLAINTIFFS

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain related issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement, the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, within a thirty (30) month FLSA statute of limitations, for pay periods during which they were classified and employed in either occupational code 1811 or 1812 at grades GS-5 and/or GS-7 and whose names are set forth in Exhibit A.

2. The term "defendant" as used herein shall refer to the Naval Criminal Investigative Service ("NCIS"), the Environmental

Protection Agency ("EPA"), the United States Fish and Wildlife Service ("F&WS"), and the Internal Revenue Service ("IRS").

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs assert they did not receive for time spent performing Administratively Uncontrollable Overtime ("AUO") and whose claims for overtime pay under the FLSA arising from employment in the foregoing positions have not been the subject of any judgment or settlement in any proceeding, other than this case, which covers the same period of time.

4. The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for pay periods in which they occupied positions with the Agencies in occupational code 1811 or 1812 at the GS-5 and/or GS-7 grade levels, with the exception of their claims based upon time spent driving to and from work in a government vehicle, which the parties agree shall be subject to further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth below, and these terms have been accepted on behalf of the Attorney General.

A. Each plaintiff who has been employed as an 1811 or 1812 at grade GS-5 and/or GS-7 and listed in Exhibit A shall receive back pay as provided for each pay period according to the schedule set forth in Exhibit B. Each plaintiff shall receive

back pay within each pay period for the thirty (30) month period preceding the date that a complaint was filed herein on his or her behalf, and during which time such plaintiff was not paid in accordance with the FLSA, until the date that such plaintiff (1) ceased employment as an 1811 or 1812 within the grades covered by this Agreement; or (2) was no longer eligible for FLSA overtime pay.

B. Such back pay to which plaintiffs are entitled shall be calculated and be payable to them using the schedule set forth in Exhibit B. In the case of the IRS plaintiff listed in Exhibit A, who was classified as a GS-7 and treated as FLSA exempt but, because of the pay retention provision of 5 U.S.C. §§ 5361-66, was paid at a higher grade, he shall be paid in accordance with his actual pay rate for the relevant year plus full liquidated damages.

C. Defendant shall make its best effort to compute the amount of back pay owed each plaintiff for the periods set forth in Section 5.A. within 60 days of the approval of this Agreement by Defendant.

D. The amount of back pay credited to each plaintiff pursuant to the formula specified above, minus the applicable percentage deducted for Federal income taxes, social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by check jointly to the order of Jules Bernstein and

Linda Lipsett as attorneys-at-law (B&L), to be held by them in trust for the plaintiffs. In addition, the defendant shall pay the appropriate employer share, if any, of social security and Medicare taxes due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of such plaintiff. Said attorneys shall post a fidelity bond covering honesty only equal to the lump sums paid by the defendant which shall cover all monies contained in the trust account.

E. For plaintiffs set forth in Exhibit A, payment shall include interest as provided under section 6621(a)(1) of the Internal Revenue Code of 1986, compounded daily. Interest shall begin to accrue from September 12, 2006, until thirty days before payment by the Financial Management Service ("FMS") or other appropriate Agency of defendant to plaintiffs' counsel.

F. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute

resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank specifying the basis for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiff's counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such

date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

G. Defendant shall issue an IRS Form W-2 Wage and Tax Statement for each plaintiff for the back pay that is paid pursuant to the Agreement, and an IRS Form 1099-INT for each plaintiff for the interest that may be paid pursuant to this Agreement.

H. The United States shall not bear any of the cost of distribution by said attorneys of each plaintiff's respective share of the recovery.

I. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.D., any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation

shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

J. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution checks(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for the periods specified in paragraph 5.A. herein.

K. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.F.

L. Further, such release will not affect any right

any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States for periods of their employment not covered by this Agreement, including their claims for the time spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee; for FLSA overtime compensation, liquidated damages and/or interest pending before the Comptroller General and/or the Office of Personnel Management; and for Sunday premium pay and interest thereon, and/or attorneys fees and costs. The parties stipulate that, for the purposes of litigating the driving time issue, the GS-5 and/or GS-7 plaintiffs covered herein in occupational codes 1811 and 1812 were FLSA non-exempt at the time that they engaged in such driving.

M. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

N. Upon execution of this Agreement, the parties shall file with the Court a stipulation of partial dismissal

which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraph 5.F. of this Agreement as well as plaintiffs' claims for attorneys' fees and costs if not resolved under paragraph 5.M. herein.

O. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding delay, and of providing plaintiffs relief for the claims specified in paragraphs 5.A. and B., the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues which plaintiffs are seeking additional recovery.

P. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in

this or any other proceeding for any purpose except to enforce the terms of this Agreement.

Q. This Agreement shall become effective on the date it has been signed by all counsel for the parties.

JULES BERNSTEIN
Bernstein & Lipsett
1920 L Street, N.W., Suite 602
Washington, D.C. 20036
Tel: (202) 955-1390

LINDA LIPSETT
Bernstein & Lipsett
1920 L Street, N.W., Suite 602
Washington, D.C. 20036
Tel: (202) 955-1395

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: June 5, 2007

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 305-7563

Attorneys for Defendant

Dated: May 22, 2007

Exhibit A

GS-5/7 Plaintiffs

| Agency | Last Name | First Name | Middle | SSN | Date Filed | Case Number |
|---|---|---|---|---|---|---|
| EPA | Domagalski | Elizabeth | A. | 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 | 04/22/94 | 94-253C |
| EPA | Harris | James | H. | 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 | 09/27/96 | 96-610C |
| EPA | Muschler | Vic | E. | 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 | 06/03/94 | 94-365C |
| EPA | Shumaker | Michael | | 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 | 05/31/96 | 96-313C |
| F&W | Donn | Tara | A. | 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 | 03/31/95 | 95-265C |
| F&W | Gale | James | R. | 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 | 03/31/95 | 95-265C |
| F&W | Garlick | Kevin | R. | 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 | 03/15/95 | 95-240C |
| F&W | Hillery | Nancy | E. | 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 | 03/15/95 | 95-240C |
| F&W | Jordan | Barry | A. | 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 | 03/31/95 | 95-265C |
| F&W | Wehrwein | Dorothy | D. | 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 | 04/28/95 | 95-318C |
| NCIS | Bladel | Louis | E. | 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 | 04/07/94 | 94-226C |
| NCIS | Blew | Jennifer | C. | 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 | 11/25/92 | 92-815C |
| NCIS | Diprizio-Dolan | Cheryl | A. | 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 | 03/10/92 | 92-163C |
| NCIS | Halley | Thomas | E. | 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 | 03/10/92 | 92-163C |
| NCIS | Housman | Patricia | L. | 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 | 07/10/92 | 92-468C |
| NCIS | Land | Hunter | S. | 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 | 03/10/92 | 92-163C |
| NCIS | Key | Tammy | R. | 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 | 04/10/92 | 92-259C |
| NCIS | Mullen | Mark | A. | 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 | 03/10/92 | 92-163C |
| NCIS | Noble | Troy | A. | 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 | 04/10/92 | 92-259C |
| NCIS | Smith | Sharon | L. | 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 | 07/22/94 | 94-469C |
| NCIS | Sakowski | Susan | M. | 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 | 04/10/92 | 92-259C |
| NCIS | Sweeney | Sean | C. | 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 | 03/15/95 | 95-240C |
| NCIS | Thompson | Valerie | E. | 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 | 04/10/92 | 92-259C |
| IRS | Fama | Patrick | | 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 | 12/20/93 | 93-770C |

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RALPH E. BOSTON, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 01-518C (Judge Charles Lettow) |
| STEPHEN S. ADAMS, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 90-162C and consolidated cases (Judge Lynn J. Bush) |
| KENNETH W. GILES, et al. Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 04-1283C (Judge Lynn J. Bush) |
| THOMAS E. ENGLISH, et al. Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 05-572C (Judge Lynn J. Bush) |
| LYDIA Y. BAGLEY, et al. Plaintiffs, v. UNITED STATES OF AMERICA, | Case No. 06-103C (Judge Lynn J. Bush) |

Defendant.

---

JULIE E. ANTILLA, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 06-139C
(Judge Lynn J. Bush)

---

ALAN M. EVANS, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 06-183C
(Judge Lynn J. Bush)

---

PAULA ALBERT, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 06-223C
(Judge Lynn J. Bush)

---

ROBERTA GORALCZYK, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 06-283C
(Judge Lynn J. Bush)

---

CARLOS M. AQUINO, et al.

