No. 90-162C
and consolidated cases
(Judge Bush)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STEPHEN S. ADAMS, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

# APPENDIX TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REGARDING REMAINING "DRIVING TIME" CLAIMS

---

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

TODD M. HUGHES
Deputy Director

**Filed electronically**

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

April 11, 2008

# INDEX TO THE APPENDIX

Boston v. U.S., No. 01-518, Partial Settlement Agreement Covering Plaintiffs at BATF in Occupational Codes 856 and 1801 and Plaintiffs at USSS in Occupational Codes 072, 080, 391, 1397 and 1802 at the GS-9 through GS-13 Grade Levels, October 15, 2003 . . . . . 1

Adams v. U.S., No. 90-162, Partial Settlement Agreement Covering Plaintiffs at the GS-12 Grade Level in Occupational Codes 1811 and 1812 at Agencies Listed in Exhibit A, September 8, 2004 . . . . . 10

Adams v. U.S., No. 90-162, Partial Settlement Agreement Covering Plaintiffs at the GS-12 Grade Level in Occupational Code 1811 at IRS-ISD, November 1, 2004 . . . . . 21

Boston v. U.S., No. 01-518, Partial Settlement Agreement Covering Plaintiffs at Drug Enforcement Administration in OPM Occupational Series 080, 334, 391, 856, and 1802 Non-Supervisory Positions at the GS-9 through GS-13 Grade Levels, December 2, 2005 . . . . . 31

Boston v. U.S., No. 01-518, Partial Settlement Agreement Covering Plaintiffs within the Bureau of Immigration and Customs Enforcement within the Department of Homeland Security, and/or Its Predecessor the United States Custom Service, (Collectively, "ICE") as Technical Enforcement Officers at the GS-9 through GS-13 Grade Levels, December 2, 2005 . . . . . 45

Adams v. U.S., No. 90-162, Partial Settlement Agreement Covering Plaintiffs at the GS-13 Grade Level in Occupational Code 1811 at BATF, IRS, DEA, USCS and USSS, November 22, 2006 . . . . . 57

Adams v. U.S., No. 90-162, Partial Settlement Agreement Covering Plaintiffs within the United States Customs and Border Protection within the Department of Homeland Security and/or Its Predecessor the United States Customs Service as Marine Enforcement Officers at the GS-9 through GS-12 Grade Levels, March 19, 2007 . . . . . 67

Adams v. U.S., No. 90-162, Partial Settlement Agreement Re FLSA Covering GS-5 and/or GS-7 in Occupational Codes 1811 and 1812 Plaintiffs, May 22, 2007 . . . . . 75

Boston v. U.S., No. 01-518, Partial Settlement Agreement Covering Plaintiffs at Drug Enforcement Administration in OPM Occupational Series 1801 and 1810 Non-Supervisory Positions at the GS-9 through GS-13 Grade Levels, June 29, 2007 . . . . . 86

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RALPH E. BOSTON, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 01-518C<br>(Judge Charles F. Lettow) |
| STEPHEN S. ADAMS, et al.<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 90-162C<br>and consolidated cases<br>(Judge Lynn J. Bush) |

**PARTIAL SETTLEMENT AGREEMENT**
**COVERING PLAINTIFFS AT BATF IN OCCUPATIONAL CODES 856 AND 1801**
**AND PLAINTIFFS AT USSS IN OCCUPATIONAL CODES**
**072, 080, 391, 1397 AND 1802 AT THE GS-9 THROUGH GS-13 GRADE LEVELS**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), for certain periods while

such plaintiffs were employed by defendant and treated as exempt from the overtime provisions of the FLSA by the Bureau of Alcohol, Tobacco and Firearms ("BATF") while employed in OPM occupational series 856 and 1801, and by the United States Secret Service ("USSS") while employed in OPM occupational series 072, 080, 391, 1397, and 1802 at grades GS-9 through GS-13, and whose claims for unpaid overtime pay under the FLSA arising from employment in the foregoing positions have not been the subject of any judgment or settlement in any proceeding, including this case, which covers the same period of time.

2. The term "defendant" as used herein refers to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs claim they did not receive in connection with the Agencies[1] having treated them as employees exempt from the overtime provisions of the FLSA.

4. The parties herewith agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for all pay periods in which they occupied the OPM occupational series and grades set forth in paragraph 1, with the exception of their claims based upon time solely spent driving to and from work in a government-owned or leased vehicle, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth below, and these terms have been accepted on behalf of the Attorney General.

