IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RALPH E. BOSTON, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 01-518C (Judge Charles Lettow) |
| STEPHEN S. ADAMS, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 90-162C and consolidated cases (Judge Lynn J. Bush) |
| RICHARD L. LYON, Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | Case No. 03-2836C (Judge Bohdan Futey) |
| JOSEPH A. DANCA, et al. Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 04-0023C (Judge Lynn J. Bush) |
| MANNIX ACEVEDO, et al. Plaintiffs, v. | Case No. 04-0045C |

31

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Defendant. | (Judge Lynn J. Bush) |
| HUEL B. BENTON, III, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 04-233C<br>(Judge Lynn J. Bush) |
| JOHN O. HARAZDA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 04-302C<br>(Judge Lynn J. Bush) |
| RICHARD J. CAMPBELL, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 04-707C<br>(Judge Lynn J. Bush) |
| MIQUEL L. CARRASQUILLO, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 04-1732C<br>(Judge Lynn J. Bush) |
| WILLIAM E. ATKINSON, et al. | |

| | |
|---|---|
| Plaintiffs, ) | |
| v. ) | Case No. 05-124C (Judge Lynn J. Bush) |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |
| PERCY DAVIS, et al. ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 05-230C (Judge Lynn J. Bush) |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

**PARTIAL SETTLEMENT AGREEMENT**
**COVERING PLAINTIFFS AT DRUG ENFORCEMENT ADMINISTRATION**
**IN OPM OCCUPATIONAL SERIES 080, 334, 391, 856, AND 1802**
**NON-SUPERVISORY POSITIONS AT THE GS-9 THROUGH GS-13 GRADE LEVELS**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 207, ("FLSA"), for certain periods a) while such plaintiffs were employed by the Drug Enforcement Administration ("DEA") in non-supervisory positions at grades GS-9 through GS-13 within OPM occupational series 391 or in other OPM technical series that were reclassified to occupational series

391, including but not limited to series 080, 334, 856 and 1802 positions, b) who were treated as exempt from the overtime provisions of the FLSA by DEA, or were treated as non-exempt but were not paid in accordance with the FLSA, and c) whose claims for unpaid overtime pay under the FLSA arising from employment by DEA in the foregoing positions have not been the subject of any judgment or settlement in any proceeding, other than these cases, which cover the same period of time.

2. The term "defendant" as used herein shall refer to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs assert they did not receive in connection with the defendant and DEA having paid them improperly.

4. The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for pay periods in which they occupied the OPM occupational series and grades set forth in paragraph 1, with the exception of their claims based upon time solely spent driving to and from work in a government vehicle, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth herein, and these terms have been accepted on behalf of the Attorney General for defendant.

A. Except as expressly limited below, each plaintiff who has been employed by DEA within the OPM occupational series and grades set forth in paragraph 1 shall receive retroactive compensation for pay periods during which he or she was so employed during the twenty-six (26)

month period preceding the date a complaint was filed herein on his/her behalf until the date that such plaintiff (1) ceased employment within the OPM occupational series and grades set forth in paragraph 1; or (2) until the date that plaintiff was treated both as FLSA non-exempt and received Administratively Uncontrollable Overtime pay, whichever is earlier as between subparagraph (1) and subparagraph (2). Such plaintiffs shall receive overtime compensation in accordance with the categories and pay tables set forth in paragraph 5.B.

B. Compensation for the plaintiffs' unpaid overtime shall be paid based on the pay schedules derived from the Rest of U.S. Locality Pay Table (or, in years prior to the introduction of locality pay in January 1, 1994, the General Schedule) using the pay schedule applicable to the particular year in which the FLSA overtime was worked by a plaintiff but not properly paid. For the time period set forth in paragraph 5.A, plaintiffs will compute the number of FLSA overtime hours for time "suffered or permitted" to work before and after their regularly scheduled tours of duty, during meal periods, unrecorded compensatory time, and for hours that correspond to regular working hours when required to travel as a passenger on an overnight assignment away from the official duty station and for all such hours on non-work days if the plaintiff was required to drive a government vehicle on such overnight assignment. The defendant will compute the number of all other FLSA hours and Title 5 overtime hours for which plaintiffs are entitled to receive back pay including, but not limited to, recorded compensatory time taken, recorded compensatory time not taken, AUO, and regularly scheduled overtime. The amounts due pursuant to this paragraph shall be increased

by seventy-five (75) percent as liquidated damages. For the purposes of computing the amounts of back pay due pursuant to this paragraph before the computation of liquidated damages, hours of work that were compensated by compensatory time off shall be treated as having been compensated at the basic hourly rate applicable to the compensatory time off. To the extent that DEA has previously paid back pay to certain plaintiffs for FLSA overtime due and owing, such amount shall be offset against the total amounts due each respective plaintiff pursuant to this partial settlement agreement after the computation of liquidated damages.

