IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEPHEN S. ADAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 90-162C |
| | ) | and consolidated cases |
| THE UNITED STATES, | ) | (Judge Bush) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(1) of the rules of this Court, defendant submits these proposed findings of uncontroverted fact.

1. In October 2003, the parties entered into a partial settlement agreement in this case and another case involving similar claims – Boston v. United States, No. 01-518C (Fed. Cl.) – covering plaintiffs' claims for overtime pay pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., arising from employment at the Bureau of Alcohol, Tobacco and Firearms ("BATF"), and the United States Secret Service ("USSS") in various technical positions relating to law enforcement (occupational series GS-856 and 1801 at BATF and GS-072, 080, 391, 1397, and 1802 at USSS) in grades GS-9 through GS-13. App. 1-10.[1] The agreement stated:

> The parties herewith agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them . . . with the exception of their claims based upon time solely spent driving to and from work in a government-owned or leased vehicle, which the parties agree shall be the subject of further litigation herein.

App. 2, ¶ 4 (emphasis added). The agreement provided for the release of the Government from the FLSA claims covered by the agreement, App. 6, ¶ 5.I, and stated that "such release will not

[1] "App." refers to the appendix to Defendant's Motion for Summary Judgment Regarding Remaining "Driving Time" Claims.

affect any right any plaintiff may have to continue to pursue . . . their claims for the time spent driving a government vehicle from home to work and work to home ('driving time') as an FLSA non-exempt employee," App. 7, ¶ 5.K.

2. In September 2004, the parties entered into a partial settlement agreement covering plaintiffs' claims for FLSA overtime arising from employment as grade GS-12 criminal investigators with the Department of Commerce ("DOC"), the Department of the Interior ("DOI"), Department of Veterans Affairs ("VA"), the Environmental Protection Agency ("EPA"), and the Food and Drug Administration. App. 10-20. The agreement stated:

> The parties agree to settle the claims of plaintiffs arising out of the non-payment of FLSA overtime pay to them . . . with the exception of their claims based upon time <u>solely</u> spent driving to and from work in a government vehicle, which the parties agree shall be the subject of further litigation herein.

App. 11, ¶ 4 (emphasis added). The agreement provided for the release of the Government from the FLSA claims covered by the agreement, App. 16, ¶ 5.K, and stated that "such release will not affect any right any plaintiff may have to continue to pursue . . . their claims for the time <u>solely</u> spent driving a government vehicle from home to work and work to home ('driving time') as an FLSA non-exempt employee," App. 16-17, ¶ 5.M (emphasis added).

3. In November 2004, the parties entered into a partial settlement agreement covering plaintiffs' claims for FLSA overtime arising from employment as grade GS-12 criminal investigators with the Internal Security Division of the Internal Revenue Service("IRS-ISD"). App. 21-30. The agreement contained the identical terms (quoted above) concerning home-to-work driving time as were contained in the September 2004 settlement agreement. App. 22.

4. In December 2005, the parties entered into a partial settlement agreement in this case, in Boston, and in nine more recent cases, covering plaintiffs' claims for FLSA overtime arising from employment at the Drug Enforcement Administration ("DEA") in various technical positions relating to law enforcement (occupational series GS- 080, 334, 391, 856, and 1802), at grades GS-9 through GS-13. App. 31-44. The agreement contained the identical terms (quoted above) concerning home-to-work driving time as were contained in the September 2004 settlement agreement. App. 34.

5. Also in December 2005, the parties entered into a partial settlement agreement in this case, in Boston, and in 12 more recent cases, covering plaintiffs' claims for FLSA overtime arising from employment at the United States Customs Service ("USCS") or Immigration and Customs Enforcement ("ICE") as Technical Enforcement Officers at grades GS-9 through GS-13. App. 45-56. The agreement contained the identical terms (quoted above) concerning home-to-work driving time as were contained in the October 2003 settlement agreement. App. 49-50.

6. In November 2006, the parties entered into a partial settlement agreement in this case covering plaintiffs' claims for FLSA overtime arising from employment as grade GS-13 criminal investigators with BATF, DEA, IRS, USCS, and USSS. App. 57-66. The agreement contained the identical terms (quoted above) concerning home-to-work driving time as were contained in the September 2004 settlement agreement. App. 58.

7. In March 2007, the parties entered into a partial settlement agreement in this case and another case – Boyer v. United States, No. 00-641C (Fed. Cl.) – covering plaintiffs' claims for FLSA overtime arising from employment as Marine Enforcement Officers ("MEOs") at

grade GS-12 in this case and at grades GS-9 and GS-11 in Boyer. App. 67-74. The agreement contained the identical terms (quoted above) concerning home-to-work driving time as were contained in the September 2004 settlement agreement. App. 68.

8. In May 2007, the parties entered into a partial settlement agreement covering plaintiffs' claims for FLSA overtime arising from employment as grade GS-5 and GS-7 criminal investigators with EPA, IRS, the Fish and Wildlife Service ("F&WS"), and the Naval Criminal Investigative Service ("NCIS"). App. 75-85. The agreement contained the identical terms (quoted above) concerning home-to-work driving time as were contained in the September 2004 settlement agreement. App. 76.

9. In June 2007, the parties entered into a partial settlement agreement in this case, in Boston, and in 13 more recent cases, covering plaintiffs' claims for FLSA overtime arising from employment as DEA diversion investigators at grades GS-9 through GS-13. App. 86-99. The agreement contained the identical terms (quoted above) concerning home-to-work driving time as were contained in the September 2004 settlement agreement. App. 90.

10. Pursuant to the terms of these partial settlement agreements, the parties filed stipulations of partial dismissal with the Court, dismissing the claims settled by the agreements. Each stipulation described the claims settled, and stated that the agreement did not cover "plaintiffs' FLSA claims for the time solely spent driving a Government vehicle between home and work . . . ." Docket Entries 500, 521, 528, 611, 634, 651, 658 and 682.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

**s/Todd M. Hughes**
TODD M. HUGHES
Deputy Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

April 11, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2008, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**