IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEPHEN ADAMS, et al., Plaintiffs, | ) | |
| v. | ) | Case No. 90-162-C and Consolidated Cases (Judge Lynn J. Bush) |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**PLAINTIFFS' MOTION UNDER RCFC 56(f), FOR A CONTINUANCE TO PERMIT THEM TO CONDUCT DISCOVERY FOR THE PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REGARDING REMAINING "DRIVING TIME" CLAIMS**

Now come the plaintiffs herein who are the subjects of Defendant's Motion for Summary Judgment Regarding Remaining "Driving Time" Claims ("Defendant's Motion"), filed on April 11, 2008, to advise the Court pursuant to RCFC 56(f)[1/], for the reasons stated herein and in the Declaration of Jules Bernstein, counsel for plaintiffs herein, which is attached hereto, that they are presently unable to fully and fairly justify their opposition to the defendant's summary judgment motion or to file a cross-motion for partial summary judgment. Accordingly, plaintiffs seek a continuance to permit them to continue to conduct discovery, which they have already commenced, so that they may fairly oppose defendant's summary judgment motion.

---

1/ RCFC 56(f) provides as follows:

> When Affidavits Are Unavailable.
> Should it appear from the affidavits of a party opposing the motion that the party cannot for reason stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Plaintiffs submit that under the circumstances of these cases, which are set forth more fully in Plaintiffs' Opposition to Defendant's Motion for Summary Judgment Regarding Remaining "Driving Time" Claims, ("Plaintiffs' Opposition"), in Mr. Bernstein's attached Declaration, and herein, that they are entitled to a continuance under RCFC 56(f) to permit "depositions to be taken" and "discovery to be had" so that they may present "facts essential to justify [their] opposition . . ." to Defendant's Motion.

In this case, plaintiff federal employees who number more than 6,400 of some 14,000 plaintiffs in this case, litigated and/or settled claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (2000), ("FLSA"), in this case. These plaintiffs' claims were settled except for those related to driving of government vehicles between their homes and workplaces ("driving claims"). These plaintiffs' driving claims were expressly reserved for further litigation by the parties in the settlement agreements set forth in Defendant's Appendix.

In its summary judgment motion defendant contends that all of these plaintiffs' driving claims are controlled by the Federal Circuit's decision in Adams v. United States, 65 Fed. Cl. 217 (2005), aff'd, 471 F.3d 1321 (Fed. Cir. 2006), reh'g and reh'g en banc denied, 219 Fed. Appx. 993 (Fed. Cir. 2007), cert. denied, 128 S.Ct. 866 (2008) ("Adams"), in which the Court denied the driving claims of GS-12 criminal investigators at the Bureau of Alcohol, Tobacco and Firearms ("BATF"), the Drug Enforcement Administration ("DEA"), the Internal Revenue Service ("IRS"), the United States Customs Service ("USCS") and the United States Secret Service ("USSS").

In Plaintiffs' Opposition, they contend that two intervening decisions of the United States Supreme Court, namely, Long Island Care At Home, Ltd. v. Coke, 127 S. Ct. 2339 (2007), ("Coke"), and IBP, Inc. v. Alvarez, 546 U.S. 21 (2005), ("Alvarez"), have altered the "legal landscape," that

the plaintiffs' claims which defendant seeks to have dismissed are distinct from those of the driving claims denied in Adams, that the applicable rules under both Coke and Alvarez bring into play facts in addition to those presented in Adams, as well as legal principles that require reconsideration of Adams.

In this connection, on April 28, 2008, shortly after the filing of defendant's pending motion, plaintiffs served defendant with Plaintiffs' Requests for Admissions. A copy of Plaintiffs' Requests for Admissions is attached to the Bernstein Declaration as Bernstein Exhibit 1. In Plaintiffs' Requests for Admissions they seek 40 separate admissions related to the conditions of employment of most all of the plaintiffs covered by Defendant's Motion, with the exception of approximately seventeen DEA Diversion Investigators.

