IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN ADAMS, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 90-162-C and Consolidated Cases (Judge Lynn J. Bush) |

**DECLARATION OF JULES BERNSTEIN**

Jules Bernstein, pursuant to the provisions of 28 U.S.C. § 1746, declares as follows:

I am a member of the bar of this Court and am counsel of record for plaintiffs in the above-captioned consolidated cases. In addition, I am counsel of record in the cases of Zoraida Gonzalez, et al., v. United States, Case No. 07-790C, ("Gonzalez"); Kerry R. Hamilton v. United States, Case No. 06-680C, ("Hamilton"); and Linda A. Stocum v. United States, Case No. 07-03C, ("Stocum"), all of which are pending in this Court.

I am filing this declaration in support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment Regarding Remaining "Driving Time" Claims and Plaintiffs' Motion under RCFC 56(f), for a Continuance to Permit Them to Conduct Discovery for the Purpose of Opposing Defendant's Motion for Summary Judgment Regarding Remaining "Driving Time" Claims.

In this case, plaintiff federal employees who are the subject of Defendant's Motion number more than 6,400 of some 14,000 plaintiffs in this case. These plaintiffs' litigated and/or settled claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), in this case. Their claims were settled except for those related to driving of government vehicles between their homes

and workplaces ("driving claims"). These driving claims were expressly reserved for further litigation by the parties in the settlement agreements set forth in Defendant's Appendix.

In its summary judgment motion defendant contends that all of these plaintiffs' driving claims are controlled by the Federal Circuit's decision in Adams v. United States, 65 Fed. Cl. 217 (2005), aff'd, 471 F.3d 1321 (2006), reh'g and reh'g en banc denied, 219 Fed. Appx. 993 (Fed. Cir. 2007), cert. denied, 128 S.Ct. 866 (2008) ("Adams"), in which the Court denied the driving claims of GS-12 criminal investigators at the Bureau of Alcohol, Tobacco and Firearms ("BATF"), the Drug Enforcement Administration ("DEA"), the Internal Revenue Service ("IRS"), the United States Customs Service ("USCS") and the United States Secret Service ("USSS").

In Plaintiffs' Opposition, they contend that two intervening decisions of the United States Supreme Court, namely, Long Island Care At Home, Ltd. v. Coke, 127 S. Ct. 2339 (2007), ("Coke"), and IBP, Inc. v. Alvarez, 546 U.S. 21 (2005), ("Alvarez"), have altered the "legal landscape," that the plaintiffs' claims which defendant seeks to have dismissed are distinct from those of the driving claims denied in Adams, that the applicable rules of law under both Coke and Alvarez bring into play facts in addition to those presented earlier in Adams, as well as legal principles that require reconsideration of Adams.

In this connection, on April 28, 2008, shortly after the filing of defendant's pending motion, plaintiffs served defendant with Plaintiffs' Requests for Admissions, a copy of which is attached hereto as Bernstein Exhibit 1. In Plaintiffs' Request for Admissions they seek 40 separate admissions related to the conditions of employment of most of the plaintiffs covered by Defendant's Motion, with the exception of approximately seventeen DEA Diversion Investigators.

As to the seventeen Diversion Investigator plaintiffs, on April 28, 2008, plaintiffs served defendant with a Request for the Production of Documents, a copy of which is attached hereto as Bernstein Exhibit 2.

As to the plaintiffs who are the subject of Plaintiffs' Request for Admissions, plaintiffs believe that under the holding in Coke, the facts that plaintiffs will establish by admissions or otherwise are that while engaged in driving they are "on duty," and that their driving was "an activity for the benefit of [their] agency and under the control or direction of [their] agency," and that these circumstances render their driving time "hours of work" within the meaning, inter alia, of 5 C.F.R. § 551.401 and the FLSA.

Under Coke, the Supreme Court declared that courts are obligated to "defer" to the regulations of agencies which have been directed by Congress to administer various statutes. And with respect to FLSA, as applied in the Federal sector, the Office of Personnel Management ("OPM") is such an agency. No such deference was accorded OPM's regulations in Adams, but it is now required by Coke.

Similarly, plaintiffs submit that the plaintiffs whose employment is the subject of their Request for Admissions are required to carry firearms and ammunition into their homes when they arrive home in their Government vehicles at the end of each workday, and they must unload such firearms and ammunition and store such firearms and ammunition in defendant provided safes in their homes. Similarly, these plaintiffs must take their firearms from their safes at the commencement of each workday, load them and place them in their Government vehicles prior to departing for work.

