U.S. Department of Labor
Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210

May 31, 2006

WAGE AND HOUR ADVISORY MEMORANDUM NO. 2006-2

MEMORANDUM FOR REGIONAL ADMINISTRATORS
DISTRICT DIRECTORS

FROM: ALFRED B. ROBINSON, JR.
Acting Administrator

SUBJECT: IBP v. Alvarez, 126 S.Ct. 514 (2005)

This memorandum advises staff of the state of the law after the Supreme Court's decision in IBP v. Alvarez, 126 S.Ct. 514 (2005) (together with Barber Foods v. Tum).

The Supreme Court's Decision

The Supreme Court's unanimous decision in Alvarez holds that employees who work in meat and poultry processing plants must be paid for the time they spend walking between the place where they put on and take off protective equipment and the place where they process the meat or poultry. The Court determined that donning and doffing gear[1] is a "principal activity" under the Portal to Portal Act, 29 U.S.C. 254, and thus time spent in those activities, as well as any walking and waiting time that occurs after the employee engages in his first principal activity and before he finishes his last principal activity, is part of a "continuous workday" and is compensable under the Fair Labor Standards Act (FLSA), 29 U.S.C. 201 et seq. The Court also held that waiting time before the first principal activity is not compensable, unless the employees are required to report to work at a specific time.

The Meaning of "Work"

In order to reach this result, the Supreme Court reviewed and reaffirmed its historic definition of "work" under the FLSA. The Court stated that it has defined the terms "work" and "workweek" "broadly." It explained that although it had initially defined "work," in Tennessee Coal, Iron & R.Co. v. Muscoda Local No 123, 321 U.S. 590 (1944), as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business," it soon clarified, in Armour & Co. v. Wantock, 323 U.S. 126 (1944), that "exertion" was not necessary for an activity to constitute "work." Two years later, in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946), the Court noted that it defined "the statutory workweek" to "include all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed workplace." The Court in Alvarez then emphasized that, other than its express exceptions for travel to and from an employee's principal activity and for other preliminary or postliminary activities, the Portal-to-Portal Act does not change the conception of "work" or define the workday.

Therefore, the time, no matter how minimal, that an employee is required to spend putting on and taking off gear on the employer's premises is compensable "work" under the FLSA.

The Portal-to-Portal Act

As noted above, the Supreme Court's central holding in Alvarez is that time spent after the beginning of the first principal activity, including time spent walking, is not affected by section 4(a) of the Portal-to-Portal Act, 29 U.S.C. 254(a), and is therefore compensable. In upholding the "continuous workday" principle incorporated in DOL regulations, the Court stated:

BERNSTEIN EXHIBIT 3

> [D]uring a continuous workday, any walking time that occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity is excluded from the scope of the [Portal Act], and as a result is covered by the FLSA.

The Court therefore reversed that part of the First Circuit's decision in Tum v. Barber Foods, 331 F.3d 1, 4-5 (2003), which held that walking time which took place after the first principal activity was excluded from compensation under the Portal Act.

Similarly, in fashioning its holding, the Court rejected the argument that an activity that is integral and indispensable to a principal activity may not start the workday. The Court noted that in Steiner v. Mitchell, 350 U.S. 247 (1956), it "made clear" that activities that are integral and indispensable to principal activities are themselves principal activities that start the workday. As stated by the Court,

> [W]e hold that any activity that is 'integral and indispensable to a principal activi is itself a 'principal activity' under section 4(a) of the Portal-to-Portal Act.

