IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEPHEN S. ADAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 90-162C |
| | ) | and consolidated cases |
| THE UNITED STATES, | ) | (Judge Bush) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION UNDER RCFC 56(f), FOR A CONTINUANCE TO PERMIT THEM TO CONDUCT DISCOVERY FOR THE PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REGARDING REMAINING "DRIVING TIME" CLAIMS

Defendant, the United States, respectfully responds to plaintiffs' motion for a continuance to permit them to conduct discovery for the purpose of opposing defendant's motion for summary judgment regarding the remaining "driving time" claims.

## INTRODUCTION

To obtain discovery under RCFC 56(f), a party cannot "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." Simmons Oil Corp. v. Tesoro Petroleum Corp., 86 F.3d 1138, 1144 (Fed. Cir. 1996). "A party requesting discovery under Rule 56(f) must state, by affidavit, 'explicit reasons why discovery is required in opposition to the motion for summary judgment.'" Paalan v. United States, 57 Fed. Cl. 15, 17 (2003), quoting C.W. Over & Sons, Inc. v. United States, 44 Fed. Cl. 18, 23 (1999); accord Brubaker Amusement Co. v. United States, 304 F.3d 1349, 1361 (Fed. Cir. 2002) (Court is not required to grant discovery "merely on the hope on the part of a plaintiff that it might find evidence to support its complaint").

Plaintiffs in this case have filed a declaration in support of their Rule 56(f) motion, but the content of the declaration is essentially the same as that of the motion; neither states facts

supporting plaintiffs' contention that they require discovery in order to respond to our summary judgment motion. Plaintiffs have failed to demonstrate that the facts they hope to develop through discovery would be material to the pending summary judgment motion under controlling law. Nor have they demonstrated that they truly require discovery in order to develop these facts. Nor have they demonstrated that they did not previously have an opportunity to take discovery of the kind they claim to require.

## ARGUMENT

### I. Plaintiffs Have Not Demonstrated That The Facts They Hope To Develop Through Discovery Would Be Material To The Pending Summary Judgment Motion Under Controlling Law

Our pending motion seeks dismissal of the plaintiffs' claims for overtime pay pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., to the extent that these claims were previously settled except with respect to time solely spent driving between home and work in a Government vehicle. We seek dismissal of these remaining "driving time" claims for the same reason that driving time claims excluded from earlier, similar settlements in these consolidated cases were dismissed by this Court, and we have demonstrated that the grounds for the past dismissal of driving time claims, as stated by this Court and by the United States Court of Appeals for the Federal Circuit in affirming this Court's decision, are equally applicable to the driving time claims at issue in our pending motion. See Adams v. United States, 65 Fed. Cl. 217 (2005), aff'd, 471 F.3d 1321 (2006) , reh'g and reh'g en banc denied, 219 Fed. Appx. 993 (Fed. Cir. 2007), cert. denied, 128 S.Ct. 866 (2008).

Although plaintiffs have responded, in part, with a motion for a continuance under RCFC 56(f) to permit them to conduct discovery, plaintiffs have also filed a brief in response to our

summary judgment motion, as well as a response to our Proposed Findings of Uncontroverted Fact ("PFUF"). In their motion for a continuance, plaintiffs do not state that they require discover in order to controvert the facts stated in our PFUF. Indeed, plaintiffs' have responded to each paragraph in out PFUF by stating: "Plaintiffs agree that this fact is undisputed."

Nor do plaintiffs otherwise demonstrate a need for discovery in order to respond to our motion. Instead, they argue, in essence, that the prior decisions of this Court and the Federal Circuit concerning home-to-work driving in this case are not controlling and should not be followed, and, that, if they are not followed, then facts that are not material under these decisions might become material. Thus, plaintiffs point out in their Rule 56(f) motion that, in their response to our summary judgment motion, they argue that two Supreme Court decisions, Long Island Care At Home, Ltd. v. Coke, 127 S. Ct. 2339 (2007), and IBP, Inc. v. Alvarez, 546 U.S. 21 (2005),

> have altered the "legal landscape," that the plaintiffs' claims which defendant seeks to have dismissed are distinct from those of the driving claims denied in Adams, that the applicable rules under both Coke and Alvarez bring into play facts in addition to those presented in Adams, as well as legal principles that require reconsideration of Adams.

Plaintiffs' Motion 2-3.

This argument does not demonstrate a need for discovery, for several reasons. First, our pending motion is plainly based upon the premise that the prior decisions of this Court and the Federal Circuit concerning home-to-work driving in this case – as well as the Federal Circuit's decision in Bobo v. United States, 136 F.3d 1465 (Fed. Cir. 1998) – are controlling and must be followed. If plaintiffs disagree, this presents a legal issue, not a factual one. Thus, plaintiffs'

argument pertains to the substantive legal issues raised in our pending dispositive motion, not to whether discovery is warranted.

