IN THE UNITED STATES COURT OF FEDERAL CLAIMS

REC'D MAY 28 2008

| | | |
|---|---|---|
| STEPHEN S. ADAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 90-162C |
| | ) | and consolidated cases |
| THE UNITED STATES, | ) | (Judge Bush) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS

In accordance with Rule 36 of the United States Court of Federal Claims, defendant responds to Plaintiffs' Requests for Admissions with the answers and objection set forth below.

GENERAL OBJECTIONS

Defendant objects to plaintiffs' requests for admissions to the extent that they seek admissions concerning matters other than time solely spent driving between home and work in a Government vehicle, upon the ground that the claims of the plaintiffs to whom the requests pertain (defined in plaintiffs' requests as the plaintiffs who are the subject of defendant's pending motion for summary judgment) have been settled with respect to all time other than time solely spent driving between home and work in a Government vehicle.

Defendant objects to plaintiffs' requests for admissions to the extent that they seek admissions concerning time solely spent driving between home and work in a Government vehicle, upon the ground that plaintiffs' claims for such time fail as a matter of law, for the reasons stated in defendant's defendant's pending motion for summary judgment.

PLAINTIFFS' EXHIBIT 1

ANSWERS TO NUMBERED REQUESTS

1. Commencing February, 1988, and thereafter ("relevant time period"), plaintiffs, while employed by defendant in the positions that are the subjects of these consolidated actions and defendant's instant motion were provided with vehicles ("GOVs") for the purpose of performing their duties as employees of defendant.

RESPONSE:

Defendant objects to this request upon the grounds that it is vague, overbroad, and unduly burdensome. As an accommodation to plaintiffs, and without waiving any objection, defendant denies this requested admission, except to admit that, during certain times within the referenced period, some plaintiffs were provided with vehicles for the purpose of performing their duties as employees of defendant.

2. Plaintiffs commonly were required by defendant to drive their GOVs between their homes or abodes and their offices or other places of their employment ("home/work driving") on working days.

RESPONSE:

Defendant objects to this request upon the grounds that it is vague, overbroad, and unduly burdensome. As an accommodation to plaintiffs, and without waiving any objection, defendant denies this requested admission, except to admit that at various times some plaintiffs were required, when commuting between their homes and their places of employment on working days, to do so by driving a GOV.

3. Plaintiffs were on duty while engaged in such home/work driving.

RESPONSE:

Defendant objects to this request upon the grounds that it is vague and calls for a conclusion of law rather than an admission of fact. As an accommodation to plaintiffs, and without waiving any objection, defendant denies that plaintiffs were performing work within the meaning of the Fair Labor Standards Act ("FLSA") while engaged in such home/work driving, and denies that the time spent by plaintiffs in such home/work driving was part of plaintiffs' work day under the FLSA.

4. Plaintiffs driving of their GOVs was among the duties of their employment by defendant.

RESPONSE:

Defendant objects to this request upon the ground that it is vague. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that the performance of the duties of some plaintiffs' employment sometimes involved driving their GOVs, but denies that plaintiffs' commuting between home and work was among the duties of their employment, whether or not that commuting was accomplished by driving a GOV.

5. The above-described home/work driving performed by plaintiffs was required by defendant and was performed for the benefit of defendant.

RESPONSE:

Defendant objects to this request upon the grounds that it is vague, overbroad, and unduly burdensome. As an accommodation to plaintiffs, and without waiving any objection, defendant denies this requested admission, except to admit that various plaintiffs at various times were

required by defendant, when commuting between home and work, to do so by driving a GOV, and that this requirement was for the benefit of defendant.

6. Pursuant to the terms of Federal Personnel Manual Letter 551-10 issued by the Civil Service Commission on April 30, 1976, plaintiffs who were treated by defendant as non-exempt under the provisions of the Fair Labor Standards Act were entitled to be compensated for time spent driving a GOV between their homes and places of employment.

RESPONSE:

Defendant objects to this request upon the grounds that it is vague and calls for a conclusion of law rather than an admission of fact. To the extent that the requested admission may be deemed to call for an admission of fact, it is denied, except to admit that, with respect to employees who were classified as non-exempt under the provisions of the Fair Labor Standards Act, Federal Personnel Manual Letter 551-10 contained the language quoted in Request No. 7, below.

