IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN ADAMS, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No. 90-162-C and Consolidated Cases (Judge Lynn J. Bush) |

**PLAINTIFFS' FORTY-SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the United States Court of Federal Claims (RCFC), plaintiff GS-13 1811 criminal investigators through undersigned counsel, request that defendant respond to the following Requests for Production of Documents and sign under oath on or before June 30, 2008. All production requests shall be deemed to be addressed to all agents and employees of defendant having knowledge of the subject matter, and all responses shall reflect the cumulative knowledge of all such agents and employees of defendant. In answering the Requests for Production of Documents, defendant is requested to identify, specifically and in a form suitable for use in a production request, all documents as defined herein containing, setting forth, or pertaining to the information provided in answering; or in the alternative, to attach copies of such documents to its responses.

## I. INSTRUCTIONS

A. These production requests are continuing in character and require defendant to file supplementary answers in accordance with RUSCFC 26(e) if it obtains further, additional or different information after its initial answers and before trial.

B. In producing the requested documents, please identify the request number to which each document is responsive.

C. If any document or part thereof is withheld pursuant to a claim of privilege, please identify each such document for which privilege is claimed by (i) the type of document (e.g., letter, memorandum, etc.), its date, author and addressee or recipient; (ii) the number of pages in the document; (iii) a general description of the subject matter of the document, and (iv) the privilege being claimed and the basis for withholding the document under claim of privilege.

D. If any document responsive to any request made herein was, but no longer is in defendant's possession, custody or control, state what disposition was made of that document and the date on which such disposition was made.

E. If defendant maintains that any document or record requested herein has been destroyed, describe the contents of said document, the location of any copies of said document, the date of such destruction and the name of the person who ordered or authorized such destruction.

F. As used herein, all words used in their singular shall be deemed to include the words in their plural form and vice versa.

G. These document requests relate to the period commencing March, 1988, to date. The defendant is reminded of its duty under RCFC 26(e) to supplement its responses.

## II. DEFINITIONS

A. "Document" means all original documents, and any and all nonidentical copies thereof, of any kind of written or graphic matter, however produced or reproduced, of any kind or description, and any attachments thereto including but not limited to correspondence, memoranda,

handwritten notes, work papers, drafts, recordings, computer disks or printouts, e-mails, ledgers, reports, studies, transcripts, contracts, questionnaires, telegrams, teletypes, summaries, instructions, notices, desk calendars, appointment books, diaries, telephone logs, films, videotapes, photographs, lists, calendars, tabulations, charts, graphs, data compilations, rules, regulations, manuals, handbooks and instructions, in effect and/or existence, and/or created or generated during the time period set forth in the Instructions.

B. The term "communication" means and refers to any oral statement, discussion, conversation or conference (whether face-to-face or by telephone), and any documents by, to, between or among one or more persons conducted on or after the time period set forth in Instruction G above, except as otherwise indicated.

C. A document or communication "referring or relating to" any given subject means any document or communication that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent or relevant to that subject, including without limitation documents concerning the preparation of other documents.

D. The term "identify," when used in reference to a document, means to state the date, author and type of document (e.g., letter, memorandum, telegram, chart, etc.), or to provide some other means of identifying it, and to disclose its present location and custodian.

E. "Identify" with reference to a person means to state his/her full name, business address and telephone number -- or if not known, his/her home address and telephone number -- job title as of the time inquired into and as of the present. Once a person has been so identified in an answer or response, he/she may thereafter be identified simply by name.

F. "Identify" with reference to a governmental agency means to set forth the full name of the agency or any of its offices, divisions, branches, sections, operating components, or any other identifiable sub-part; its address or principal place of business. If the agency has delegated a function or task to another agency, the agency shall still answer the question on the basis of the information available to it.

G. "Describe" and/or "state" means to set forth fully, completely, unambiguously and in detail every fact relating to the answer called for about which defendant has knowledge. These terms also mean to specify in detail and to particularize the content of a document, communication, act or event, or series of documents, communications, acts, or events and not to summarize or outline the documents, communications, acts, events, or series of events.

H. "Relating to" or "relate to" means constitutes, comprises, contains, consists, consists of, sets forth, proposes, shows, discloses, describes, discusses, explains, summarizes, concerns, reflects, authorizes, or refers to, directly or indirectly.

I. The present tense includes the past and future tenses. The singular includes the plural and the plural includes the singular. "All" means "any and all"; "any" means "any and all"; "including" means "including but not limited to"; "each" means "each and every".

J. The conjunctions "and" and "or" shall be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any document otherwise within the scope of any request. Whenever necessary to bring within the scope of a request all documents that might otherwise be construed to be outside its scope, (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses, and (ii) "any" includes "all," and "all" includes "any".

K. The term "agency" refers to the national offices of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"), and its predecessor, the Bureau of Alcohol, Tobacco and Firearms ("BATF"), the Drug Enforcement Administration ("DEA"), the Internal Revenue Service ("IRS"), the United States Customs Service ("USCS"), and the United States Secret Service ("USSS"), and their divisions, branches, sections, operating components, regional offices or any other identifiable sub-parts, as well as their successors, if any.

## III. DOCUMENTS REQUESTED

1. All agency documents or communications relating to, reflecting and/or indicating the regulations, rules, instructions, methods and/or requirements whereby GS-13 1811 criminal investigators employed by defendant, including plaintiffs, have been directed to remove from their government provided vehicles upon returning home each work day firearms, ammunition and/or other equipment provided to them by defendant and to store such items in their homes, garages or other places, including safes.

2. All agency documents or communications relating to, reflecting and/or indicating the regulations, rules, instructions, and/or requirements whereby GS-13 1811 criminal investigators employed by defendant, including plaintiffs, have been directed to remove from overnight or weekend storage in their homes, garages or other places, including safes, firearms, ammunition and other equipment and place such items in their government provided vehicles before entering and driving such vehicles each work day.

Respectfully submitted,

OF COUNSEL:
Linda Lipsett

Jules Bernstein
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798

Counsel of Record

Edgar James
James & Hoffman
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
(202) 496-0500

Attorneys for Plaintiffs

Dated: May 30, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2008, I caused two copies of Plaintiffs' Forty-Second Request for Production of Documents to be served by hand, on the following counsel of record:

Shalom Brilliant, Esquire
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Room 7036
Washington, D.C. 20530

Jules Bernstein