IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEPHEN ADAMS, et al., Plaintiffs, | ) | |
| v. | ) | Case No. 90-162-C and Consolidated Cases (Judge Lynn J. Bush) |
| UNITED STATES OF AMERICA, Defendant. | ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

In Plaintiffs' Forty-Second Request for Production of Documents herein, plaintiffs sought the production of the following documents from defendant:

> 1. All agency documents or communications relating to, reflecting and/or indicating the regulations, rules, instructions, methods and/or requirements whereby GS-13 1811 criminal investigators employed by defendant, including plaintiffs, have been directed to remove from their government provided vehicles upon returning home each work day firearms, ammunition and/or other equipment provided to them by defendant and to store such items in their homes, garages or other places, including safes.
>
> 2. All agency documents or communications relating to, reflecting and/or indicating the regulations, rules, instructions, and/or requirements whereby GS-13 1811 criminal investigators employed by defendant, including plaintiffs, have been directed to remove from overnight or weekend storage in their homes, garages or other places, including safes, firearms, ammunition and other equipment and place such items in their government provided vehicles before entering and driving such vehicles each work day.

Plaintiffs did so based upon their reading of the Supreme Court's decision in IBP, Inc. v. Alvarez, 546 U.S. 21 (2005) ("Alvarez").

In Alvarez, the Supreme Court reviewed the evolution of the Concept of "work" and "time worked" under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the Portal-to-

Portal Act, 29 U.S.C. § 251 et seq. ("Portal Act"). Briefly stated, the Court explained that after the enactment of FLSA in1938, the Court at first described "work or employment" as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." Tennessee Coal, Iron & R. Co. v. Muscodo Local No. 123, 321 U.S. 590, 598 (1944). The Court continued as follows:

> The same year, in Armour & Co. v. Wantock, 323 U.S. 126 (1944), we clarified that "exertion" was not in fact necessary for an activity to constitute "work" under the FLSA. We pointed out that "an employer, if he chooses, may hire a man to do nothing, or to do nothing but wait for something to happen." Id., at 133. Two years later, in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946), we defined "the statutory workweek" to "includ[e] all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed workplace." Id., at 690-691. Accordingly, we held that the time necessarily spent by employees walking from timeclocks near the factory entrance gate to their workstations must be treated as part of the workweek. Id., at 691-692.

(Id. at 519).

The Court next described the enactment of the Portal Act in 1947, and its provisions relieving employers from certain future FLSA liability. Those Portal Act provisions declare:

> "Sec. 4. Relief from Certain Future Claims Under the Fair Labor Standards Act of 1938 . . . --
>
> "(a) Except as provided in subsection (b) [which covers work compensable by contract or custom], no employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, . . . on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any of the following activities of such employee engaged in on or after the date of the enactment of this Act –

> "(1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> "(2) activities which are preliminary to or postliminary to said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities." 61 Stat. 86-87 9 codified at 29 U.S.C. § 254(a)).

(Id. at 520, n.2.)

The Court next considered the application of the Portal Act to time spent between the time "the employee commences to perform the first principal activity on a particular workday and before he ceases the performance of the last principal activity on a particular workday . . ." Id. at 520. As to the treatment of such time, in reliance upon the Department of Labor's Portal Act regulations, 29 C.F.R. 790.6(a), the Court declared, that "the provisions of [Section 4 of the Portal Act] have no application." Id. at 297. (Emphasis supplied).

Those DOL regulations provide as follows:

> "Section 4 of the Portal act does not affect the computation of hours worked within the 'workday' proper, roughly described as the period 'from whistle to whistle,' and its provisions have nothing to do with the compensability under the Fair Labor Standards Act of any activities engaged in by an employee during that period. Under the provisions of section 4, one of the conditions that must be present before 'preliminary' or 'postliminary' activities are excluded from hours worked is that the 'occur either prior to the time on any particular workday at which the employee commences, or subsequent to the time on any particular workday at which he ceases' the principal activity or activities which he is employed to perform. Accordingly, to the extent that activities engaged in by an employee occur after the employee commences to perform the first principal activity on a particular workday and before he ceases the performance of the last principal activity on a particular workday, the provisions of that section have no application. Periods of time between the commencement of the employee's first principal activity

> and the completion of his last principal activity on any workday must be included in the computation of hours worked to the same extent as would be required if the Portal Act had not been enacted. The principles for determining hours worked within the 'workday' proper will continue to be those established under the Fair Labor Standards Act without reference to the Portal Act, which is concerned with this question only as it relates to time spent outside the 'workday' in activities of the kind described in section 4." § 790.6(a) (footnotes omitted).

The Court in Alvarez went on to hold that walking to and from a production area by employees in a poultry plant after donning and before doffing protective gear was FLSA compensable since it occurred after the commencement and before the end of the plaintiffs' "continuous work day."

Plaintiffs submit that time spent by them removing guns and ammunition from safes in their homes pursuant to instructions of defendant, and returning those items to safes in their homes pursuant to defendant's instructions upon returning home constitute the beginning and ending of their workday. Hence, under the "continuous workday" doctrine plaintiffs submit that they are entitled to be compensated for their driving between their homes and work in government vehicles just as the plaintiffs in Alvarez were entitled to be compensated under FLSA for their walking after and before their "donning and doffing" protective gear.

Accordingly, plaintiffs submit that the documents they sought from defendant are clearly relevant to their claim that their driving between home and work in government vehicles is compensable under the continuous workday doctrine.

Respectfully submitted,

**s/Jules Bernstein**
Jules Bernstein (Counsel of Record)
Bernstein & Lipsett, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036
(202) 296-1798

OF COUNSEL:
Linda Lipsett

Edgar James
James & Hoffman
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036
(202) 496-0500

Attorneys for Plaintiffs

Dated: July 31, 2008

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 31th day of July 2008, a copy of the foregoing "PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Jules Bernstein**