IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEPHEN ADAMS, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 90-162-C |
| | ) | and Consolidated Cases |
| UNITED STATES OF AMERICA, | ) | (Judge Lynn J. Bush) |
| Defendant. | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

In defendant's response to plaintiffs' motion to compel production of documents it mis-characterizes plaintiffs' argument as follows: "Under plaintiffs' reading of [IBP, Inc. v. Alvarez, 546 U.S. 21 (2005) (Alvarez)], commuting time would be compensable, regardless of the means of transportation, in any case where the employee is required to take something home – a laptop computer, briefcase, or any other item – and store it safely. Alvarez does not support this absurd result." Defendant's Response, p. 3.

However, defendant has seen fit to create a "straw man" against which to argue. In fact, in this case plaintiffs seek to demonstrate through discovery that they are required by defendant to transport their government issued firearms home daily in government vehicles and store them in government supplied safes in their homes. And then, upon leaving for work, they are required to remove their firearms from their homes and place them in their government provided vehicles, and then proceed directly to work. Hence, as in Alvarez, the plaintiffs engaged in required "work" and then proceeded to their jobs in defendant's vehicles as part of their "continuous workday." Further, just as the employees in Alvarez walked inside their employers' premises to their job locations, driving in the government's vehicles in this case constituted being on the defendant's "premises"

as well. For as the Court declared in Stidham v. United States, 2000 WL 117122, No. Civ. A. 99-2794 (E.D. La. 2000): "Because the two incidents occurred inside the government vehicles, the Court concludes that the tortious acts can be found to have occurred on the [federal] employer's premises."[1/]

Thus, the situation presented here is a far cry from a situation, such as is posited by defendant, in which an employee is required to take a laptop computer or briefcase home and transport it to work through a means of transportation chosen by the employee, such as subway, bus or the employee's own car. See Singh v. City of New York, 524 F.3d 361 (2nd Cir. 2008). In contrast, here, as in Alvarez, the plaintiffs commenced working when they stored and removed their firearms from their government supplied safes in their homes, and then transported them to and from work in their government vehicles. Hence, plaintiffs are not claiming here that their driving is compensable as such, but rather that such driving is within the plaintiffs' "continuous workday," and is therefore compensable under the Supreme Court's decision Alvarez.

Further, plaintiffs believe that they are entitled to litigate their claim in this litigation under the Department of Labor's "continuous workday" doctrine as adopted and endorsed in Alvarez, and that this theory of FLSA liability was not considered by the Federal Circuit in Adams. And in order for this Court to fully and fairly consider this claim, plaintiffs submit that they are entitled to the documents they seek regarding the defendant's requirement that plaintiffs store and secure their

---

[1/] See Black's Law Dictionary, p. 1063 (5th Ed. 1979): "*In Worker's Compensations Acts*. 'Premises' of the employer as used in Worker's Compensation Acts is not restricted to the permanent site of the statutory employer's business nor limited to property owned or leased by him but contemplates any place under the exclusive control of statutory employer where his usual business is being carried on or conducted. Boatman v. Superior Outdoor Advertising Co., 482 S.W. 2d 743, 745 (Ct. App. Mo. 1972)."

weapons in their homes overnight and remove them upon proceeding to work each day. Otherwise, the Court will be deprived of a full record upon which to consider this claim.

Finally, as to defendant's assertion that the Court in Easter v. United States, No. 04-1435C (Fed. Cl. August 1, 2008), rejected plaintiffs' claim based upon Alvarez on the merits, the fact is that the Court there merely declared that it was "not persuaded by plaintiffs' argument regarding Alvarez . . ." However, it did not articulate any rationale for its conclusion. And in any event, this Court is not bound by the Court's decision in Easter, but is entitled to consider the issue independently based upon a full record.

Respectfully submitted,

OF COUNSEL:
Linda Lipsett

**s/Jules Bernstein**
Jules Bernstein (Counsel of Record)
Bernstein & Lipsett
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 955-1390
(202) 296-7220 facsimile

**s/Edgar James**
Edgar James
James & Hoffman
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile

Attorneys for Plaintiffs

Dated: September 2, 2008

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 2nd day of September 2008, a copy of the foregoing "PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Jules Bernstein**