# In the United States Court of Federal Claims

No. 90-162C
and Consolidated Cases

(Filed July 3, 2013)

```
* * * * * * * * * * * * * *   *
STEPHEN ADAMS, et al.,        *
                              *
            Plaintiffs,       *
                              *
      v.                      *
                              *
THE UNITED STATES,            *
                              *
            Defendant.        *
* * * * * * * * * * * * * *   *
```

## ORDER

On June 26, 2013, the parties filed a Joint Status Report, the 819th document filed in the lead case of these consolidated cases originally filed in 1990. This lawsuit has a long history before the undersigned judge. For many years, counsel for the parties vigorously disputed close legal questions and industriously pursued settlement of numerous and varied claims. Due to the consistent productivity of counsel's efforts, the court has, in recent years, allowed counsel to set the pace of the resolution of plaintiffs' claims, with only minimum guidance from the undersigned.

Approximately six months ago, a substantial milestone was reached when counsel announced an initiative to reach a global settlement of this litigation. *See* Joint Status Report of January 15, 2013, at 2. Shortly thereafter, the Department of Justice (DOJ or Justice) attorney who had handled this suit for many years left the case and new counsel entered an appearance on behalf of DOJ. In March, the parties reported that they had "reached a tentative agreement with respect to all outstanding claims" and "all that remains is for the necessary authorizations to be obtained." Joint Status Report of March 20, 2013. However, since that time, in three successive status reports, the government's position appears to be that Justice's authorization of the global settlement terms is a process that can

reasonably take months to accomplish and that DOJ's authorizing officials should not be expected "to act by a date certain." Joint Status Report of June 26, 2013, at 2.

The latest status report indicates that plaintiffs, at this point, are displeased with the amount of time that it is taking for settlement authorization and request a status conference to determine the basis for delay and to establish a timeline for either its approval or rejection. Defendant would oppose any request for a Court-imposed schedule that would compel reviewing officials within the Department to complete their review by a date certain. *See* Joint Status Report of June 26, 2013 (stating that "it is difficult if not impossible to plan or expect review to occur by a particular time").

Furthermore, the government takes umbrage with plaintiffs' assertion that there has been any delay by Justice in the approval process. Government counsel articulates the position that delay only occurs when something has failed to happen by an expected or planned deadline. Counsel goes on to state that since the authorizing officials "have significant workloads, obligations, and travel requirements, it is difficult if not impossible to plan or expect review to occur by a particular time. . . . Thus, the failure to complete the review process does not constitute a delay." Joint Status Report of June 26, 2013. Essentially, the government argues that because the authorizing officials are busy people, they cannot be expected to identify and adhere to any particular time frame to act and since there can be no concrete time frame there can be no delay. While the court acknowledges the fact that the schedules of the authorizing officials are surely burdened with obligations, it does not follow that this circumstance permits the Justice Department to take a position that the authorization process is an open ended one with no time constraints or considerations. Such an approach would be neither appropriate nor productive.

In consideration of the foregoing circumstances, it is the court's view that the upcoming date of the parties' next status report (July 24, 2013) provides ample time for Justice to complete the settlement authorization process or, at the very least, to specify a mutually agreeable date in the very near future for such completion. In the event that the government is unable to comply with either of the aforementioned options by that date, the parties shall propose in their joint status report three dates before August 15, 2013 for appearance before the undersigned to

orally present their positions on further proceedings in this litigation.

Accordingly, it is hereby **ORDERED** that

(1) The parties shall **FILE** a **Joint Status Report**, on or before **July 24, 2013**, to apprise the court of the status of the resolution of the claims in the subject matter;

(2) Should the Department of Justice fail to complete the authorization process for a global settlement by that date or to identify an agreed upon time frame for such, the Joint Status Report shall propose three dates for a status conference to be convened before August 15, 2013 in a courtroom in the National Courts Building.

/s/Lynn J. Bush
LYNN J. BUSH
Judge