Plaintiffs,

| | |
|---|---|
| v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-367C<br>(Judge Lynn J. Bush) |
| WAYNE GROVES, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-456C<br>(Judge Lynn J. Bush) |
| EVANGELA FORBES<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-510C<br>(Judge Charles F. Lettow) |
| KERRY HAMILTON<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-680C<br>(Judge Margaret M. Sweeney) |
| DEBORAH A. GEORGE<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-776C<br>(Judge Lynn J. Bush) |
| LINDA A. STOCUM | |

| | | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07-03C |
| | ) | (Judge Margaret M. Sweeney) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PARTIAL SETTLEMENT AGREEMENT
COVERING PLAINTIFFS AT DRUG ENFORCEMENT ADMINISTRATION
IN OPM OCCUPATIONAL SERIES 1801 AND 1810
NON-SUPERVISORY POSITIONS AT THE GS-9 THROUGH GS-13 GRADE LEVELS

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), for certain periods a) while such plaintiffs were employed by the Drug Enforcement Administration ("DEA") in non-supervisory diversion investigator positions at grades GS-9 through GS-13 within OPM occupational series 1801 and 1810 positions, b) who were treated as exempt from the overtime provisions of the FLSA by DEA, and c) whose claims for unpaid overtime pay under the FLSA arising from employment by DEA in the foregoing positions have not been the subject of any judgment or settlement in any proceeding, other than these cases, which covers the same period of time.

2. The term "defendant" as used herein shall refer to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs assert they did not receive in connection with the defendant and DEA having paid them improperly.

4. The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for pay periods in which they occupied the OPM occupational series and grades set forth in paragraph 1, with the exception of their claims based upon time solely spent driving to and from work in government vehicles, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth herein, and these terms have been accepted on behalf of the Attorney General for defendant.

A. Except as expressly limited below, each plaintiff who has been employed by DEA as a diversion investigator within the OPM occupational series and grades set forth in paragraph 1 shall receive retroactive compensation for pay periods during which he or she was so employed during ~~the twenty-six~~ (26) month ~~period preceding~~ the date a complaint was filed herein on his/her behalf until the date that such plaintiff (1) ceased employment within the OPM occupational series and grades set forth in paragraph 1; or (2) until the date that such plaintiff was classified and paid as a FLSA non-exempt employee, whichever is earlier as between subparagraph (1) and subparagraph (2).

B. Compensation for the plaintiffs' unpaid overtime shall be paid based on the pay schedules derived from the Locality Pay Table (or,

in years prior to the introduction of locality pay, the General Schedule) using the pay schedule applicable to the particular year in which the FLSA overtime was worked by a plaintiff but not properly paid. For the time period set forth in paragraph 5.A, plaintiffs will compute the number of hours worked before and after their regularly scheduled tours of duty, during meal periods, and unrecorded compensatory time as set forth in 5 C.F.R. § 551.401; for time spent traveling as set forth in 5 C.F.R. § 551.422; and for time spent in training as set forth in 5 C.F.R. § 551.423. The defendant will compute the number of all other FLSA hours and Title 5 overtime hours for which plaintiffs are entitled to receive back pay including, but not limited to, recorded compensatory time taken, recorded compensatory time not taken, and regularly scheduled overtime. The amounts due pursuant to this paragraph shall be increased by seventy (70) percent which will be paid as liquidated damages. For the purposes of computing the amounts of back pay due pursuant to this paragraph before the computation of liquidated damages, hours of work that were compensated by compensatory time off shall be treated as having been compensated at the basic hourly rate applicable to the compensatory time off.

C. Each plaintiff shall verify and submit the claim form attached hereto as Exhibit A to the Government within 90 days of the signing of this agreement. Upon submission of each plaintiff's claim form, defendant shall calculate the overtime due pursuant to paragraphs 5.A and B. With respect to plaintiffs who are deceased, their recovery will be based upon the average back pay received by the other plaintiffs covered by this agreement in a manner to be resolved by the parties.

D. In the event defendant disputes the number of hours claimed by

a plaintiff for FLSA overtime set forth in paragraph 5.B, the parties agree to utilize the following dispute resolution mechanism as the sole means of resolving the dispute: defendant's counsel shall notify plaintiffs' counsel, in writing, within ninety (90) days of the date that the Government receives the plaintiffs' calculations concerning these hours. Defendant's counsel shall specify, in writing, the basis for the dispute, including all available documentation upon which the defendant relies as the basis for the dispute. Upon notification to plaintiffs' counsel that a dispute exists, the parties shall have ninety (90) days within which to recompute the number of hours claimed on a plaintiff's claim form as set forth in paragraph 5.C. In the event the parties are unable to resolve the dispute to the defendant's satisfaction, the dispute will be held in abeyance until June 30 or December 30, whichever occurs first, at which time all unresolved disputes, at the discretion of plaintiffs' counsel, may be submitted to the Court to be resolved, based solely upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court for additional back pay and/or interest, he/she shall also be entitled to an award of reasonable attorneys' fees and costs.