A. Except as expressly limited below, each plaintiff who has been employed by one or both of the Agencies within the series and at the grades set forth in paragraph 1 shall receive retroactive back pay as provided in the schedule set forth below. Back pay shall be computed for

---

[1] BATF and USSS are referred to herein as "the Agencies."

each pay period during which he or she was employed at the grade and series during the twenty-six month period preceding the date that a complaint was filed on behalf of that plaintiff until such time as (1) that plaintiff ceased or ceases employment within the grades or series set forth in paragraph 1 at the Agencies; or (2) when the Agencies reclassify (or reclassified) or treat (or treated) such plaintiff as FLSA non-exempt, whichever occurs first.

**Back Pay per Pay Period**

| Step | Grade 9 | Grade 10 | Grade 11 | Grade 12 | Grade 13 |
|---|---|---|---|---|---|
| 1 | 250.00 | 263.00 | 275.00 | 300.00 | 325.00 |
| 2 | 258.25 | 271.67 | 284.07 | 309.90 | 335.70 |
| 3 | 266.51 | 280.36 | 293.16 | 319.80 | 346.40 |
| 4 | 274.77 | 289.05 | 302.24 | 329.70 | 357.10 |
| 5 | 283.01 | 297.72 | 311.30 | 339.50 | 367.80 |
| 6 | 291.21 | 306.25 | 320.32 | 349.30 | 378.40 |
| 7 | 299.36 | 314.82 | 329.28 | 359.00 | 388.90 |
| 8 | 307.44 | 323.32 | 338.17 | 368.60 | 399.40 |
| 9 | 315.74 | 332.02 | 347.30 | 378.50 | 410.10 |
| 10 | 323.94 | 340.62 | 356.32 | 388.30 | 420.70 |

B. The amount of back pay credited to each plaintiff pursuant to the formula specified above, minus the applicable percentage deducted for Federal income taxes, and minus the appropriate percentage deducted for social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by check jointly to the order of Jules Bernstein and Linda Lipsett as attorneys-at-law (B&L), to be held by them in trust for the plaintiffs. In addition, the defendant shall

pay the appropriate employer share, if any, of social security, Medicare and other taxes as may be due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff. Said attorneys shall post a fidelity bond covering honesty only equal to the lump sums paid by the defendant which shall cover all monies contained in the trust account.

C. For plaintiffs referred to in paragraph 1, payment shall include interest as provided under section 6621(a)(1) of the Internal Revenue Code of 1986, compounded daily. Interest shall begin to accrue from December 1, 2002, until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel.

D. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank, specifying the basis for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; <u>provided</u>, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90)

days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiff's counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

E. Within sixty days after the effective date of this Agreement, the parties will endeavor to agree on the identities of the plaintiffs who are entitled to recover hereunder. The plaintiffs will within thirty days of this agreement provide defendant with a list in hard copy and on computer disk, of such plaintiffs' names, social security numbers and the docket numbers of the cases in which each such plaintiff joined this consolidated action, and the date such case was filed. The defendant shall make its best effort to certify to the FMS or other appropriate agency of defendant, the amounts to be paid for each such plaintiff, and the basis therefore within 90 days after it has the information described above regarding each plaintiff, and will certify to plaintiffs' counsel a list of such plaintiffs and the amount each plaintiff is owed pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.C.

F. Defendant shall issue an IRS Form W-2 Wage and Tax Statement for each plaintiff for the back pay that is paid pursuant to the Agreement, and an IRS Form 1099-INT for each plaintiff for the interest that may be paid pursuant to this Agreement.

G. The United States shall not bear any of the costs of distribution by said attorneys of each plaintiff's respective share of the recovery.

H. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.B, any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation affecting the right to receive the distribution shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

I. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A herein.

J. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.D.

K. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including their claims for the time spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee; for FLSA overtime compensation, liquidated damages and/or interest pending before the Comptroller General and/or the Office of Personnel Management, and for damages, compensation and interest sought in Adams v. United States, Case No. 00-447(C), pending in this Court, or on appeal, and/or for Sunday premium pay and/or interest and any other recovery including attorneys' fees and costs. Solely for the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that such plaintiffs while employed by the agencies at the grades and series covered by this Agreement, were FLSA non-exempt.

L. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

M. Upon execution of this Agreement, the parties shall file with the Court a stipulation of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraph 5.D of this Agreement as well as plaintiffs' claims for attorneys' fees and costs, if not resolved under paragraph 5.L herein.

N. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding delay and providing plaintiffs relief for the claims specified in paragraphs 5.A, the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

O. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

P. This Agreement shall become effective on the date it has been signed by all counsel for the parties.

JULES BERNSTEIN
Bernstein & Lipsett
1920 L Street, N.W., Suite 602
Washington, D.C. 20036
Tel: (202) 955-1390

OF COUNSEL:

LINDA LIPSETT
Bernstein & Lipsett
1920 L Street, N.W., Suite 602
Washington, D.C. 20036
Tel: (202) 955-1395

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 10/15/03

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 305-7561

Attorneys for Defendant

Dated: 10/14/03

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN S. ADAMS, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 90-162C and consolidated cases (Judge Lynn J. Bush) |

**PARTIAL SETTLEMENT AGREEMENT**
**COVERING PLAINTIFFS AT THE GS-12 GRADE LEVEL**
**IN OCCUPATIONAL CODES 1811 AND 1812 AT AGENCIES LISTED IN EXHIBIT A**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207, ("FLSA"), for certain periods while such plaintiffs were employed by defendant at grade GS-12 within OPM occupational series 1811 and 1812 ("1811/1812"), and who were treated as exempt from the overtime provisions of the FLSA by the agencies listed in Exhibit A (collectively "the Agencies"), and whose claims for unpaid overtime pay under the FLSA arising from employment in the foregoing positions have not been the subject of any judgment or settlement in any proceeding, other than this case, which covers the same period of time.

2. The term "defendant" as used herein shall refer to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs assert they did not receive in connection with the Agencies having treated them as employees exempt from the overtime provisions of the FLSA.

4. The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for pay periods in which they occupied positions with the Agencies as 1811/1812s at the GS-12 grade level, with the exception of their claims based upon time solely spent driving to and from work in a government vehicle, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth below, and these terms have been accepted on behalf of the Attorney General.

A. Except as expressly limited below, each plaintiff who has been employed by one or more of the Agencies as an 1811/1812 at grade GS-12 shall receive retroactive compensation as provided in the schedule set forth in subsection B below for each pay period during which he or she was so employed during the twenty-six month period preceding the date a complaint was filed herein on his/her behalf until the date that such plaintiff (1) ceased employment as an 1811/1812 at a grade 12 or ceased employment at the agencies covered by this Agreement; (2) or was no longer eligible for FLSA overtime by reason of receiving Law Enforcement Availability Pay pursuant to 5 U.S.C. § 5545a.

B. Such retroactive compensation to which plaintiffs are entitled shall be calculated and be payable to them in accordance with the following schedule for each pay period during which each plaintiff covered herein was employed by one or more of the Agencies as a GS-12 1811/1812 during the periods covered by this Agreement as specified above. Such plaintiffs shall each be entitled to recover hereunder as follows:

| GS-12 RATES | |
|---|---|
| STEP | AMOUNT |
| 1 | $301.00 |
| 2 | $310.00 |
| 3 | $319.00 |
| 4 | $329.00 |
| 5 | $339.00 |
| 6 | $349.00 |
| 7 | $358.00 |
| 8 | $368.00 |
| 9 | $378.00 |
| 10 | $387.00 |

C. The amount of retroactive compensation credited to each plaintiff pursuant to the formula specified above, minus the applicable percentage deducted for Federal income taxes, and minus the appropriate percentage deducted for social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by check jointly to the order of Jules Bernstein and Linda Lipsett as attorneys-at-law (B&L), to be held by them in trust for the plaintiffs. In addition, the defendant shall

pay the appropriate employer share, if any, of social security and Medicare taxes due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff.

D. Defendant shall make its best efforts to compute the amount of back pay owed each plaintiff for the periods set forth in Section 5.A within 180 days of the receipt from plaintiffs of the information described in Section 5.G.

E. For plaintiffs referred to in paragraph 1, payment shall include interest as provided under section 6621(a)(1) of the Internal Revenue Code of 1986, compounded daily. Interest shall begin to accrue 180 days from the signing of this agreement until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel.

F. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank specifying the basis

for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiffs' counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

G. Within thirty days after the effective date of this Agreement, plaintiffs' attorneys will certify a list of plaintiffs who they believe are entitled to recover hereunder. The list, in hard copy

and on computer disk, shall include each plaintiff's name, social security number and the docket number of the case in which such plaintiff joined this consolidated action, and the date such case was filed. The defendant shall make its best effort to certify to the FMS or other appropriate agency of defendant, the amounts to be paid for each such plaintiff, and the basis therefore within 90 days after it has the information described above regarding each plaintiff, and will certify to plaintiffs' counsel a list of such plaintiffs and the amount each plaintiff is owed pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.C.