C. Plaintiffs shall complete and verify the claim form set forth as Exhibit A within 90 days of the signing of this agreement. With respect to any plaintiffs who are deceased, their calculations will be based upon the average back pay received by the other plaintiffs covered by this agreement in a manner to be resolved by the parties. Upon submission of the claim form, defendant shall calculate the overtime due pursuant to paragraphs 5.A and B.

D. In the event defendant disputes the number of hours claimed by a plaintiff for FLSA overtime hours set forth in paragraph 5.B, the parties agree to utilize the following dispute resolution mechanism as the sole means of resolving the dispute: defendant's counsel shall notify plaintiffs' counsel, in writing, within seventy-five (75) days of the date that the Government receives the plaintiffs' calculations concerning these hours. Defendant's counsel shall specify, in writing, the basis for the dispute, including all available documentation upon which the defendant relies as the basis for the dispute. Upon notification to plaintiffs' counsel that a dispute exists,

the parties shall have ninety (90) days within which to recompute the number of hours claimed on a plaintiff's claim form as set forth in paragraph 5.C. In the event the parties are unable to resolve the dispute to the defendant's satisfaction, the dispute will be held in abeyance until June 30 or December 30, whichever occurs first, at which time all unresolved disputes, at the discretion of plaintiffs' counsel, may be submitted to the Court to be resolved, based solely upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court for additional back pay and/or interest, he/she shall also be entitled to an award of reasonable attorneys' fees and costs.

E. The amount of retroactive compensation credited to each plaintiff pursuant to the formula specified above, minus the applicable percentage deducted for Federal income taxes, and minus the appropriate percentage deducted for social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by check jointly to the order of Jules Bernstein and Linda Lipsett as attorneys-at-law (B&L), to be held by them in trust for the plaintiffs. In addition, the defendant shall pay the appropriate employer share, if any, of social security and Medicare taxes due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery

in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff.

F. Defendant shall make its best efforts to compute the amount of back pay owed each plaintiff for the periods set forth in Section 5.A within ninety (90) days of the receipt from plaintiffs of the information described in paragraph 5.C. and to certify to the FMS or other appropriate agency of defendant, the amounts to be paid for each plaintiff. Immediately upon certification to FMS, defendant shall certify to plaintiffs' counsel a list of plaintiffs and the amount due each plaintiff pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.D.

G. For plaintiffs referred to in paragraph 1, payment shall include interest as provided under section 6621(a)(1) of the Internal Revenue Code of 1986, compounded daily. Interest shall begin to accrue from October 15, 2004, or from the date plaintiffs filed their claims, until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel. If a plaintiff fails to submit a claim form within the time period set forth in paragraph 5.B, interest shall cease accruing from the date the claim form is due until such time that it is submitted to the government. Interest shall begin to accrue again on the date submitted until thirty (30) days before payment by the Financial Management Service ("FMS").

H. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as

the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank, specifying the basis for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiffs' counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff

prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

I. As set forth in paragraph 5.F., plaintiffs' attorneys will certify a list of plaintiffs who they believe are entitled to recover hereunder together with their completed claim forms. The list, in hard copy and on computer disk, shall include each plaintiff's name, social security number and the docket number of the case in which such plaintiff joined this consolidated action, the date such case was filed, and the completed claim form.

J. Defendant shall issue an IRS Form W-2 Wage and Tax statement for each plaintiff for the back pay that is paid pursuant to the Agreement, an IRS Form 1099 for each plaintiff for liquidated damages, and an IRS 1099-INT for each plaintiff for interest that may be paid pursuant to this Agreement.

K. The United States shall not bear any of the cost of distribution by said attorneys of each plaintiff's respective share of the recovery.

L. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.E., any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation shall not revert to the United States at the expiration of the

24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

M. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A. herein.

N. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.D and 5.H.

O. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including their claims for the time solely spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee;

for Sunday premium pay and/or interest and any other recovery including attorneys fees and costs. For the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that the plaintiffs covered by this Agreement were FLSA non-exempt during the relevant time period of such claim.

P. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

Q. Upon execution of this Agreement, the parties shall file with the Court a stipulation of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraphs 5.D. and 5.H. of this Agreement as well as plaintiffs' claims for attorneys' fees and costs if not resolved under paragraph 5.P herein.

R. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved

issues will continue to be litigated between the parties. However, in the interest of avoiding delay, and of providing plaintiffs relief for the claims specified in paragraphs 5.A. and 5.B., the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

S. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

T. This Agreement shall become effective on the date it has been signed by counsel for the parties and the stipulation of partial dismissal referred to above in Section 5.Q. has been filed in the United States Court of Federal Claims.

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1390

LINDA LIPSETT
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1395

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 12-2-05

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L. Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 305-7563

Attorneys for Defendant

Dated: 12/2/05

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RALPH E. BOSTON, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 01-518C<br>(Judge Charles Lettow) |
| STEPHEN S. ADAMS, et al.<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 90-162C<br>and consolidated cases<br>(Judge Lynn J. Bush) |
| RICHARD L. LYON, et al.,<br>Plaintiffs,<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 03-2836C<br>(Judge Bohdan Futey) |
| JOSEPH A. CURRY, et al.<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA, | Case No. 03-2858C<br>(Judge Lynn J. Bush) |

Defendant.

---

HUEL B. BENTON, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 04-233C
(Judge Lynn J. Bush)

---

JOHN O. HARAZDA, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 04-302C
(Judge Lynn J. Bush)

---

RICHARD J. CAMPBELL, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 04-707C
(Judge Lynn J. Bush)

---

KEVIN R. BARKER, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Case No. 04-1189C
(Judge Lynn J. Bush)

Defendant.

---

KENNETH W. GILES, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 04-1283C
(Judge Lynn J. Bush)

---

FRED J. BRADFORD, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 04-1393C
(Judge Lynn J. Bush)

---

PATRICK J. CAFFERY, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 04-1613C
(Judge Lynn J. Bush)

---

MIQUEL L. CARRASQUILLO, et al.

Plaintiffs,

v.

Case No. 04-1732C
(Judge Lynn J. Bush)

UNITED STATES OF AMERICA, )
)
Defendant. )
)

WILLIAM E. ATKINSON, et al. )
)
Plaintiffs, )
)
v. ) Case No. 05-124C
) (Judge Lynn J. Bush)
UNITED STATES OF AMERICA, )
)
Defendant. )
)

PERCY DAVIS, et al. )
)
Plaintiffs, )
)
v. ) Case No. 05-230C
) (Judge Lynn J. Bush)
UNITED STATES OF AMERICA, )
)
Defendant. )
)

**PARTIAL SETTLEMENT AGREEMENT COVERING PLAINTIFFS WITHIN THE BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT WITHIN THE DEPARTMENT OF HOMELAND SECURITY, AND/OR ITS PREDECESSOR THE UNITED STATES CUSTOMS SERVICE, (COLLECTIVELY, "ICE") AS TECHNICAL ENFORCEMENT OFFICERS AT THE GS-9 THROUGH GS-13 GRADE LEVELS**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), for certain periods while such plaintiffs were employed by defendant and treated as exempt from the overtime provisions of the FLSA by the Bureau of Immigration and Customs Enforcement within the Department of Homeland Security, and/or its predecessor the United States Customs Service (collectively, "ICE"). while classified and employed in OPM occupational code 1801 non-supervisory Technical Enforcement Officer ("TEO") positions at grades GS-9 through GS-13, and in other prior technical positions at ICE or the United States Customs Service ("USCS") within OPM occupational series that were subsequently reclassified as 1801 TEO positions and whose claims for unpaid overtime pay under the FLSA arising from employment in the foregoing positions have not been the subject of any judgment or settlement in any proceeding, including this case, which covers the same period of time. This Agreement does not cover those plaintiffs occupying positions within the Department of Homeland Security's Customs and Border Protection ("C&BP") or positions with USCS that were subsequently transferred to C&BP.

2. The term "defendant" as used herein refers to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay under FLSA that plaintiffs claim they did not receive in connection with ICE's or USCS's having treated them as employees exempt from the overtime provisions of the FLSA.