As to the seventeen Diversion Investigator plaintiffs, on April 28, 2008, plaintiffs served defendant with a Request for the Production of Documents, a copy of which is attached to the Bernstein Declaration as Bernstein Exhibit 2.

As to the plaintiffs who are the subjects of Plaintiffs' Requests for Admissions, plaintiffs submit that under the holding in Coke, the facts that plaintiffs will establish by admissions or otherwise are that while engaged in driving they are "on duty," that their driving was "an activity for the benefit of [their] agency and under the control or direction of [their] agency," and that these circumstances render their driving time "hours of work" within the meaning of 5 C.F.R. § § 551.401, 422 (2008) and the FLSA.

Under Coke, the Supreme Court declared that courts are obligated to "defer" to the regulations of agencies which have been directed by Congress to administer various statutes. And with respect to FLSA, as applied in the Federal sector, the Office of Personnel Management

("OPM") is such an agency. No such deference was accorded OPM's regulations in Adams, as is required by Coke.

Similarly, plaintiffs believe that the plaintiffs whose employment is the subject of their Requests for Admissions are required to carry firearms and ammunition into their homes when they arrive home in their Government vehicles at the end of each workday, and they must unload such firearms and ammunition and store such firearms and ammunition in defendant provided safes in their homes. Similarly, these plaintiffs must take their firearms from their safes at the commencement of each workday, load them and place them in their Government vehicles prior to departing for work.

Plaintiffs contend that such activity at home is required by defendant and that the time involved constitutes FLSA "time worked" at the commencement and end of each workday. Under the Supreme Court's decision in Alvarez, all time spent by employees between the commencement and conclusion of their workdays constitutes "time worked" under the Department of Labor's "continuous workday" doctrine as set forth in Alvarez. See United States Department of Labor Wage and Hour Advisory Memorandum No. 2006-2 (May 31, 2006), attached to the Bernstein Declaration as Exhibit 3.

Plaintiffs presently seek admissions from defendant in order to advance the foregoing claims.

As to the claims of the seventeen DEA Diversion Investigators, plaintiffs' Production Request seeks the following:

> 1. All agency documents relating to, reflecting and/or indicating the methods, purposes, instructions, and/or methodologies whereby Diversion Investigators ("DIs") employed by defendant, including plaintiffs, have been directed to drive, and have driven, between home and/or domicile and work sites and are provided with government owned or leased vehicles ("vehicles") for doing so.

2. All agency documents relating to the equipment of DIs employed by the agency, including plaintiffs, are permitted, required and/or do transport in the vehicles described in paragraph 1 above.

3. All agency documents relating to the use or the misuse of government owned or leased vehicles by DIs employed by the agency, including plaintiffs.

4. All agency documents relating to the handling, transporting, storage and/or training for use, or use, of vehicles by DIs employed by the agency, including plaintiffs.

5. All agency documents relating to the Federal income tax treatment of the value of transportation between home or domicile and work sites in agency vehicles by DIs employed by the agency, including plaintiffs.

6. All agency documents relating to accidents occurring in connection with the use of agency vehicles by DIs employed by the agency, including plaintiffs.

Plaintiff Diversion Investigators do not carry firearms. However, they are issued vehicles by defendant for travel from home to assignments in two-week intervals in connection with specific criminal investigations. Plaintiffs' production request is addressed to the circumstances and conditions relating to the issuance of vehicles by defendant to such Diversion Investigators for specific criminal investigative assignments. <u>See</u> the DEA Form attached to the Bernstein Declaration as Bernstein Exhibit 4, which is used by DEA for the requisitioning of vehicles by Diversion Investigators.