Plaintiffs contend that such activity at home is required by defendant and that the time involved constitutes FLSA "time worked" at the commencement and end of each workday. Under the Supreme Court's decision in Alvarez, all time spent by employees between the commencement and conclusion of their workdays constitutes "time worked" under the Department of Labor's "continuous workday" doctrine as set forth in Alvarez. See the United States Department of Labor's "Wage and Hour Advisory Memorandum No. 2006-2," issued on May 31, 2006, attached hereto as Bernstein Exhibit 3.

Plaintiffs presently seek admissions from defendant in order to advance the foregoing claims.

As to the claims of the seventeen DEA Diversion Investigators, plaintiffs' Production Request seeks the following:

> 1. All agency documents relating to, reflecting and/or indicating the methods, purposes, instructions, and/or methodologies whereby Diversion Investigators ("DIs") employed by defendant, including plaintiffs, have been directed to drive, and have driven, between home and/or domicile and work sites and are provided with government owned or leased vehicles ("vehicles") for doing so.
>
> 2. All agency documents relating to the equipment of DIs employed by the agency, including plaintiffs, are permitted, required and/or do transport in the vehicles described in paragraph 1 above.
>
> 3. All agency documents relating to the use or the misuse of government owned or leased vehicles by DIs employed by the agency, including plaintiffs.
>
> 4. All agency documents relating to the handling, transporting, storage and/or training for use, or use, of vehicles by DIs employed by the agency, including plaintiffs.
>
> 5. All agency documents relating to the Federal income tax treatment of the value of transportation between home or domicile and work sites in agency vehicles by DIs employed by the agency, including plaintiffs.

> 6. All agency documents relating to accidents occurring in connection with the use of agency vehicles by DIs employed by the agency, including plaintiffs.

Plaintiff Diversion Investigators do not carry firearms. However, they are issued vehicles by defendant for travel from home to assignments in two-week intervals in connection with specific criminal investigations. Plaintiffs' production request is addressed to the circumstances and conditions relating to the issuance of vehicles by defendant to such Diversion Investigators for specific criminal investigative assignments. See the DEA Form attached hereto as Bernstein Exhibit 4, which is used by DEA for the requisitioning of vehicles by Diversion Investigators.

In addition to the driving claims of the seventeen Diversion Investigators herein, the driving claims of other similarly situated Diversion Investigators are presently the subject of litigation before several other judges of this Court. And despite defendant's claim that the Federal Circuit's decision in Adams is fully dispositive of the driving claims of those Diversion Investigators whose non-driving claims were settled, judges in these other cases have ordered defendant to produce documents sought by the plaintiffs regarding such driving.

The cases involved are Zoraida Gonzalez, et al., v. United States, Case No. 07-790C, ("Gonzalez"), Kerry R. Hamilton v. United States, Case No. 06-680C, ("Hamilton"), and Linda A. Stocum v. United States, Case No. 07-03C, ("Stocum"). I am counsel for plaintiffs in all three cases. The plaintiffs in the Gonzalez, Hamilton and Stocum cases served defendant with requests for the production of documents which are in all material respects identical to plaintiffs' production requests herein.

In the Gonzalez case the Honorable Emily C. Hewitt, Judge of this Court, issued an order on March 28, 2008, a copy of which is attached hereto as Bernstein Exhibit 5, which provides as follows:

> On or before Thursday, May 8, 2008, defendant shall provide plaintiff with all documents responsive to plaintiffs' requests for production of documents served on defendant on Tuesday, March 25, 2008.

Similarly, in Hamilton and Stocum, on April 14, 2008, the Honorable Margaret M. Sweeney, Judge of this Court, issued identical orders which provide in material respects as follows: "The court determines that plaintiff is entitled to engage in discovery in order to fully present the merits of her case. . . ." See April 14, 2008 Orders in Hamilton and Stocum, pp. 2, attached hereto as Bernstein Exhibits 6 and 7.

Further, in Joint Status Reports filed by the parties on April 25, 2008, in Hamilton and Stocum, the parties declared:

> Counsel for defendant has advised counsel for plaintiff that the documents requested by plaintiff[s] in [their] First Request for Production of Documents will be produced on May 15, 2008.

Copies of the foregoing Joint Status Reports in Hamilton and Stocum are attached hereto as Bernstein Exhibits 8 and 9.

Attached to the Plaintiffs' Request for Admissions is a true and correct copy of the transcript of oral argument conducted in Adams in the Federal Circuit on November 8, 2006.

For the reasons set forth herein, and in Plaintiffs' RCFC 56(f) Motion, I verily believe that plaintiffs are entitled to the continuance they seek.

Further declarant sayeth not.

I, Jules Bernstein, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 12, 2008

**s/Jules Bernstein**
JULES BERNSTEIN