Donning and Doffing of "Nonunique" Gear in Processing Plants

The Supreme Court in Alvarez did not rule directly on the compensability of donning and doffing of "nonunique" gear such as hairnets, goggles, hardhats and smocks, because it was conceded or the courts below held that donning and doffing of the gear at issue in these cases was a principal activity. The Court, however, framed the issue to be decided as involving walking time after the donning of required gear "that the courts below found integral and indispensable to the employees' work." In Steiner, the Court held that changing into and out of old work clothes at a battery plant was an integral and indispensable part of the workers' principal activities, and therefore compensable. And the regulation at 29 C.F.R. 790.8 n.65 provides that any clothes changing on the employer's premises, which is required by law, the employer, or the nature of the work is compensable.[2] The Court in Alvarez ruled that the principles enunciated in Steiner were applicable to the cases before it, and endorsed the Secretary's regulations. Accordingly, whether required gear is "unique" or "non-unique" is irrelevant to whether donning and doffing is a principal activity.

The Ninth Circuit in Alvarez,339 F.3d 894,903-904 (9th Cir. 2003)indicated that the "specific tasks" of donning and doffing "non-unique" gear, such as hardhats and safety goggles (as opposed to "unique" equipment), while integral and indispensable to the employees' principal activities, were not compensable because they were "de minimis as a matter of law." As the government's Supreme Court amicus brief in Alvarez states, the Ninth Circuit erred in its application of the de minimis rule. The de minimis rule applies to the aggregate amount of time for which an employee seeks compensation, not separately to each discrete activity, and particularly not to certain activities "as a matter of law." The Supreme Court's continuous workday rationale renders the Ninth Circuit's "de minimis as a matter of law" discussion untenable.

However, donning and doffing of required gear is within the continuous workday only when the employer or the nature of the job mandates that it take place on the employer's premises. It is our longstanding position that if employees have the option and the ability to change into the required gear at home, changing into that gear is not a principal activity, even when it takes place at the plant. See FOH section 31b13 (dressing at home is not compensable).

De Minimis Activities

The Supreme Court also did not rule directly on the scope and meaning of de minimis activities, or on the effect of de minimis activities on the compensability of donning, doffing, walking and waiting time. It is important to note, however, that the "required protective gear" at issue in Tum included, and for some employees was limited to, lab coats, hairnets, earplugs and safety glasses.[3] The jury in Tum found that the donning and doffing of this gear, taken alone, was de minimis. The First Circuit ruled that the post-donning and pre-doffing waiting and walking was preliminary and therefore did not need to be considered in addition to the donning and doffing time. The Supreme Court

reversed and remanded to the First Circuit for further proceedings, concluding that "during a continuous workday, any walking time that occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity is excluded" from the Portal Act and thus is compensable.

Alvarez thus clearly stands for the proposition that where the aggregate time spent donning, walking, waiting and doffing exceeds the de minimis standard, it is compensable. Any other conclusion would be inconsistent with the continuous workday rule. It would also appear to render the Supreme Court's holding in Tum an advisory opinion, and leave the Court's remand of the case to the First Circuit devoid of any apparent purpose.

---

[1]
Although the Supreme Court did not define "donning and doffing," the First Circuit held that donning includes the obtaining of equipment. Tum v. Barber Foods, 331 F.3d 1, 9 (1st Cir. 2004). That finding is consistent with the Department's long held view.

The First Circuit's ruling is buttressed by the Court's ruling in IBP v. Alvarez that waiting to obtain required gear is not compensable because "unlike the donning of certain types of protective gear which is *always* essential if the worker is to do his job, the waiting may or may not be necessary in particular situations or for every employee" (emphasis in original). Since, like donning, obtaining the gear (as opposed to waiting to obtain the gear) "is always essential if the worker is to do his job," the compensable day starts once the employee has obtained the gear required to be stored on the premises by taking an item out of a bin, a locker or another designated storage area.

[2]
On the other hand, gear used only to keep employees' personal clothing from getting soiled is not "required by the nature of the work."

[3]
The Supreme Court noted that the parties in Tum had "stipulated that four categories of workers - rotating, set-up, meatroom, and shipping and receiving associates - were required to don [and doff] protective gear." The rotating associates were required to wear lab coats, hairnets, earplugs and safety glasses. Tum v. Barber Foods, 331 F.3d at 3.