Second, even as to the latter issues, plaintiffs' argument is essentially one for overruling the Federal Circuit's decision in this case. As such, the argument is not properly addressed to this Court. Nor is this argument relevant to whether plaintiffs need discovery in order to respond to our summary judgment motion. In this Court, plaintiffs can attempt to distinguish the Federal Circuit's prior decisions here and in Bobo, but plaintiffs cannot ask this Court to contravene those decisions. The only conceivable factual issue plaintiffs can raise in response to our motion is whether the home-to-work driving that they perform is materially different from the driving involved in Adams and Bobo. If there is such a difference, however, plaintiffs must know what it is; plaintiffs can hardly claim that they lack knowledge of the nature and purpose of their own activities, and that they require discovery concerning these activities.

Third, the cases that plaintiffs cite as having "altered the 'legal landscape'" have done nothing of the sort. These cases are fully consistent with the previous decisions of this Court and the Federal Circuit in this case. Indeed, plaintiffs' citation of Alvarez in this regard is absurd on its face, since Alvarez was decided prior to the Federal Circuit's decision in this case, and was discussed in that decision. 471 F.3d at 1325. Plaintiffs may not agree with the Federal Circuit's reading of Alvarez, but this does not make the Federal Circuit's decision any less binding here. Coke was decided after Adams, but, like Alvarez, it is not in any way inconsistent with the decisions of this court and the Federal circuit in this case. In an effort to stretch Coke into the shape of a post-Adams change in the law, plaintiffs seize upon the Supreme Court's holding that "the courts were obligated to 'defer' to the regulations" of the agencies charged with

administering the FLSA, and argue that "[n]o such deference was accorded OPM's regulations in Adams, as is required by Coke." Plaintiffs' Motion 3-4. This argument, however, has nothing to do with any change in the law, but is rather a repetition of plaintiffs' previously-rejected argument that home-to-work driving is compensable under 5 C.F.R. §§ 551.401, 551.422. Nor did this Court fail to defer to these regulations; rather, it refused to read into the regulations the meaning that the plaintiffs urged. See 65 Fed. Cl. at 239-240.[1] In sum, plaintiffs' reliance upon the referenced Supreme Court cases is an attempt to support an illusory need for discovery with an illusory change in the legal landscape.

Plaintiffs discussion of the specific discovery requests that they have served confirms that the discovery they seek is neither necessary for a response to our summary judgment, nor calculated to lead to material evidence in light of the prior decisions of this Court and the Federal Circuit concerning home-to-work driving. If this discovery is an indication of the kinds of facts they expect to prove, it demonstrates an intent merely to prove the same facts that the plaintiffs in Adams proved, and that led to summary judgment being entered in the Government's favor. Thus, plaintiffs state that

> on April 28, 2008, shortly after the filing of defendant's pending motion, plaintiffs served defendant with Plaintiffs' Requests for Admissions. . . . In Plaintiffs' Requests for Admissions they seek 40 separate admissions related to the conditions of employment of most all of the plaintiffs covered by Defendant's Motion, with the exception of approximately seventeen DEA Diversion Investigators.

---

[1] The Federal Circuit in Adams did not expressly discuss these regulations, but the reasoning and conclusions contained in the Federal Circuit's opinion impliedly reject the plaintiffs' interpretation of these regulations. The fact that the Federal Circuit did not expressly discuss these regulations does not signify anything more than that the panel simply did not view plaintiffs' interpretation as warranting discussion.

Plaintiffs' Motion 3. The admissions sought in the referenced request, however, are, essentially, an abridged version of the proposed findings of uncontroverted fact filed by plaintiffs in 2004, in support of their unsuccessful motion for summary judgment with respect to the home-to-work driving claims of various grade GS-12 Criminal Investigators. Compare Bernstein Declaration Exhibit 1 with Docket Entry 513.

Similarly, plaintiffs state that "[a]s to the seventeen Diversion Investigator plaintiffs, on April 28, 2008, plaintiffs served defendant with a Request for the Production of Documents . . . ." Plaintiffs' Motion 3. This request seeks documents concerning matters such as agency instructions concerning Government vehicles, equipment transported by Diversion Investigators in their vehicles, misuse of vehicles, Federal income tax treatment of the value of commuting in Government vehicles, and accidents in such vehicles. Plaintiffs' Opposition 4-5. Bernstein Declaration Exhibit 2. Plaintiffs offered evidence of Government policies and requirements concerning these matters in support of their 2004 summary judgment motion regarding the driving claims of the GS-12 Criminal Investigators, but, to the extent that any of these matters were even ostensibly material, this Court found that the cited policies and requirements did not indicate home-to-work driving in Government vehicles to constitute compensable work under the FLSA. See, e.g., 65 Fed. Cl. at 240-41; 471 F.3d at 1323. As to both Criminal Investigators and Diversion Investigators, plaintiffs appear merely to be fishing for the same kind of evidence that was considered by the Court in deciding the parties previous

motions concerning home-to-work driving, in the hope that this evidence will somehow produce a different result this time.[2]