7. Federal Personnel Manual Letter 551-10, entitled "Travel Time as 'Hours of Work' Under FLSA," provided in part as follows (at Table 1):

HOME TO WORK TRAVEL AS "HOURS OF WORK" UNDER FLSA

| Kind of Travel Involved: | Is travel time "hours of work"? |
| --- | --- |
| A. Home to Work - Normal Situation | |
| Normal home to work (work to home) travel | No |
| Employee drives a Government vehicle home (as a requirement of the employing agency) to respond to emergency calls immediately from his/her home. | Yes1/ |

. . . .

1/ All time spent driving the vehicle home to work (work to home) is hours worked.

RESPONSE:

Admits.

8. Such driving between home and place of employment by plaintiffs facilitated the accomplishment of defendant's agencies' law enforcement missions, since the GOVs were provided to the plaintiffs for rapid response to emergency calls at any time, whether plaintiffs were at home or proceeding between home and their office or other work location.

RESPONSE:

Defendant objects to this request upon the grounds that it is vague, overbroad, and unduly burdensome.

9. Defendant's GOVs were driven by plaintiffs to their homes on working days so they would be able to respond to emergencies from home and elsewhere at any time.

RESPONSE:

Defendant objects to this request upon the grounds that it is vague, overbroad, and unduly burdensome.

10. The plaintiffs were required to have their firearms, ammunition and other law enforcement-related equipment with them while engaged in home/work driving

RESPONSE:

Defendant objects to this request upon the grounds that it is vague, and that, under the law of the case, it is irrelevant. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that this statement has been true of certain plaintiffs at certain times.

11. The plaintiffs have been required to monitor their vehicles' communications equipment while driving their GOVs.

RESPONSE:

Defendant objects to this request upon the grounds that it is vague, and that, under the law of the case, it is irrelevant. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that this statement has been true of certain plaintiffs at certain times.

12. Plaintiffs were not permitted by defendant to run personal errands with their GOVs, or transport non-official persons, such as friends or family members, in their GOVs.

RESPONSE:

Defendant objects to this request upon the grounds that it is vague, and that, under the law of the case, it is irrelevant. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that this statement has been true of certain plaintiffs at certain times.

13. While driving between home and their places of employment, plaintiffs were under the control of defendant pursuant to law and defendant's rules and regulations and they were subject to the exercise of supervisory authority by agents of defendant.

RESPONSE:

Defendant objects to this request upon the grounds that it is vague and calls for a conclusion of law rather than an admission of fact.

14. Defendant issued firearms, including handguns, and ammunition, to plaintiffs as equipment needed to perform their duties.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that this statement has been true of certain plaintiffs at certain times.

15. Such firearms and ammunition were required to be kept with, or on the person of, plaintiffs while they drove GOVs between home and their places of employment.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that this statement has been true of certain plaintiffs at certain times.

16. When plaintiffs arrived home at the end of their workdays they were required to remove their firearms and ammunition from their GOVs and persons, unload their firearms, and store both firearms and ammunition in secure places in their homes, including safes provided by defendant.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that when certain plaintiffs arrived home after the end of their workdays they were required to remove their firearms and ammunition from their GOVs and persons, unload their firearms, and store both firearms and ammunition in secure places in their homes, including safes provided by defendant. Defendant denies that plaintiffs arrived home at the end of their workdays.

17. Before the plaintiffs entered their GOVs at the beginning of each workday they were required to remove their firearms and ammunition from their homes, load them, and place them in holsters or other containers on their persons or in their GOVs.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that before certain plaintiffs entered their GOVs prior to the beginning of each workday they were required to remove their firearms and ammunition from their homes, load them, and place them in holsters or other containers on their persons or in their GOVs. Defendant denies that plaintiffs' workday began when they left their homes to drive to work.

18. The process of plaintiffs taking their firearms and ammunition out of their GOVs, storing and unloading their firearms and ammunition in their homes at the end of the workday took each plaintiff approximately 5 minutes each workday.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant. To the extent that the requested admission may be deemed relevant, it is denied.