E. The amount of retroactive compensation credited to each plaintiff pursuant to the formula specified above, minus the applicable percentage deducted for Federal income taxes, and minus the appropriate percentage deducted for social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by check jointly to the order of Jules Bernstein and Linda Lipsett as attorneys-at-law (B&L), to be held by them in trust for the plaintiffs. In addition, the defendant shall

pay the appropriate employer share, if any, of social security and Medicare taxes due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff.

F. Defendant shall submit to counsel for plaintiffs in advance of calculating the amounts owed plaintiffs the relevant guidance and procedures that it proposes to utilize in computing the amounts, if any, owed to the plaintiffs pursuant to this Agreement for review and comment prior to implementing such formulas, programs and instructions. Counsel for plaintiffs shall submit such comments to defendant within ten (10) days of receipt of defendant's submission. Following such comments, Defendant shall make its best efforts to compute the amount of back pay owed each plaintiff for the periods set forth in Section 5.A within one hundred twenty (120) days of the receipt from plaintiffs of the information described in paragraph 5.C. and to certify to the FMS or other appropriate agency of defendant, the amounts to be paid for each plaintiff. Defendant shall certify to plaintiffs' counsel a list of plaintiffs and the amount due each plaintiff pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.D.

G. For plaintiffs referred to in paragraph 1, payment shall include interest as provided under section 6621(a)(1) of the Internal

Revenue Code of 1986, compounded daily. Interest shall begin to accrue from October 15, 2004, or from the date plaintiffs filed their claims, or from the end of the pay period upon which the payment is made, whichever is latest, until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel. If a plaintiff fails to submit a claim form within the time period set forth in paragraph 5.C, interest shall cease accruing from the date the claim form is due until such time that it is submitted to the government. Interest shall begin to accrue again on the date submitted until thirty (30) days before payment by the Financial Management Service ("FMS").

H. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank, specifying the basis for the dispute, the date the check was paid, and, if applicable, all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested

information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiffs' counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

I. As set forth in paragraph 5.C., plaintiffs' attorneys will certify a list of plaintiffs who they believe are entitled to recover hereunder together with their completed claim forms. The list, in hard copy and on computer disk, shall include each plaintiff's name, social security number and the docket number of the case in which such plaintiff joined these consolidated actions, the date such case was filed, and the completed claim form.

J. Defendant shall issue an IRS Form W-2 Wage and Tax statement for each plaintiff for the back pay that is paid pursuant to the Agreement, an IRS Form 1099 for each plaintiff for liquidated damages, and an IRS 1099-INT for each plaintiff for interest that may be paid pursuant to this Agreement.

K. The United States shall not bear any of the costs of distribution by said attorneys of each plaintiff's respective share of the recovery.

L. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.E., any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

M. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of ~~his/her~~ distribution check(s)~~, effectively release~~ and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A. herein.

N. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.D and 5.H.

O. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including their claims for the time solely spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee; for Sunday premium pay and/or interest and any other recovery including attorneys fees and costs. For the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that the plaintiffs covered by this Agreement were FLSA non-exempt during the relevant time period of such claim.

P. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

Q. Upon execution of this Agreement, the parties shall file with the Court a stipulation of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters

covered by this Agreement in accordance with the dispute resolution procedures described in paragraphs 5.D. and 5.H. of this Agreement as well as plaintiffs' claims for attorneys' fees and costs if not resolved under paragraph 5.P herein.

R. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding delay, and of providing plaintiffs relief for the claims specified in paragraphs 5.A. and 5.B., the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

S. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

T. This Agreement shall become effective on the date it has been signed by counsel for the parties and the stipulation of partial dismissal referred to above in Section 5.Q. has been filed in the United States Court of Federal Claims.

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1390

LINDA LIPSETT
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1395

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 6/29/07

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L. Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 616-8275

Attorneys for Defendant

Dated: 6/29/07