H. Defendant shall issue an IRS Form W-2 Wage and Tax Statement for each plaintiff for the back pay that is paid pursuant to the Agreement, and an IRS Form 1099-INT for each plaintiff for the interest that may be paid pursuant to this Agreement.

I. The United States shall not bear any of the cost of distribution by said attorneys of each plaintiff's respective share of the recovery.

J. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.D., any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in

litigation shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

K. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A. herein.

L. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.F.

M. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including their claims for the time solely spent driving a government vehicle from home

to work and work to home ("driving time") as an FLSA non-exempt employee; for FLSA overtime compensation, liquidated damages and/or interest pending before the Comptroller General and/or the Office of Personnel Management, and for damages, compensation and interest sought in Adams v. United States, Case No. 04-5012, pending in the United States Court of Appeals for the Federal Circuit, for Sunday premium pay and/or interest and any other recovery including attorneys fees and costs. Solely for the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that such plaintiffs while employed by the agencies as GS-12 1811s and/or 1812s were FLSA non-exempt.

N. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

O. Upon execution of this Agreement, the parties shall file with the Court a stipulation of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraph 5.F. of this Agreement as well as plaintiffs' claims for attorneys' fees and costs if not resolved under paragraph 5.N herein.

P. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding delay, and of providing plaintiffs relief for the claims specified in paragraphs 5. A and B, the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

Q. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

R. This Agreement shall become effective on the date it has been signed by counsel for the parties and the stipulation of partial dismissal referred to above in Section 5. O has been filed in the United States Court of Federal Claims.

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1390

LINDA LIPSETT
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1395

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 9-2-04

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L. Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 305-7563

Attorneys for Defendant

Dated: 9/8/04

EXHIBIT A

Department of Commerce (including NOAA, the Bureau of Export Administration, and the Office of Export Enforcement)

Department of the Interior (including the Fish & Wildlife Service)

Department of Veterans Affairs ✓

Environmental Protection Agency ✓

Food and Drug Administration ✓

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN S. ADAMS, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 90-162C<br>and consolidated cases<br>(Judge Lynn J. Bush) |

**PARTIAL SETTLEMENT AGREEMENT**
**COVERING PLAINTIFFS AT THE GS-12 GRADE LEVEL**
**IN OCCUPATIONAL CODE 1811 AT IRS-ISD**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207, ("FLSA"), for certain periods while such plaintiffs were employed by defendant at grade GS-12 within OPM occupational series 1811 ("1811"), and who were treated as exempt from the overtime provisions of the FLSA by the Internal Revenue Service, Internal Security Division ("IRS-ISD" or "the agency") by which they were employed, and whose claims for unpaid overtime pay under the FLSA arising from employment in the foregoing positions have not been the subject of any judgment or settlement in any proceeding other than this case, which covers the same period of time.

2. The term "defendant" as used herein shall refer to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs assert they did not receive in connection with the Agency having treated them as employees exempt from the overtime provisions of the FLSA.

4. The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for certain of the pay periods in which they occupied positions with the Agency as 1811s at the GS-12 grade level, with the exception of their claims based upon time solely spent driving to and from work in a government vehicle, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth below, and these terms have been accepted on behalf of the Attorney General.

A. Except as expressly limited below, each plaintiff who has been employed by the Agency as an 1811 at grade GS-12 shall receive retroactive compensation as provided in the schedule set forth in subsection B below for each pay period during which he or she was so employed during the twenty-six month period preceding the date a complaint was filed herein on his/her behalf until the date that such plaintiff (1) ceased employment as an 1811 at grade 12; (2) ceased employment at the Agency; or (3) was no longer eligible for FLSA overtime by reason of receiving Law Enforcement Availability Pay pursuant to 5 U.S.C. § 5545a.