4. The parties herewith agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for all pay periods covered hereunder in which they occupied the OPM occupational codes and grades set forth in paragraph 1, with the exception of their

claims based upon time spent driving to and from work in a government-owned or leased vehicle, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth below, and these terms have been accepted on behalf of the Attorney General.

A. Except as expressly limited below, each plaintiff who has been employed by ICE and/or USCS in non-supervisory positions within the series and at the grades set forth in paragraph 1 shall receive retroactive back pay as provided in the schedule set forth below. Back pay shall be computed for each pay period during which he or she was employed at the grade and series during the twenty-six (26) month period preceding the date that a complaint was filed on behalf of that plaintiff until such time as (1) that plaintiff ceased employment within the grades or series set forth in paragraph 1 at ICE or USCS; or (2) when ICE reclassifies such plaintiff as FLSA non-exempt, whichever occurs first.

**Back Pay per Pay Period**

| Step | Grade 9 | Grade 10 | Grade 11 | Grade 12 | Grade 13 |
|---|---|---|---|---|---|
| 1 | 250.00 | 263.00 | 275.00 | 300.00 | 325.00 |
| 2 | 258.25 | 271.67 | 284.07 | 309.90 | 335.70 |
| 3 | 266.51 | 280.36 | 293.16 | 319.80 | 346.40 |
| 4 | 274.77 | 289.05 | 302.24 | 329.70 | 357.10 |
| 5 | 283.01 | 297.72 | 311.30 | 339.50 | 367.80 |
| 6 | 291.21 | 306.25 | 320.32 | 349.30 | 378.40 |
| 7 | 299.36 | 314.82 | 329.28 | 359.00 | 388.90 |
| 8 | 307.44 | 323.32 | 338.17 | 368.60 | 399.40 |
| 9 | 315.74 | 332.02 | 347.30 | 378.50 | 410.10 |
| 10 | 323.94 | 340.62 | 356.32 | 388.30 | 420.70 |

B. The amount of back pay credited to each plaintiff pursuant to the formula specified above, minus the applicable percentage deducted for Federal income taxes, and minus the appropriate percentage deducted for social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by check jointly to the order of Bernstein & Lipsett, P.C., (B&L), to be held by them in trust for the plaintiffs. In addition, the defendant shall pay the appropriate employer share, if any, of social security, Medicare and other taxes as may be due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff.

C. For plaintiffs referred to in paragraph 1, payment shall include interest as provided under section 6621(a)(1) of the Internal Revenue Code of 1986, compounded daily. Interest shall begin to accrue from October 15, 2004, or from the date plaintiffs filed their claims, until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel.

D. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank specifying the basis

for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiff's counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiffs counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

E. Within sixty days after the effective date of this Agreement, the parties will endeavor to agree on the identities of the plaintiffs who are entitled to recover hereunder. The plaintiffs will within thirty days of this agreement provide defendant with a list in hard copy and on computer disk, of such plaintiffs' names, social security numbers and the docket numbers of the cases in which each such plaintiff joined this consolidated action, and the date such case was filed. The defendant shall make its best effort to certify to the FMS or other appropriate agency of

defendant, the amounts to be paid for each such plaintiff, and the basis therefore within 90 days after it has the information described above regarding each plaintiff, and will certify to plaintiffs' counsel a list of such plaintiffs and the amount each plaintiff is owed pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.C.

F. Defendant shall issue an IRS Form W-2 Wage and Tax Statement for each plaintiff for the back pay that is paid pursuant to the Agreement, and an IRS Form 1099-INT for each plaintiff for the interest that may be paid pursuant to this Agreement.

G. The United States shall not bear any of the costs of distribution by said attorneys of each plaintiff's respective share of the recovery.

H. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.B, any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff, shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation pursuant to paragraph 5.D above shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

I. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who

are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A herein.

J. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.D.

K. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including positions and series not specifically covered by this Agreement and their claims for the time spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee; for FLSA overtime compensation, liquidated damages and/or interest pending before the Comptroller General and/or the Office of Personnel Management; and for damages, and/or for Sunday premium pay and/or interest and any other recovery including attorneys' fees and costs. For the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that such plaintiffs while employed by the agencies at the grades and series covered by this Agreement were legally entitled to be FLSA non-exempt during the period covered by this Agreement.

L. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

M. Upon execution of this Agreement, the parties shall file with the Court stipulations of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraph 5.D of this Agreement as well as plaintiffs' claims for attorneys' fees and costs, if not resolved under paragraph 5.L herein.

N. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding delay and providing plaintiffs relief for the claims specified in paragraphs 5.A, the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

O. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

P. This Agreement shall become effective on the date it has been signed by all counsel for the parties.

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1390

OF COUNSEL:

LINDA LIPSETT
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 955-1395

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 12-2-05

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 305-7563

Attorneys for Defendant

Dated: 12-2-05

7036 Brilliant, S

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RECEIVED

2006 DEC -7 P 1:01

CASE PROCESSING UNIT CIVIL DIVISION/CHL

| | |
|---|---|
| STEPHEN S. ADAMS, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 90-162C<br>and consolidated cases<br>(Judge Lynn J. Bush) |

**PARTIAL SETTLEMENT AGREEMENT**
**COVERING PLAINTIFFS AT THE GS-13 GRADE LEVEL**
**IN OCCUPATIONAL CODE 1811 AT BATF, IRS, DEA, USCS AND USSS**

Solely for the purpose of settling the claims covered by this Partial Settlement Agreement ("Agreement"), and to avoid further judicial proceedings and the adjudication of certain issues of law and/or fact, and for no other purpose, the parties hereby stipulate and agree as follows:

1. For the purposes of this Agreement the term "plaintiff" or "plaintiffs" shall be limited to party plaintiffs in the above-entitled consolidated actions who seek, inter alia, unpaid overtime pay and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 207, ("FLSA"), for certain periods while such plaintiffs were employed by defendant at grade GS-13 within OPM occupational series 1811 ("1811"), and who were treated as exempt from the overtime provisions of the FLSA by the Bureau of Alcohol, Tobacco and Firearms ("BATF"), the Internal Revenue Service ("IRS"), the United States Secret Service ("USSS"), the Drug Enforcement Administration ("DEA") and/or the United States Customs Service ("USCS"), (collectively "the Agencies"), and whose claims for unpaid overtime pay and liquidated damages under the FLSA arising from employment in the foregoing positions have not been the subject of any judgment or

154-96-162



CB

settlement in any proceeding, other than this case, which covers the same period of time.

2. The term "defendant" as used herein shall refer to the United States of America.

3. Plaintiffs filed these consolidated actions against defendant to assert claims, inter alia, for overtime pay and liquidated damages under FLSA that plaintiffs assert they are entitled to receive in connection with the Agencies having treated them as employees exempt from the overtime provisions of the FLSA.

4. The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them for pay periods in which they occupied positions with the Agencies as 1811s at the GS-13 grade level, with the exception of their claims based upon time solely spent driving to and from work in a government vehicle, which the parties agree shall be the subject of further litigation herein.

5. Plaintiffs have offered to settle the above-referenced claims upon the terms set forth below, and these terms have been accepted on behalf of the Attorney General.

A. Except as expressly limited below, each plaintiff who has been employed by one or more of the Agencies as an 1811 at grade GS-13 shall receive the amounts provided in the schedule set forth in subsection B below for each pay period during which he or she was so employed during the twenty-four month period preceding the date a complaint was filed herein on his/her behalf until the date that such plaintiff (1) ceased employment as an 1811 at a grade 13 or ceased employment at the agencies covered by this Agreement; or (2) was no longer eligible for FLSA overtime by reason of receiving Law Enforcement Availability Pay pursuant to 5 U.S.C. § 5545a.

B. Such retroactive recovery to which plaintiffs are entitled shall be calculated and be payable to them in accordance with the following schedule for each pay period during which each plaintiff covered herein was employed by one or more of the Agencies as a GS-13 1811 during the periods covered by this Agreement as specified above. Such plaintiffs shall each be entitled to recover hereunder as follows:

| GS-13 SETTLEMENT AMOUNTS PER PAY PERIOD | | | |
|---|---|---|---|
| **GS-13** | **Back pay** | **Liquidated Damages** | **Back pay plus Liquidated Damages** |
| Step 1 | $272.00 | $170.00 | $442.00 |
| Step 2 | $280.16 | $175.10 | $455.26 |
| Step 3 | $288.32 | $180.20 | $468.52 |
| Step 4 | $296.48 | $185.30 | $481.78 |
| Step 5 | $304.64 | $190.40 | $495.04 |
| Step 6 | $312.80 | $195.50 | $508.30 |
| Step 7 | $320.96 | $200.60 | $521.56 |
| Step 8 | $329.12 | $205.70 | $534.82 |
| Step 9 | $337.28 | $210.80 | $548.08 |
| Step 10 | $345.44 | $215.90 | $561.34 |