In addition to the driving claims of the seventeen Diversion Investigators herein, the driving claims of other similarly situated Diversion Investigators are presently the subject of litigation before several other judges of this Court. And despite defendant's claim that the Federal Circuit's decision in <u>Adams</u> is fully dispositive of the driving claims of those Diversion Investigators whose

non-driving claims were settled, judges in these other cases have ordered defendant to produce documents sought by the plaintiffs regarding such driving.

The cases involved are Gonzalez, et al., v. United States, No. 07-790C (Fed. Cl. filed Nov. 9, 2007), ("Gonzalez"), Hamilton v. United States, No. 06-680C (Fed. Cl. filed Sept. 29, 2006), ("Hamilton"), and Stocum v. United States, No. 07-03C (Fed. Cl. filed Jan. 4, 2007), ("Stocum"). Mr. Bernstein is counsel for plaintiffs in all three cases. The plaintiffs in the Gonzalez, Hamilton and Stocum cases served defendant with requests for the production of documents which are in all material respects identical to plaintiffs' production requests herein.

In the Gonzalez case the Honorable Emily C. Hewitt, Judge of this Court, issued an order on March 28, 2008, a copy of which is attached to the declaration of Jules Bernstein as Bernstein Exhibit 5, which provides as follows:

> On or before Thursday, May 8, 2008, defendant shall provide plaintiff with all documents responsive to plaintiffs' requests for production of documents served on defendant on Tuesday, March 25, 2008.

Similarly, in Hamilton and Stocum, on April 14, 2008, the Honorable Margaret M. Sweeney, Judge of this Court, issued identical orders which provide in material respects as follows: "The court determines that plaintiff is entitled to engage in discovery in order to fully present the merits of her case. . . ." See April 14, 2008 Orders in Hamilton and Stocum, at 2, attached to the Bernstein Declaration as Bernstein Exhibits 6 and 7.

Further, in Joint Status Reports filed by the parties on April 25, 2008, in Hamilton and Stocum, the parties declared:

> Counsel for defendant has advised counsel for plaintiff that the documents requested by plaintiff[s] in [their] First Request for Production of Documents will be produced on May 15, 2008.

Copies of the foregoing Joint Status Reports in Hamilton and Stocum are attached to the Bernstein Declaration as Bernstein Exhibits 8 and 9.

Thus documents similar to those sought herein have been ordered produced in these other cases.

It is well-established that summary judgment is not appropriate unless the parties have had adequate time for discovery. Dunkin' Donuts of America, Inc. v. Metallurgical Exoproducts Corp., 840 F.2d 917, 919 (Fed. Cir. 1988); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986). Motions for additional discovery under RCFC 56(f) are generally favored and liberally granted. Theisen Vending Co. v. United States, 58 Fed. Cl. 194, 197 (2003). Here plaintiffs' discovery requests were served on defendant seventeen days after the filing of defendant's motion.

In this case, notwithstanding the several thousand unidentified plaintiffs whose driving claims defendant proposes to extinguish en masse by the mere invocation of Adams, plaintiffs submit that the discovery they seek is limited and will enable the Court to better address the issues that plaintiffs believe to be germane. Defendant has offered no substantive facts in support of its motion. Plaintiffs believe that the facts they propose to elicit through discovery will enable the Court to render a fair judgment herein. Accordingly, plaintiffs request the Court to grant them the continuance they seek pending the conclusion of discovery.

Respectfully submitted,

OF COUNSEL:
Linda Lipsett

**s/Jules Bernstein**
Jules Bernstein (Counsel of Record)
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798
(202) 296-7220 facsimile

Counsel of Record

**s/Edgar James**
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile

Attorneys for Plaintiffs

Dated: May 12, 2008

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 12th day of May 2008, a copy of the foregoing "PLAINTIFFS' MOTION UNDER RCFC 56(f), FOR A CONTINUANCE TO PERMIT THEM TO CONDUCT DISCOVERY FOR THE PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REGARDING REMAINING "DRIVING TIME" CLAIMS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Jules Bernstein**