II. Plaintiffs Do Not Require Discovery To Develop Any Material Facts

If there were any Government policies, requirements, or restrictions governing plaintiffs' driving that differed materially from those involved in the driving claims previously adjudicated in this case, plaintiffs would know what they were, and would be able to describe them in declarations submitted in opposition to our pending summary judgment motion. Plaintiffs cannot claim, after all, that their home-to-work driving is more in the nature of "work" than the driving involved in the previously adjudicated claims based upon features so slight that they are imperceptible. And, even assuming that the requested discovery would produce evidence of facts somewhat different from the facts considered by the Court in its previous decision concerning home-to-work driving, plaintiffs cannot credibly contend that they require discovery to prove these facts.

Plaintiffs' Rule 56(f) motion itself demonstrates the absence of any such need. As an example of the facts plaintiffs they hope to prove through discovery, plaintiffs state:

> [P]laintiffs believe that the plaintiffs whose employment is the subject of their Requests for Admissions are required to carry firearms and ammunition into their homes when they arrive home in their Government vehicles at the end of each workday, and they must unload such firearms and ammunition and store such firearms and ammunition in defendant provided safes in their homes.

---

[2] Plaintiffs also cite several recent cases involving similar claims by Diversion Investigators in which the Court has held that plaintiff could take discovery. None of those cases, however, involved a pending summary judgment motion or a Rule 56(f) motion. Further, what plaintiffs' discussion of these cases indicates is not that they are entitled to a continuance under Rule 56(f), but that, with respect to Diversion Investigators, they have already obtained much if not all of the discovery sought here.

> Similarly, these plaintiffs must take their firearms from their safes at the commencement of each workday, load them and place them in their Government vehicles prior to departing for work.

Plaintiffs' Motion 4. In our reply brief on the merits, we will demonstrate that these assertions concerning firearms have no bearing upon whether plaintiffs' home-to-work driving constitutes compensable work. Insofar as this assertion relates to plaintiffs' Rule 56(f) motion, we note only that each plaintiff is, necessarily, fully aware of his or her own conduct with respect to firearms, and is fully able to submit a declaration describing this conduct, without discovery. Likewise, each plaintiff is, necessarily, fully aware of the nature of his or her own conduct in driving between home and work, and is fully able to submit a declaration describing this conduct, without discovery.

III. Plaintiffs Had Time To Take Discovery Of The Kind They Claim To Require

Plaintiffs argue that "[i]t is well-established that summary judgment is not appropriate unless the parties have had adequate time for discovery." Plaintiffs' Motion 7. Our pending summary judgment motion, however, only concerns claims for time solely spent driving between home and work in a Government vehicle, in employment as to which plaintiffs have settled their FLSA claims with respect to all other time. The parties entered into these settlements between October 2003 and June 2007. The need to resolve the driving claims that were carved out of these settlements was evident at least from the time these settlements occurred. And, in January 2008, after the Supreme Court denied plaintiffs' petition for a writ of certiorari in connection with the Federal Circuit's decision concerning driving claims in this case, the parties filed a joint status report that included the following statement: "Defendant believes that the Federal Circuit's decision in this case concerning the GS-12s' driving claims requires prompt dismissal

of the remaining driving claims, and defendant reserves the right to file an appropriate motion to dismiss these claims without awaiting further proceedings, if plaintiffs do not promptly dismiss them voluntarily." Although the predicted motion was filed on April 11, 2008, any reasons plaintiffs may have to believe that they need discovery were at least as evident in January 2008 as they were in April, and, indeed, they were evident long before that.

Further, our pending summary judgment motion largely concerns the same agencies and positions as were involved in the Court's previous adjudication of home-to-work driving claims, but at different grade levels. The previous adjudication primarily concerned grade GS-12 Criminal Investigators at five agencies, whereas our pending motion primarily concerns grade GS-13 Criminal Investigators at the same agencies five agencies. (A minority of the plaintiffs affected by our pending motion were Criminal Investigators at other agencies in various grades, or occupied positions other than Criminal Investigator.) As the record of that prior adjudication reflects, plaintiffs conducted the discovery they believed necessary with respect to the driving of Criminal Investigators at those agencies, and that discovery was not limited to the GS-12 grade level.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for a continuance to permit them to conduct discovery should be denied.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

**s/Todd M. Hughes**
TODD M. HUGHES
Deputy Director

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

**Filed electronically**

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

May 23, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2008, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION UNDER RCFC 56(f), FOR A CONTINUANCE TO PERMIT THEM TO CONDUCT DISCOVERY FOR THE PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REGARDING REMAINING 'DRIVING TIME' CLAIMS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**