19. The process of removing plaintiffs' firearms and ammunition from their homes, loading them, and placing them on their persons and in their GOVs took each plaintiff approximately 5 minutes each workday.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant. To the extent that the requested admission may be deemed relevant, it is denied.

20. In each of plaintiffs' two-week pay periods, approximately 1 hour and 40 minutes was spent in the activities described in paragraphs 18 and 19 above by each plaintiff.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant. To the extent that the requested admission may be deemed relevant, it is denied.

21. A reason that defendant required that plaintiffs' firearms not be left in their GOVs overnight outside of their homes was defendant's concern that a break-in into the GOVs might occur in which case the firearms and ammunition might be stolen and misused.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant.

22. reason that defendant provided plaintiffs with safes to store their firearms in their homes was to avoid accidents involving other individuals who might obtain access to such firearms.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant.

23. Among other job related equipment transported from time to time between home and work by plaintiffs in their GOVs were body armor, handcuffs, walkie talkies, portable radios and cameras, leg irons and other restraints, night vision equipment, pagers, mace, oc spray and pepper spray, kel recorders, maps, binoculars, evidence bags and evidence tape, sledgehammers and crowbars, log books, drug testing equipment, flashlights, first aid kits, and electronic testing equipment.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that from time to time various plaintiffs transported one or more of the referenced items of equipment while traveling between home and work in their GOVs, and that some of these items of equipment were job related.

24. Plaintiffs' GOVs have also been equipped with special emergency lights, road flares, fire extinguishers, sirens and public address systems, and jumper cables, shovels and electric tools and hand tools.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that this statement has been true of certain plaintiffs' GOVs at certain times.

25. Work gear and clothing carried between home and work by plaintiffs in their GOVs have included raid jackets, helmets and hats, pants and shirts, kevlar and latex gloves, and boots.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that this statement has been true of certain plaintiffs at certain times.

26. There are two-way radios in plaintiffs' GOVs so that they may communicate with individuals outside of the GOV. The radios are required to be turned on and remain on from the time plaintiffs leave home until they return home while they are in their GOVs.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that the first sentence of this statement has been true of certain plaintiffs at certain times. Defendant denies that the radios are required to be turned on and remain on from the time plaintiffs leave home until they return home.

27. The purpose of leaving the radios turned on while plaintiffs are driving between home and work is to communicate with other GOVs, offices, supervisors, or anyone else needing to reach plaintiffs.

RESPONSE:

Admits.

28. The car radios are tools used to perform plaintiffs' jobs. There is radio contact between plaintiffs and other law enforcement officers while plaintiffs are driving between home and work.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that the first sentence of this statement is true, and that the second sentence of this statement has been true of certain plaintiffs at certain times. To the extent that the second sentence of this statement may be construed to mean that plaintiffs communicate with other law enforcement officers whenever they drive between home and work. It is denied.

29. U.S.C. § 3796 ("§ 3796"), is the Public Safety Officer's Death Benefit Act. It provides a death benefit to survivors if a plaintiff were to be killed in the line of duty. Such "line of duty" deaths includes those occurring while plaintiffs are traveling between home and places of employment in GOVs.

RESPONSE:

Defendant objects to this request upon the grounds that it calls for a conclusion of law rather than an admission of fact, and that, under the law of the case, it is irrelevant.

30. If a plaintiff suffers an injury while driving to and from home in a GOV, the plaintiff may be entitled to receive workers' compensation under 5 U.S.C. § 8102.

RESPONSE:

Defendant objects to this request upon the grounds that it calls for a conclusion of law rather than an admission of fact, and that, under the law of the case, it is irrelevant.

31. Under the Internal Revenue Code, unlike the situation of federal employees who are issued GOVs for home/work travel who must pay federal income tax on a portion of the GOV's value because it provides some personal benefit to them, in the case of plaintiffs the Internal Revenue Service considers no personal benefit to have been received by them and no federal income tax is owed by them for their home/work driving.

RESPONSE:

Defendant objects to this request upon the grounds that it calls for a conclusion of law rather than an admission of fact, and that, under the law of the case, it is irrelevant.