B. Such retroactive compensation to which plaintiffs are entitled shall be calculated and be payable to them in accordance with the following schedule for each pay period during which each plaintiff covered herein was employed by the Agency as a GS-12 1811 during the periods covered by this Agreement as specified above. Such plaintiffs shall each be entitled to recover hereunder as follows:

| GS-12 RATES | |
|---|---|
| **STEP** | **AMOUNT** |
| 1 | $271.00 |
| 2 | $279.00 |
| 3 | $287.00 |
| 4 | $296.00 |
| 5 | $305.00 |
| 6 | $314.00 |
| 7 | $322.00 |
| 8 | $331.00 |
| 9 | $340.00 |
| 10 | $348.00 |

C. The amount of retroactive compensation credited to each plaintiff pursuant to the formula specified above, minus a percentage deducted for Federal income taxes, and minus a percentage deducted for social security taxes and Medicare, if any, has been or will be paid by the defendant in lump sums jointly to the order of Jules Bernstein and Linda Lipsett as attorneys-at-law (B&L), and has been or will be held by them in trust for the plaintiffs. In addition, the defendant shall pay the appropriate employer share, if any, of social security and Medicare taxes due. Defendant will provide to B&L a separate statement setting

forth the bases upon which each plaintiff's recovery was determined. B&L has deposited or will deposit said funds in a trust account for distribution within 45 days of receipt to each plaintiff (or in the case of a deceased plaintiff, to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff.

D. Defendant has made or will make its best efforts to compute the amount of back pay owed each plaintiff for the periods set forth in Section 5.A. within 90 days. For plaintiffs referred to in paragraph 1 who have not yet received payment, payment shall include interest as provided under section 6621(a)(1) of the Internal Revenue code of 1986, compounded daily. Interest shall begin to accrue within ninety days of signing of the agreement until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel.

E. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the date of this agreement, whichever is later, specifying the basis for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or

plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiffs' counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

F. Within thirty days after the effective date of this Agreement, plaintiffs' attorneys will certify a list of plaintiffs who they believe are entitled to recover hereunder. The list, in hard copy and on computer disk, shall include each plaintiff's name, social security number and the docket number of the case in which such plaintiff joined this consolidated action, and the date such case was filed. The

defendant shall make its best effort to certify to the FMS or other appropriate agency of defendant, the amounts to be paid for each such plaintiff if not already paid, and the basis therefore within 90 days after it has the information described above regarding each plaintiff, and will certify to plaintiffs' counsel a list of all plaintiffs covered by this Agreement and the amount each plaintiff is owed pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.C.

G. Defendant shall issue an IRS Form W-2 Wage and Tax Statement for each plaintiff for the back pay that is paid pursuant to the Agreement, and an IRS Form 1099-INT for each plaintiff for the interest that may be paid pursuant to this Agreement.

H. The United States shall not bear any of the cost of distribution by said attorneys of each plaintiff's respective share of the recovery or other disbursements to them.

I. At the expiration of a period of 24 months after the defendant has delivered the aforementioned funds to B&L as specified in paragraph 5.C., any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation affecting the right to receive the distribution shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at

the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

J. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A. herein.

K. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.F.

L. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including their claims for the time solely spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee; for FLSA overtime compensation, liquidated damages and/or interest pending before the Comptroller General and/or the Office of Personnel

Management, and for damages, compensation and interest sought in Adams v. United States, Case No. 04-5012, pending in the United States Court of Appeals for the Federal Circuit, for Sunday premium pay and/or interest and any other recovery including attorneys fees and costs. Solely for the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that such plaintiffs while employed by the IRS-ISD as GS-12 1811s were legally entitled to be classified as FLSA non-exempt.

M. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

N. Upon execution of this Agreement, the parties shall file with the Court a stipulation of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraph 5.E. of this Agreement as well as plaintiffs' claims for attorneys' fees and costs if not resolved under paragraph 5.M herein.

O. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United

States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding delay, and of providing plaintiffs relief for the claims specified in paragraphs 5. A and B, the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

P. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

Q. This Agreement shall become effective on the date it has been signed by counsel for the parties and the stipulation of partial dismissal referred to above in Section 5. N has been filed in the United States Court of Federal Claims.

R. To the extent that any plaintiff has received a recovery hereunder which exceeds the amounts provided for in Section 4(b) above, such amounts, less any excess social security and Medicare tax which has been withheld from such plaintiff by defendant, shall be refunded to defendant by counsel for plaintiffs as soon as possible but not later than June 30, 2005.

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1390

LINDA LIPSETT
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1395

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 11/1/04

PETER D. KEISLER
Assistant Attorney General

David M. Cohen (by Jeanne E. Davidson)
DAVID M. COHEN
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L. Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 305-7563

Attorneys for Defendant

Dated: 11/1/04