C. The amount of recovery credited to each plaintiff pursuant to the formula specified above, minus the applicable percentage deducted for Federal income taxes, and minus the appropriate percentage deducted for social security taxes and Medicare, if any, shall be paid by the defendant in lump sums by check jointly to the order of Jules Bernstein and Linda Lipsett as attorneys-at-law (B&L), to be held by them in trust for the

plaintiffs. In addition, the defendant shall pay the appropriate employer share, if any, of social security and Medicare taxes due. Defendant shall simultaneously provide to B&L a separate statement setting forth the bases upon which each plaintiff's recovery was determined. B&L forthwith shall deposit said check(s) in a trust account and shall distribute, within 45 days of receipt, to each plaintiff (or in the case of a deceased plaintiff to his/her appropriate successor or representative), his/her respective share of the recovery in accordance with the Consent Agreement previously executed and filed herein on behalf of each plaintiff. In the event B&L is unable to locate a plaintiff (or in the case of a deceased plaintiff, his/her appropriate successor or representative), defendant shall furnish to B&L such plaintiff's (or successor or representative's) last known address from the records of the Office of Personnel Management or other agency of defendant.

D. Defendant shall make its best efforts to compute the amount of recovery owed each plaintiff for the periods set forth in Section 5.A within 180 days of the receipt from plaintiffs of the information described in Section 5.G.

E. For plaintiffs referred to in paragraph 1, payment shall include interest as provided under section 6621(a)(1) of the Internal Revenue Code of 1986, compounded daily. Interest shall begin to accrue one hundred and eighty (180) days after receipt from plaintiffs of the information described in Section 5.G. or on June 15, 2006, whichever is earlier, and accrue until 30 days before payment by the Financial Management Service ("FMS") or other appropriate agency of defendant to plaintiffs' counsel. Interest shall accrue on all erroneously withheld social security taxes.

F. In the event a plaintiff disputes the amounts that the defendant certifies as owing to him/her pursuant to this Agreement, the parties agree to utilize the following dispute resolution mechanism as the sole and exclusive means of resolving such dispute. Plaintiff's counsel shall notify defendant in writing within 120 days from the date (1) the Government advises that no amounts are due a plaintiff; or (2) the plaintiff's check is paid by the issuing bank specifying the basis for the dispute, the date the check was paid, if applicable, and including all available documentation upon which the plaintiff relies as the basis for the dispute; provided, however, that in the event a plaintiff or plaintiff's counsel submits a written request for further documentation or information with respect to the amounts claimed to be owed, then the 120 day period will be tolled and written notification to the defendant of the existence of a dispute may be given within ninety (90) days of counsel for plaintiff's receipt of the requested information or of the Government's notification to plaintiff's counsel that the requested information will not be provided. Upon notification to the defendant that a dispute exists, it shall have ninety (90) days to recompute the amounts owed for the affected plaintiff and notify plaintiffs' counsel, in writing, whether additional amounts are owed such plaintiff, including the basis for its decision. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the next occurring June 30 or December 30, whichever is first, on which date, or within 30 days after such date, unresolved disputes, at the discretion of plaintiff's counsel, may be submitted to the Court to be resolved, based upon the record developed by the parties during the informal dispute resolution procedures outlined above. In the event a plaintiff prevails on a claim

submitted to the Court, he/she shall be entitled to an award of reasonable attorneys' fees and costs to be paid by defendant.

G. Within thirty days after the effective date of this Agreement, plaintiffs' attorneys will certify a list of plaintiffs who they believe are entitled to recover hereunder. The list, in hard copy and on computer disk, shall include each plaintiff's name, social security number and the docket number of the case in which such plaintiff joined this consolidated action, and the date such case was filed. The defendant shall make its best effort to certify to the FMS or other appropriate agency of defendant, the amounts to be paid for each such plaintiff, and the basis therefore within 180 days after it has the information described above regarding each plaintiff, and will certify to plaintiffs' counsel a list of such plaintiffs and the amount each plaintiff is owed pursuant to this Agreement, including an itemization for each plaintiff of all applicable deductions as set forth in paragraph 5.C.