32. Under 31 U.S.C. § 1344 ("§ 1344"), "[f]unds available to a Federal agency, by appropriation or otherwise, may be expended by the Federal agency for the maintenance, operation, or repair of any passenger carrier only to the extent that such carrier is used to provide transportation for official purposes. . . ." Section 1344(a)(2) declares that "transportation between the residence of an officer or employee [of a Federal agency] and various locations that is . . . essential for the safe and efficient performance of intelligence, counterintelligence, protective services, or criminal law enforcement duties, is transportation for an official purpose, when approved in writing by the head of the Federal agency."

RESPONSE:

Defendant objects to this request upon the grounds that it calls for a conclusion of law rather than an admission of fact, and that, under the law of the case, it is irrelevant.

33. be an "official purpose" such transportation must be essential for the safe and efficient performance of intelligence, counter-intelligence, protective services, or criminal law enforcement duties.

RESPONSE:

Defendant objects to this request upon the grounds that it calls for a conclusion of law rather than an admission of fact, and that, under the law of the case, it is irrelevant.

34. Home/work driving by plaintiffs in GOVs is "transportation for an official purpose" within the meaning of 31 U.S.C. § 1344.

RESPONSE:

Defendant objects to this request upon the grounds that it calls for a conclusion of law rather than an admission of fact, and that, under the law of the case, it is irrelevant.

35. Under 31 U.S.C. § 1349 ("§ 1349"), plaintiffs are subject to discipline for misusing GOVs assigned to them.

RESPONSE:

Defendant objects to this request upon the grounds that it calls for a conclusion of law rather than an admission of fact, and that, under the law of the case, it is irrelevant.

36. Such misuse may involve deviating from the normal home to work path on the way home, going somewhere else on the way to work or making a stop for personal reasons.

RESPONSE:

Defendant objects to this request upon the grounds that it calls for a conclusion of law rather than an admission of fact, and that, under the law of the case, it is irrelevant.

37. § 1349 requires at least a one month suspension from work for misuse. A more severe penalty may include demotion and/or discharge. Transporting a relative or friend on other than government business would constitute misuse. Using a GOV for personal business, such as leaving a duty station or residence to cash paychecks, pay bills, drop off or pick up mail, pick up dry cleaning, grocery shopping or transporting children to and from school, would constitute misuse.

RESPONSE:

Defendant objects to this request upon the grounds that it calls for a conclusion of law rather than an admission of fact, and that, under the law of the case, it is irrelevant.

38. Defendant compensated FLSA non-exempt plaintiffs for driving to and from work in a GOV under FPM Letter 551-10.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that at certain times, certain agencies compensated plaintiffs who were employed by these agencies in positions that were classified as FLSA non-exempt for time spent driving to and from work in a GOV, and that this compensation was paid based upon the guidance contained in FPM Letter 551-10.

39. During such period of compensation described in paragraph 28 above, defendant employed a system for recording the time during which FLSA non-exempt employees spent driving GOVs between home and work and paid wages to such employees for time spent while engaged in home/work driving of a GOV.

RESPONSE:

Defendant objects to this request upon the ground that, under the law of the case, it is irrelevant. As an accommodation to plaintiffs, and without waiving any objection, defendant admits that at times when agencies paid employees occupying positions that were classified as FLSA non-exempt for time spent driving to and from work in a GOV, these agencies employed a system for recording that time.

40. The Transcript of the Oral Argument in the United States Court of Appeals for the Federal Circuit conducted on November 8, 2006, in the case of Adams v. United States, Case Nos.06-5040, 06-5041, attached hereto is a true, correct and genuine transcript of such argument.

RESPONSE:

Admits.

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

TODD M. HUGHES
Deputy Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

May 28, 2008

**CERTIFICATE OF SERVICE**

I hereby certify, under penalty of perjury, that on May 28, 2008, by means of

- ☐ electronic mail
- ☐ facsimile
- ☒ hand delivery
- ☐ overnight mail
- ☒ United States mail

copies of "DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS" were served upon the following person(s):

Jules Bernstein
BERNSTEIN & LIPSETT, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036

Edgar N. James
JAMES & HOFFMAN, P.C.
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036

Attorneys for Plaintiffs

______________________________