H. Defendant shall issue (1) an IRS Form W-2 Wage and Tax Statement for each plaintiff for the back pay that is paid pursuant to this Agreement; (2) an IRS Form 1099-MISC for each plaintiff for the liquidated damages that is paid pursuant to this Agreement; and (3) an IRS Form 1099-INT for each plaintiff for the interest that may be paid pursuant to this Agreement.

I. The United States shall not bear any of the cost of distribution by said attorneys of each plaintiff's respective share of the recovery.

J. At the expiration of a period of 24 months after the defendant has delivered the aforementioned checks to B&L as specified in paragraph 5.D., any amounts which have not been distributed to a plaintiff under this Agreement and the Consent Agreements executed by such plaintiff,

shall revert back to the United States, and shall be paid forthwith by check to the United States Treasury by said attorneys who shall provide an accounting for the disbursements they have made pursuant to this Agreement. Any distribution to a plaintiff who is involved in litigation affecting the right to receive the distribution shall not revert to the United States at the expiration of the 24-month period of the pendency of such legal proceedings involving said plaintiff. If, at the conclusion of said legal proceedings, no distribution is to be made on behalf of said plaintiff, said sum shall revert to the United States Treasury and shall be paid to the Treasury forthwith.

K. In consideration of the amounts paid pursuant to this Agreement to any plaintiff, such plaintiff will, in writing, on the reverse side of his/her distribution check(s), effectively release and forever discharge the United States, its agents, employees, representatives or persons who are liable or might be claimed to be liable from any and all manner of action, causes of action, judgments, damages, claims or demands of every kind and nature whatsoever the plaintiffs have or ever had against the United States with respect to unpaid FLSA entitlements settled and provided for herein for the periods specified in paragraph 5.A. herein.

L. Notwithstanding the release referred to in the preceding paragraph, the endorsement of a check by a plaintiff will not waive that plaintiff's right to challenge the amount of the plaintiff's recovery, based upon the terms of this Agreement and his/her right to utilize the dispute resolution mechanism set forth in paragraph 5.F.

M. Further, such release will not affect any right any plaintiff may have to continue to pursue a claim for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including their

claims for the time solely spent driving a government vehicle from home to work and work to home ("driving time") as an FLSA non-exempt employee; for Sunday premium pay and interest thereon, and/or attorneys fees and costs. Solely for the purposes of litigating the plaintiffs' claims to recover for driving time, it is agreed and stipulated herein that such plaintiffs while employed by the agencies as GS-13 1811s were FLSA non-exempt.

N. As to plaintiffs' claims for attorney fees and expenses (including paralegal fees) related to their claims settled herein, the parties agree that they shall continue to negotiate with regard to such claimed fee and expense entitlements as part of their settlement negotiations of other aspects of the instant cases. Accordingly, plaintiffs' fee and expense claims herein are not affected in any way by the instant settlement except as otherwise provided in this Agreement.

O. Upon execution of this Agreement, the parties shall file with the Court a stipulation of partial dismissal which shall incorporate this Agreement by reference, and which shall not deprive the Court of jurisdiction to resolve matters not covered by this Agreement, matters covered by this Agreement in accordance with the dispute resolution procedures described in paragraph 5.F. of this Agreement as well as plaintiffs' claims for attorneys' fees and costs if not resolved under paragraph 5.N herein.

P. The parties recognize that certain plaintiffs claim to be entitled to back pay, liquidated damages, interest and other compensation and benefits under FLSA and otherwise for employment not covered by this Agreement during which they were treated by the United States as FLSA exempt and are otherwise alleged to have been wrongfully deprived of pay by defendant, and that these issues and other unresolved issues will continue to be litigated between the parties. However, in the interest of avoiding

delay, and of providing plaintiffs relief for the claims specified in paragraphs 5. A and B, the parties have entered into this Agreement, without waiving their rights with respect to any and all remaining issues regarding which plaintiffs are seeking additional recovery.

Q. This Agreement is made solely for the purpose of settling the claims that it covers and for no other purpose except as provided for otherwise herein. The parties agree that this Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose except to enforce the terms of this Agreement.

R. This Agreement shall become effective on the date it has been signed by counsel for the parties and the stipulation of partial dismissal referred to above in Section 5. O has been filed in the United States Court of Federal Claims.

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 296-1798

LINDA LIPSETT
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
Tel: (202) 296-1798

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500

Attorneys for Plaintiffs

Dated: 11/22/06

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 7036
Washington, D.C. 20530
Tel: (202) 305-7563

Attorneys for Defendant

Dated: 11/22/06